**A CERTIFIED TRUE COPY**

OCT 25 2002

ATTEST _Teresa Bishop_
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

# FILED

OCT 2 8 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1491*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 25 2002

FILED
CLERK'S OFFICE

02 C 7764

**DOCKETED**

OCT 3 1 2002

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE AFRICAN-AMERICAN SLAVE DESCENDANTS LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of the three actions in the Eastern District of New York and the action in the District of New Jersey listed on the attached Schedule A.[1] Plaintiffs in the four actions move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the litigation in the Eastern District of New York. Defendants Aetna, Inc. (Aetna); Brown Brothers Harriman & Company; CSX Corporation; FleetBoston Financial Corporation; and Norfolk Southern Railway Company (Norfolk Southern) initially opposed centralization; however, in subsequent submissions and at oral argument, defendants Aetna and Norfolk Southern asserted that many, if not all, of these defendants as well as several defendants named in related actions now favor centralization. These defendants propose selection of a transferee district with a convenient and central location and a transferee judge experienced in multidistrict litigation. In particular, these defendants prefer the Eastern District of Louisiana as transferee district and suggest the Northern District of California or the Northern District of Illinois as well.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions seek reparations on behalf of descendants of African-American slaves. Centralization under Section 1407 is thus desirable in order to eliminate duplicative discovery;

---

* Judge Sear took no part in the decision of this matter.

[1] In addition to the four actions before the Panel, the parties have notified the Panel of five related federal court actions pending, respectively, in the Northern District of California, the Northern District of Illinois, the Eastern District of Louisiana, the Southern District of New York, and the Western District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the geographic dispersal of the constituent and potential tag-along actions along with the nature of the claims, no district stands out as the focal point for this litigation. In concluding that the Northern District of Illinois is an appropriate forum for this docket, we note that this geographically central district will be a convenient location for a litigation becoming nationwide in scope, and the judge assigned to the action pending in this district is a seasoned jurist who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Charles R. Norgle, Sr., for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1491 -- In re African-American Slave Descendants Litigation

District of New Jersey

*Richard E. Barber, Sr. v. New York Life Insurance Co., et al.*, C.A. No. 2:02-2084

Eastern District of New York

*Deadria Farmer-Paellmann v. FleetBoston Financial Corp., et al.*, C.A. No. 1:02-1862
*Andre Carrington v. FleetBoston Financial Corp., et al.*, C.A. No. 1:02-1863
*Mary Lacey Madison v. FleetBoston Financial Corp., et al.*, C.A. No. 1:02-1864