Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7764 | **DATE** | 6/09/2003 |
| **CASE TITLE** | In Re: African-American Slave Descendants' Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MDL 1491

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court on June 9, 2003 is Plaintiffs' emergency motion. (See Attached Order for Ruling).

/s/ Charles R. Norgle

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 12 2003 | |
| | Docketing to mail notices. | | date docketed | 55 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| courtroom deputy's initials | | 03 JUN 11 PM 5:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 1 2 2003

| | | |
|---|---|---|
| IN RE AFRICAN-AMERICAN SLAVE | ) | MDL No. 1491 |
| DESCENDANTS' LITIGATION | ) | Lead Case No. 02 C 7764 |
| | ) | Honorable Charles R. Norgle |

## OPINION AND ORDER

**Charles R. Norgle Sr., District Judge**

Before the court on June 9, 2003 is Plaintiffs' emergency motion. Plaintiff's motion requests: 1) an additional extension of sixty days to file their consolidated complaint; 2) permission to file an affidavit under seal; 3) permission to take the deposition of an unnamed, elderly individual, who is said to have been a former slave until the 1960's; and 4) oral arguments on Plaintiff's motions to issue a protective order, and to appoint a special master. The court will address each request in turn.

First, Plaintiffs request an additional sixty days to file their consolidated amended complaint. During the first initial status hearing held on February 26, 2003, the court set June 3, 2003 as the deadline for Plaintiffs' filing of a consolidated amended complaint. On May 7, 2003, Plaintiffs filed a motion to extend the date for filing the consolidated amended complaint. The court granted Plaintiffs an additional seven days to file the consolidated complaint. On June 9, 2003, the day before the consolidated amended complaint is due, Plaintiffs have again asked the court for an extension of time to file the consolidated amended complaint. Plaintiffs have been provided with approximately four months to file a consolidated amended complaint. After hearing the parties argument, the court grants Plaintiffs' second motion for an extension of time in part. "District court judges, because of the very nature of the duties and responsibilities accompanying their position,

55

possess great authority to manage their caseload." United States v. Reed, 2 F.3d 1441 (7th Cir. 1993). "We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996). Plaintiff is given an additional seven days, until June 17, 2003, to file the consolidated complaint.

Second, Plaintiffs request permission to file the affidavit of an individual under seal. Plaintiffs are attempting to file the affidavit of an alleged former slave. Plaintiffs allege that the individual holds pertinent information to claims that they have and will assert. Plaintiffs further assert, that the individual's identity should remain under seal, for a yet to be determined amount of time, to avoid any undue notoriety and outside influence that he might attain. Plaintiffs have failed to offer any information from which the court can infer that the individual's allegations are made against any of the named Defendants. The courts often encounter requests to seal proceedings in order to implement the parties' preference for seclusion. These requests have been uniformly rejected. See, e.g., United States v. Ladd, 218 F.3d 701 (7th Cir.2000); Citizens First National Bank v. Cincinnati Insurance Co., 178 F.3d 943 (7th Cir.1999); Pepsico, Inc. v. Redmond, 46 F.3d 29 (7th Cir.1995); Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893 (7th Cir.1994); In re Krynicki, 983 F.2d 74 (7th Cir.1992).

> [T]he tradition that litigation is open to the public is of very long standing. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); In re Reporters Committee for Freedom of the Press, 773 F.2d 1325, 1331-33 (D.C.Cir.1985) (Scalia, J.). People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes

with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property, U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 27-29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); In re Memorial Hospital of Iowa County, Inc., 862 F.2d 1299, 1302-03 (7th Cir.1988), and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible. What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.

Union Oil Co. of California v. Leavell, 220 F.3d 562, 567-568 (7th Cir, 2000).

Plaintiffs have failed to show a sufficient basis for the filing of the affidavit under seal. Therefore, Plaintiffs' motion to file an affidavit under seal is denied.

Third, Plaintiffs request that they be allowed to take the evidentiary deposition of the unnamed individual as soon as possible. The unnamed individual is said to be approximately 104 years old and in poor health. Plaintiffs assert that the unnamed individual has personal knowledge of the offenses that they are attempting to allege, and that several aspects of their complaint rest on this individual, i.e. standing and the statute of limitations. The court will defer ruling on the taking of an evidentiary deposition until the court has seen Plaintiffs' consolidated amended complaint.

Finally, Plaintiffs request that oral argument be set regarding Plaintiffs' motion for a protective order, and their motion for appointment of a special master. On March 13, 2003, Plaintiffs' filed their motion for document preservation. On April 4, 2003, Defendants' filed their response. On April 25, 2003, Plaintiffs' filed their reply. On May 7, 2003, Plaintiff's counsel requested oral argument for their fully briefed motion. The court entered an order allowing the parties to submit additional briefing on the matter within 14 days, with 7 days thereafter for reply. Neither party filed any additional information pertaining to the motion. Neither party presented the

3

motion orally to the court on June 9, 2003, even after repeated questions as to whether there was anything further they wished to be heard on. Therefore, the court will rule on Plaintiffs' motion for preservation of documents expeditiously. Plaintiff's motion for appointment of a special master has yet to be fully briefed. Once the motion is fully briefed, the court will rule on the motion expeditiously.

IT IS SO ORDERED.

ENTER:

*[signature: Charles R. Norgle]*

CHARLES RONALD NORGLE, SR., District Judge

DATED: 6-9-03