# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7764 | **DATE** | 7/14/2003 |
| **CASE TITLE** | In Re: African-American Slave Descendant's Litigation | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

MDL 1491
Motion for a Preservation Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Plaintiffs' Motion for a Preservation Order. [16-1]. Plaintiffs' motion is denied. The Federal Rules of Civil Procedure provide sufficient immediate protection for the interest of all parties.

*/s/ Charles R. Norgle*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 15 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 66 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL 14 PM 3:46 | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**JUL 1 5 2003**

| | | |
|---|---|---|
| IN RE AFRICAN-AMERICAN SLAVE DESCENDANTS' LITIGATION | ) ) ) | MDL No. 1491<br>Lead Case No. 02 C 7764<br>Honorable Charles R. Norgle |

## OPINION AND ORDER

**Charles R. Norgle, District Judge**

Before the court is Plaintiffs' Motion to Preserve Evidence. For the following reasons, Plaintiffs' motion is denied.

## I. BACKGROUND

In Plaintiffs' Consolidated Amended Complaint, Plaintiffs identify themselves as formerly enslaved African-Americans or descendants of formerly enslaved African-Americans and seek monetary and injunctive relief against various corporate institutions, Defendants, for present and past wrongs in connection with the institution of slavery. Plaintiffs' Consolidated Amended Complaint tracks the course of early legislation and the passage of the Thirteenth Amendment to the United States Constitution following the Civil War, at the conclusion of which, in 1865, half a million people including substantial numbers of African-Americans had died. Plaintiffs concede that the actual institution of slavery has formally ended (Pls.' Consolidated Am. Compl. ¶ 46.), and no party disputes the evils of slavery. One specific remedy Plaintiffs seek is that Defendants be "compelled to produce documents that reveal crucial information surrounding the institution of slavery and the economic benefits that flowed therefrom." (Pls.' Mot. to Preserve Evidence, at 1.)

Plaintiffs have now filed their Motion to Preserve Evidence. In their motion, Plaintiffs' fail to specifically identify what documents they are seeking to preserve or what time frame the

document preservation order should encompass. Plaintiffs merely present an overly broad and vague statement as to the documents that they are seeking and assert that document preservation is needed.

Plaintiffs primarily base their need for a document preservation order on two public statements. First, a Professor at Emory University, William J. Carney, stated that "[a]ny company that's retaining records that are 100 years old is absolutely insane. Every company needs to have a regular document retention policy that call [sic] for regular destruction of documents that are not required any more for business reasons." William J. Carney, <u>Will American Companies be Forced to Repay Profits of Slavery</u>, (http://www.knowledge.emory.edu/ss_100902c.html). Plaintiffs contend that this statement is in essence telling the Defendants to destroy all of their documents that might relate to this case. Second, an executive at J.P. Morgan made a comment on January 21, 2003, which indicated that after searching its business archives, J.P. Morgan could find no evidence to support the allegations that it is linked to any slave transactions.

Defendants object to the entry of any preservation order. Defendants contend that Plaintiffs has failed to make a sufficient showing that there is a need for a preservation order, and that the "entry of such an order would suggest that Defendants are guilty of something that Plaintiffs have shown absolutely no evidence or basis for suggesting." (Defs.' Resp. Br., at 9.) Defendants have not filed a counter-motion for document preservation in this instance.

## II. DISCUSSION

The court has broad discretion in determining whether to enter a preservation order. "A motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted." <u>Madden v. Wyeth</u>, 2003 U.S.Dist. LEXIS 6427 at *2 (N.D. Texas 2003), (citing <u>Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc.</u>, 1995 U.S.Dist. LEXIS

19735, at *3 (D. Minn. Oct. 20, 1995); Humble Oil & Refining Co. v. Harang, 262 F.Supp. 39, 42 (E.D. La. 1996)). The court will look at three factors in determining whether a preservation order is warranted in this instance: 1) whether Plaintiffs can demonstrate that Defendants will destroy necessary documentation without a preservation order; 2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order.

1. **Whether Plaintiffs can demonstrate that Defendants will destroy documentation without a preservation order.**

Plaintiffs fail to demonstrate that Defendants will destroy any necessary materials related to this action without a preservation order. Plaintiffs rely on two statements made by individuals not directly related to the litigation to support their contention that a preservation order is needed. First, the statement made by Professor William J. Carney has no bearing on this action whatsoever. Carney's statements are those of an uninterested third-party and will be given little weight. Furthermore, Carney's statements merely relate to his opinions on whether companies should be forced to repay profits for slavery. Carney further discusses what a company's normal document preservation policies should entail. Carney in no way implies that Defendants should destroy documents related to this litigation, nor can Plaintiffs impute Carney's statements to actions by Defendants. The mere presence of an article by an uninterested third-party does not warrant a document preservation order.

Second, Plaintiffs assert that a statement made by a J.P. Morgan executive warrants a document preservation order. Again, the court is not persuaded by Plaintiffs' argument. Although J.P. Morgan is a named defendant in the suit, the statement which Plaintiffs rely on merely states that

upon J.P. Morgan's review of its records, it has found no evidence connecting it with the slave trade. The statement in no way connotes that J.P. Morgan or any other Defendant has destroyed or intends to destroy documents. The statement made by a J.P. Morgan executive does not warrant a preservation order. Therefore, Plaintiffs have failed to show that Defendants will destroy documentation without the issuance of a protective order.

2. **Whether Plaintiffs will suffer irreparable harm if a preservation order is not ordered.**

Plaintiffs fail to demonstrate that they will suffer irreparable harm if a preservation order is not issued. Defendants have a duty, which they fully acknowledge, not to destroy documentation relevant to the pending litigation. (Defs.' Resp. Br., at 5.)

Generally, Rules 26 through 37 of the Federal Rules of Civil Procedure govern matters pertaining to discovery in the federal courts. Rule 26(b), which outlines the scope and limits of discovery, provides in part:

> Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Where there is abuse of the discovery process, the Federal Rules of Civil Procedure provide for sanctions. See Fed. R. Civ. P. 37. In cases where a party fails to disclose information or amend prior discovery responses as required by the rules, the court may impose appropriate sanctions,

including, among other things, informing the jury of the failure to make such a disclosure. Fed. R. Civ. P. 37(c)(1).

Defendants and Plaintiffs have a duty to preserve evidence once a lawsuit has commenced. The Seventh Circuit has stated that parties have an affirmative duty to preserve evidence which may be relevant to the litigation. Smith Barney, Inc. v. Schell, 53 F.3d 804, 807 (7th Cir 1995). When a party breaches this duty, sanctions are the appropriate remedy. See Shepherd v. Am. Broadcasting Co., Inc., 62 F.3d 1469, 1481 (D.C. Cir. 1995) (upholding the district court's order of sanctions where a party consciously disregarded its obligation to preserve evidence). Furthermore, by Defendants' attorneys responding to this motion, all attorneys in this case have acknowledged their obligation under the rules regarding the preservation of evidence. Defendants have stated that "[e]ach Defendant herein acknowledges its obligations and agrees to continue to comply with such obligations under the Federal Rules of Civil Procedure and the common law." (Defs.' Resp. Br., at 5.) Any improper conduct by an attorney in this case may be subject to control by Rule 11, and any request for sanctions under Rule 11 will be analyzed in great detail by this court. See Nisenbaum v. Milwaukee County, No. 02-4296, – F.3d –, 2003 WL 21464590 (7th Cir. June 25, 2003).

3.    **The burden imposed upon the parties by granting a preservation order.**

Finally, the court finds that the issuance of a preservation order would impose too immense a burden on the parties. A review of Plaintiffs' proposed preservation order depicts the various problems and burdens that would befall the discovery process if placed on the parties. Plaintiffs are requesting in essence, that Defendants preserve any and all documents that may relate to the establishment of the company, in past or present form, and any and all documents that "touch on economic benefit . . . ." (Pls.' Proposed Order, at 1-2.) To order Defendants, some of whose

5

business structures have been analogized in size an diversity with that of the New York Stock Exchange, to retain any and all such documents would be too burdensome at this stage. (See Bonny v. The Society of Lloyd's, et al., 3 F.3d 156, 158 n.2 (7th Cir. 1992).

The Court is well aware that the entry of a preservation order may interfere with the operations of a business entity and its enforceability might be difficult without placing heavy burdens on the parties given the broad allegations against numerous Defendants. Retention and preservation of records not specifically identified would be difficult to carry out. The costs of preservation may substantially outweigh the probability of the relevance of the material sought in the lawsuit. Manual for Complex Litigation, Third, § 21.442 at 75.

Plaintiffs' overly broad and vague requests would place a great burden on the Defendants before they can even test the legal sufficiency of Plaintiffs' Consolidated Amended Complaint.[1] The Seventh Circuit has noted that "[b]efore the defendant may be put to the burden of producing evidence, the plaintiff has to show that there is some ground for suspecting that the defendant has indeed violated the plaintiff's rights. Otherwise we would have a regime of precomplaint discovery." Latimore v. Citibank Fed. Sav. Bank, 151 F.3d 712, 714 (7th Cir. 1998). Plaintiffs fail to demonstrate that their desire for a preservation order outweighs the burdens it would impose on Defendants at this stage of the litigation.

---

[1] By prior order, Defendants will answer or otherwise plead to the Consolidated Amended Complaint on July 18, 2003.

6

### III. CONCLUSION

Given Plaintiffs' interest in court-compelled preservation and Defendants' acknowledgment of their obligation to preserve relevant documents, the court concludes that a document preservation order is unnecessary at this time. The Federal Rules of Civil Procedure provide sufficient immediate protection for the interest of all parties. The court is convinced that all of the parties are fully aware of the consequences that may befall a litigant who destroys relevant documents and information. "To further embellish the grave importance of document preservation, through an administratively demanding mechanism, seems inordinate, at best." In Re Potash Antitrust Litigation, MDL No. 981, 1994 WL 1108312, at *8 (D.Minn. 1994). Accordingly, Plaintiffs' Motion for Preservation of Evidence is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, District Judge

DATED: 7-14-03