# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7764 | **DATE** | 1/26/2004 |
| **CASE TITLE** | In Re: African-American Slave Decendants Litigation | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MDL 1491**
Plaintiffs' Motion to Recuse

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Before the court is Plaintiffs' Motion to Recuse. Plaintiffs' motion is denied. It is so ordered. (See attached opinion).

*Charles Norgle*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | 1/26/04 | |
| | Notified counsel by telephone. | | date docketed | 136 |
| ✔ | Docketing to mail notices. | | *DMK* | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy's initials | '04 JAN 26 PM 3: 21 FILED-ED TO | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE AFRICAN-AMERICAN SLAVE )    MDL No. 1491
DESCENDANTS LITIGATION )    Lead Case No. 02 C 7764
                         )    Honorable Charles R. Norgle

DOCKETED

JAN 2 6 2004

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is Plaintiffs' Motion to Recuse. For the following reasons, the motion is denied.

## I. BACKGROUND

On October 25, 2002, the Judicial Panel on Multidistrict Litigation transferred certain actions to this court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See In re African-American Slave Descendants Litigation, No. 1491, 231 F. Supp. 2d 1357 (Jud. Pan. Mult. Lit., Oct. 25, 2002). This litigation presently consists of nine individual lawsuits.

Upon consolidation of pre-trial proceedings in this court, Plaintiffs agreed to the filing of a consolidated complaint, which was filed on June 16, 2003. According to that consolidated complaint, Plaintiffs, on behalf of themselves and the classes they seek to represent,[1] seek reparations on behalf of all "descendants of formerly enslaved Africans" and all living "formerly enslaved African-Americans." See Pls.' First Am. Consol. Compl. ¶ 60. Specifically, Plaintiffs seek an accounting, constructive trust, restitution, disgorgement and compensatory and punitive damages arising out of the named Defendants' alleged past and continued wrongful conduct relating to the institution of slavery. See id. ¶ 55.

---

[1] Plaintiffs have not filed any motion for class certification pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 23.

On July 18, 2003, Defendants filed a consolidated motion to dismiss. In that motion, Defendants argue that Plaintiffs' complaint should be dismissed based on lack of standing, statute of limitations defenses, the presentation of a non-justiciable political question, and failure to state a claim upon which relief can be granted. See Defs.' Consol. Mot. to Dismiss, at 4-5. The court set a briefing schedule for the motion to dismiss; requiring Plaintiffs' response to be due by September 9, 2003. Plaintiffs sought, over Defendants' objection, an extension of time to file their response. The court granted Plaintiffs' motion for extension in part, which allowed Plaintiffs' response to be filed by October 7, 2003.

On October 2, 2003, Plaintiffs filed an emergency motion to file a second amended complaint. Plaintiffs sought to file the second amended complaint in lieu of a response to the motion to dismiss; however, Plaintiffs did not concede that Defendants' motion to dismiss was meritorious, nor that the proposed second amended complaint cured all of the defects raised in Defendants' motion. Thus, the court took the motion under advisement, pending a decision on the motion to dismiss, and set a briefing schedule. Thereafter, on October 7, 2003, Plaintiffs filed their response to Defendants' Motion to Dismiss. On October 28, 2003, Defendants filed their reply.

On November 18, 2003, Plaintiffs filed a motion seeking permission to present oral argument on the motion to dismiss. The court denied that request, but with an abundance of caution, granted Plaintiffs an opportunity to file a sur-reply to the motion to dismiss. On December 10, 2003, Plaintiffs filed a sur-reply. Also on that date, Plaintiffs filed the present motion to recuse, which is fully briefed and now before the court.

# II. DISCUSSION

Plaintiffs' Motion to Recuse is brought pursuant to the Due Process Clause of the 5th Amendment of the United States Constitution, 28 U.S.C. § 144, 28 U.S.C. § 455, and Federal Rule of Civil Procedure 63.[2] Plaintiffs' motion summarizes three grounds for recusal as follows: "Judge Norgle's clear bias against the applicable law, his possible knowledge of relevant facts and possible financial interest in the outcome of the litigation, are the bases for the plaintiffs' request that Judge Norgle recuse himself . . . ." See Pls.' Mot. to Recuse ¶ 30. First, Plaintiffs point to statements made to the United States Senate Judiciary Committee during Judge Norgle's judicial confirmation as indicative of bias against either the Plaintiffs or their lawsuit, and the relief sought therein. See id. ¶¶ 10, 19, 21. Second, Plaintiffs allege that Judge Norgle may possess knowledge of facts that may be disputed in this litigation since he was formerly employed by Continental Illinois National Bank and Trust Co. ("Continental"), a part of which was subsequently acquired by J.P. Morgan Chase. See id. ¶¶ 6, 24. Plaintiffs hedge their second argument, stating: "Defendant J.P. Morgan Chase acquired part of Continental, though it may not have acquired the actual division in which Judge Norgle worked." Id. ¶ 9. Third, Plaintiffs argue that based on Judge Norgle's former employment with Continental, he may have a financial interest in the outcome of this litigation, which warrants his recusal. See id. ¶¶ 6, 27-29. Plaintiffs also make a brief argument that the court demonstrated its bias against Plaintiffs by reserving decision on their motion to file a second amended complaint in lieu of a response to

---

[2]As a preliminary matter, the argument that the court should be recused based on Federal Rule of Civil Procedure 63 is not developed. This authority is only cited in the opening paragraph of the motion, and no argument or supporting case law is advanced to support this argument in the remainder of the motion. Therefore, the court deems this argument waived. See United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) (noting that an underdeveloped argument speaks to its paucity, and refusing to consider the argument).

Defendants' motion to dismiss, allegedly contrary to standard practice of other district court judges in the Northern District of Illinois. See id. ¶ 20.

In response, Defendants argue that none of Judge Norgle's statements to the United States Senate Judiciary Committee even remotely support Plaintiffs' bias argument. See Defs.' Resp. to Pls.' Mot. to Dismiss, at 1, 7. Also, Defendants argue that Plaintiffs have proffered no evidence that Judge Norgle has knowledge of facts that might be disputed in this litigation nor that he has a financial interest in the outcome of this litigation. See id. at 12-13. Additionally, Defendants argue that Plaintiffs' motion is untimely. See id. at 14-15.

In essence, recusal motions brought pursuant to any of the authorities cited in Plaintiffs' motion seek to ensure that litigants receive a fair trial by an impartial judge. However, there are subtle nuances that differentiate these authorities. The court addresses each of the Plaintiffs' arguments for recusal, under the appropriate statutory or constitutional authorities for recusal, in turn.

### A. 28 U.S.C. § 455

Section 455 of Title 28 of the United States Code is a collection of various grounds for recusal. Grounds for recusal under § 455 are divided into two sections. See Microsoft Corp. v. United States, 530 U.S. 1301 (2000). Section 455(b) enumerates certain instances where recusal is required; with subsection (1) covering bias and prejudice grounds and subsections (2-5) covering interest and relationship grounds. See 28 U.S.C. § 455(b)(1-5); see also Liteky v. United States, 510 U.S. 540, 547-48 (1994). The other section, § 455(a), has been termed the "'catchall' recusal provision, covering both 'interest and relationship' and 'bias and prejudice' grounds." Liteky, 510 U.S. at 548. While § 455(b) is concerned with the reality of bias,

prejudice, interest or relationship; in contrast, § 455(a) is concerned only with the appearance of impartiality. See id.

### 1. Timeliness of Section 455 Motion

As a preliminary matter, Defendants argue that Plaintiffs' Motion to Recuse brought pursuant to 28 U.S.C. § 455 is untimely, as the grounds relied on for the motion occurred twenty years ago and could have been raised more than a year ago when Judge Norgle was assigned to this litigation by the Judicial Panel on Multidistrict Litigation. Defendants also argue that Plaintiffs' purpose in filing their motion at this time is tactical, arguing that the court is about to rule on their fully-briefed motion to dismiss. In support of this argument, Defendants state: "The law is settled that 'one must raise the disqualification of the judge at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.'" Defs.' Resp. to Pls.' Mot. to Recuse, at 14 (quoting United States v. Patrick, 542 F.2d 381, 390 (7th Cir. 1976)).

The case law in the Seventh Circuit is unclear on this point. After Patrick, in SCA Services, Inc. v. Morgan, 557 F.2d 110, 117 (7th Cir. 1977), the Seventh Circuit held that there are no limits on motions for recusal brought pursuant to § 455. The Morgan court reached its holding by reasoning that since Congress did not incorporate the Department of Justice's recommendation that a time limit be included in the text of the statute, to impose such a time limit would frustrate the purpose of the statute. Id. The Morgan decision failed to discuss Patrick, and has been called into question. In United States v. Murphy, 768 F.2d 1518, 1539 (7th Cir. 1985), the Seventh Circuit indicated that the Morgan decision stands alone among the Courts of Appeal, but refused to reconsider it based on the facts presented in that case. Further, in Union Carbide Corp. v. U.S. Cutting Service, Inc., 782 F.2d 710, 716 (7th Cir. 1986), the Seventh Circuit stated that the Morgan decision has been "uniformly rejected in the other

circuits," as well as questioned in Murphy and undermined in United States v. Balistrieri, 779 F.2d 110 (7th Cir. 1985). It has also been stated that Morgan "is weak precedent because it had not cited Patrick, which had established the law of this circuit on the question." Schurz Communications, Inc. v. FCC, 982 F.2d 1057, 1060 (7th Cir. 1992).

While the court finds Defendants' argument on the timeliness of Plaintiffs' motion under § 455 to be meritorious, the court need not rely on this basis for dismissal for two reasons. First, the existing conflict between Morgan and Patrick on the issue of timeliness under § 455 makes the law uncertain. Second, a decision on the merits of Plaintiffs' § 455 motion militates against recusal. See infra Part II.A.2-4.

### 2. 28 U.S.C. § 455(a)

Section 455(a) is concerned with whether there would be an *appearance* of impartiality if a given judge presided over a case. See id. Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2003). The inquiry under § 455(a) is based on an objective standard. See Liteky, 510 U.S. at 548. Thus, the inquiry to be made is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." Hook v. McDade, 89 F.3d 350, 354 (7th Cir. 1996) (citation omitted). This inquiry is made based on a reasonable person standard, as opposed to "a hypersensitive or unduly suspicious person." Id. (citation omitted). Thus, trivial risks of perceived impartiality are insufficient to warrant recusal. See id.

The objective, reasonable person standard of § 455(a) is intended to promote public confidence in the impartiality of the judicial process. See Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co., 99 C 3939, 2000 WL 263973, *12 (N.D. Ill. Mar. 6, 2000). "In furthering the

6

policy of public confidence in the impartiality of the judicial process, a court faced with a motion under § 455(a) must recuse itself where valid reasons are presented, and must not recuse itself where the proffered reasons are not valid." Ramirez v. Elgin Pontiac GMC, Inc., 187 F. Supp. 2d 1041, 104445 (N.D. Ill. 2002) (citing New York City Housing Development Corp. v. Hart, 796 F.2d 976, 981 (7th Cir. 1986)); see also United States v. Baskes, 687 F.2d 165, 170 (7th Cir. 1981) ("A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do.").

In support of the court's recusal pursuant to § 455(a), Plaintiffs point to statements made in a questionnaire and to the United States Senate during Judge Norgle's judicial confirmation as indicative of bias against either Plaintiffs or their lawsuit, and the relief sought therein. See Pls.' Mot. to Recuse ¶¶ 10, 19, 21. Specifically, Plaintiffs posit:

> Judge Norgle appeared before the United States Senate Judiciary Committee from whom Judge Norgle was seeking confirmation. Judge Norgle also filled out and filed a copy of a questionnaire associated with his application to become a United States District Judge. Both in the questionnaire and in his comments to the Judiciary Committee, Judge Norgle made comments that would show an inability to consider important areas of the law. Without regard to whether such actions were legal, *Judge Norgle said in both his application and in his testimony that various equitable remedies should not exist or be available for judicial use.* Further, *Judge Norgle made comments indicating that what a judge was required to do was simply follow statutory law, failing wholly to mention other areas of the law such as the common law which is crucial in this case.*

See id. ¶ 10 (emphasis added).

As a preliminary matter, "'a judge's views on legal issues may not serve as the basis for motions to disqualify.'" Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 & 144 23 (Fed. Jud. Ctr. 2002) (quoting United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000)); see also Rosquist v. Soo Line Railroad, 692 F.2d 1107, 1112 (7th Cir. 1982) (stating that judges' views on general legal subjects are insufficient to warrant recusal). This proposition takes on added

weight when those views arise outside of the judicial proceedings which a recusal motion concerns. As the Supreme Court has stated: "some opinions acquired outside the context of judicial proceedings (for example, the judge's views of the law acquired in scholarly reading) will not suffice" to warrant recusal. Liteky, 510 U.S. at 554.

In the present case, the statements relied on by Plaintiffs were made almost twenty years ago, and bear no relation to Plaintiffs' lawsuit. The statements relied on by Plaintiffs are general statements concerning Judge Norgle's views on legal issues and are not so case-specific that a reasonable person would believe that they would predetermine his decision in the In re African-American Slave Descendants Litigation some two decades later. See Rosquist, 692 F.2d at 1112 (indicating that, assuming *arguendo* a judge's legal views could warrant recusal, the judge's expressed views on contingency fees were not so case-specific so as to require his recusal in a case where contingency fees were an issue).

Plaintiffs' argument is similar in nature to an argument made seeking the recusal of Seventh Circuit Court of Appeals Judge Richard Posner in Schurz Communications, Inc. v. FCC, 982 F.2d 1057 (7th Cir. 1992). In Schurz, an argument for recusal was made based on an affidavit that Judge Posner prepared as an expert witness fifteen years prior to the case in which recusal was sought. Id. at 1059. The motion was denied as untimely, but addressing the merits of the motion under § 455(a), Judge Posner stated:

> Would a realistic observer think that an affidavit filed so many years ago – an affidavit that I had not read since signing it until the movants submitted it with their motion – had cut such a deep groove in my thinking that I could not make an unbiased judgment in a different case, involving a different tribunal, a different statute, different facts, and different issues, in an industry much changed since the 1970s?"

Id. at 1061-62. The logic of <u>Schurz</u> is more forceful in the present case as the statements relied on by Plaintiffs were made twenty years ago, before the Senate, and merely discussed general legal views. No reasonable person would view those general statements as predetermining the court's rulings in this matter.

Further, as argued by Defendants in opposition to the motion to recuse, an analysis of those statements does not even remotely support Plaintiffs' bias argument. In order to address this argument, the court will excerpt the questionnaire relied on by Plaintiffs. The questionnaire asked applicants to discuss their views concerning criticisms of judicial activism.

In response to a question concerning "[a] tendency by the judiciary to employ the individual plaintiff as a vehicle for the imposition of far-reaching orders extending to broad classes of individuals," Judge Norgle responded:

> When broad classes of individuals are going to feel the impact of an order or law, they should have an opportunity to be heard and be a part of the process. This is a danger where a case is used to accomplish farreaching societal changes. There can be no liberty where the legislative and executive powers are united in the same person or body or if the power of judging is not separated from the legislative and executive powers. The judiciary should exercise restraint in the exercise of its power. The broad classes of individuals referred to in the question would be exposed to arbitrary control.

Pls.' Mot. to Recuse ¶ 19.

Based on that response, Plaintiffs argue that Judge Norgle is unable to consider the full range of remedies and available law pertinent to their claims. However, the statement is simply a comment on judicial restraint and the constitutional doctrine of separation of powers. The statement is also a comment on basic due process concerns, stating that individuals should be given an opportunity to be heard prior to being bound by a judicial order. Contrary to Plaintiffs' argument, the response is devoid of any comment on the availability of remedies or application

9

of law. No fair reading of that response supports Plaintiffs' charge, and no reasonable person would reach the conclusion reached by Plaintiffs based on that response.

Plaintiffs further argue that based on that response, "Judge Norgle has stated very clearly that when it comes to: (a) issuing directives or ensuring execution of laws as the executive branch typically does; (b) fashioning laws as the legislative branch normally does; (c) or simply engaging as necessary in functions that might be similar to an executive or legislative function in order to prescribe a proper and necessary remedy – that these are all actions completely and unmistakably out of the realm of what Judge Norgle would consider." Pls.' Mot. to Recuse ¶ 19. Again, the statement is simply a comment on judicial restraint and the constitutional doctrine of separation of powers. A fair reading of that response does not support the argument that Judge Norgle unequivocally would not issue directives to coordinate branches of government or engage in functions similar to those of a executive or legislative function.

In response to a question concerning "[a] tendency by the judiciary to impose broad, affirmative duties upon governments and society," Judge Norgle responded:

> Power is of an encroaching nature, and should be restrained from passing the limits assigned to it. In our free society the people should decide and determine for themselves the course of their individual lives. Affirmative duties broadly imposed upon governments and society should not be the result of a court order arising out of an individual lawsuit. It is essential to liberty that each department of government have a will and function of its own, and that each department be accountable to the electorate.

Pls.' Mot. to Recuse ¶ 19.

Based on that response, Plaintiffs argue that "the Judge would have those who have been systematically the subjects of racism and discrimination be required to win majority support to obtain relief," and thus "interprets a judge's responsibility in the narrowest of terms most certainly adverse to the interests of group or class litigants . . . ." Id. However, the statement is

simply a comment on the constitutional doctrine of separation of powers. Defendants respond to Plaintiffs' argument, stating that "it is nonsensical to twist a statement regarding the constitutional doctrine of separation of powers into an expression of bias or prejudice." Defs.' Resp. to Mot. to Recuse, at 9. Once again, no fair reading of that response supports Plaintiffs' charge, and no reasonable person would reach the conclusion reached by Plaintiffs based on that response.

Additionally, while the court is reluctant to "play archaeologist," cf. DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999), with its almost twenty-year history, a review of the court's decisions belies Plaintiffs' arguments that Judge Norgle unequivocally would not consider the full range of remedies and available law, would not issue directives to coordinate branches of government, would not engage in functions similar to those of a executive or legislative function, or believes that the subjects of racism and discrimination are required to win majority support to obtain relief. See, e.g., Ketchum v. City Council of the City of Chicago, 630 F. Supp. 551 (N.D. Ill. 1985) (Norgle, J.) (ordering special elections to remedy dilution of minorities' voting rights caused by Chicago City Council redistricting plan, stating that "legal and equitable considerations in this case support special elections"); Hastert v. State Board of Elections, 777 F. Supp. 634 (N.D. Ill. 1991) (Kanne, Circuit Judge, Conlon and Norgle, District Judges) (finding judicial intervention appropriate in case involving redistricting litigation of voting districts for United States Congress in order to protect minority voting rights); Illinois Legislative Redistricting Comm. v. LaPaille, 786 F. Supp. 704 (N.D. Ill. 1992) (Norgle, J.) (finding judicial intervention appropriate in case involving redistricting litigation of voting districts for Illinois General Assembly in order to protect minority voting rights).

Lastly, in response to a question concerning "[a] tendency by the judiciary toward loosening jurisdictional requirements such as standing and ripeness," Judge Norgle responded:

> The federal and state courts are but different agents and trustee[s] of the rights of the people. Each is constituted intentionally with different powers and designed for different purposes. Neither should be allowed to expand at the expense of the other.

Pls.' Mot. to Recuse ¶ 21.

Based on that response, Plaintiffs argue that "Judge Norgle's response seems to indicate clearly that he believed that indeed courts had been too liberal in terms of holding that standing applies in situations where he obviously would disagree." Pls.' Mot. to Recuse ¶ 19. However, a cursory review of that response fails to indicate any statement that could be read to imply a belief that courts have been too liberal in application of the doctrine of standing. Once again, no fair reading of that response supports Plaintiffs' charge, and no reasonable person would reach the conclusion reached by Plaintiffs based on that response.

In short, based on all of the responses relied on by Plaintiffs, no "reasonable person [would] perceive[] a significant risk that the judge will resolve the case on a basis other than the merits." Hook, 89 F.3d at 354. None of these responses would lead a reasonable person to find an appearance of impartiality if Judge Norgle continued to preside over the In re African-American Slave Descendants Litigation. See 28 U.S.C. § 455(a); Liteky, 510 U.S. at 548. All that Plaintiffs offer in support of the motion for recusal pursuant to § 455(a) is simple conclusions and subjective opinions, which are insufficient to warrant recusal. See Hook, 89 F.3d at 354 (indicating the inquiry to be made under § 455(a) is based on a reasonable person standard, as opposed to "a hypersensitive or unduly suspicious person"); see also Recusal, supra at 25 (stating that "[n]umerous cases follow the admonition to reject recusal where the alleged

basis for it requires suspicion or speculation beyond what a reasonable person would indulge"). Thus, Plaintiffs have not proffered any valid reasons for recusal based on Judge Norgle's statements made in the questionnaire submitted to the United States Senate during his judicial confirmation. See Baskes, 687 F.2d at 170 ("A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do.").

### 3. 28 U.S.C. § 455(b)(1)

In contrast to recusal under § 455(a), section 455(b) is concerned with whether the court harbors an *actual* personal bias or prejudice against one party or in favor of another party, as opposed to the appearance of impartiality. See Liteky, 510 U.S. at 548. Thus, recusal under § 455(b) presents a more difficult burden. Section 455(b)(1) provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The inquiry under § 455(b)(1) is also evaluated on an objective basis. See Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000). Thus, the inquiry to be made is "whether 'a reasonable person would be convinced the judge was biased.'" Grove Fresh Dist., Inc. v. John Labatt, Inc., 299 F.3d 635, 640 (7th Cir. 2002) (citation and internal quotations omitted).

Further, recusal under § 455(b)(1) is required "only if *actual* bias or prejudice is proved by compelling evidence." O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 988 (7th Cir. 2001) (emphasis added); Hook, 89 F.3d at 355. "'The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fairminded person could not entirely set aside when

judging certain persons or causes.'" Hook, 89 F.3d at 355 (quoting United States v. Balistrieri, 779 F.2d 1191, 1201 (7th Cir. 1985)).

### a. Personal Bias or Prejudice Concerning a Party

In support of the court's recusal for personal bias or prejudice concerning a party pursuant to § 455(b)(1), Plaintiffs argue that the court demonstrated its bias against Plaintiffs by reserving decision on their motion to file a second amended complaint in lieu of a response to Defendants' Motion to Dismiss, allegedly contrary to standard practice of other district court judges in the Northern District of Illinois. See Pls.' Mot. to Recuse ¶ 20. However, beyond arguing bias based on a ruling, Plaintiffs offer no other argument in support of this point. The law is clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. The remedy for a judicial ruling with which a litigant disagrees is appeal, not a motion for recusal. See id. As an aside, Plaintiffs cite no authority for the proposition that the ruling at issue was contrary to the standard practice in the Northern District of Illinois, or any other court for that matter. Further, Plaintiffs offer no evidence that the decision to reserve ruling on that motion was based on a "personal animus or malice" that the court harbors against them. See Hook, 89 F.3d at 355 (quoting Balistrieri, 779 F.2d at 1201). Without such a showing recusal is not warranted, as no reasonable person would be convinced this court is biased. See Grove Fresh Dist., 299 F.3d at 640.

### b. Personal Knowledge of Disputed Evidentiary Facts Concerning Proceeding

Plaintiffs also argue that recusal is proper pursuant to § 455(b)(1) based on the court's possible knowledge of disputed evidentiary facts concerning this litigation. In support of this argument, Plaintiffs argue that Judge Norgle may possess such information based on his former

employment with Continental. See Pls.' Mot. to Recuse ¶ 24. Specifically, Plaintiffs posit: "The judge of this court was formerly an employee in the banking industry and may have personal knowledge of facts that may be disputed in this proceeding." See id. However, all that Plaintiffs offer in support of this argument is speculation, which is insufficient to warrant recusal under § 455(b). See O'Regan, 246 F.3d at 988 (indicating that recusal under § 455(b)(1) is required "only if *actual* bias or prejudice is proved by *compelling evidence*") (emphasis added).

### 4. 28 U.S.C. § 455(b)(4)

Section 455(b)(4) provides that a judge shall disqualify himself if "[h]e knows that he . . . has a financial interest in the subject matter of the controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). A "financial interest" is defined as "ownership of a legal or equitable interest, however small . . . ." 28 U.S.C. § 455(d)(4). "'Where an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality.'" Hook, 89 F.3d at 356 (quoting In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1313 (2d Cir. 1988)).

In support of the court's recusal for financial interest pursuant to § 455(b)(4), Plaintiffs argue that based on his former employment with Continental, Judge Norgle may have a financial interest in the outcome of this litigation, which warrants his recusal. See Pls.' Mot. to Recuse ¶¶ 6, 27-29. Specifically, Plaintiffs posit: "The judge *may* have a financial interest in the subject of the controversy that would be substantially affected by the outcome of the proceeding." See id. ¶ 27 (emphasis added). The speculative nature of Plaintiffs' argument is evidenced in the following paragraph, which provides, *inter alia*:

> *Plaintiffs do not have possession of information* that Judge Norgle currently possesses an equitable interest in J.P. Morgan Chase, through his prior employment with Continental Bank or any other banking company. *However, upon information and belief, the plaintiffs believe it is possible* that *if* Continental Bank provided retirement benefits for its employees which more than likely

would have been available during the time of Judge Norgle's employment at the bank, then Judge Norgle *could* have an interest either through stocks or retirement plan investments or otherwise in any of the named or likely to be named companies involved in the identified industries (either directly or indirectly).

See id. ¶ 28 (emphasis added). In short, notwithstanding the fact that information concerning the financial interests of members of the judiciary is publicly available, Plaintiffs do not show any evidence of any financial interest that Judge Norgle may have in this litigation. The law is clear that arguments based on mere speculation are insufficient to warrant recusal. See Hook, 89 F.3d at 356.

### B. 28 U.S.C. § 144

In contrast to recusal under § 455(a), § 144 is concerned with whether the court harbors an *actual* personal bias or prejudice against one party or in favor of another party. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel stating that it is made in good faith.

28 U.S.C. § 144.[3]

In additional contrast from a motion to recuse under § 455, § 144 presents numerous requirements with which a party seeking recusal must comply. Section 144 requires both an affidavit of a party and a certificate of counsel stating that the affidavit is made in good faith. See United States v. Barnes, 909 F.2d 1059, 1072 (7th Cir. 1990). Further, the statute requires that a party seeking recusal timely file such a motion. See 28 U.S.C. § 144. A motion for recusal brought pursuant to § 144 "must be filed 'at the earliest moment after [the movant

---

[3]As indicated in the text of section 144, the statute is concerned only with recusal of district court judges. Compare 28 U.S.C. § 455(a) (referring to "Any justice, judge, or magistrate judge of the United States").

acquires] knowledge of the facts demonstrating the basis for disqualification.'" Tezak v. United States, 256 F.3d 702, 716 n.19 (7th Cir. 2001) (quoting United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993)). The statute is strictly construed, and there is a heavy burden on the party seeking recusal to comply with its requirements. See Balistrieri, 779 F.2d at 1199. Since the statute is "heavily weighed in favor of recusal, its requirements are to be strictly construed to prevent abuse." Sykes, 7 F.3d at 1339.

If a party complies with the requirements of the statute – affidavit of a party, certificate of counsel stating that the affidavit is made in good faith, and timely filing of the motion – the court may then determine the sufficiency of the party's affidavit. In so doing, "the court must assume the truth of its factual assertions even if it 'knows them to be false.'" Id. (quoting Balistrieri, 779 F.2d at 1199). However, "the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." Id. (quoting Balistrieri, 779 F.2d at 1199). Recusal under § 144 requires a negative bias or prejudice, or some personal animus or malice on the part of the judge, "of the kind that a fair minded person could not set aside . . . ." Balistrieri, 779 F.2d at 1201.

"Because the phrase 'personal bias or prejudice' found in section 144 mirrors the language of section 455(b), [an] analysis under section 144 is identical." Brokaw, 235 F.3d at 1025 (quoting Balistrieri, 779 F.2d at 1202). The standard under § 144 is like the standard applied under § 455(b)(1). Therefore, as § 455(a) is the "'catchall' recusal provision, covering both 'interest and relationship' and 'bias and prejudice' grounds," see Liteky, 510 U.S. at 548, an analysis under § 455(a) subsumes an analysis of § 144, since where there is actual bias there will generally be an appearance of bias. See Recusal, supra at 48.

### 1. Timeliness of Motion to Recuse

A preliminary reason for denying the motion to recuse pursuant to § 144 is argued by Defendants. Specifically, Defendants argue that Plaintiffs have not filed the motion for recusal in a timely manner, as mandated by the statute. Plaintiffs' motion seeking the court to recuse

itself was brought over one year from when the court was assigned to this litigation. The grounds offered in support of the present motion – statements made to the United States Senate Judiciary Committee during Judge Norgle's confirmation hearings approximately twenty years ago – were available one year ago, and Plaintiffs have failed to indicate the delay in the filing of the present motion. Thus, Plaintiffs have not met their burden under § 144. See Sykes, F.3d at 1339 (finding that a delay of "two months . . . is certainly not 'at the earliest possible moment'"). However, the court need not rely on this basis for dismissal, as a decision on the merits also militates against recusal. See infra Part II.B.2.

### 2. Merits of Section 144 Motion to Recuse

In support of the court's recusal pursuant to § 144, the affidavit attached to Plaintiffs' motion relies on Judge Norgle's statements in the earlier-mentioned questionnaire and statements made to the Judiciary Committee to support the charge that he has a personal bias against Plaintiffs or their lawsuit, and the relief sought therein. Specifically, the affidavit states: "[Judge Norgle] has made plain in his responses that the sort of relief that the plaintiffs are seeking herein would constitute judicial activism so he would not even consider instituting such remedies." Pls.' Mot. to Recuse, Aff. of Mary Lacey Madison.

Having found that there is not even an appearance of bias or prejudice, Plaintiffs' motion brought pursuant to § 144 is also without merit. See supra Part II.A.1. Even assuming the truth of Plaintiffs' affidavit, the facts averred therein would not convince a reasonable person that this court has any personal bias or prejudice against Plaintiffs or their lawsuit, and the relief sought therein. See Sykes, 7 F.3d at 1339. Plaintiffs' affidavit can in no way give fair support to the charge that this court harbors a bias or prejudice against any individual plaintiff, the Plaintiffs as a group, or the relief that they are seeking in this litigation. See id. (indicating that affidavit must give fair support to charge of bias). As indicated supra, Plaintiffs' arguments are simple conclusions and subjective opinions, which are not born out by an objective reading of Judge

Norgle's statements made during judicial confirmation proceedings. Such conclusions and opinions are insufficient to warrant recusal under § 144. See id.

### C. Due Process Clause of the 5th Amendment

In contrast to the above-discussed statutory grounds for recusal, recusal pursuant to the Due Process Clause of the Fifth Amendment is required where a reasonable judge would find it necessary to do so. See United States v. Couch, 136 F.3d 923, 932 n.11 (2d Cir. 1990). Under this standard, "the honesty and integrity of those serving as adjudicators" must be presumed. See Del Vecchio v. Illinois Dep't of Corrections, 31 F.3d 1363, 1375 (7th Cir. 1994) (en banc) (quoting Withrow v. Larkin, 421 U.S. 35, 47 (1975)). From this presumption, the Due Process Clause of the Fifth Amendment "compels recusal only when 'the biasing influence . . . is so strong that [the court] may presume actual bias.'" United States v. Mansoori, 304 F.3d 635, 667 (7th Cir. 2002) (quoting Del Vecchio, 31 F.3d at 1375). "This occurs in 'situations . . . in which experience teaches that the possibility of actual bias is too high to be constitutionally tolerable.'" Del Vecchio, 31 F.3d at 1375 (quoting Withrow, 421 U.S. at 47). "A court must be convinced that a particular influence, 'under a realistic appraisal of psychological tendencies and human weakness,' poses 'such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.'" Id. (quoting Withrow, 421 U.S. at 47).

Based on the foregoing analysis, indicating that a reasonable person would not be convinced that this court is biased based on any and all of the grounds raised by Plaintiffs, an analysis of whether a reasonable judge would find recusal necessary under the Due Process Clause is unnecessary. Plaintiffs' arguments are "too remote and insubstantial to violate the constitutional constraints" of the Fifth Amendment. Marshall v. Jerrico, Inc., 446 U.S. 238, 243 (1980).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Recuse is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: January 26, 2004