**CASE NO.** _____

**ATTACHMENT NO.** _____

**EXHIBIT** _____

**TAB (Description)** _____

LAWRENCE L CRAWFORD AKA
JONAH GABRIEL JAH JAH T. TISHBITE
#300839 FSD RM 133
LEE CI 990 WISACKY HWY
BISHOPVILLE, SC 29010

**FILED**

NOV 09 2023 SH

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JEREMIAH MACKEY JR.
3399 CLARKSTOP AVE
COLUMBUS OHIO 43232

IN RE TO CASE 2002-CV-7764
NO. MDL 1491.
        To: The Illinois District
Court, Please be Advised that the
                1 of 4

Attached documents are sought filed in CASE 2002-CV-7764 to motion to challenge the courts jurisdiction which cannot be WAIVED and or forfeited and can be raise even after a final order is issued in this case. It is also filed to VACATE the judgment due to jurisdictional defect and to motion to INTERVENE by right once the judgment is VACATED based upon the 12 page lead documents and exhibits filed with it. It doesn't matter that I WAS Not a direct party. I Am A third party that had No Notice of the CASE or my

2 of 4

Right to INTERVENE which in this CASE is jurisdictional in NATURE. Please file the documents in CASE 2002-CV-7764 to allow the District Court to RULE on the pleading. I thank you in Advance. There is Also Fraud upon the court being ARGUED.

Respectfully

Jonah The Tishbite etAl,

November 2, 2023

3 of 4

Additional Note: WE ARE direct parties in this case WHERE WE both ARE AFRICAN AMERICAN and the Rights of the Sole Corporation and Foreign Sovereign Crown WERE NEVER Adjudicated in FRAUD which is jurisdictional in Nature allowing the seeking to vacate the final judgment. Please file to permit Judicial Review

Thank You

4 of 4

The United States District Court
Northern District Illinois
Eastern Division et al,

JEREMIAH MACKEY JR;
LAWRENCE L CRAWFORD
AKA JONAH GABRIEL
JAHJAH T. Tishbite

plaintiffs / Interveners

MDL CASE No.
1491; Illinois
District Court CASE
No. 2002-CV-7764

**FILED**

NOV 09 2023  SH

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Vs.

The United States
Et. Al.,

defendants

Affidavit of

SERVICE

1 of 12

IN RE African

American Slave

Descendants

Litigation Case No.

MDL 1491; Illinois

District Court

Case 2002-CU-7764

We JEREMIAH MACKEY JR,

LAWRENCE L CRAWford, do hereby

certify that we have mailed and

or served A copy of A document

entitled Affidavit of Facts Giving

Judicial Notice; motion to challenge

the Illinois District Courts

2 of 12

Jurisdiction under case 2002-CV-7764;
motion to vacate the judgment
issued in the Illinois District Court
MDC No 1491; Notice of Additional
pending multi District litigation; motion
to intervene; motion to appoint legal
counsel; motion to transfer and
motion to motion therefor, on the
Illinois District Court, the Ohio District
Court, the SC District Court, the multi
District litigation Panel and all
involved parties by US mail postage
prepaid by depositing it in the
institution mailbox on November
2, 2023. It is deemed filed and

3 of 12

that date, Houston v Lack,

Respectfully

JEREMIAH Mackey JR

Jonah The Tishbite

November 2, 2023

4 of 12

The United States District Court
Northern District Illinois
Eastern Division et al.,

| | |
|---|---|
| Jeremiah Mackey JR; Lawrence Crawford AKA Jonah Gabriel Jahvah T. Tishbite | MDL Case No. 1491; Illinois District Court case No. 2002-cv-7764 et al. |
| plaintiffs / Interveaors | |
| Vs. | Affidavit of Facts Giving Judicial Notice; motion To challenge the Illinois District Court Jurisdiction Under Case 2002-cv-7764; motion To |
| The United States et al. defendants | |

5 of 12

IN RE African
Americans Slave
Descendants Litigation
Case No. MDL 1491
Illinois District Court
Case 2002-CU-7764

VACATE the
Judgment issued in
the Illinois District
Court MDL No. 1491;
Notice of Additional
pending multi District
Litigation; motion to
Intervene; motion
to Appoint legal
Counsel; motion to
Transfer And motion
to motion Therefor

IN RE No. MDL 1491; Illinois District
Court Case 2002-CU-7764; Ohio District
Court Case 2:23-CU-02962-JLG-CHG;
SC District Court Cases 9:21-CU-02526-
TLW-mhc; 9:20-cu-2139-TLW-mhc et al,

6 of 12

To: The Illinois District Court,
    The Ohio District Court,
    The multi District Litigation
Panel et al,

Illinois District Court Attached
is a copy of the complaint filed before
the Ohio District Court under Case
2:23-CV-02962-JLG-CHG. Please
take notice of pages 444 through 473
of this complaint.

If this case is sent to the
wrong Division of the Illinois District
Court, the plaintiffs / petitioners /
intervenors motion that the court
transfer this case to the proper

7 of 12

Division, specifically, the Eastern Division.

The plaintiffs motion to intervene in case No. MDL 1491 and the Illinois District Court case under 2002-CV-7764. The plaintiffs motion to challenge both the multi District Litigation Panels jurisdiction under No MDL 1491 and more specifically the jurisdiction of the Illinois District Court under case 2002-CV-7764 to issue the final judgment in the case entitled In Re African American Slave Descendants Litigation, 304 F.Supp.2d 1027 (N.D.Ill 2004) based upon the litigation seen in the attached complaint on pages 444 through 473 that

Also establish CASE 2:23-cu-02962-
JLG-CHG that is also supplemented to
CASES 9:21-cu-02526-TLW-mHc And 9:20-
cu-2139-TLW-mHc in the South Carolina
District Court.

The motion to intervene is
by right And is timely in light of
the circumstances where challenge
to the courts involved jurisdiction is
made which cannot be waived And
or forfeited And can be raised After
A final judgment is issued in the
case. See citing of law in the 473
page complaint Attached And discovery of
the case did not occur until now.
DUE to what is Argued in

9 of 12

the complaint that establish case
2:23-CV-02962-JLG-CHG before the
Ohio District Court, the plaintiffs also
challenge the jurisdiction of the
multi District Litigation PANEL UNDER
No. MDL 1491 and the Illinois District
Courts jurisdiction UNDER case 2002-
CV-7764 IN RE AFRICAN AMERICAN
SLAVE DESCENDANTS Litigation, 304 F.Supp2d
1027 (NDIll 2004) due to what is ARGUED
within the attached complaint on
pages 444 through 473 and motion to
vacate any final judgments in the
cases in question and seek that the
case be REinstated and given

subsequent review by what is argued.

The motion to intervene is timely due to the plaintiffs not having notice of the case until the time the action was filed under the Ohio District Court case and the intervention is by right, not permission and where the plaintiffs are already indirect parties being of African American Descent and was incarcerated at the time of ruling.

The plaintiff also motion for the appointment of legal counsel or counsel on record be notified to also represent the plaintiff(s) due to the complexity and difficult nature of this case and in the

interest of Justice since these Attorneys
initially filed it under 2002-cv-7764.

Respectfully

JEREMIAH MACKEY JR

Jonah The Jishbite

November 1, 2023

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JEREMIAH MACKEY JR. LAWRENCE L. CRAWFORD AKA | THE CITY OF WHITEHALL; THE UNITED STATES ET. AL., |
| **(b)** County of Residence of First Listed Plaintiff FRANKLIN *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
SEE ATTACHED PAGES IN THE COMPLAINT §§ 2679, 1602-1612

Brief description of cause:
SEE ATTACHED PAGES ON THE COMPLAINT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $15+ BILLIRN

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
SEE ATTACHMENTS AND COMPLAINT
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

RECEIVED

JEREMIAH MACKEY JR.
LAWRENCE E. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
_____
(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER:    PRISONER # 300839

vs.

SEE ATTACHED PAGES
_____
(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

SEE ATTACHED PAGES

MOTION FOR MULTI-DISTRICT
LITIGATION PANEL REVIEW;
MOTION TO INTERVENE;
MOTION FOR § 1407
TRANSFER; MOTION TO
DISQUALIFY AND CHALLENGE
THE 4TH. CIRCUIT
JURISDICTION; PETITION TO
REMOVE; MOTION FOR
INJUNCTIVE AND DECLARA-
TORY RELIEF; MOTION FOR
DISCOVERY; MOTION FOR AN
EVIDENTIARY HEARING AND
IF NEEDED BY SKYPE OR
VIDEO CONFERENCE AND
MOTION TO MOTION THEREFOR

## 2:23 CV 2962

JUDGE GRAHAM

MAGISTRATE JUDGE GENTRY

**COMPLAINT**

I.    PARTIES TO THE ACTION:

PLAINTIFF:    PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE
ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY
CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE
NUMBER IS REQUIRED.

SEE ATTACHED PAGES
_____
NAME - FULL NAME PLEASE - PRINT

"
_____
ADDRESS: STREET, CITY, STATE AND ZIP CODE

"
_____

"
_____
TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER
SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES,
ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE
WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED
AT THE TIME OF FILING THIS COMPLAINT.

1-of-473

PLAINTIFFS

JEREMIAH MACKEY JR
3399 CLARKSTON AVENUE
COLUMBUS, OHIO 43232

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 F5D. RM. 133
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

INTERVENORS

RON SANTA McCRAY
#353031 BLUFFTON RM.135
RIDGELAND C.I.
P.O. BOX 2039
RIDGELAND, S.C. 29936

_____
RON SANTA McCRAY

RICARDO ADDISON
#161445 DORM 4
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

_____
RICARDO ADDISON

SHAWN R. BISNAUTH
#323432 DORM 7
LEE C.I. 990 WISACKY HWY
BISHOPVILLE, S.C. 29010

_____
SHAWN R. BISNAUTH

ROBERT MITCHELL
#262003 DORM 6
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

_____
ROBERT MITCHELL

2-of-473

INTERVENORS CON'T

HORACE ABNEY
#316024 DORM 4
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

*All Rights Reserved*
*Horace Abney Jr*
HORACE ABNEY
*Without Prejudice*

ARTHUR McQUILLA
#152425 DORM 2
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

ARTHUR McQUILLA

SEQUOIA McKINNON
#368688 K.C.I
4848 GOLD MINE HWY.
KERSHAW, S.C. 29067

SEQUOA McKINNON

ALTON CHISOLM

ORLANDO PARKER
#346628 DORM 2
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

ORLANDO PARKER

CHRISTOHER D. WILSON
#316742 (INMATE HOUSING)
EVANS INSTITUTION VIA
LIEBER C.I. P.O. BOX 2O5
RIDGEVILLE S.C. 29472

CHRISTOPHER D. WILSON

ANTHONY COOK
#115157 K.C.I.
4848 GOLD MINE HWY.
KERSHAW, S.C. 29067

ANTHONY COOK

STANLEY DeHART III

INTERVENORS CON'T

#6645 WELLPATH PIEDMONT UNIT
4546 BROAD RIVER ROAD
COLUMBIA, S.C. 29210

_____
ALTON CHISOLM

#336126 DORM 6
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

_____
STANLEY DeHART III

RICHARD BEEKMAN
#347134 DORM 4
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

_____
RICHARD BEEKMAN

ROMEO BROWN
#185544 DORM 2
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

_____
ROMEO BROWN

YUSEF AQUIL
#226843 DORM 2
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29021

_____
YUSEF AQUIL

CHARLES C. WILLIAMS
#383198 F5D. RM 141
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

_____
CHARLES C. WILLIAMS
2023-CP-23-03461

THE PLAINTIFF AND INTERVENORS GIVE THE COURT JUDICIAL NOTICE.

4-of-473

INTERVENORS CON'T

THERE ARE OTHER INMATES INVOLVED WHO'S NAMES WILL BE ADDED TO THE
RECORD UPON DISCOVERY PHASE WHERE THE LEGAL ISSUES OF RELIGIOUS
PROPHESY APPEAR IN THEIR PCR CASES SINCE 2006. THE SIGNATURES
BENEATH THE NAMES OF THE INTERVENORS SIGNIFY AS THEY SIGNING ON
TO THE MOTION TO INTERVENE IN THIS § 1983 ACTION.


ADDITIONAL INTERVENOR


YAHDINA OVERSTREET-U-DEEN
15306 ROBEY AVENUE SUITE # 707
HARVEY, ILLINOIS 60426


_____
YAHDINA OVERSTREET-U-DEEN


5-of-473

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED.

Case: 1:02-cv-07764 Document #: 297 Filed: 11/09/23 Page 24 of 243 PageID #:2873

PREVIOUS LAWSUITS:

A.  HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO ( )

B.  IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

1.  PARTIES TO THIS PREVIOUS LAWSUIT

PLAINTIFFS:

SEE ATTACHED PAGES TO THE COMPLAINT AND EXHIBITS

FILED WITH THE COMPLAINT.

"

DEFENDANTS:

SEE ATTACHED PAGES

"

"

2.  COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

"

3.  DOCKET NUMBER

"

4.  NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

"

5.  DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

"

6.  APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

"

7.  APPROXIMATE DATE OF THE DISPOSITION

"

6-of-473

-2-

A. IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION? YES ( ) NO ( ) NOT BY WHAT IS ARGUED ROSS v. BLAKE EXCEPTION.

B. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE PRISONER GRIEVANCE PROCEDURE? YES ( ) NO ( )

C. IF YOUR ANSWER IS YES: SEE ATTACHED PAGES

    1. WHAT STEPS DID YOU TAKE?

SEE ATTACHED PAGES

"

"

    2. WHAT WAS THE RESULT?

"

"

"

D. IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

"

"

"

E. IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F. IF YOUR ANSWER IS YES: SEE ATTACHED PAGES

    1. WHAT STEPS DID YOU TAKE?

"

"

"

    2. WHAT WAS THE RESULT?

"

"

"

7-of-473

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON
THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT
APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. _____ SEE ATTACHED PAGES _____
NAMES - FULL NAME PLEASE

_____ " _____
ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. _____ " _____

_____ " _____

3. _____ " _____

_____ " _____

4. _____ " _____

_____ " _____

5. _____ " _____

_____ " _____

6. _____ " _____

_____ " _____

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

SEE ATTACHED PAGES

8-of-473

-4-

## DEFENDANTS

THE MULTI-DISTRICT LITIGATION PANEL OF OHIO FOR THE PURPOSE OF SEEKING INJUNCTIVE AND DECLARATORY RELIEF ONLY (THE MULTI-DISTRICT LITIGATION PANEL'S JURISDICTION OVERRIDES THE FORUM); THE CITY OF WHITEHALL IN THE STATE OF OHIO VIA ITS CLERK OF COURT AT THE WHITEHALL MAYORS COURT 360 SOUTH YEARLING ROAD, WHITEHALL OHIO 43213; THE COUNTY OF FRANKLIN IN THE STATE OF OHIO VIA ITS CLERK OF COURT AT 375 SOUTH HIGH STREET COLUMBUS, OHIO 43215; THE UNITED STATES U.S. MARSHAL SERVICE (THEIR ADDRESS IS ON RECORD WITH THE COURT); MR. VIJU McCALLISTER (THE STATE OF WASHINGTON) VICE PRESIDENT T-MOBILE AND METRO BY T-MOBILE PHONE SERVICE 12920 S.E. 38TH. BELLEVUE, WASHINGTON 98006; HEAD SUPERVISOR (THE STATE OF ILLINOIS) AT T-MOBILE CORPORATE OFFICE AND OR STORE 17923 SOUTH HALSTED STREET, HOMEWOOD, ILLINOIS 60430; HEAD SUPERVISOR (STATE OF OHIO) AT THE T-MOBILE CORPORATE OFFICE AND OR STORE OF METRO BY T-MOBILE AT 1602 NORTH HIGH STREET COLUMBUS, OHIO 43201; THE HEAD SUPERVISOR (JADA NIXON IN SOUTH CAROLINA) AT T-MOBILE CORPORATE OFFICE AND OR STORE 310 AZALEA SQUARE BLVD. SUITE A SUMMERVILLE, S.C. 29483; SYLVIA LEE (LAST KNOWN ADDRESS 115 N. CROMWELL DRIVE, FLORENCE, S.C. 29501), BUT SINCE SHE CONSPIRED UNDER COLOR OF LAW WITH THE S.C. ATTORNEY GENERAL, SHE CAN ALSO BE SERVED VIA THE S.C. ATTORNEY GENERAL'S OFFICE WHO HAVE HER LAST KNOWN PHONE NUMBER AND ADDRESS. CYLENA LEE (LAST KNOWN ADDRESS IS 620 GREG STREET MARION, S.C.. BUT SHE CAN BE SERVED THROUGH THE S.C. ATTORNEY GENERAL'S OFFICE AND OR 5TH. CIRCUIT SOLICITOR'S OFFICE WHO HAVE HER LAST KNOWN PHONE NUMBER AND ADDRESS SINCE SHE CONSPIRED UNDER COLOR OF LAW WITH THE S.C. ATTORNEY GENERAL'S OFFICE IN THE CAUSES OF ACTION PRESENTED.; AERIALLE CRAWFORD (SHE CAN BE SERVED THROUGH SYLVIA LEE WHO IS HER MOTHER AND WHO HAS BOTH CYLENA LEE AND AERIALLE'S PHONE NUMBER AND ADDRESS.); THE (50) STATES ATTORNEY GENERALS ; ALL FEDERAL ATTORNEYS FOR THE (50) STATES (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); THE UNITED STATES CONGRESS AND ALL MEMBERS CONTAINED THEREIN (THEIR

9-of-473

ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.);
THE UNITED STATES SENATE AND ALL MEMBERS CONTAINED THEREIN (THEIR
ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.);
THE UNITED STATES STATE DEPARTMENT (THEIR ADDRESSES ARE SEEN IN
"EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); THE UNITED STATES DEPT.
OF JUSTICE (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS"
HEREWITH ATTACHED.); THE UNITED STATE DEPT. OF TREASURY FOR
ESTABLISHING LIEN (THEIR ADDRESSES ARE SEEN IN "EXHIBIT
DEFENDANTS" HEREWITH ATTACHED.); THE 194 MEMBER STATES OF THE
UNITED NATIONS INCLUDING THE VATICAN AND UNITED STATES (THEIR
ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.);
THE DEFENDANTS UNDER CASE 2010-CP-17-081 AS IS NAMED THEREIN
(THEIR NAMES AND ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS"
HEREWITH ATTACHED.); THE S.C. DISTRICT COURT IN IT'S ENTIRETY FOR
THE PURPOSE OF SEEKING DISQUALIFICATION, INJUNCTIVE AND
DECLARATORY RELIEF, WITH THE EXCEPTION OF JUDGE AUSTIN WHO IS
SOUGHT TO SIT UPON THESE CASES PURSUANT TO SEEKING § 1407
TRANSFER TO THE STATE OF NEW JERSEY AS TRUSTEE AND OR OUR RIGHT
TO INVOKE THE MAGISTRATE STATUTE ALSO VIA SANCTIONS SOUGHT
AGAINST THE S.C. DISTRICT COURT IN ITS ENTIRETY (THEIR ADDRESSES
ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); THE 4TH.
CIRCUIT COURT OF APPEALS FOR THE PURPOSE OF SEEKING
DISQUALIFICATION, INJUNCTIVE AND DECLARATORY RELIEF AGAINST THEM
AS WELL AS FOR SEEKING § 1407 TRANSFER TO THE STATE OF NEW JERSEY
(THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH
ATTACHED.1100 MAIN STREET RICHMOND, VIRGINIA 23219); JUDGES
DUFFY, BATEN, VINEYARD, WALKER, CARNES AND KING OF THE GEORGIA
DISTRICT COURT FOR THE PURPOSE OF SEEKING INJUNCTIVE AND
DECLARATORY RELIEF (THEIR ADDRESSES ARE SEEN IN "EXHIBIT
DEFENDANTS" HEREWITH ATTACHED.); THE S.C. DEPT. OF CORRECTIONS
AND ALL DEFENDANTS LISTED UNDER CASE 9:20-cv-02139-TLW-MHC. FOR
THE RECORD. THE CLAIMS ARGUED AGAINST THE S.C.D.C. DEFENDANTS IN
THAT CASES ARE CONTINUED BY THE DEFENDANTS LISTED WITHIN THE (54)
PAGE AFFIDAVIT OF FACTS DATED AUGUST 1, 2023 SEEN WITHIN THE §
2241 PETITION ATTACHED WHO ARE WARDENS JACKSON, THOMAS,

COMMANDER, MAJOR SMITH, CAPTAINS SMITH, GREGG, HUNTER, GREEN, LT.(S) ROBINSON, JUNE, MILLER, SGT. McCRAE, BRAYTON HILLIARD AT S.C.D.C. HEADQUARTERS AND THE DIVISION DIRECTOR OF S.C.D.C. THEY CAN BE SERVED AT S.C.D.C. HEADQUARTERS 4444 BROAD RIVER ROAD COLUMBIA, S.C. 29221. ALSO SEE "EXHIBIT CASE 9:20-cv-02139-TLW-MHC ATTACHED. (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); ALL JUDGES WITHIN THE 11TH. CIRCUIT COURT OF APPEALS FOR THE PURPOSE OF SEEKING INJUNCTIVE AND OR DECLARATORY RELIEF BASED UPON THE LEGAL ISSUES PRESENTED (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); JUDGES HALL, LIVINGSTON, DRONEY AND ALL OTHER JUDGES OF THE 2nd. CIRCUIT COURT OF APPEALS FOR THE PURPOSE OF SEEKING INJUNCTIVE AND DECLARATORY RELIEF BASED UPON THE LEGAL ISSUES BEING PRESENTED. (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); JUDGES A'GENTINO, McAVOY, KHAN, TREECE, HURD, BROWN, SHARPE, SUDDABY OF THE NEW YORK DISTRICT COURT FOR THE PURPOSE OF SEEKING INJUNCTIVE AND DECLARATORY RELIEF FOR THE VARIOUS CAUSES OF ACTION PRESENTED. (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); JUDGES O'SCANNLAIN, BEA AND THE 9TH. CIRCUIT COURT OF APPEALS IN THAT COURT'S ENTIRETY FOR THE PURPOSE OF SEEKING INJUNCTIVE AND DECLARATORY RELIEF FOR THE CAUSES OF ACTION PRESENTED (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); JUDGES ROGERS AND "PR" WHO PRESIDED OVER CASE 4:11-cv-5206-YGR(PR), RICHARD WEIRKING, FRANCES STONE, JUDGES CHESNEY AND ARMSTRONG FOR THE PURPOSE OF SEEKING INJUNCTIVE AND DECLARATORY RELIEF RELATED TO THE CAUSES OF ACTIONXPRESENTED. (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); THE 7TH. CIRCUIT COURT OF APPEALS JUDGES, ALL THE JUDGES CONTAINED THEREIN FOR THE PURPOSE OF SEEKING INJUNCTIVE AND DECLARATORY RELIEF RELATED TO THE CAUSE OF ACTION PRESENTED. (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); JUDGES KENNELLEY, BAUER, ZAGEL. ILANA DIAMOND, SYKES OF THE ILLINOIS DISTRICT COURT FOR THE PURPOSE OF SEEKING INJUNCTIVE AND DECLARATORY RELIEF FOR THE CAUSES OF ACTION PRESENTED (THEIR ADDRESSES ARE SEEN IN "EXHIBIT DEFENDANTS"

HEREWITH ATTACHED.); JUDGES CECCHI, LINARES, SHIPP AND THE NEW
JERSEY DISTRICT COURT FOR THE PURPOSE OF SEEKING INJUNCTIVE AND
DECLARATORY RELIEF FOR THE CAUSES OF ACTION PRESENTED ; THE 3rd.
CIRCUIT COURT OF APPEALS ALL JUDGES CONTAINED THEREIN FOR THE
PURPOSE OF SEEKING INJUNCTIVE AND DECLARATORY RELIEF FOR THE
RELEVANT CAUSES OF ACTION PRESENTED (THEIR ADDRESS ARE SEEN IN
"EXHIBIT DEFENDANTS" HEREWITH ATTACHED.); JUDGES DOYNE AND YOUNG
OF THE SUPERIOR COURT OF NEW JERSEY FOR THE PURPOSE OF SEEKING
INJUNCTIVE AND DECLARATORY RELIEF RELATED TO THE RELEVANT CAUSES
OF ACTION PRESENTED (THEIR ADDRESS ARE SEEN IN "EXHIBIT
DEFENDANTS" HEREWITH ATTACHED.); THE STATE SUPREME COURT OF NEW
JERSEY AND ALL THE JUDGES CONTAINED THEREIN FOR THE PURPOSE OF
SEEKING INJUNCTIVE AND DECLARATORY RELIEF FOR THE RELEVANT CAUSES
OF ACTION PRESENTED (THEIR ADDRESS ARE SEEN IN "EXHIBIT
DEFENDANTS" HEREWITH ATTACHED.); JUDGES HEYBURN II AND SIMPSON
III OF THE KENTUCKY DISTRICT COURT FOR THE PURPOSE OF SEEKING
INJUNCTIVE AND DECLARATORY RELIEF FOR THE RELEVANT CAUSES OF
ACTION PRESENTED (THEIR ADDRESS ARE SEEN IN "EXHIBIT DEFENDANTS"
HEREWITH ATTACHED.); KERSHAW COUNTY SOUTH CAROLINA, CORT KORLEY,
JOHNNY FELLORS, THE KERSHAW COUNTY CORONER'S OFFICE, FAMILY
COURT, MAGISTRATE COURT, GENERAL SESSIONS COURT (THE JUDGES THAT
SAT UPON THOSE COURTS AND PARTIES WHO BROUGHT THE ACTION(S)), THE
SHERIFF DEPARTMENT, DAVID THOMLEY, JOYCE McDONALD, HER SUCCESSOR
AND THOMAS MORGAN (THEIR ADDRESS ARE SEEN IN "EXHIBIT DEFENDANTS"
HEREWITH ATTACHED.).

A.I.G., MORGAN CHASE BANK, GOLDMAN SACHS BANK,
ROCKERFELLER BANKING ENTITIES, ALL RICE COMPANIES AND OR
ENTITIES, ALL OIL COMPANIES AND OR ENTITIES, ALL SUGAR COMPANIES
AND OR ENTITIES, ALL TOBACCO COMPANIES AND OR ENTITIES WHOSE
WEALTH DATE BACK AND OR ORIGINATE AND OR HAVE NEXUS, CONNECTION,
BY DISTINCT COMMERCIAL ACTS OR BANKING ASSOCIATIONS AND WHERE
OPEC OF THE ARAB NATIONS OIL PROFITS WERE BUILT OFF THE SELLING
OF SLAVES, TO INCLUDE ALL RAILROAD OPERATIONS WHERE THOSE
RAILROADS WERE BUILT AND WORKED BY SLAVES, THE UNITED STATES

GOVERNMENT WHERE THE WHITE HOUSE ITSELF WAS BUILT BY SLAVES, ALL MARITIME OPERATIONS WHO TAFFICKED IN SLAVES BUILDING FUTURE MARITIME COMPANIES AND OR ENTITIES BY WEALTH ASSOCIATED WITH THE U.S. SLAVE TRADE CRIMES AGAINST HUMANITY AND STATE SPONSORED TERRORISM, ALONG WITH FREDDIE MAC AND FANNIE MAE ARE BEING SUED VIA THE UNITED STATES CONGRESS FOR UNFAIR PREDATORIAL LENDING PRACTICES TARGETING AFRICAN AMERICAN DURING DE FACTO SLAVERY VIA THE JIM CROW ERA VIA THE U.S. CONGRESS AND U.S. SENATE WHO PLACED FORTH LEGISLATION TO BAIL OUT THESE COMPANIES AND OR ENTITIES MAKING THE UNITED STATES PART OWNERS AT THE TIME, THE U.S. CONGRESS AND U.S. SENATE WHO PLACED FORTH LEGISLATION AND DENIED THE SLAVE PETITION OF 1777, WHO PROVIDED ACCESS VIA LEGISLATION THROUGH U.S. CUSTOMS FOR SLAVES LABELLING THEM AS PROPERTY AS OPPOSED TO HUMAN BEINGS, FEDERAL GOVERNMENT EMPLOYEES WHO OWNED SLAVES SUPPORTED BY THE U.S. GOVERNMENT (ie. THOMAS JEFFERSON, GEORGE WASHINGTON, ETC.), WHO ALSO HAD TIES AND INVESTMENTS IN THESE VARIOUS COMPANIES AND OR COMMERCIAL ENTITIES WHERE THESE SLAVES WERE USED, INVESTING IN MARITIME OPERATIONS, PROVIDING COMMERCE LEGISLATION TO ALLOW THESE COMPANIES AND INDIVIDUAL TO PROSPER OFF THE TORTURE, RAPING, DISMEMBERING, AND ABUSE OF SLAVES, WHO RECEIVED FINANCIAL CAMPAIGN SUPPORT FROM THE SPECIAL INTEREST GROUPS WHO SUPPORTED SLAVERY, WHO SAT ON THESE COMPANY BOARDS AND OR WHO OWNED STOCK IN THESE COMPANIES WHO WERE INVOLVED IN SLAVERY. THEY ARE DIRECTLY RESPONSIBLE BY THE PINKERTON THEORY OF LIABILITY AND THE ACCOMPLICE LIABILITY DOCTRINE OF "THE HAND OF ONE, IS THE HAND OF ALL" PURSUANT TO CONSPIRACY. SERVICE IS PROPER VIA PRINCIPLE-AGENT CONNECTION AND CO-CONSPIRATOR CONNECTIONS.; LOUIS FARRAKHAN AND THE NATION OF ISLAM ARE BEING SUED FOR INJUNCTIVE AND DECLARATORY RELIEF BECAUSE HIS ORGANIZATION HAS DONE EXTENSIVE RESEARCH ON THE U.S. SLAVE TRADE, BANKING ENTITIES INVOLVED AND INJUNCTION IS SOUGHT TO BRING THAT EVIDENCE INTO THE COURT RECORD.

IT IS CONSPICUOUS THAT DIFFERENT DISCOVERY MUST OCCUR WITHIN ALL (50) STATES AS IT PERTAINS TO DETERMINING WHAT

INDIVIDUALS WILL BE EFFECTED UPON THE DETERMINING THAT THE 1996 CLINTON BILL POTENTIALLY HAVING NO SEVERABILITY CLAUSE EFFECTS WITHIN ALL (50) STATE AND THE VARIOUS CIRCUITS. IT IS CONSPICUOUS THAT DIFFERENT DISCOVERY MUST OCCUR WITHIN ALL (50) STATES AS IT PERTAINS TO SAME SEX MARRIAGE BEING OF A NULITY DUE TO VIOLATION OF THE TERMS OF THE "GRANT" GIVEN BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN WITHIN ALL (50) STATES AND THE VARIOUS CIRCUITS. IT IS CONSPICUOUS THAT DIFFERENT DISCOVERY MUST OCCUR WITHIN ALL (50) STATES AS IT PERTAINS TO DETERMINING WHO THE LEGAL ISSUES OF RELIGIOUS PROPHESY EFFECT WITHIN ALL (50) STATE AND THE VARIOUS CIRCUITS AROUND THE NATION. IT IS CONSPICUOUS THAT DIFFERENT DISCOVERY MUST OCCUR WITHIN ALL (50) STATES AS IT PERTAINS TO SEEKING DISCOVERY FOR THE CASES RELATED TO LYNAE CRAWFORD IN NEW JERSEY, JEREMIAH MACKEY JR. IN THE STATE OF OHIO, ROBERT JEFFERIES IN THE STATE OF MISSOURI AND LAWRENCE L. CRAWFORD WITHIN THE STATE OF SOUTH CAROLINA. IT IS CONSPICUOUS THAT DIFFERENT DISCOVERY MUST OCCUR WITHIN ALL (50) STATES AS IT PERTAINS TO DETERMINING WHICH AMERICAN CITIZENS WILL BE ENTITLED TO BENEFIT FROM THE GIVING OF REPARATIONS FOR THE TRANSATLANTIC SLAVE TRADE. THE FACT THAT DISCOVERY WOULD POTENTIALLY BE DIFFERENT WITHIN ALL CIRCUITS INVOLVED AND WITHIN ALL (50) STATES? THESE JURISDICTIONAL FACTS FURTHER ESTABLISH THAT THESE ARE INDEED MULTI-DISTRICT LITIGATION CASES, ALSO PRODUCING EXTRA-TERRITORIAL CONSPIRACY JURISDICTION CLAIMS ESTABLISHING THE FORUM STATE OF OHIO AND THE MULTI-DISTRICT PANEL FROM THAT STATE WHICH OVERRIDES THE FORUM, PEOPLE v. BLUME, 443 Mich. 476, 505 N.W.2d. 843 (Mich. App.1993); 28 U.S.C. § 1404, 1407; EX PARTE COLLETT, 337 U.S. 55, 69 S.Ct. 944(U.S.1949); JOHNSON v. UNION PACIFIC RAILROAD COMPANY, 2015 WL 7777983 (E.D.la.2015); IN RE: MURENA IUS LEVONORGESTRED-RELATED PRODUCTS LIABILITY (NO.11), 387 F.Supp.3d. 323 (S.D.N.Y.2019); IN RE: HIGHWAY ACC. NEAR ROCKVILLE, CONNECTICUT, ON DECEMBER 30, 1972, 388 F.Supp. 574 (J.P.O.M.L.1975); NATIONAL LABOR RELATIONS LABOR BOARD, 338 F.Supp.3d. 1343 (J.P.O.M.L.2019).

14-of-473

## ADDITIONAL DEFENDANT

THE NATIONAL FOOTBALL LEAGUE WITH ALL OF THE TEAMS OWNERS WHO ARE IN POSSESSION OF THOSE FOOTBALL TEAMS SERVING THEM AT 345 PARK AVENUE NEW YORK, NEW YORK 10154 FOR REPARATION PURPOSES FOR THE TRANSATLANTIC SLAVE TRADE. THOSE TEAMS ARE COMPRISED OF OVER 70% AFRICAN AMERICAN PLAYERS. YET WE DON'T HAVE NOT EVEN ONE OF THOSE TEAMS BLACK OWNED? THIS DEFIES "JUSTICE AND FAIRNESS" IN VIOLATION OF THE "GRANT" GIVEN TO YOUR NATION BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN. AS PART OF REPARATIONS FOR SLAVERY 4 OF THOSE TEAMS OF THE FIDUCIARY HEIR'S CHOOSING SHALL COME UNDER THE CONTROL OF THE FIDUCIARY HEIR AND MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN. THE MONIES ANNUALLY OBTAINED FROM THOSE 4 TEAMS SHALL GO TO HBU'S AND HBC'S (HISTORICALLY BLACK COLLEGES AND UNIVERSITIES) TO KEEP THEM OPERATIONAL AND PROVIDE FREE EDUCATION TO THOSE AFRICAN AMERICANS IN NEED. THE REMAINDER OF THOSE MONIES SHALL BE CHANNELED INTO DEVELOPMENT PROJECTS IN BLACK NEIGHBORHOODS ACROSS THE NATION. THE PURCHASING OF THOSE TEAMS ARE SET AT EXTRAORDINARY PRICES. IT WOULD BECOME MORE THAN OBVIOUS AND SIMPLE TO TRACE THE MONIES USED TO PURCHASE THOSE TEAMS BACK TO BORROWING FROM BANKS WHOSE ASSETS CAN BE TRACED BACK TO THE SLAVE TRADE OR FROM OLD MONEY BY INHERITANCE THAT CAN BE TRACED BACK TO THE SLAVE TRADE. LET'S FOLLOW THE ORIGINS OF THE MONEY AND DO THE MATH. DISCOVERY TO ADDRESS THIS CONCERN IS REQUIRED IN FUNDAMENTAL FAIRNESS TO ALL PARTIES INVOLVED WHICH WE SEEK.

"EXHIBIT DEFENDANTS"

16-of-473

10 of 164

## CERTIFICATE OF SERVICE

WE, JAHJAH AL MAHDI ET. AL., DO HEREBY CERTIFY, THAT
WE HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS
GIVING JUDICIAL NOTICE; AFFIDAVIT OF SERVICE, (14) PAGES DATED
APRIL 25, 2017 ON THE S.C. U.S. DISTRICT COURT, THE 4TH. CIRCUIT
COURT OF APPEALS AND ALL INVOLVED PARTIES, BY U.S. MAIL, POSTAGE
PREPAID, BY DEPOSITING IT IN THE INSTITUTION MAILBOX ON MAY
3, 2017.

RESPECTFULLY,

JAHJAH AL MAHDI

ANTHONY COOK

david duren

ROBERT MITCHELL

YAHYA MuQUIT

VINCENT J. BEATON

MAY 3, 2017

17-of-473
1-of-14

11 of 164

COURT OF APPEALS

FOR THE 4TH. CIRCUIT ET. AL.,

---

PETITION FROM SOUTH CAROLINA

CASES 0:16-cv-2939-MBS-TER; 8:14-cv-3555; 0:16-cv-992;

NEW WRIT OF ERROR IN S.C. DISTRICT COURT

---

DOCKET NO.(s) 16-1953

AND NEW MANDAMUS

---

YAHYA MUQUIT ET. AL.,

PETITIONERS

Vs.

JUDGES WHO ISSUED ORDER IN CASE 16-1953(attached) ET. AL.,

DEFENDANTS

---

AFFIDAVIT OF FACTS GIVING JUDICIAL

NOTICE; AFFIDAVIT OF SERVICE

---

TO: The 4th. Circuit et. al.,

This is Affidavit Of Service on all parties as the
4th. Circuit requested pursuant to both cases 16-1953 and the
new Independent Writ Of Error, subsequent Writ Of Mandamus that
is presently being processed. We seek case number for the new
action and consolidation.

12 of 164

18-of-473
2-of-14

# CERTIFICATE OF SERVICE

No. 16-1953,     IN RE: YAHYA MUQUIT 4:16-cv-2939-MBS ; 8:14-cv-03555-RBH, 0:16-cv-00992-TMC-PJG and New Writ Of Error in S.C. District Court

I, certify that my petition for Writ Of Mandamus was served as follows:

(provide date of service)_____

(select manner of service) [    ] by mail; [    ] by commercial carrier; [    ] in person.

(provide name(s) and address(es) of trial court judge and/ or parties served):

_____

The (50) State Attorney Generals were served at the addresses as follows:

_____ (1) Alabama--- 11 S. Union Street Montgomery Alabama 36130-0001.

_____ (2) Alaska--- P.O. BOX 11033 Juneau Alaska 99811.

SIGNATURE _____        _____
                                          DATE

19-of-473
3-of-14      13 of 164

(3) <u>Arizona</u>--- 1275 W. Washington Street Phoenix Arizona 85007-3009.

(4) <u>Arkansas</u>--- 323 Center Street 200 Tower Bldg. Little Rock Arkansas 72201-1012.

(5) <u>California,</u>--- 1515 K. Street Sacremento California 95814.

(6) <u>Colorado,</u>--- 110 6th. Street 10th. Floor Denver Colorado 80202-5202.

(7) <u>Connecticut,</u>--- 56 Elm Street 7th. Floor Hartford CT. 06106-1774.

(8) <u>Delaware,</u>--- 820 N. French Street 8th. Floor Wilmington DE 19801-2509.

(9) <u>Florida,</u>--- Capital Bldg. Talahassee Florida 32399-1050.

(10) <u>Georgia,</u>--- 132 State Judicial Bldg. Atlanta Georgia 30334-0000.

(11) <u>Hawaii,</u>--- 425 Queen Street Honolulu Hawaii 96822.

(12) <u>IDAHO,</u>--- State Capitol Room 210 Boise Idaho 83720.

(13) <u>Illinois,</u>--- 500 2nd. Street Springfield, Illinois 62706-0001.

(14) <u>Indiana,</u>--- 219 State House Indianapolis Indiana 46201-0000.

(15) <u>Iowa,</u>--- 1300 Walnut Street Des Moines Iowa 50319-0001.

(16) <u>Kansas,</u>--- 301 West 10th. Street 2nd. floor Topeka Kansas 66612-0000.

14 of 164

State Capitol Bldg. 22nd. Floor Baton Rouge, Louisiana 70804-0000.

(18) Maine,--- State House STN 6 Augusia, Maine 04333-0006.

(19) Nevada,--- 198 South Carson Street Carson City, N.V. 89710-0001.

(20) New Hampshire,--- 25 Capitol Street Concord N.H. 03301-6397.

(21) New Jersey,--- Hughes Justice Complex CN-080 Trenton, N.J. 08618-3226.

(22) New Mexico,--- Galsteo Street Bataan Memorial Bldg. Room 260 Santa Fe, N.M. 87501-0000.

(23) New York,--- State Capitol Albany New York 12224-000.

(24) North Carolina,--- P.O. BOX 629 Raleigh, North Carolina 27602-0629.

(25) North Dakota,--- 600 East Boulevard Avenue 1st. floor Bismark, N.D. 58505.

(26) OHIO,--- 30 East Broad Street 17th. Floor Columbus, Ohio 43266-0001.

(27) Oklahoma,--- State Capitol Room 112 Norman Oklahoma, 73019-0001.

(28) Maryland,--- 200 Saint Paul Plaza 2nd. Floor Baltimore, MD. 21202-2004.

(29) Massachusetts,--- 1 Ashburn Plaza Boston Massachusett 02125-3314.

Michigan,--- 525 West Ohawa Street Lansing MI. 48913-0001.

(31) <u>Minnesota</u>,--- 102 State Capitol Bldg. Saint Paul, MN. 55155-0001.

(32) <u>Mississippi</u>,--- 450 High Street Jackson, MS. 39201-1081.

(33) <u>Missouri</u>,--- Supreme Court Bldg. 1st. floor Jefferson City, MO. 65101-0000.

(34) <u>Montana</u>,--- 215 North Sanders Street Justice Bldg. 3rd. floor Helena MT. 59620-0000.

(35) <u>Nebraska</u>,--- P.O. BOX 98920 Lincoln, N.E. 68508.

(36) <u>Oregon</u>,--- 100 Justice Bldg. Salem Oregon 97310-0001.

(37) <u>Pennsylvania</u>,--- 4th. and Walnut STS Strawberry Sq. 16th. floor Hassisburg P.A. 17120-0001.

(38) <u>Rhode Island</u>,--- 72 Pine Street Providence, R.I. 02903-2856.

(39) <u>South Carolina</u>,--- 1000 Assembly Street Columbia S.C. 29201-3117.

(40) <u>South Dakota</u>,--- 500 East Capitol Avenue Pierre S.D. 57501-5070.

(41) <u>Tennessee</u>,--- 450 James Robertson Pkwy Nashville, TN. 37219-5025.

(42) <u>Texas</u>,--- P.O. BOX 12548 Austin, Texas 78711-1930.

(43) <u>Utah</u>,--- State Capitol Room 236 Salt Lake City,

160 of 164

Utah 84114-0000.

(44) <u>Vermont,</u>--- 109 State Street Montpelier, VT. 05609-0001.

(45) <u>Virginia,</u>--- 101 North 8th. Street Richmond, Virginia 23219-2305.

(46) <u>washington,</u>--- Highways-Licenses Bldg. 7th. floor Olympia, Washington 98504.

(47) <u>West Virginia,</u>--- State Capitol East Wing room 26 Charleston W.V. 25305.

(48) <u>Wisconsin,</u>--- 114 East State Capitol Madison, WI 53702-0001.

(49) <u>Wyoming,</u>--- 123 Capitol Bldg. Cheyenne, Wy. 82002-0001.

(50) <u>All Federal Attorneys For The (50) States, are to</u> be and or were served at the Executive Office Of U.S. Attorneys 10th. Street & Pennsylvania Avenue N.W. Room 1619 Washington D.C. 20530-0001.

(51) <u>U.S. Congress,</u>--- At the Capitol Bldg. Washington, D.C. 20510-0001.

(52) <u>Dept. Of The State,</u>--- Served and or serve at 2201 C. Street N.W. 20528.

(53) <u>Dept. Of Justice,</u>--- Served and or serve at Constitution Avenue 10th. Street N.W. 20530.

(54) <u>Dept. Of Treasury,</u>--- Served and or serve at P.O. BOX 7015 Parkersburg West Virginia 28101.

(55) The [193] Member States Of The United Nations Which Include The Vatican And The United States,--- Served and or serve at 1st. Avenue 46th. Street New York, N.Y. 10017.

(56) Washington D.C.,--- Served and or serve at The Office Of The Solicitor 1849 C. Street N.W. Room 6352 Washington, D.C. 20540.

(57) The Defendants in Case 2010-CP-17-081,--- Warden Bodison, Sgt. Blewe, Andre Alsten, Maurice Lee, Wali Doe, Omar Shaheed, John Doe No.3 S.C.D.C. Muslim Chaplain Asst.; Skipper Doe, Van Bebber, Gwen Hyatt, Wes Jacobs, David Tatarsky, Rob Peele, Jon Ozmint, Sgt. Perry, Lt. Stewart, Cpl. Johnson, Capt. Clark, Officer Simmons, Lt. Easterling, Dr. Babbs, Lt. McGee, Lt. Smalls, Ms. Lee(counselor at Lieber), Warden McKie, Associate Warden Staley, Ms. Albert(mailroom at K.C.I.), Mr. Jeffcoat(mailroom at K.C.I.), Alison Gee, Richard Richstad, Mr. & Mrs. Herbert Lee, Sylvia Lee, Cylena Lee, Mr. & Mrs. Joseph Abrass III, Michael Lee, Joseph Savitz III, Dr. Joel Sexton, Dr. Janice Ross, Judge McIntosh, Judge Jean Toal, Judge Kaye Hearns, The S.C. Supreme Court, Judge Burch, The Richland Court Of Common Pleas, The S.C. Court Of Appeals, John Meaders, Barney Giese, Mr. Moake, The 5th. Circuit Solicitor's Office, Warden Cartledge, Ms. Franklin, Ms. Young, Cpl. Morton, Lt. Rice, Warden Lewis, Kaelon May, Lt. Curry, Atty. General Henry McMaster, John McIntosh(asst. atty. Gen.), Alan Wilson, Ms. Davis, Judge Barber III, Robert Pachak, S.L.E.D., Erin Farthing, Megan Hall, McKay, Cauthen, Settana & Stubley P.A., Ms. Jones, V. Claire Allen, Daniel Shearouse, Jenny Kitchens, Connie Shearin, Cpl. Bouch, C.O. Weatherford, Ofr. Miller, Anderson, Judges Lee, Benjamin and Manning, Christopher Florian, Florence County, Lt. Michael Brown, Atty. Lungford, Atty. Crooks, Ofr. Meggett, Bryan Stirling , Charles A. McKinney Jr.. All these parties were served and or are to be served through the Law Firm Of McKay, Cauthen, Settana & Stubley P.A. 1303 Blanding Street Columbia, S.C. 29201. All these parties are inter-connected as agents and or principles in one form or the other. So service upon the Firm is service

upon them all. AERIALLE CRAWFORD IS A DEFENDANT IN THIS CASE.

(58) Judge Cain, The S.C. U.S. District Court to include all Judges in the court's entirety, Judges Harwell, Gossett, Rogers, Austin, Childs, Reginald Lloyd, Wooten, Merchant were served and er are to be served via the U.S. District Court 901 Richland Street Columbia, S.C. 29201. All Judges within all divisions are served. JUDGES CURRIE, BAKER ARE DEFENDANTS.

(59) Judges Duffy, Batten, Vineyard, Walker, Carnes and King were served at and or are to be served at The U.S. District Court Of Georgia 2211 U.S. Courthouse 75 Ted Turner Drive S.W. Atlanta, Georgia 30303-3361.

(60) All Judges within the 11th. Circuit Court Of Appeals were served and or are to be served at 56 Forsyth Street N.W. Atlanta Georgia 39303, all Judges in the court's entirety.

(61) Judges Hall, Livingston, Droney and all other Judges of The 2nd. Circuit Court Of Appeals in the court's entirety were served at and or are to be served at 40 Foley Square New York, N.Y. 10007.

(62) Judges A'gentino, McAvoy, Khan, Treece, Hurd, Brown, Sharpe, Suddaby were served and or are to be served at The U.S. District Court Of New York P.O. BOX 7367 100 South Clinton Street Syracuse, New York 13261-7376.

(63) Judges O'Scannlain, Bea and the 9th. Circuit Court Of Appeals in that court's entirety were served and or are to be served at The 9th. Circuit Court Of Appeals P.O. BOX 193939 San Francisco California 94119-3939.

(64) Judges O'Malley, Pearson and The Ohio District Court Judges in their entirety were served and or are to be served at The U.S. District Court 201 Superior Avenue East Room 100 Cleveland, Ohio 44114-1203.

(65) The Judges and 6th. Circuit Court Of Appeals in the court's entirety were served and or are to be served at The 6th. Circuit Court Of Appeals 100 East Fifth Street Room 540 Cincinnati, Ohio 45202-3988.

(66) Judges Rogers and "PR" who presided over case 4:11-cv-5206-YGR(PR), Richard Wierking and Frances Stone, Judges Chesney and Armstrong, and The California District Court were served and or are to be served at 450 Golden Gate Avenue San Francisco Calif. 94102.

(67) The 7th. Circuit Court Of Appeals and all judges contained therein, in its entirety, were served and or are to be served at 219 South Dearborn Street Chicago, Illinois 60604-1874.

(68) Judges Kennelley, Bauer, Zagel, Ilana Diamond, Sykes also were served and or are to be served at The Illinois District Court 219 South Dearborn Street Chicago, Illinois 60604.

(69) Judges Cecchi, Linares, Shipp and The New Jersey District Court were served and or are to be served at 402 East State Street Room 2020 Trenton, N.J. 08608.

(70) The 3rd. Circuit Court Of Appeals and all Judges contained therein, in their entirety were served and or are to be served at 21400 U.S. Courthouse 601 Market Street Philadelphia P.A. 19106.

(71) Judges Doyne and Young were served and or are to be served at Superior Court Of New Jersey 10 Main Street Rm. 427 Hackensack, N.J. 07601 and at The Administration Building 595 Newark Avenue Jersey City, N.J. 07306.

(72) The Supreme Court Of The State Of New Jersey P.O. and all Judges contained therein, in their entirety were served

and or are to be served at The N.J. Supreme Court P.O. BOX 970 Trenton, New Jersey 08625-0970. ALSO PROS. STEPHANIE D. ELSON.

(73) Judges Heyburn II and Simpson III were served and or are to be served at The Kentucky District Court 106 Gene Snyder U.S. Courthouse 601 West Broadway Louisville, Ky. 110202-2249.

(74) Kershaw County, Cort Korley, Johnny Fellors, The Kershaw County Coroner's Office, Family Court, Magistrate Court, General Sessions Court, Sheriff Dept., David Thomley, Joyce McDonald, Thomas Morgan were served and or are to be served via DuBose--Robinson, P.C. Attorneys At Law 935 Broad Street Camden, S.C. 29020.

(75) A.I.G., J.P. Morgan Chase Bank, Goldman Sachs Bank, Rockefeller Banking entities, All Rice Companies and or entities, All oil Companies and or entities, All Sugar Companies and or entities, All Tobacco Companies and or entities whose wealth date back and or originate and or have connection by distinct commercial acts or banking associations, to include all Railroad and Maritime Operations whose wealth is associated with the U.S. Slave Trade, along with Freddie Mac, Fannie Mae are being sued via The United States Congress who placed forth legislation to bail out these companies making them and U.S. part owners; who placed forth legislation and denied The Slave Petition Of 1777; Provided access through U.S. Customs for Slaves via legislation; who owned Slaves (ei. Thomas Jefferson et. al.,); who had ties to various companies and industries where these Slaves were used; who invested in maritime operations, provided commerce legislation to allow these companies and individuals to act in these practices; who received financial support from these special interest groups; who sat on boards to these companies and or who owned stock in these companies involving Slavery. They are also directly responsible by The Pinkerton Theory Of Liability and Accomplice Liability Doctrine of "The Hand Of

One, Is The Hand Of All pursuant to conspiracy. Service is proper via principle-agent connections.

(76) Dick Cheney, Condeleeza Rice, Leon Panetta, George Bush Jr. were served and or are to be served via The U.S. Dept. Of Justice and U.S. State Dept. as previous address indicate. Service upon the principle is service upon the agent and visa versa.

(77) Louis Farrakhan and The Nation Of Islam were served and or are to be served at 734 West 79th. Street Chicago, Illinois 60620-2424.

(78) Attorneys Lodeserto and Toraya were served and or are to be served at The Office Of Public Defender Appellate Section 31 Clinton Street 8th. floor P.O. BOX 46003 Newark, New Jersey 07101. Principle-agent connections.

(79) All Federal Employees as well as other parties in this case are also being served via The Solicitor General Rm. 5614 Dept. Of Justice 960 Pennsylvania Avenue N.W. Washington D.C. 20530-0001 informing him that there are crimes going on within the 4th. Circuit and U.S. District Courts where Judges are in violation Of Article III section 1 of The U.S. Constitution engaging in acts of criminal conspiracy, obstruction of justice and violations of 18 U.S.C. §§ 242 and 1001, also in efforts to prevent an investigation by the U.S. Dept. and we seek that they also serve the parties as is their duty pursuant to 42 U.S.C. § 1986.

The service is also being made through The U.S. Marshal Office instructing them that it is their duty to serve all parties by decree of The Chief Justice Of The Global Theocratic Court at 901 Richland Street Columbia, S.C. 29201. IT IS SO ORDERED. This is also to be done pursuant to 42 U.S.C. § 1986 and the cost is to be attributed to case 9:16-cv-3808-TLW-BM



and case 4:16-cv-2939-MBS-TER due to our present indigence until court fees are addressed against the defendants in future hearing sought by the plaintiffs and via Mandamus. IT IS SO ORDERED.

Insomuch, by the aforementioned all parties would now be served. This Affidavit stands as true and the U.S. Marshal Office is to act immediately until rebutted by clear evidence by order on the court record and the defendants involved in this case. The U.S. District Court and 4th. Circuit unless you can produce an order from case 2013-CP-400-0084 not tainted by fraud and machination. The Judicial authority of Jahjah Al Mahdi supersedes all courts nationally and all courts and parties are to be in compliance. Judges Rogers, Seymour, Cain, Gerbel, Hendricks etc. must go and The S.C. U.S. District Court in its entirety must disqualify themselves to prevent any further at-tempts at fraud and transfer these cases to New Jersey along with all plaintiffs, all(emphasis added) their personal property and they are to be taken to nicest federal pre-release camp available. The U.S. Marshal Service is to see that this is done immediately. An evidentiary hearing is to be established within (15) days of the filing of this document. The appointment of legal counsel is to occur and be present for that hearing and class action certification is granted by decree of The Global Theocratic Court. Service upon the principle is service upon the agent and visa versa even though no consent to be sued or authorization to an agent to accept service of process is given. Service is proper if by reason and association it can be con-trived that parties served have such connections. Rules of ser-vice does not mandate dismissal where necessary parties have received notice and where in this case sanctions are required due to the fraud upon the court and machination. Thus, forfeiture is established in challenging such deficiency and there is no prejudice since service was not done on all necessary parties via the fraud upon the court. Thus, service is sufficient via the mandates of this document and by Judicial Order from the Chief Justice Of The Global Theocratic State whose judicial

authority supersedes all courts globally where the United States and its employees are bound by the default and claims of collateral estoppel emerging from case 2013-CP-400-0084 out of The Richland County Court Of Common Pleas, United States v. Herrera Valdez, 826 F3d. 912(2016); Banlis v. Slay,--F.Supp.3d.--,2016 WL 3971380(2016); United States Securities And Exchange Commission v. China Infrastructure Investment Compensation,--F.Supp.3d.--F.Supp.3d.--,2016 WL 3034153, 94 Fed. R. Serv.3d. 1324; Republic Properties Corp. v. Mission West Properties, L.P., 391 Md. 732, 895 A.2d. 732; Custom Polymers P.E.T., LLC v. Gamma Meccanica Spa,--F.Supp.3d.--,2016 WL 2354599(2016); Myles v. Renta-Center, Inc., 2016 WL 3917212(MD.2016); Woodruff v. Thornberry, F.Supp.2d., 2013 WL 6670259; Dunn v. Nicholas County, F.Supp.3d., 2015 WL 3843777(2015); IN RE:, 2016 WL 1718826; Well Fargo Bank, N.A. v. Farag, 2016 WL 2944561(2016); IN RE: Variant Enterprise Inc., 81 F3d. 1310(4th.Cir.1996).

IT IS SO ORDERD.

RESPECTFULLY,

JAHJAH AL MAHDI
CHIEF JUSTICE GLOBAL THEOCRATIC
COURT

ANTHONY COOK

david duren

YAHYA MuQUIT

ROBERT MITCHELL

April 25, 2017

# STATEMENT OF CLAIM

PLEASE WRITE AS BRIEFLY AS POSSIBLE THE FACTS OF YOUR CASE. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. INCLUDE THE NAME OF ALL PERSONS INVOLVED. GIVE DATES AND PLACES.

DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.

IF YOU HAVE A NUMBER OF DIFFERENT CLAIMS; PLEASE NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. YOU ARE NOT LIMITED TO THE PAPERS WE GIVE YOU. ATTACH EXTRA SHEETS THAT DEAL WITH YOUR STATEMENT CLAIM IMMEDIATELY BEHIND THIS PIECE OF PAPER.

THE STATE OF JURISDICTION IS FIRST. THE STATEMENT OF CLAIMS FOLLOW AFTER.

SEE ATTACHED PAGES

TO: THE OHIO DISTRICT COURT,
    THE MULTI-DISTRICT LITIGATION PANEL ET. AL.,

        HERE THE COURTS AND PARTIES WILL FIND:

(1) EXHIBIT, "CRAWFORD PETITION".

(2) EXHIBIT, RIGHT TO INTERVENE # 1".

(3) EXHIBIT, "RIGHT TO INTERVENE # 2".

(4) EXHIBIT, "RIGHT TO INTERVENE # 3".

(5) A PETITION FOR HABEAS CORPUS PURSUANT TO § 2241 FILED
TO ATTACK A U.S. MARSHAL DETAINER AND OR NOTIFY.

THESE ATTACHMENTS ARE PRESENTED AND TO PLACE ON THE COURT
RECORD, AND TO ANSWER THE COURT'S QUESTIONS AS TO WHAT RELATED
CASES EXIST, THE STATUS OF THE CASES AND TO ESTABLISH THAT THIS
IS A MULTI-DISTRICT LITIGATION CASE PRODUCING ORIGINAL
JURISDICTION AND EXTRA-TERRITORIAL JURISDICTIONAL CONSPIRACY
TARGETING RESIDENTS OF THE STATE OF OHIO AS WELL AS TO SUPPORT
STATE OF OHIO FORUM SEEKING INJUNCTIVE AND DECLARATORY RELIEF
FROM THE MULTI-DISTRICT LITIGATION PANEL TO DISQUALIFY THE 4TH.
CIRCUIT, AT BOTH STATE AND FEDERAL LEVELS, AND FOR CENTRALIZATION
PURPOSES TO SEEK § 1407 TRANSFER TO THE STATE OF NEW JERSEY,
NEWARK DIVISION, AND REMOVAL OF ALL RELATED STATE POST CONVICTION
RELIEF CASES OF THE INTERVENORS AND JEREMIAH MACKEY JR'S TRAFFIC
CASE, TO THE FEDERAL DISTRICT COURT FOR THIS PURPOSE PURSUANT TO
28 U.S.C. §§ 2679, 1602-1612 ET. SEQ, OF THE FOREIGN SOVEREIGN
IMMUNITY ACT. BY WHAT IS ARGUED IN THIS CASE, THE FEDERAL COURT
WOULD HAVE ORIGINAL JURISDICTION OVER THESE CASES WHERE THE
DEFENDANTS, AT BOTH THE STATE AND FEDERAL LEVEL, DIRECTED THEIR
ACTIVITIES TOWARDS THE CITIZENS OF THE FORUM STATE OF OHIO AS IS
AGUED IN THIS CASE AND WHERE THE LEGAL QUESTIONS AND OR ISSUES OF

CONCERN EFFECT ALL (50) STATES AND THE UNITED STATES GOVERNMENT DEFAULTED IN THE CRAWFORD STATE CASES RELIED UPON AND IS A DEFENDANT IN THIS CASE, COCHRAN v. SMITH & NEPHEW, INC., F.Supp.3d., 2016 WL 4923505 (C.D.ILL.2016); ROUHI v. KETTLER, 2020 WL 3451871 (D,Md.2020); ZOMERFELD v. GARDEN DRIVE-IN, 2022 WL 4594492 (M.D.Pa.2022); MISHRA v. COLEMAM MOTORS, LLC., Fed. Supp., 2017 WL 994868 (E.D.MO.2017); BERGER v. U.S., 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481(U.S.1921); CANADA v. MILLER, F.Supp.3d., 2014 WL 1512245 (2014); BOOTH v. BALLARD, 2016 WL 1275054 (2016)(AN EVIDENTIARY HEARING IS REQUIRED WHICH WE MOTION FOR EVEN IF BY SKYPE OR VIDEO CONFERENCE DUE TO OUT-OF-STATE PLAINTIFF(S)): UNITED STATES v. QUINONES,--F.Supp.3d.--, 2026 WL 4413149 (2016); WILLIAMS v. PENNSYLVANIA, 136 S.Ct. 1899 (U.S.2016); IN RE: PLUMBING FIXTURES CASES, 298 F.Supp. 484 (1968); IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, 2015 WL 13387769 (E.D.La.2015); BROOKLYN DOWNTOWN, LLC. v. NEW YORK HOTEL AND MOTELS TRADES, F.Supp.3d., 2015 WL 779441; IN RE: DROPLETS, INC. PATENT LITIGATION, 908 F.Supp.2d. 1377 (U.S.MULTI-DISTRICT PANEL).

IF THE OHIO DISTRICT COURT AND OR MULTI-DISTRICT LITIGATION PANEL WOULD LOOK AT THE CASES INVOLVED, THEY DEMONSTRATE THAT THE 4TH. CIRCUIT, AT BOTH THE STATE AND FEDERAL LEVELS, HAVE CIRCUMVENTED, AVOIDED, OBSTRUCTED ANY RULING ON THE MERITS OF THESE COMPLEX, EXTREMELY CONTROVERSIAL AND EXTRAORDINARY LEGAL CLAIMS AT EVERY LEVEL OF COURT TO PREVENT WHAT THEY FEEL IS THE REALIZATION OF RELIGIOUS PROPHESY BEHIND RELIGIOUS AND RACIAL HATRED ALSO IN VIOLATION OF THE CIVIL RIGHTS ACT. EVEN THE UNITED STATES SUPREME COURT DENIAL OF THE PETITION SEEKING WRIT OF CERTIORARI, WHICH IS FUNDAMENTALLY KNOWN THAT A DENIAL OF A PETITION SEEKING WRIT OF CERTIORARI IS NOT A RULING ON THE MERITS, HAS DONE THE SAME DUE TO THE MATTERS STILL BEING PENDING BEFORE THE LOWERS COURTS INVOLVED PERMITTING US TO SEEK RULING WITHIN THE FORUM STATE OF OHIO. THE 4TH. CIRCUIT COURTS INVOLVED ACTIONS WERE DONE IN OVERWHELMING ACTS OF FRAUD UPON THE

COURT AND UNCONSTITUTIONAL ACTION, CONSPIRING TO CONCEAL EVIDENCE OF ACTUAL INNOCENCE DUE TO THE PRESENCE OF THE FIDUCIARY HEIR, KING AND HIGH PRIEST, IN THE FORM OF DNA TESTING AND INVESTIGATIVE FILE AT SLED, FILE # 5501014, AND OBSTRUCTION OF JUSTICE UNTIL IT OPENED THE DOOR TO THE CONSPIRING OUT OF STATE ACTORS DIRECTING THEIR ACTIONS AND OR ACTIVITIES AT THE FORUM STATE OF OHIO ESTABLISHING EXTRA-TERRITORIAL JURISDICTION CLAIMS AND THE STATE OF OHIO'S JURISDICTION TO HEAR THESE MATTERS REQUIRING THAT THE STATE OF OHIO DO NOT TRANSFER ANY PORTIONS OF THIS CASE BACK TO THE STATE OF SOUTH CAROLINA, ALSO DUE TO SEEKING DISQUALIFICATION, MULTI-DISTRICT PANEL REVIEW AND § 1407 TRANSFER TO THE TRUSTEE AND NEW JERSEY DISTRICT COURT. THOSE 4TH. CIRCUIT STATE AND FEDERAL COURTS HAD A FIDUCIARY DUTY TO SPEAK ON THE MERITS INSTEAD OF ENGAGING IN EGREGIOUS ACTS OF FRAUD UPON THE COURT, PROCEDURAL TACTICS, ABUSE OF JUDICIAL PROCESS AND MACHINATIONS WHERE CASES SAT UNRESOLVED FOR OVER 16+ YEARS, WERE DISMISSED WITHOUT PREJUDICE PERMITTING REFILING, OR WHERE THE FRAUD, NOT BEING SUBJECTED TO PROCEDURAL LIMITATIONS, PRODUCE CONSTITUTIONAL STRUCTURAL ERRORS THAT VOID ALL COURTS INVOLVED JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT AND OR PRONG TO SUBJECT MATTER JURISDICTION, WHICH CANNOT BE WAIVED AND OR FORFEITED, CAN BE RAISED AT ANY TIME, EVEN AFTER A FINAL ORDER IS ISSUED WITHIN ANY OF THE CASES INVOLVED. SEE 28 U.S.C. § 2241 HABEAS PETITION ATTACHED FOR LITIGATION AND LEGAL CITINGS. ALSO SEE, IN RE: GENESYS DATA TECHNOLOGIES, INC., 204 F.3d. 124 (4th.Cir.2000); UNITED STATES v. CONRAD, 675 Fed. Appx' 263, 265 CA4 (N.C.2017). THIS IS NOT YOUR GARDEN VARIETY FRAUD UPON THE COURT. IT IS A FRAUD PERPETRATED BY OFFICERS OF THE COURT THAT IS OF SUCH A NATURE THAT IT CREATES AN INABILITY FOR THE COURT TO FULFILL ITS ORDINARY FUNCTION OF ADJUDICATING CASES IN ACCORDANCE TO DUE PROCESS LAW WARRANTING MULTI-DISTRICT LITIGATION REVIEW, INTERVENTION AND TRANSFER OF ALL CASES INVOLVED AS SOUGHT TO THE STATE OF NEW JERSEY, DISQUALIFYING THE 4TH. CIRCUIT COURTS, AT BOTH THE STATE AND FEDERAL LEVEL, IN THEIR ENTIRETY WHERE BY THE FRAUD AND JURISDICTIONAL CHALLENGE AGAINST THOSE COURTS, IT WOULD NOT PRECLUDE MULTI-DISTRICT LITIGATION PANEL REVIEW AS IS SOUGHT,

FOX EX REL FOX v. ELK RUN COAL CO. INC., 739 F.3d. 131, 86 Fed. R. SERV.3d. 534 (4th.Cir.2014); U.S. v. COTTON, 231 F.3d. 890 (4th.Cir.2000); IN RE: DURAMAX DIESEL LITIGATION,--F.R.D.--, 2018 WL 949856 (E.D.Mich.2018); UNITED STATES v. PALIN, 874 F.3d. 418 (4th.Cir.2017); UNITED STATES v. LUSK, 2017 WL 508589 (S.D.Va.2017); M.D.C. INNOVATIONS, LLC. v. NORTHERN,--Fed. Appx'--, 2018 WL 1129607 (4th.Cir.2018); HAMER v. NEIGHBORHOOD HOUSING SERVICES OF CHICAGO, 138 S.Ct. 13, 199 L.Ed.2d. 249(U.S.2017); U.S. v. KORN, F.Supp.2d., 2013 WL 2898056 (W.D.N.Y.2013); SEC v. FARMER, F.Supp.3d., 2015 WL 5838867 (S.D.Tex.2015); U.S. v. MOSBERG, 866 F.Supp.2d. 275 (D.N.J.2011); MINA v. CHESTER COUNTY, F.Supp.3d., 2015 WL 6550543 (2015); U.S. v. LAWRENCE, F.Supp.3d., 2015 WL 856866 (S.D.Va.2015).

THE ISSUES OR CLAIMS ARE NOT MOOT WHERE THE PLAINTIFF(S) AND INTERVENORS WILL SUFFER ANY PRESENT, FUTURE OR COLLATERAL CONSEQUENCES OF THE ALLEGEDLY WRONGFUL CONDUCT, OR IF A COURT CAN PROVIDE EVEN PARTIAL RELIEF (ie. FORWARDING THIS CASE TO THE MULTI-DISTRICT PANEL), WHERE A FULL REMEDY MAY NO LONGER BE AVAILABLE, THOUGH FULL REMEDY IS AVAILABLE IN THIS CASE, UNITED STATES OF AMERICA, PLAINTIFF v. WILFREDO MEJIA, DEFENDANT, 2021 WL 2143574 (D.D.C.2021); CURTIS v. STATE, 345 S.C. 557. THE CONTROVERSY STILL REMAINS EMBEDDED IN THE PLAINTIFF(S) NOW CONSTITUTIONALLY PROTECTED RIGHTS ESTABLISHED BY THE DEFAULT EMERGING FROM THE CRAWFORD RICHLAND COUNTY S.C. STATE CASES RELIED UPON, AND THE ACTIONS DONE TO JEREMIAH MACKEY JR CONSPIRING IN THE FORUM STATE TO INAPPROPRIATELY INFLUENCE JUDGES TO PREVENT REMOVAL TO THE FEDERAL COURTS IN THE STATE OF OHIO ESTABLISH EXTRA-TERRITORIAL JURISDICTION CONSPIRACY AIMED AND DIRECTED AT THE RESIDENTS OF THE FORUM STATE OF OHIO, ALREADY, LLC. v. NIKE INC., 568 U.S. 85, 133 S.Ct. 721, 184 L.Ed.2d. 553(U.S.2013); TANDOM v. NEWSOME,--S.Ct.--, 2021 WL 1328507 (U.S.2021); UZUEGBUNAM v. PRECZEWSKI, 141 S.Ct. 792(U.S.2021). THE 4TH. CIRCUIT AT BOTH THE STATE AND FEDERAL LEVELS HAVE AVOIDED AND CRIMINALLY CIRCUMVENTED IN EGREGIOUS ACTS OF FRAUD

UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE
RULING ON THE MERITS OF THESE CASES REQUIRING THEIR
DISQUALIFICATION AND § 1407 TRANSFER, BECAUSE THEY KNEW WE ARE
CORRECT IN OUR LEGAL ASSESSMENT OF THESE MATTERS ACTING BEHIND
PROTECTORATE REASONS AND TO PREVENT WHAT THEY KNOW IS THE
REALIZATION OF RELIGIOUS PROPHESY OF THE 3 MAINSTREAM
MONOTHEISTIC RELIGIONS BEHIND RELIGIOUS AND RACIAL HATRED WHICH
IS TANTAMOUNT TO HATE CRIMES AND ACTS OF OFFICIAL MENTAL TORTURE
IN VIOLATION OF THE C.A.T. TREATY (CONVENTION AGAINST TORTURE
TREATY), AND TO PREVENT DISCOVERY TO HALT THE PRODUCING OF
EVIDENCE THAT ESTABLISH THESE FACTS AS WELL AS EVIDENCE OF ACTUAL
INNOCENCE FROM ENTERING INTO THE COURT RECORD VOIDING THE
CONSPIRING COURTS INVOLVED JURISDICTION, ALSO DUE TO SEPARATION
OF POWERS VIOLATION WHERE THEY USURPED THE JURISDICTION OF THE
MULTI-DISTRICT LITIGATION PANEL WHERE JURISDICTION CANNOT BE
WAIVED AND OR FORFEITED, CAN BE RAISED AT ANY TIME, EVEN AFTER
ANY ALLEGED FINAL ORDER(S) MAY HAVE BEEN ISSUED, WHICH WOULD NOT
PRECLUDE THE MULTI-DISTRICT LITIGATION PANEL REVIEW OF THESE
MATTERS, GENESIS HEALTHCARE CORP. v. SYMCZYK, 569 U.S. 66, 133
S.Ct. 1523, 185 L.Ed.2d. 636(U.S.2013); HANSEN v. UNITED
STATES,--Fed. Appx'--, 2021 WL 1016424 (10th.Cir.2021).

    (6) EXHIBIT, "LEGAL ISSUES OF RELIGIOUS PROPHESY". THESE
ARE THE LEGAL ISSUES ATTACKING CONVICTIONS AROUND THE NATION THAT
ARE ALSO AT THE HEART OF THE CONTROVERSY BEING ARGUED THAT
FURTHER ESTABLISH THE JURISDICTIONAL FACTS. IT IS PERSPICUOUS
THAT THESE LEGAL ISSUED CAN BE ARGUED WITHIN THE STATE OF OHIO AS
THEY CAN WITHIN ALL (50) STATES OF THIS NATION. THE LEAD ISSUE IS
FILED IN THE JEREMIAH MACKEY JR. CASE IN THE STATE OF OHIO
REQUIRING EVEN THE TRAFFIC TICKET THAT BY IT'S LANGUAGE TAKING
AWAY THE PRESUMPTION OF INNOCENCE, SHIFTING THE BURDEN OF
PERSUASION TO THE PLAINTIFF, MACKEY JR., PREDETERMINING IN
ADVANCE THE OUTCOME OF THE PROCEEDINGS BEFORE ANY TRIAL OCCURRED
MUST BE DEEMED A VIOLATION OF DUE PROCESS, UNCONSTITUTIONAL AND
VOID. THESE LEGAL ISSUES APPEAR IN THE ROBERT JEFFERIES POST
CONVICTION CASE IN THE STATE OF MISSOURI. THEY APPEAR IN THE

CRAWFORD CASE IN HIS APPLICATION FOR DNA TESTING UNDER CASE 2004-GS-28-0385 IN KERSHAW COUNTY S.C. AND UNDER CASES 2006-CP-400-3567, 3568, 3569; 2013-CP-400-0084, 2294 OUT OF RICHLAND COUNTY S.C.. THEY APPEAR IN ALL THE INTERVENORDS POST CONVICTION RELIEF CASES. THEY APPEAR BEFORE THE S.C. DISTRICT COURT WHICH WERE CIRCUMVENTED AND OBSTRUCTED IN FRAUD. SOME OF THE ISSUES ARE SEEN IN THE LYNAE CRAWFORD CASE IN UNION COUNTY NEW JERSEY FURTHER PROVING MULTI-DISTRICT LITIGATION, RIGHTS TO INTERVENE AND TAG ALONG CASE PROVISIONS AS IS ALSO SEEN IN THE § 2241 HABEAS PETITION ATTACHED.

THE PLAINTIFF(S) GIVE THE FEDERAL COURT JUDICIAL NOTICE THAT ALL CLAIMS, ISSUES, DEFENSES ARGUED WITHIN THE HABEAS CORPUS PETITION UNDER § 2241 ARE ALSO ARGUED UNDER THE § 1983 ACTION TO ESTABLISH FORUM STATE IN OHIO AND OTHER RELEVANT JURISDICTIONAL FACTS FILED WITH ITS ATTACHMENTS, ALSO TO DEMONSTRATE THAT THESE ARE NOT SOME FRIVOLOUS, MERITLESS "SOVEREIGN CITIZEN CLAIMS", BUT ARE ACTUAL, LEGITIMATE, GENUINE "FOREIGN SOVEREIGN IMMUNITY ACT CLAIMS. TO COMPARE THESE CLAIMS IN THAT MANNER WOULD BE AN ABUSE OF DISCRETION AND WOULD BE LIKE COMPARING "MOUNTAINS TO GRAPES". THE PLAINTIFF(S) GIVE THE COURT AND PARTIES JUDICIAL NOTICE THAT DECEDENT DOMICILE CLAIMS ATTACH TO THIS § 1983 ACTION FOR THE PURPOSE OF FURTHER ESTABLISHING THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE FIDUCIARY HEIR, KING, HIGH PRIEST, A MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, THE RIGHTS OF AFRICAN AMERICANS, CHRISTIANS, MUSLIMS AND JEWISH PEOPLE WITHIN THE FORUM STATE OF OHIO AND NATIONALLY, INCLUDING THOSE OF JEREMIAH MACKEY JR., AS BENEFICIARIES OF THE CESTUI QUE TRUST, BASED UPON "CONTRACT", "COVENANT PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, THE 1st. AMENDMENT FREE EXERCISE CLAUSE AS WELL AS BY STATE AND FEDERAL PROBATE LAW, WHERE THE LAW OF THE CONTRACT WHERE AND WHEN IT WAS MADE STANDS AND CANNOT BE MADE OR UNMADE BY THE COURTS, AND FOR THE SEEKING OF REPARATION FOR THE TRANSATLANTIC SLAVE TRADE DEFAULTED ON BY THE UNITED STATES GOVERNMENT AND THE OTHER 193 MEMBER STATES OF THE UNITED NATIONS EMERGING FROM THE CRAWFORD STATE CASES 2006-CP-400-3567, 3568,

3569; 2013-CP-400-0084, 2294 OUT OF RICHLAND COUNTY SOUTH CAROLINA AND WHICH IS ALSO SOUGHT UNDER CASES 9:20-cv-02139-TLW-MHC, 9:21-cv-02526-TLW-MHC OUT OF THE S.C. DISTRICT COURT AS ARGUED THEREIN, STATE OF TEXAS v. STATE OF FLORIDA, 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817(U.S.1939); RILEY v. NEW YORK TRUST COMPANY, 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885(U.S.1942); OVERBY v. GORDON, 177 U.S. 214, 20 S.Ct. 603, 44 L.Ed. 741(U.S.1900); HANSON v. DENCKLA, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d. 1283(U.S.1958)(ALSO DEALING WITH TRUSTEE AND OR FIDUCIARY HEIR CLAIMS.).

FEDERAL COURTS OF EQUITY HAVE JURISDICTION TO ENTERTAIN SUITS IN FAVOR OF CREDITORS, LEGATEES AND HEIRS AND OTHER CLAIMS AGAINST A DECEDENT'S ESTATE, TO ESTABLISH THESE CLAIMS AS LONG AS FEDERAL COURTS DO NOT INTERFERE WITH PROBATE PROCEEDINGS OR ASSUME ONLY GENERAL JURISDICTION OF A PROBATE OR CONTROL OF PROPERTY IN CONTROL OF STATE COURTS WHERE THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN IN QUESTION IS BEING ARRESTED AND OR ATTACHED AND OR EXECUTED IN VIOLATION OF THE TERMS OF THE "GRANT" GIVEN TO YOUR GLOBAL NATIONS, ALSO TRIGGERING EXPROPRIATION EXCEPTION UNDER THE F.S.I.A. WAIVING IMMUNITY, DONE BY THE FEDERAL COURTS OF THIS NATION, TO INCLUDE FEDERAL EMPLOYEES AND THEIR VARIOUS FEDERAL AGENCIES IN VIOLATION OF THE HOBBS ACT EFFECTING INTERSTATE COMMERCE VIOLATING 28 U.S.C. § 2679 AS WELL. THIS DON'T EVEN TAKE INTO ACCOUNT THE BRINGING OF THIS ACTION SEEKING REPARATIONS FOR THE STATE SPONSORED ACT OF TERRORISM DONE BY THE GLOBAL NATIONS PURSUANT TO THE TRANSATLANTIC SLAVE TRADE. SEE JUDICIARY ACT OF 1789, 1 STAT. 73, 28 U.S.C.A. §§ 1331, 1332; MARKAM v. ALLEN, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256(U.S.1946); ALLSTATE ASSURANCE COMPANY v. BENTON, 2023 WL 3105098 (N.D.Tex.2023).

(7) EXHIBIT, "FOREIGN SOVEREIGN # 1". THE FOREIGN SOVEREIGN FIDUCIARY HEIR, KING AND HIGH PRIEST OF THE ONE TRUE GOD AND THE BENEFICIARIES OF THE CESTUI QUE TRUST, BY THE

CRAWFORD STATE CASES RELIED UPON, DEFAULTED ON BY THE UNITED STATES AND OTHER 193 MEMBER STATES OF THE UNITED NATIONS, PROTECTED BY "CONTRACT", BY "COVENANT" HAVE THE PARAMOUNT RIGHT TO PROTECT THE LIVES, HEALTH, MORALS, COMFORT AND GENERAL WELFARE OF ITS HOLY COMMONWEALTH, MANY WHO RESIDE IN THE STATE OF OHIO'S BORDERS, HOME BLDG. & LOAN ASS'N v. BAISDELL, 290 U.S. 398, 54 S.Ct. 231, 88 A.L.R. 1481, 78 L.Ed. 413(U.S.1934); ELLIOTT v. BOARD OF SCHOOL TRUSTEES OF MADISON CONSOLIDATED SCHOOLS,--F.3d.--, 2017 WL 5988226(7th.Cir.2017); NORTH CAROLINA ASS'N OF EDUCATORS, INC. v. STATE, 368 N.C. 777, 786 S.E.2d. 255(N.C.2016). THIS IS THE DOCUMENT AND JURISDICTIONAL FACTS THAT SCARE THE "BA-GEEBAS" OUT OF THE STATE AND FEDERAL ACTORS, WHICH IS AT THE HEART AND CAUSE OF THE CAUSE FOR THE EGREGIOUS ACTS OF FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE, DEFAULTED ON BY THE UNITED STATES GOVERNMENT AND OTHER 193 MEMBER STATES OF THE UNITED NATIONS. THIS DOCUMENT CONTAINS THE "DECLARATION OF SOVEREIGNTY" DEFAULTED ON BY THE STATE AND FEDERAL DEFENDANTS THAT BINDS ALL BY THE SUPREMACY CLAUSE SEEN FILED UNDER CASES 2006-CP-400-3567, 3568, 3569; 2013-CP-400-0084, 2294, THE CRAWFORD DNA CASE UNDER 2004-GS-28-0385, ALSO SEEN AND OR REFERRED TO UNDER CASES 9:20-cv-02139-TLW-MHC AND 9:21-cv-02526-TLW-MHC. THE PLAINTIFF(S) MOTION TO EXPAND THE SCOPE AND FOR INCLUSION OF THIS DOCUMENT WITHIN THIS § 1983 ACTION BEFORE THE OHIO DISTRICT COURT TO ESTABLISH RELEVANCE AND FURTHER CAUSE FOR THE EXTRA-TERRITORIAL CONSPIRACY INVOLVING THE DEFENDANTS AS LISTED, U.S. EX REL KNIGHT v. RELIANT HOSPICE, INC., F.Supp.2d., 2011 WL 1321584(DSC.2011); HARBISON v. BELL, 556 U.S. 180, 129 S.Ct. 1481(U.S.2009); MIDDLETON v. NISSAN MOTOR CO. LTD., F.Supp.2d., 2012 WL 3612572(DSC.2012); BALL v. STYLECRAFT HOMES, LLC., 564 Fed. Appx' 720 CA4 (Va.2014).

THIS § 1983 ACTION IS ALSO BEING FILED TO CHALLENGE THE CONSTITUTIONALITY OF THE PLRA AND AEDPA WITH ITS 3 STRIKE PROVISIONS OF THE 1996 CLINTON BILL WHICH APPEAR WITHIN BOTH THE STATE OF OHIO AND THE STATE OF SOUTH CAROLINA CASES IN QUESTION. THE PLAINTIFF(S) ARE GIVING THE OHIO DISTRICT COURT AND OR

MULTI-DISTRICT LITIGATION PANEL JUDICIAL NOTICE. 51 A.L.R. Fed.2d. 143 RUNS AFOUL OF THE SAFEGUARDS PLACED INTO EFFECT BY THE SUPREME COURT JUDICIAL HOLDINGS MADE UNDER EX PARTE VIRGINIA 1887. THE RELEVANT PORTIONS OF THE 1996 CLINTON BILL WITH ITS PLRA AND AEDPA PROVISIONS SURREPTITIOUSLY TARGET AFRICAN AMERICANS TO THEIR DETRIMENT BY THESE LEGISLATIVE ENACTMENTS WHICH ARE UNCONSTITUTIONAL ALSO VIOLATING THE 14TH. AMENDMENTS WHERE THE REPUBLICANS PUSHED THIS PROVISION THROUGH WHILE PRESIDENT CLINTON WAS UNDER DURESS TO AVOID IMPEACHMENT BEHIND THE MONICA LAWINSKY? SCANDAL. AS PRESIDENT CLINTON PREVIOUSLY ADMITTED AND STATED ON THE RECORD BEFORE THE PUBLIC WHEN ASKED, HE HAD NO IDEA THAT THE PROVISIONS THAT DECIMATED AFRICAN AMERICAN COMMUNITIES WITHIN THIS NATION EXISTED OR THE IMPACT THEY WOULD HAVE ON THE AFRICAN AMERICAN COMMUNITIES OF THIS NATION. COURTS MAY DECLARE A STATUTE UNCONSTITUTIONAL WHEN ITS INVALIDITY APPEARS SO CLEARLY AS TO LEAVE NO ROOM FOR REASONABLE DOUBT THAT IT VIOLATES SOME PROVISION OF THE UNITED STATES CONSTITUTION. THE PLAINTIFF(S) WANT THIS BEFORE THE JURY. THE PLAINTIFF(S) ARE PLACING BEFORE THE JURY AND COURT THE INDISPUTABLE EVIDENCE GATHERED BY THE ACCLAIMED AND PROMINENT CIVIL RIGHTS STANFORD LAW SCHOOL PROFESSOR AND ATTORNEY, MICHELLE ALEXANDER, A RENOWN INDEPENDENT INVESTIGATOR, FOUND IN HER BOOK ENTITLED, "MASS INCARCERATION IN THE AGE OF COLORBLINDNESS, THE NEW JIM CROW", ISBN NO. 978-1-59558-643-8, AND THE SUBSTANTIAL EVIDENCE GATHERED BY THE OTHER INDEPENDENT INVESTIGATORS WHO PRODUCED THE DOCUMENTARY ENTITLED "13" WHICH AIRED ON PBS, UP AS EVIDENCE TO FURTHER SUBSTANTIATE AND ESTABLISH THESE JURISDICTIONAL FACTS. THE OHIO DISTRICT COURT IS SUBJECTING THE PLAINTIFF, CRAWFORD, THE FIDUCIARY HEIR, TO THESE UNCONSTITUTIONAL PROVISIONS OF THE PLRA FURTHER ESTABLISHING AN EXTRA-TERRITORIAL CONSPIRACY TO VIOLATE HIS RIGHTS AND OTHER AFRICAN AMERICANS OF THIS NATION UNDER THE EQUAL PROTECTION OF THE LAWS CLAUSE, AND FURTHER ESTABLISH MULTI-DISTRICT LITIGATION EVEN BY CASES THAT APPEARED BEFORE THE 4TH. CIRCUIT COURT OF APPEALS THAT MADE USE OF THESE UNCONSTITUTIONAL PROVISIONS OF LAW THAT DISPROPORTIONATELY TARGET AFRICAN AMERICANS TO THEIR

DETRIMENT CHALLENGING THE STATUTE'S CONSTITUTIONALITY, 25 U.S. 213; COOPER v. HARRIS, 137 S.Ct. 1455, 197 L.Ed.2d. 837, 85 U.S.L.W. 4257(U.S.2017); BANK OF AMERICA CORP. v. CITY OF MIAMI FLORIDA, 137 S.Ct. 1296, 197 L.Ed.2d. 678, 85 U.S.L.W. 4227 (U.S.2017); COUNTY OF COOK v. BANK OF AMERICA CORPORATION, 2018 WL 1561725(2018).

THE PLAINTIFF(S) GIVES THE COURT JUDICIAL NOTICE. INDEED THIS § 1983 ACTION IS FILED SEEKING A TRIAL BY JURY WITH APPOINTED TRUSTEE, JUDGE AUSTIN, SITTING OVER THIS CASE AND TRIAL IN THE STATE OF NEW JERSEY, THE GOVERNMENT PAYING FOR HER TRAVEL AND ALL ACCOMMODATIONS ALSO VIA INVOKING THE MAGISTRATE STATUTE, ONCE THE MULTI-DISTRICT LITIGATION PANEL REVIEW THESE MATTERS. THE PLAINTIFF(S) MOTION FOR A STAY AND OR TO HOLD IN ABEYANCE ANY JUDICIAL DETERMINATION ASSESSING ANY POTENTIAL 3 STRIKE CONCERN UNDER THE PLRA OR USE OF THIS UNCONSTITUTIONAL PROVISION IN THE FILING OF THIS § 1983 ACTION UNTIL THE JURY HAS HAD OPPORTUNITY TO VIEW THE EVIDENCE AND DETERMINE THE CONSTITUTIONALITY OF THE RELEVANT STATUTES BEING CHALLENGED. AN ACT OF CONGRESS THAT IS REPUGNANT TO THE CONSTITUTION CANNOT BECOME LAW OR STAND AS LAW AND IS VOID FROM THE VERY DATE THAT IT WAS ENACTED, EVANCHO v. PINE-RICH AND SCHOOL DISTRICT, 237 F.Supp.3d. 267, 301 (W.D.Pa.2017); TAYLOR v. U.S., 136 S.Ct. 2074, 195 L.Ed.2d. 456, 84 U.S.L.W. 4462(U.S.2016); KLAYMAN v. OBAMA, 142 F.Supp.3d. 172 (D.D.C.2015); ZIVOTOFSKY EX REL ZIVOTOFSKY v. KERRY, 135 S.Ct. 2076, 192 L.Ed.2d. 83, 83 U.S.L.W. 4391(U.S.2015).

BE ADVISED. ONCE THE JURY DETERMINE THAT THE PLAINTIFF(S) ARE CORRECT BRINGING INTO QUESTION THE CONSTITUTIONALITY OF THESE LEGISLATIVE PROVISIONS. THE PLAINTIFF, FIDUCIARY HEIR, KING AND HIGH PRIEST, CRAWFORD, SHALL SEEK INJUNCTIVE AND DECLARATORY RELIEF IN THIS CASE, PLACING FORTH JURISDICTIONAL CHALLENGE, WHICH CANNOT BE WAIVED AND OR FORFEITED, CAN BE RAISED AT ANY TIME, EVEN AFTER ANY ALLEGED FINAL ORDER HAS BEEN ISSUED WITHIN ANY CASE OF CONCERN, AND THEN MOVES TO VACATE EACH AND EVERY

FINAL ORDER FILED AGAINST CRAWFORD AND THE INTERVENORS WITHIN ANY
FEDERAL COURT ACROSS THE NATION SINCE 2006 DUE TO THEY MAKING USE
OF THESE UNCONSTITUTIONAL PROVISIONS OF LAW, WHICH INCLUDE ANY
HABEAS CORPUS ACTION EVER FILED IN THE PAST SEEKING FORFEITURE,
SANCTIONS ON THE PART OF THE GOVERNMENT FOR DUE PROCESS VIOLATION
AND UNCONSTITUTIONAL ACTION WHICH VOIDS THOSE COURTS JURISDICTION
UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER
JURISDICTION. THIS MAKES ANY ALLEGED CLAIM OF A 3 STRIKE BAR MOOT
REQUIRING THE OHIO DISTRICT COURT AND OR MULTI-DISTRICT
LITIGATION PANEL TO HOLD SUCH A DETERMINATION IN STAY OR ABEYANCE
UNTIL JURY REVIEW THIS MATTER WHICH IS WHAT THE PLAINTIFF(S)
MOTION FOR. THEREUPON DETERMINATION OF THE UNCONSTITUTIONAL
HABEAS CORPUS PETITIONS DUE TO MAKING USE OF THE UNCONSTITUTIONAL
STATUTES. THE PLAINTIFF(S) MOTION THAT HE AND ANY INTERVENOR WHOM
THIS EFFECT BE MOVED INTO FEDERAL CUSTODY AND BE HELD AT A
PRE-RELEASE CAMP PURSUANT TO 28 U.S.C. § 1445(c) WITH ALL OF
THEIR PERSONAL PROPERTY, NOT BEING SUBJECTED TO SEARCH OR SEIZURE
DUE TO THE CONVICTIONS AT BOTH THE STATE AND FEDERAL LEVEL
ALREADY BEING INVALID BY WHAT IS ARGUED IN THIS CASE. HABEAS
CORPUS IS NOT A SUBSTITUTE FOR ORDINARY ERROR CORRECTIONS THROUGH
APPEAL, BUT IS AN "EXTRAORDINARY REMEDY" THAT GUARDS ONLY AGAINST
"EXTREME MALFUNCTIONS IN THE STATE CRIMINAL JUSTICE SYSTEM" (ie.
FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF
JUSTICE HIDING EVIDENCE OF ACTUAL INNOCENCE AND HOLDING THESE
CASES UNRESOLVED FOR OVER 16+ YEARS PRODUCING EXTREME MALFUNCTION
IN THE STATE JUDICIAL SYSTEM.), AND WHERE BY THE
EXTRA-TERRITORIAL JURISDICTION CLAIMS AND MULTI-DISTRICT
LITIGATION CLAIMS, THE OHIO DISTRICT COURT AND OR MULTI-DISTRICT
LITIGATION PANEL WOULD NOT BE PRECLUDED IN ACTING TO REMEDY THESE
ACTS OF MANIFEST INJUSTICE WHERE THE ACTIONS AND OR ACTIVITIES
WERE ALSO AIMED AND OR DIRECTED AT RESIDENTS OF THE FORUM STATE
OF OHIO, TO PREVENT THE LEGAL ISSUES OF RELIGIOUS PROPHESY,
REPARATIONS, AND ATTACK UPON GAY MARRIAGE FROM BEING EXERCISED BY
THE HOLY COMMONWEALTH OF RELIGIOUS "CONTRACT", "COVENANT", WHO
RESIDE WITHIN THE STATE OF OHIO. THIS WOULD ALSO BE PERMITTED DUE
TO THE CONVICTION(S) ALREADY BEING INVALIDATED BY THAT WHICH IS
ARGUED WITHIN THE ATTACHED § 2241 PETITION WHERE THE INTERVENORS

42-of-473

ARE RELYING UPON AND SEEKING TO EXERCISE RIGHTS OF NON PARTY RES JUDICATA AND OR COLLATERAL ESTOPPEL EMERGING FROM THE CRAWFORD STATE CASES RELIED UPON. WE MOTION TO BE TRANSFERRED TO A FEDERAL PRE-RELEASE CAMP PENDING FULL RESOLUTION OF THESE MATTERS, BEING SENT TO THE NORTHEAST, THE NICEST PRE-RELEASE CAMP AVAILABLE WITH ALL OF OUR PERSONAL PROPERTY IN TACT WITHOUT EXCEPTION, DAVIS v. NORTH CAROLINA ATTORNEY GENERAL, 2022 WL 1670765 (4th.Cir.2020); HARRINGTON v. RICHTER, 562 U.S. 86, 102-103; SHINN MARTINEZ RAMIREZ; SHINN v. JONES,--S.Ct.--, 2022 WL 1611786 (U.S.2022). THE PLAINTIFF, CRAWFORD, AND THE RELEVANT INTERVENORS INVOLVED IN CRIMINAL PROCEEDINGS IN STATE COURT MAY PROPERLY REMOVE THE ACTIONS IF THEY MEET THE SUBSTANTIAL REQUIREMENTS OF 28 U.S.C. § 1443 AND PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1455, WHICH BY THE FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE BEHIND RELIGIOUS AND RACIAL HATRED WE HAVE MET THE BURDEN, COMMONWEALTH OF VIRGINIA v. AYEM EL., DEFENDANT, 2016 WL 4507814 (E.D.Va.2016); NORTH CAROLINA v. DAVIS, 2014 WL 820086 * 1+ (E.D.N.C.2014).

REFERRING BACK TO THE CONSTITUTIONALITY OF THE PLRA AND AEDPA PROVISIONS OF THE 1996 CLINTON BILL 51 A.L.R.2d. 143. A FACIAL CONSTITUTIONAL CHALLENGE SEEKS TO VINDICATE NOT ONLY A PLAINTIFF'S OWN RIGHTS, AS IN AN APPLIED CHALLENGE, BUT ALSO THOSE OF OTHERS WHO MAY BE ADVERSELY IMPACTED BY THE STATUTES IN QUESTION WHICH IS DIRECTED AT THE RESIDENTS OF THE STATES OF ALL (50) STATES INCLUDING THE RESIDENTS OF THE FORUM STATE OF OHIO ESTABLISHING EXTRA-TERRITORIAL JURISDICTION CONSPIRACY AND MULTI-DISTRICT LITIGATION TO DETRIMENTALLY EFFECT AFRICAN AMERICANS BY THESE UNCONSTITUTIONAL STATUTORY PROVISIONS OF LAW, BRUNI v. CITY OF PITTSBURGH, 941 F.3d. 73 (3rd.Cir.2019); MAZO v. WAY, 551 F.Supp.3d. 478(D.N.J.2021).

A DISTRICT COURT IS WITHOUT AUTHORITY (JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION.) TO ENFORCE AN UNCONSTITUTIONAL STATUTE, HUSSAIN v. SULLIVAN BUICK-CADILLAC-GMC TRUCK, INC., 506 F.Supp.3d.

1242(N.D.Fla.2020); HUSSFELD v. AMERICAN FINANCIAL SECURITY LIFE INSURANCE COMPANY, 544 F.Supp.3d. 1323 (S.D.Fla.2021); BARR v. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS INC., 140 S.Ct.2355(U.S.2020); UNITED STATES v. MISELIS, 972 F.3d. 518 (4th.Cir.2020).

WHERE A STATUTE IS CONSTITUTIONALLY BAD AND THERE EXIST NO SEVERABILITY CLAUSE, WHICH FROM WHAT THE PLAINTIFF(S) CAN DETERMINE, NO SEVERABILITY CLAUSE EXIST IN THE BILL IN QUESTION. THEN THE STATUTE AS A WHOLE IS BAD AND THEREUPON VOID BEING REPUGNANT TO THE CONSTITUTION, TO INCLUDE RENDERING VOID EVERY FEDERAL COURT FINAL ORDERS INVOLVING THE PLAINTIFF, CRAWFORD, ADJUDICATED SINCE 2006 WHO MADE USE OF THESE UNCONSTITUTIONAL STATUTORY PROVISIONS MAKING ANY ALLEGED 3 STRIKE BAR MOOT AND POSE NO BAR TO THE OHIO DISTRICT COURT AND OR MULTI-DISTRICT LITIGATION PANEL REVIEWING THESE MATTERS, ESPECIALLY IN LIGHT OF THE FACT THAT THE COURTS INVOLVED VIOLATED THE SEPARATION OF POWERS CLAUSE AND USURPED THE JURISDICTION OF THE MULTI-DISTRICT LITIGATION PANEL, SEILA LAW, LLC. v. CONSUMER FINANCIAL PROTECTION BUREAU, 140 S.Ct. 2183, 207 L.Ed.2d. 494(U.S.2020); CUNNINGHAM AND MATRIX FINANCIAL SERVICES, LLC., 531 F.Supp.3d. 1164(E.D.Tex.2021); MURRAY v. KAPLE, 66 F.Supp.2d. 745(DSC.1999)(LEGISLATION WOULD NOT HAVE BEEN PASSED IF THE UNCONSTITUTIONAL PORTIONS DID NOT EXIST.): SMITH v. TRUMAN ROAD DEVELOPMENT, LLC., 414 F.Supp.3d. 1205 (W.D.MO.2019); SLAUGHTER-HOUSE CASES, 83 U.S. (16 WALL) 36 (U.S.1873).

WHERE COMMON FACTUAL ISSUES EXIST AMONG ACTIONS IN MULTI-DISTRICT LITIGATION, THE PRESENCE OF DIFFERENT LEGAL THEORIES AMONG THE SUBJECT ACTIONS IS NOT A BAR TO CENTRALIZATION. CENTRALIZATION OF ACTIONS IN MULTI-DISTRICT LITIGATION DOES NOT REQUIRE A COMPLETE IDENTITY OF PARTIES. THE PENDENCY OF RELATED STATE COURT LITIGATION CANNOT BE DEEMED A VALID BAR TO CENTRALIZATION OF ACTIONS IN MULTI-DISTRICT LITIGATION. CENTRALIZATION IS WARRANTED WHERE THESE CASES INVOLVE THE FIDUCIARY DUTY OF THE FOREIGN SOVEREIGN HEIR, KING, HIGH PRIEST OF THE ONE TRUE GOD, A MEMBER OF THE SOLE CORPORATION AND

FOREIGN SOVEREIGN CROWN, THE BENEFICIARIES OF THE CESTUI QUE TRUST AND ALL RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES RELATED THERETO, THE LEGAL ISSUES OF RELIGIOUS PROPHESY EFFECTING ALL (50) STATES, THE ARRESTING AND OR EXECUTING AND OR ATTACHING OF THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN AS IT RELATES TO THE RIGHT TO LEGALLY MARRY GIVEN TO YOUR GLOBAL NATIONS AS A "GRANT" WHICH HAD CLEAR RESTRICTIONS WHICH ALL (50) STATES VIOLATED BY GIVING THIS RIGHT TO THE "SODOMITES AND GOMORRAHRITES" OF YOUR NATIONS, ALSO ACTING IN VIOLATION OF THE HOBBS ACT EFFECTING INTERSTATE COMMERCE, ATTACKING THE CONSTITUTIONALITY OF THE PLRA AND AEDPA STATUTORY PROVISION AND THE 1996 CLINTON BILL IN BOTH THE STATES OF OHIO AND SOUTH CAROLINA, ESTABLISH THAT THESE ARE INDEED MULTI-DISTRICT LITIGATION CASES, PRODUCING EXTRA-TERRITORIAL CONSPIRACY CLAIMS, IN RE: BANK OF NEW YORK MELLON CORP., FOREIGN EXCHANGE TRANSACTION LITIGATION, 857 F.Supp.2d. 1371 (2012); IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION, 780 F.Supp.2d. 1379(2011); IN RE: MARRIOTT INTERNATIONAL INC., CONSTOMER DATA SECURITY BREACH LITIGATION, 363 F.Supp.3d. 1372(2019).

THE PANEL OVERRIDES THE FORUM WHEN THERE ARE MORE COMMON QUESTIONS OF FACT PENDING IN DIFFERENT DISTRICTS, ALSO WHERE THE 4TH. CIRCUIT IS BEING SOUGHT DISQUALIFIED SEEKING § 1407 TRANSFER TO THE STATE OF NEW JERSEY WHERE THE TRANSFER WOULD SERVE THE CONVENIENCE OF PARTIES IN HOPES OF ALLEVIATING THE EGREGIOUS ACTS OF FRAUD UPON THE COURT AND OBSTRUCTION OF JUSTICE WHERE THESE CASES SAT IN LIMBO FOR OVER 16+ YEAR UNRESOLVED AND WHERE UNDER THE F.S.I.A. VENUE FALLS TO THE PLAINTIFF(S) AND THE TRANSFER WOULD PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE ACTIONS, IN RE: URETHANE ANTITRUST LITIGATION, F.Supp.2d., 2006 WL 2709847 (D.KAN.2006); VILLALTA v. B.K. TRUCKING & WAREHOUSING, LLC., 2008 WL 11366399 (D.Md.2008); IN RE: ACCUTANE PRODUCTS LIABILITY LITIGATION, 560 F.Supp.2d. 1370 (2008); DAMIEN EDWARDS, PLAINTIFF v. BRIAN KENDELL AND CAROL HOLMES, DEFENDANTS, 2023 WL 3267995 (DSC.2023)(DISTRICT COURT'S IMPROPER DENIAL OF CASE "02526" AND

"02139"); BRAY v. ALEXANDRIA WOMEN'S HEALTH CLINIC, 506 U.S. 263, 113 S.Ct. 753, 169 A.L.R. Fed. 649(U.S.1993); WALS v. TOWN OF MARSHALL, N.C., 426 F.3d. 251 (4th.Cir.2005)(WHERE BY THE FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE THE CONSPIRING CIRCUIT SOUGHT DISQUALIFIED TRIED TO CONVERT CONSTITUTIONALLY PROTECTED RIGHTS INTO A CRIME WEAPONIZING THEIR OFFICE BEHIND RELIGIOUS AND RACIAL HATRED.).

(8) EXHIBIT, "TRUSTEE". THIS IS A COPY OF THE WRIT OF MANDAMUS THAT WAS FILED IN CASE 16-2299. THIS DOCUMENT HIGHLIGHTS THE JURISDICTIONAL FACTS THAT ESTABLISH THAT THE FIDUCIARY HEIR, KING AND HIGH PRIEST OF THE ONE TRUE GOD, A MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, CRAWFORD, APPOINTED A TRUSTEE TO PRESIDE OVER THESE MATTERS IN THE FORM OF JUDGE JAQUELYN AUSTIN, IN THE S.C. DISTRICT COURT, DISQUALFYING ALL OTHERS OF THE S.C. DISTRICT COURT AND THE 4TH. CIRCUIT IN ITS ENTIRETY AT BOTH THE STATE AND FEDERAL LEVELS. THOUGH SEEKING DISQUALIFICATION OF THE 4TH. CIRCUIT AND SEEKING JURY TRIAL. JUDGE AUSTIN IS BOUND BY THE DEFAULT, BEING AN EMPLOYEE OF THE UNITED STATES GOVERNMENT WHO IS ALSO PARTY AND BOUND BY THE DEFAULT, TO ACT AS TRUSTEE DESIGNATED BY THE FOREIGN SOVEREIGN CROWN. SHE IS TO SIT OVER THE TRIAL PROCEEDINGS WITHIN THE NEW JERSEY DISTRICT COURT, NEWARK DIVISION, AND WE SEEK AND MOTION THAT THE TRANSFER ORDER SOUGHT PURSUANT TO § 1407 INDICATE THESE FACTS AND THE U.S. GOVERNMENT BE REQUIRED TO PAY IN FULL ALL TRAVEL AND ACCOMMODATION COST FOR HER TO DO SO UNTIL ALL MATTERS ARE CONCLUDED. THIS DOCUMENT ALSO ESTABLISH EXACTLY WHAT IS THE CESTUI QUE TRUST THAT THE FIDUCIARY HEIR, KING, HIGH PRIEST OF THE ONE TRUE GOD, JEREMIAH MACKEY JR. AND THE BENEFICIARIES OF THE "TRUST" ARE REFERRING TO, ACTING AND RELYING UPON SUPPORTED BY THE DECLARATION OF SOVEREIGNTY FILED IN THE CRAWFORD STATE CASES, WHICH IS ESTABLISHED BY THE DEFAULT, AND BY THE "CONTRACT", BY "COVENANT" PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, THE 1st. AMENDMENT FREE EXERCISE CLAUSE AND STATE AND FEDERAL PROBATE LAWS. THIS DOCUMENT ALSO ESTABLISH WHY

THE RIGHT TO LEGALLY MARRY IS THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN GIVEN TO YOUR GLOBAL NATIONS AS A "GRANT" HAVING CLEAR RESTRICTIONS WHICH ALL (50) STATES AND VARIOUS OTHER NATIONS HAVE VIOLATED BY GIVING THIS RIGHT TO THE "SODOMITES AND GOMORRAHRITES" (GAYS AND LEBIANS) OF YOUR NATIONS ESTABLISHING CAUSE OF ACTION AND FURTHER ESTABLISHING THE FORUM STATE OF OHIO DISTRICT COURT, PRODUCING EXTRA-TERRITORIAL CONSPIRACY, AND OR MULTI-DISTRICT LITIGATION PANEL'S JURISDICTION THOUGH THE JURISDICTION OF THE MULTI-DISTRICT LITIGATION PANEL IN THIS INSTANCE OVERRIDES THE OHIO STATE FORUM. WE ARE MOTIONING FOR INJUNCTVE AND DECLARATORY RELIEF FROM THE MULTI-DISTRICT LITIGATION PANEL OF THE FORUM STATE OF OHIO FOR JURY TRIAL TO ADDRESS THIS MATTER. ANY LAW WHICH IN ITS OPERATION AMOUNTS TO A DENIAL OR OBSTRUCTION OF RIGHTS ACCRUING BY CONTRACT, WHICH IS THE VERY CONTRACT, COVENANT THAT ESTABLISH THE VATICAN AS A SOVEREIGN NATION, FURTHER DEMONSTRATING THAT THIS IS NOT A "SOVEREIGN CITIZEN CLAIM", BUT A "FOREIGN SOVEREIGN IMMUNITY ACT CLAIM", THOUGH PROFESSING TO ACT ONLY ON THE REMEDY, IS VIOLATIVE OF CONSTITUTIONAL INHIBITIONS AGAINST LEGISLATIVE AND OR JUDICIAL IMPAIRING RIGHTS OF CONTRACT, SVEEN v. MELIN, 138 S.Ct. 1815, 201 L.Ed.2d. 180, 86 U.S.L.W. 4392 (U.S.2018).

THE FIFTH AMENDMENT TAKING CLAUSE PREVENTS LEGISLATIVE AND OR OTHER GOVERNMENT ACTORS FROM DEPRIVING PRIVATE PERSONS OF VESTED PROPERTY RIGHTS, WHICH INCLUDE ALL TITLES, PRIVILEGES AND IMMUNITIES RELATED THERETO, EXCEPT FOR PUBLIC USE AND UPON PAYMENT OF JUST COMPENSATION. BUT IN THIS INSTANCE THE PERSON IS A FOREIGN SOVEREIGN KING AND HIGH PRIEST OF THE ONE TRUE GOD BY HIS ORIGINAL STATUS AS SUCH BY "CONTRACT", BY "COVENANT" WHO'S INTELLECTUAL PROPERTY CANNOT BE ARRESTED AND OR ATTACHED AND OR EXECUTED WITHOUT HIS CONSENT, WHICH NONE OF THE CONSPIRING STATE AND FEDERAL ACTORS HAVE, AND WHERE WE ARE ALSO DEALING WITH A "GRANT" GIVEN TO YOUR GLOBAL NATIONS BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN VIA THE RIGHT TO LEGALLY MARRY THAT HAS CLEAR RESTRICTIONS WHICH ALL (50) STATES AND NUMEROUS FOREIGN

NATIONS VIOLATED ESTABLISHING ARTICLE III STANDING AND CAUSE OF ACTION OF THE FIDUCIARY HEIR AND BENEFICIARIES OF THE CESTUI QUE TRUST TO PROTECT THE TERMS OF THE "GRANT" ESTABLISHED BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN WHERE YOU ALSO VIOLATED THE HOBBS ACT EFFECTING INTERSTATE COMMERCE CATERING TO THE "SODOMITES AND GOMORRAHRITES" (GAYS AND LEBISANS) OF YOUR STATES AND NATIONS. YOUR STATES AND NATIONS NEVER HAD THE FIDUCIARY HEIR, KING AND HIGH PRIEST'S CONSENT TO DO THIS. CAUSE OF ACTION AND JURISDICTION IS ESTABLISHED IN THE FORUM STATE WHERE THIS INJUSTICE HAS ALSO OCCURRED, U.S. v. RUE, F.Supp.3d., 2015 WL 5007930(S.D.Tex.2015); GORDON v. T.B.C. RETAIL GROUP, INC., F.Supp.3d., 2016 WL 4247738(DSC.2016); REED v. BIG WATER RESORT, LLC., F.Supp.3d., 2016 WL 2935891(DSC.2016); U.S.C.A. CONST. ART. 1 § 8 Cl.3; 18 U.S.C.A. § 1951; UNITED STATES v. HENDERSON SUPRA.; CAPITAL TRANS INTERN, LLC. v. INTERNATIONAL PETROLEUM INV. CO., F.Supp.2d., 2013 WL 557236 (Fla.2013)(SOVEREIGN REMOVAL OF STATE COURT CASE(S) REMOVES ENTIRE CASE(S), INCLUDING INTERVENORS, NOT MERELY PORTIONS EFFECTING THE SOVEREIGN.); BRADDY v. UNITED STATES, 2016 WL 1031301 (E.D.Va.2016)(DISTRICT COURT IS PRECLUDED FROM REMANDING STATE CASES BACK TO THE STATE COURTS.); PEELE v. WILLIFORD, 2019 WL 13243004 (E.D.N.C.2019).

THE CONTRACT CLAUSE OF THE U.S. CONSTITUTION APPLIES TO EVERY KIND OF CONTRACT, INCLUDING "GRANTS AND COVENANTS" WHERE WE ARE THE FIDUCIARY HEIR, KING AND HIGH PRIEST OF THE ONE TRUE GOD AND BENEFICIARIES OF THE CESTUI QUE TRUST BY "CONTRACT", BY "COVENANT", PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION AND THE 1st. AMENDMENT FREE EXERCISE CLAUSE PRODUCING LEGAL OBLIGATION TO PROTECT THE TERMS OF THE "COVENANT AND GRANT". THE COURT HAS JURISDICTION UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT AND WHERE THE LAW OF THE "CONTRACT", "COVENANT" WHERE AND WHEN IT WAS MADE GOVERNS, STANDS, AND CANNOT BE MADE OR UNMADE BY THE COURTS WITH EX POST FACTO LAW; WORLEY v. ISLAMIC REPUBLIC OF IRAN, 75 F.Supp.3d 311(D.D.C.2014); ZIVOTOFSKY EX REL ZIVOTOFSKY v. KERRY, 576 U.S. 1, 135

S.Ct.2076(U.S.2015); ROTH v. ISLAMIC REPUBLIC OF IRAN, 78
F.Supp.3d. 379(D.D.C.2015); BANK MARKAZI v. PETERSON, 578 U.S.
212, 136 S.Ct. 1310, 194 L.Ed.2d. 463(U.S.2016); RAFAELI, LLC. v.
OAKLAND COUNTY, 952 N.W.2d. 434, 472 (Mich.2020); DAVIS v.
CANTRELL, 2018 WL 6169255, * 5+ E.D.La.; ELAN PHARMACEUTICALS,
INC. v. DIRECTOR DIVISION OF TAXATION, 2014 WL 1796633
(N.J.2014); 28 U.S.C. § 2679; IN RE: CIRCUIT CITY STORES INC.,
515 B.R. 302, 308 Bkrtcy (E.D.Va.2014); WILZIG v. SISSELMAN, 209
N.J. SUPR. 25, 506 A.2d. 1238(Sup.Ct.1986); SANDRA J. KOTTMAN
PLAINTIFF v. UNITED STATES, 2017 WL 4185481 (W.D.MO.2017); WARD
v. AUERBACH, 2017 WL 2724938(D.C.Mass.2017). THE EXPROPRIATION
EXCEPTION OF THE F.S.I.A. IS TRIGGERED BY VIOLATION OF THE TERMS
OF THE "GRANT" AS IT PERTAINS TO SAME SEX MARRIAGES ESTABLISHING
THAT IMMUNITY IS WAIVED, ESPECIALLY IN LIGHT OF THE COMMERCE,
MONIES, THAT YOUR STATES AND NATIONS BENEFITED FROM THIS GREAT
EVIL WAIVING IMMUNITY UNDER THE COMMERCIAL EXCEPTION OF THE
FOREIGN SOVEREIGN IMMUNITY ACT. IMMUNITY IS ALSO WAIVED BY WHAT
IS ARGUED IN THE § 2241 PETITION ATTACHED TO THIS § 1983 ACTION
ESTABLISHING JURISDICTION. UNDER THE F.S.I.A. EVERY ACT DO NOT
HAVE TO BE COMMERCIAL IN NATURE IF IT HAS A CAUSAL CONNECTION TO
COMMERCIAL ACTS AS IS ARGUED, YOUR PEOPLE MAKING MONEY OFF OF
SAME SEX MARRIAGES, ALSO AS IT RELATES TO ATTRIBUTING FINES AND
COURT FEES FOR CRIMINAL AND CIVIL CASES WHERE CRIME IS BIG
BUSINESS IN THIS NATION WHERE YOU BUILD MORE PRISONS THAN SCHOOLS
AND SUCH PRACTICES ARE TRADED ON THE STOCK MARKET EXCHANGE AT
BOTH THE STATE AND FEDERAL LEVELS IN VARIOUS FORMS, DeSANCHEZ v.
BANCO CENTRAL DE NICARAGUA, 770 F.2d. 1385, 54 U.S.L.W.
2230(5th.Cir.1985); ROSESABAGINA v. REPUBLIC OF
RWANDA,--F.Supp.3d.--, 2023 WL 355951(D.D.C.2023).


        INSOMUCH, EXHIBITS 1 THROUGH 8 ARE ATTACHED TO THE FACE OF
THIS COMPLAINT FOR ALL PURPOSES TO INCLUDE AIDING IN ESTABLISHING
JURISDICTION IN THE FORUM STATE OF OHIO, EXTRA-TERRITORIAL
CONSPIRACY CLAIMS AND MULTI-DISTRICT LITIGATION PANEL REVIEW, TO
ANSWER QUESTIONS POSED BY THE COURT REGARDING RELATED CASES,
SOUTH CAROLINA, UNITED STATES AND UNITED NATIONS DEFAULT AND

RIGHTS OF PARTY AND NON PARTY RES JUDICATA AND OR COLLATERAL
ESTOPPEL, BRAZELL v. WINDSOR, 384 S.C. 502, 682 S.E.2d.
824(S.C.App.2009); PELLEGAN v. BERTHELSEN, F.Supp.2d., 2012 WL
10847(DSC.2012); GAMBLE v. BANK OF AMERICA, N.A., 2014 WL
2468465(DSC.2014).

THE DEFENDANTS IN TOTAL ARE BEING SUED IN BOTH THEIR
OFFICIAL AND INDIVIDUAL CAPACITIES AS NEEDED FOR THE ISSUES AND
CAUSES OF ACTION ARGUED. BY WHAT IS FURTHER ARGUED WITHIN THE §
2241 HABEAS PETITION ATTACHED AND THIS COMPLAINT, THEY ARE NOT
IMMUNE OR IMMUNITY IS WAIVED. THE VARIOUS JUDGES ARE ALSO BEING
SUED FOR INJUNCTIVE AND DECLARATORY RELIEF.

AS FOR ANY CLAIM OF NEEDING TO EXHAUST, THIS HAS BEEN
ADDRESSED WITHIN THE § 2241 HABEAS PETITION AS WELL. THE
MACHINATION TO THWART JUDICIAL REVIEW BY USING THE PLAINTIFF'S
RELIGIOUS BELIEFS AS A MEANS TO AVOID SUIT TRIGGER THE RIGHTS AND
PROTECTIONS ESTABLISHED UNDER ROSS v. BLAKE, 136 S.Ct. 1850
(U.S.2016) DEMONSTRATING THAT THEIR ARE NO AVAILABLE EXHAUSTIVE
REMEDIES AND OR THAT FURTHER ATTEMPTS AT EXHAUSTION ARE NO LONGER
REQUIRED DUE TO THE MACHINATIONS TO THWART JUDICIAL REVIEW.
ADDITIONALLY, AS FOR THE OTHER CAUSES OF ACTION, THE FEDERAL
COURTS WOULD HAVE ORIGINAL JURISDICTION AND FOR VIOLATIONS OF THE
C.A.T. TREATY AND FOREIGN SOVEREIGN IMMUNITY ACT. EXHAUSTION IS
NOT REQUIRED ALSO WHERE VIOLATIONS OF 28 U.S.C. § 2679 IS
IMPLICATED AS WELL.

FOR THE RECORD. THERE IS CLAIM OF THREAT OF IMMINENT
DANGER BEING ARGUED IN THIS ACTION BY THE PLAINTIFF AND FIDUCIARY
HEIR, KING AND HIGH PRIEST, CRAWFORD. AGAIN THE PLAINTIFF(S)
MOTION TO EXPAND THE SCOPE AND FOR INCLUSION AND MOTION NOT JUST
TO CONSOLIDATE CASE 9:21-cv-02526-TLW-MHC FOR CENTRALIZATION
PURPOSES. BUT ALSO TO ESTABLISH CLAIMS OF IMMINENT DANGER. UNDER
CASE 9:21-cv-02526-TLW-MHC, THE PLAINTIFF, CRAWFORD, IS ARGUING
AND SUING IN THAT CASE, ASSERTING THAT THE DEFENDANT, THE S.C.
DEPT. OF CORRECTIONS, HAS IN RETALIATION FOR ME BRINGING THESE
CASE, DENIED AND OR DELAYED NEEDED AND PRESCRIBED MEDICAL

TREATMENT IN THE FORM OF ORTHOPEDIC VISITS, AND MEDICALLY ORDERED SHOTS TO HIS KNEES EVERY 6 MONTHS FOR OVER 5 YEARS DUE TO DEGENERATIVE ARTHRITIS IN BOTH HIS KNEES PLACING HIM IN DAILY SUBSTANTIAL, SEVERE PAIN, MAKING ANY OTHER TREATMENT INADEQUATE, EXASPERATING HIS MEDICAL CONDITION, WHICH INCLUDE ISSUING NEW BRACES FOR HIS HANDS DUE TO LIFE LONG DISABILITY CAUSED BY THE DEFENDANTS AND COLON TREATMENT WHICH DUE NOT EVEN INCLUDE THE OTHER THREATS OF IMMINENT DANGER ARGUED IN THAT CASE THAT STILL EXIST AT THE TIME OF THE FILING OF THIS CASE BEFORE THE OHIO DISTRICT COURT AND OR LITIGATION PANEL. THE S.C. DISTRICT COURT UNDER CASE 9:21-cv-02526-TLW-MHC AND 4TH. CIRCUIT ALREADY DETERMINED THE CAUSES PRESENTED WERE SUFFICIENT TO ESTABLISH THREAT OF IMMINENT DANGER SUPPORTED BY 4TH. CIRCUIT RULING. THOSE CAUSES ARE BEING ARGUED IN FILING THIS § 1983 ACTION WHERE THE DELAY IS RETALIATORY BECAUSE THE PLAINTIFF, CRAWFORD, SOUGHT TO BRING THIS ACTION BEFORE THE COURTS AND WAS SEEKING TO AID JEREMIAH MACKEY JR. EXERT HIS RIGHTS AS A BENEFICIARY OF THE CESTUI QUE TRUST IN THE STATE OF OHIO ESTABLISHING EXTRA-TERRITORIAL CONSPIRACY AND CLAIMS OF RES JUDICATA AND OR COLLATERAL ESTOPPEL ON THE ISSUE OF THREAT OF IMMINENT DANGER, HALL v. UNITED STATES, 44 F.4TH. 218 (4th.Cir.2022); VANDIVER v. VASHBINDER, 416 Fed. Appx' 560(6th.Cir.2011).

ADDITIONALLY, THE PLAINTIFF, CRAWFORD, HAS BEEN SUBJECT TO AT MINIMUM 7 ASSASSINATION ATTEMPTS CONSPIRED IN BY THE STATE AND OR FEDERAL DEFENDANTS AT THE S.C. DEPT. OF CORRECTIONS WHO MADE USE OF INMATES TO TARGET THE PLAINTIFF AND ESSENTIALLY END THE PLAINTIFF, CRAWFORD'S, LIFE. THESE PHYSICAL ASSAULTS AND INJURIES ARE RECORDED WITHIN CRAWFORD'S S.C.D.C. FILES, MEDICAL FILES AND THROUGHOUT THEE CASES HISTORY. IT IS THE PLAINTIFF(S) POSITION THAT THE U.S. MARSHAL DETAINER AND OR NOTIFY IS ALSO A PRECURSOR ATTEMPT AT FURTHER ACTS OF ASSASSINATION WHERE SINCE THEY WERE UNSUCCESSFUL IN THE STATE CAPTIVITY, NOT FOR LACK OF TRYING, WHERE THE ATTEMPTS ARE DOCUMENTED IN THESE CASES COURT RECORDS. THE CONSPIRING DEFENDANTS IN THIS CASE ATTEMPT IS TO TRANSFER THE PLAINTIFF, CRAWFORD, TO A FEDERAL INSTITUTION WHERE A NEW CYCLE OF PHYSICAL ASSAULTS WILL BE ATTEMPTED BY SOLICITING THE AID OF

FEDERAL INMATES WHICH IS WHY THEY ARE ATTEMPTING TO FRAME AND KIDNAP THE FOREIGN SOVEREIGN VIA THE U.S. MARSHAL NOTIFY FOR ANOTHER CRIME THAT HE DID NOT COMMIT IF THIS CASE IN ITS ENTIRETY IS NOT TRANSFERRED PURSUANT TO § 1407 AND HEARD. THIS IS NOT THE PLAINTIFF(S) ARGUING SOME PAST EVENTS WHERE THE THREAT IS NO LONGER IN EXISTENCE. THE MOST RECENT ATTEMPT OCCURRED LESS THAN (30) DAYS AGO IN THEIR EFFORTS TO PREVENT WHAT THE STATE AND FEDERAL DEFENDANTS KNOW AND FEEL IS THE REALIZATION OF RELIGIOUS PROPHESY OF CHRISTIANITY, ISLAM AND JUDAISM AND TO PREVENT THE ESTABLISHING OF RIGHTS OF REPARATIONS FOR THE ATROCITIES DONE AGAINST AFRICAN AMERICANS DURING THE TRANSATLANTIC SLAVE TRADE, AND TO PREVENT THE ESTABLISHING OF THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES ESTABLISHED FOR THE BENEFICIARIES OF THE TRUST FROM THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, FOR THE RESIDENTS OF THE STATE OF OHIO WHERE SUCH ACTION PRODUCE ACTS OF STATE SPONSORED TERRORISM VIOLATING THOSE APPLICABLE STATUTES, VIOLATIONS OF THE C.A.T. TREATY AND VIOLATIONS OF HATE CRIME STATUTES BEHIND RELIGIOUS AND RACIAL HATRED, 14TH. AMENDMENT EQUAL PROTECTION OF THE LAWS VIOLATIONS AND CIVIL RIGHTS ACT VIOLATIONS THAT ARE AGUED IN THIS CASE. THE LEE INSTITUTION HAD TO LOCKDOWN THE DORM IN HOPES OF PREVENTING ANY FURTHER ESCALATION OF THE PHYSICAL VIOLENCE. THIS THREAT EXIST AT THE TIME OF FILING THIS § 1983 ACTION, WHICH IS COMPOUNDED BY SUCH THREATS POTENTIALLY YET TO COME VIA STATE CAPTIVITY AND U.S. MARSHAL NOTIFY, AS LONG AS THE PLAINTIFF(S) CRAWFORD AND MACKEY JR. ARE MAKING EFFORTS TO HAVE THESE MATTERS HEARD BEFORE THE COURTS INVOLVED. IMMINENT DANGER, FOR PURPOSES OF PROVIDING BASIS FOR IN FORMA PAUPERIS (IFP) STATUS PURSUANT TO PRISON LITIGATION REFORM ACT (PLRA), ARE THOSE THAT ARE ABOUT TO OCCUR AT ANY MOMENT OR ARE IMPENDING, 28 U.S.C. § 1915(g); BROWN v. LYONS, 977 F.Suup.2d. 475 (E.D.Pa.2013); GARRETT v. CITY OF CAMDEN, 2020 WL 7640566(D.N.J.2020). THE PLAINTIFF MUST DEMONSTRATE A PATTERN OF THREATS OF SERIOUS PHYSICAL INJURY, SUCH AS THOSE RECORDED IN THIS CASE, THAT ARE ONGOING, THAT IS EVEN SUBSTANTIATED BY MEDICAL AND S.C.D.C. RECORDS AND IT MUST BE IMMINENT AT THE TIME OF FILING WHICH THEY ARE IN THIS CASE, ABDUL-AKBAR v. McKELVE, 239 F.3d. 307(3rd.Cir.2001).

STATE PRISONER CLAIM THAT HE SUFFERED UNPROVOKED ASSAULTS BY PRISON OFFICIALS, WHO IN THIS CASE SOLICITED THE AID OF OTHER INMATES CONSPIRING UNDER COLOR OF STATE LAW, WHICH RESULTED IN SERIOUS PHYSICAL INJURIES (I HAVE THE SCARS TO PROVE IT.), THAT HE WAS THREATENED WITH FURTHER SEVERE BODILY INJURY OR DEATH UPON ENTRY TO PRISON, WHERE SUCH THREATS EXIST IN THIS CASE, AND THAT PRISONER LIVED IN AN ATMOSPHERE OF CONTINUAL FEAR IN WHICH HE KNOWS NOT WHEN THE NEXT VIOLENT ASSAULT MAY OCCUR, WERE SUFFICIENT TO DEMONSTRATE THE EXISTENCE OF IMMINENT DANGER OF SERIOUS BODILY HARM, AS REQUIRED TO COME WITHIN THE EXCEPTION TO THREE STRIKE RULE, ESPECIALLY IN LIGHT OF THE FACT THAT MANY OF THEM WOULD BE SUBJECT TO CRIMINAL PROSECUTION UPON THE PLAINTIFF, CRAWFORD'S, RELEASE AS MOTIVE FOR THE ASSAULTS, JOHNSON v. WARNER, 200 Fed. Appx' 270, 2006 WL 2711957 (4th.Cir.2006). IT IS A DANGER GREATER THAN FEAR WHERE REPEATED AND RECENT ATTACKS HAVE ALREADY OCCURRED AND THE CONDUCT THREATENS CONTINUING AND FUTURE INJURY. IT IS A PATTERN OF CONDUCT EVIDENCING THE LIKELIHOOD OF IMMINENT SERIOUS PHYSICAL INJURY, BRYAN v. McCALL, 2016 WL 529574 (DSC.2016); JOHNSON v. KISER, F.Supp.2d., 2012 WL 293286 (W.D.Va.2012); SAYRE v. KING, F.Supp.3d., 2014 WL 4414509 (W.D.Va.2014); COLE v. ELLIS, 2015 WL 6407205(N.D.Fla.2015); PERCIVAL v. GEARTH, 443 Fed. Appx' 994 (6th.Cir.2011).

THE PLAINTIFF(S) GIVE THE OHIO DISTRICT COURT AND OR MULTI-DISTRICT LITIGATION PANEL JUDICIAL NOTICE THAT THIS COMPLAINT IS ALSO FILED AS A PETITION TO REMOVE CASE(S) 2006-CP-400-3567, 3568, 3569; 2013-CP-400-0084, 2294 AND EVERY POST CONVICTION RELIEF CASES INVOLVING THE INTERVENORS FROM THE STATE COURTS OF SOUTH CAROLINA TO THIS CASE AS TAG ALONG CASES SEEKING § 1407 TRANSFER AND PURSUANT TO 28 U.S.C. § 1602-1612 ET. SEQ.. SUCH IS NECESSARY TO FURTHER ESTABLISH THE JURISDICTIONAL FACTS INCLUDING THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE FIDUCIARY HEIR, KING AND HIGH PRIEST OF THE ONE TRUE GOD, A MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN AND THOSE RELATED TO THE BENEFICIARIES OF THE "TRUST", INCLUDING THE PLAINTIFF, JEREMIAH MACKEY JR., AND ALSO TO ESTABLISH THAT THE

PLAINTIFF, MACKEY JR., AND THE INTERVENORS SEEK TO EXERCISE RIGHTS OF NON PARTY RES JUDICATA AND OR COLLATERAL ESTOPPEL, AND TO FURTHER ESTABLISH THEIR RIGHT TO INTERVENE IN THIS CASE BY RIGHT, NOT PERMISSION, ZEEB HOLDINGS, LLC. v. JOHNSON, 338 F.R.D. 373 (N.D.OHIO.2021); FED. R. CIV. P. 24(a); CAHOO v. FAST ENTERPRISE LLC.,536 F.Supp.3d. 146 (E.D.Mich.2021); CHILL v. FARMERS INSURANCE COMPANY, 520 F.Supp.3d. 1004 (M.D.Tenn.2021); CALIFORNIA PUBLIC EMPLOYEES, RETIREMENT SYSTEM v. A.N.Z. SECURITIES, INC., 137 S.Ct. 2042, 198 L.Ed.2d. 584, 85 U.S.L.W. 4481(U.S.2017)(TOLLING BY FRAUD AND MISCONDUCT); CHINA AGRITECH, INC. v. RESH, 138 S.Ct. 1800, 201 L.Ed.2d. 123, 86 U.S.L.W. 4369(U.S.2018); BEST, 2015 WL 5124463(E.D.N.Y.2015); WORKMAN, 2015 WL 300435(N.Y.2015); BEASTIE BOYS, 2015 WL 736078(N.Y.2015); D'AQUIN v. PENSKE TRUCK LEASING COMPANY L.P., 2018 WL 606755(E.D.La.2018); WADE v. HOUSEHOLD FINANCE CORPORATION III, 2019 WL 433741(W.D.Tex.2019); ACKERMAN v. EXXON MOBIL CORP., 734 F.3d. 237(4th.Cir.2013); BARTELS BY AND THROUGH BARTELS v. SABER HEALTHCARE GROUP, LLC., 880 F.3d. 668(4th.Cir.2018).


THE ISSUE AND OR CLAIM OF RIGHTS OF RES JUDICATA AND OR COLLATERAL ESTOPPEL ARE EXTENSIVELY LITIGATED WITHIN THE § 2241 HABEAS PETITION WHICH ALSO DIRECTLY APPLY TO THIS § 1983 ACTION. THE PLAINTIFF(S) MOTION FOR DISCOVERY, AN INJUNCTION AND DECLARATORY RELIEF AGAINST THE S.C. ATTORNEY GENERAL'S OFFICE AND THE McKAY LAW FIRM IN SOUTH CAROLINA WHO REPRESENTED HIM AND THE S.C. DEPT. OF CORRECTIONS AND THEY BE REQUIRED TO SAY ON THE COURT RECORD WHO KRISTY KHOL AND PAUL GUNTER ARE AND WHY WERE THEY AND THE COURT SERVING THEM LEGAL PLEADINGS RELATED TO BOTH CASES 2013-CP-400-0084 AND 2013-CP-400-2294. WE SEEK A SIMILAR INJUNCTION AGAINST THE SOUTH CAROLINA FEDERAL ATTORNEY'S OFFICE TO CONFIRM THEIR EMPLOYMENT BY THE FEDERAL GOVERNMENT AT THE TIME THOSE LEGAL PLEADINGS WERE SERVED ON THEM WHICH IS ESSENTIAL TO ESTABLISHING THE DEFAULT AND TO DEMONSTRATE THAT THE CLAIMS MADE BY THE FIDUCIARY HEIR, KING AND HIGH PRIEST OF THE ONE TRUE GOD ARE CORRECT AND VALID REQUIRING ALL COURTS TO GIVE THEM FULL FAITH AND CREDIT BEFORE ALL COURTS INVOLVED AND THAT THEY ARE NOT

FRIVOLOUS AND ARE MADE LEGALLY TRUE BY THE DEFAULT EMERGING FROM THE CRAWFORD STATE CASES RELIED UPON TRIGGERING THE EXPROPRIATION EXCEPTION AND COMMERCIAL EXCEPTION TO THE F.S.I.A AND OTHER CLAIMS MADE. WE ALSO SEEK BY THE INJUNCTION AND SEEKING DECLARATORY JUDGMENT THAT THE LEGAL COUNSEL THAT APPEARED BEFORE THE S.C. SUPREME COURT RESPONDING IN THE RON SANTA McCRAY AND LAWRENCE CRAWFORD CASES REFERRED TO WITHIN THE ATTACHMENT, CONFIRM THE FACTS GIVEN BEFORE THAT COURT THAT THEY DID INDEED RECEIVED NOTICE OF THE NOVEMBER 2020 HEARING BUT FAILED TO APPEAR AND THE ONLY REASON THEY PRODUCED FOR THAT FAILURE WAS THAT THEY COULD NOT FIND OR LOST THE CASE FILE WHICH BY THE <u>WHITE OAK MANOR</u> CASE, THAT COURT DETERMINED THIS IS NOT A SUFFICIENT REASON TO SET ASIDE THE DEFAULT WHICH ALSO BEARS ON THE JURISDICTIONAL FACTS OF THIS § 1983 ACTION, AND WE WANT THAT EVIDENCE OF ACTUAL INNOCENCE PRODUCED IN THE FORM OF THAT DNA TESTING AND SLED INVESTIGATIVE FILE. THIS WOULD FURTHER CONFIRM OUR RIGHT TO INVOKE CLAIMS OF RES JUDICATA AND OR COLLATERAL ESTOPPEL SINCE THE McKAY LAW FIRM REPRESENTED BOTH, THE S.C. ATTORNEY GENERAL, THE S.C. DEPT. OF CORRECTION AND OTHER STATE EMPLOYEES INVOLVED, <u>ALLEN v. CURRY</u>, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d. 308(U.S.1980); <u>SIMON v. REPUBLIC OF HUNGARY</u>,--F.Supp.3d.--, 2017 WL 440 2293 (D.D.C.2017); <u>BOLIVIA REPUBLIC OF VENEZUELA v. HELMERICH & PAYNE INTERN, DRILLING CO.</u>, 137 S.Ct. 1312, 197 L.Ed.2d. 663, 85 U.S.L.W. 4221(U.S.2017); ARTICLE 1 § 10 U.S. CONST..

FEDERAL COURTS GENERALLY ACCORD PRECLUSIVE EFFECT TO ISSUES DECIDED BY STATE COURTS; RES JUDICATA AND COLLATERAL ESTOPPEL NOT ONLY REDUCE UNNECESSARY LITIGATION AND FOSTER RELIANCE ON ADJUDICATION, BUT ALSO PROMOTE THE COMITY BETWEEN STATE AND FEDERAL COURTS THAT HAS BEEN RECOGNIZED AS A BULWARK OF FEDERAL SYSTEMS, <u>SUWANDA EVETTE HUMPHREYS, PLAINTIFF v. ROWAN-SALISBURY BOARD OF EDUC. AID</u>, 2023 WL 2692433(N.D.N.C.2023); <u>EVANS v. CITY OF NEWARK</u>, 2023 WL 2535283, * 12 (D.N.J.2023); <u>CHEEK v. GURSTEL LAW FIRM P.C.</u>, 2021 WL

3616709, * 2 (W.D.N.C.2021); TRUMAN v. JOHNSON, 60 F.4TH. 1267, 1272 (10th.Cir.2023).

ALTHOUGH FEDERAL COURTS MAY LOOK AT THE COMMON LAW OR TO POLICIES SUPPORTING RES JUDICATA AND COLLATERAL ESTOPPEL IN ASSESSING THE PRECLUSIVE EFFECT DECISIONS OF OTHER FEDERAL COURTS, "CONGRESS HAS SPECIFICALLY" (EMPHASIS ADDED) REQUIRED ALL FEDERAL COURTS TO GIVE PRECLUSIVE EFFECT TO STATE COURT JUDGMENTS WHENEVER THE COURT OF STATE FROM WHICH THE JUDGMENT EMERGES WOULD DO SO. BY THE (54) PAGE ATTACHMENT DATED AUGUST 1, 2023 SEEN IN THE ATTACHED § 2241 HABEAS PETITION THAT'S A PART OF THIS COMPLAINT, IT IS PERSPICUOUS THAT THE STATE COURT WOULD DO SO, WHICH IS WHY IN EGREGIOUS ACTS OF FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE UNDER CASE(S) 2006-CP-400-3567, 3568, 3569 SAT UNRESOLVED CRIMINALLY HELD IN LIMBO FOR OVER 16+ YEARS TO AID THEM AVOID CRIMINAL PROSECUTION, AND WHY THEY DELAYED THE DNA TESTING UNDER CASE 2004-GS-28-0385 FOR OVER 3 YEARS IN KERSHAW COUNTY GENERAL SESSIONS COURT, 28 U.S.C.A. § 1738; HENRICH v. BAGG, 2023 WL 2633738, * 10 (E.D.Wis.2023); O.W. BY NEXT FRIEND BASS v. SCHOOL BOARD OF CITY OF VIRGINIA BEACH, 2023 WL 1994355, * 6+ (E.D.Va.2023); KIMBALL v. FOX, 2023 WL 2163568, * 2 (D.Colo.2023).

IN CONSTRUING STATUTES SUCH AS 28 U.S.C. § 1738 AND ANY OTHERS CITED WITHIN THIS COMPLAINT, WORDS MUST BE GIVEN THEIR PLAIN AND ORDINARY MEANING EVEN THOSE THAT EXIST WITHIN THE 4 WALLS OF A "CONTRACT", "COVENANT" WHERE "SHALL" IS MANDATORY, WITHOUT RESORTING TO SUBTLE OR FORCED CONSTRUCTION IN AN ATTEMPT TO EXPAND THE STATUTE OR TERMS OF A CONTRACT. UNLESS KRISTY KHOL AND PAUL GUNTER OR THE S.C. FEDERAL ATTORNEY'S OFFICE CAN PROVE THAT THEY TIMELY RESPONDED TO THE STATE COURT PROCEEDINGS IN QUESTION, AND THE S.C. ATTORNEY GENERAL AND THE S.C. DEPT. OF CORRECTIONS THROUGH THEIR APPOINTED ATTORNEY, THE McKAY LAW FIRM CAN PROVE THAT THEY APPEARED AT THE CRAWFORD NOVEMBER 2020 SCHEDULED HEARING IN RICHLAND COUNTY S.C.?, THE DEFAULT, ALL RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE SOLE CORPORATION

AND FOREIGN SOVEREIGN CROWN, ALL RIGHTS REGARDING PARTY AND NON PARTY RES JUDICATA AND OR COLLATERAL ESTOPPEL STAND AND MUST BE GIVEN FULL FAITH AND CREDIT BEFORE ALL COURTS INVOLVED, OR THE OHIO DISTRICT COURT AND OR MULTI-DISTRICT LITIGATION PANEL WOULD BE IN VIOLATION OF THE SEPARATION OF POWERS CLAUSE VOIDING THE OHIO COURT'S JURISDICTION UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION, STATE v. LOCKLAIR, 341 S.C. 352, 535 S.E.2d. 420(S.C.2000); HINTON v. SOUTH CAROLINA DEPT. OF PROBATION, PAROLE AND PARDON SERVICES, 357 S.C. 327, 592 S.E.2d. 335 (S.C.App.2004); ODOM v. TOWN OF McBEE ELECTION COMMISSION, 427 S.C. 305, 831 S.E.2d. 429(S.C.App.2019); HUCK v. OAKLAND WINGS, LLC., 422 S.C. 430, 813 S.E.2d. 288(S.C.App.2018).

MEMBERS OF THE COURT ARE INVESTED WITH THE AUTHORITY (JURISDICTION) TO INTERPRET THE LAW, BUT THEY POSSESS NEITHER THE EXPERTISE NOR THE PREROGATIVE (POWER) TO MAKE POLICY JUDGMENTS. THESE DECISIONS ARE ENTRUSTED TO THE LEGISLATORS WHO DECIDED THAT FEDERAL COURTS MUST ADHERE TO RIGHTS OF RES JUDICATA AND OR COLLATERAL ESTOPPEL AS THEY EMERGE FROM THE STATE COURTS, AND AT THE STATE LEVEL WHERE THE LEGISLATORS DECIDED (REGARDING THE PROCEDURAL PROCESSING RULE RELIED UPON WITHIN THE STATE COURT CASES) ONCE ATTACHED TO THE SOUTH CAROLINA CONSTITUTION UNDER ARTICLE 1 § 23 OF THE S.C. CONSTITUTION, THE PROVISION OF THE PROCEDURAL PROCESSING RULES RELIED UPON, WHICH IN THIS CASE ARE JURISDICTIONAL IN NATURE, WHICH ARE ALSO AT THE HEART OF THE CONTROVERSY THAT ESTABLISH THE DEFAULT, THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES SOUGHT EXERCISE AND RIGHTS OF PARTY AND NON PARTY RES JUDICATA AND OR COLLATERAL ESTOPPEL RELIED UPON, BECOME MANDATORY, DRACONIAN IN NATURE, UNLESS THERE IS SOMETHING IN THE LANGUAGE THAT STATES THE CONTRARY, WHICH THERE IS NOT AND WE ALL KNOW THAT THE WORD "[S]HALL" IS MANDATORY WHICH IS WHY THE 4TH. CIRCUIT DELAYED AND OBSTRUCTED THESE CASES FOR OVER 16+ YEARS AND COUNTING, WARRANTING THEIR DISQUALIFICATION AND THE GRANTING OF THE § 1407 TRANSFER TO THE STATE OF NEW JERSEY AND WE BE MOVED INTO FEDERAL CUSTODY TOWARDS THAT END WITH ALL OF OUR PERSONAL PROPERTY INTACT AND UNMOLESTED, MOVE TO A PRE-RELEASE

CAMP THE NICEST ONE YOU CAN FIND IN THE NORTHEAST WHICH WE MOTION FOR AND SEEK VIA INJUNCTIVE AND OR DECLARATORY RELIEF IN THE INTEREST OF JUSTICE, UNITED STATES v. WHEELER, 886 F.3d. 415(4th.Cir.2018); FORT BEND COUNTY, TEXAS v. DAVIS, 139 S.Ct. 1843 (U.S.2019); NATIONAL FOUNDATION OF INDEPENDENT BUSIM+NESS v. SEBELIUS, 569 U.S. 519, 132 S.Ct. 2566, 183 L.Ed.2d. 450(U.S.2012); STEGALL v. T.M.C. MULTI STATE INTERGOVERNMENT EMPLOYEE BENEFITS POOLS, INC., 2019 WL 4855226, S.W.Rptr. (Tex.2019); IN RE: BORDER INFRASTRUCTURE ENVIRONMENTAL LITIGATION, 284 F.Supp.3d. 1092 (S.D.Cali.2018).

WHEN IT COMES TO THE ORDERS, ACTS OR DECREES OF THE 4TH. CIRCUIT COURTS INVOLVED, FRAUD VITIATES EVERYTHING THAT IT ENTERS, AND A JUDGMENT PROCURED BY FRAUD IS VOID AND MAY BE COLLATERALLY ATTACKED FOR FRAUD UPON THE COURT WHICH IS FREE OF PROCEDURAL LIMITATIONS. THIS APPLIES TO THE ORDERS, ACTS, DECREES AND JUDGMENTS OF ALL COURTS ON RECORD. THE 4TH. CIRCUIT COURTS INVOLVED SHOULD HAVE NEVER HELD THESE CASES FOR OVER 16+ YEARS FINDING EVERY CRIMINAL WAY IMAGINABLE TO AVOID RULING ON THE MERITS, AVOID RULING ON OR GRANTING INTERVENTION WHEN ITS INTERVENTION BY RIGHT, CONSPIRING IN ACTS OF KIDNAPPING A FOREIGN OFFICIAL, ASSASSINATION ATTEMPTS TO AVOID CRIMINAL PROSECUTION, VIOLATING INTELLECTUAL PROPERTY RIGHTS, AVOIDING SERVICE UPON DEFENDANTS SUPPRESSING TRUTH AND CONCEALING MATERIAL FACTS AND EVIDENCE OF ACTUAL INNOCENCE TO PREVENT REPARATIONS FROM BEING SOUGHT AND WHAT THEY FELT WAS THE REALIZATION OF CHRISTIAN, MUSLIM AND JEWISH RELIGIOUS PROPHESY BEHIND RELIGIOUS AND RACIAL HATRED BECAUSE NONE OF THE CAN ACCEPT THE FACT THAT THIS MAN FORETOLD TO COME IS OF AFRICAN, ARAB AND JEWISH DESCENT, VIOLATING OUR CIVIL RIGHTS AND RIGHTS UNDER THE EQUAL PROTECTION OF THE LAWS CLAUSE WARRANTING THE VACATING OF ANY NEEDED AND OR RELEVANT ORDERS, THE DISQUALIFICATION OF THE 4TH. CIRCUIT IN ITS ENTIRETY AT BOTH THE STATE AND FEDERAL LEVELS WHERE THEY ALSO USURPED THE JURISDICTION OF THE MULTI-DISTRICT LITIGATION PANEL AND REQUIRE THE GRANTING OF THE § 1407 TRANSFER TO THE STATE OF NEW JERSEY, NEWARK DIVISION, AS IS SOUGHT, IN RE: BLACKWATER

SECURITY CONSULTING, LLC., 460 F.3d. 576 CA4 (N.C.2006); DICKENS v. AETHNA LIFE INS. CO., 677 F.3d. 228 CA4 (W.Va.2012); MIMS v. DAVID INC., 2018 WL 3025059 (D.N.MEX.2018); EQMD, INC. v. FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, 2021 WL 843145 (E.D.Mich.2021); ASTERBADI v. LEITESS, 176 Fed. Appx' 426 (4th.Cir.2006); U.S. v. HARE, 820 F.3d. 93 (4th.Cir.2016); PAUL ADAMS v. CALIFORNIA INSTITUTION, 2016 WL 6464444; 18 U.S.C. §§ 242, 1001; GRAHAM v. GAGRON, 831 F.3d. 176 (4th.Cir.2016); MYLES v. DOMINO'S PIZZA, LLC., 2017 WL 238436(D.C.Miss.2017); MARTIN v. TARGET CORP. OF MINNESOTA, F.Supp.2d., 2013 WL 1187034(D.N.J.2013); McCLAIN v. 1st. SECURITY BANK OF WASHINGTON, 2016 WL 8504775(W.D.Wash.2016); WELLS FARGO BANK N.A. v. H.M.H. ROMAN TWO N.C., LLC., 859 F.3d. 295(4th.Cir.2017); RUBIN v. ISLAMIC REPUBLIC OF IRAN, 138 S.Ct. 816, 86 U.S.L.W. 4064(U.S.2018)(DEMONSTRATING THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION CANNOT BE ARRESTED AND OR EXECUTED AND OR ATTACHED WITHOUT THE CONSENT OF THE FIDUCIARY HEIR, KING AND HIGH PRIEST OF THE ONE TRUE GOD.).

THE UNITED STATES SUPREME COURT BY RECENT RULING HAS NOW MADE THE ISSUE OF SUBJECT MATTER JURISDICTION CLEAR AND UNAMBIGUOUS FOR ALL COURT AROUND THE NATION AT EVERY LEVEL. THAT COURT DETERMINED:

"COURTS (BOTH STATE AND FEDERAL) HAVE NO CONSTITUTIONAL AUTHORITY (JURISDICTION) TO PASS ON THE MERITS (WHICH INCLUDE CONVICTIONS OR THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE FIDUCIARY SOVEREIGN HEIR, KING AND MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN OR THE BENEFICIARIES OF THE TRUST WHICH ALSO ESTABLISH RIGHT TO INTERVENE DUE TO THE DEFAULT EMERGING FROM THE CRAWFORD STATE CASES RELIED UPON) OF A CASE BEYOND THEIR JURISDICTION (THE FRAUD, OBSTRUCTION AND DUE PROCESS VIOLATION PLACES THESE CASES BEYOND THE 4TH. CIRCUIT'S JURISDICTION REQUIRING MULTI-DISTRICT LITIGATION PANEL REVIEW AND THE § 1407 TRANSFER.)---"TO DO SO IS,

BY VERY DEFINITION, FOR THE COURTS TO ACT ULTRA VIRES", 525 U.S. AT 102, 118 S.Ct. 1003. "MUCH MORE THAN MERE NICETIES ARE AT STAKE HERE. THE STATUTORY (LEGISLATIVE PRONG) AND **"(ESPECIALLY)"** CONSTITUTIONAL ELEMENTS (PRONGS) OF JURISDICTION (SUBJECT MATTER JURISDICTION) ARE AN ESSENTIAL INGREDIENT OF SEPARATION AND EQUILIBRATION OF POWERS, RESTRAINING THE COURTS FROM ACTING AT CERTAIN TIMES, AND EVEN RESTRAINING THEM FROM ACTING PERMANENTLY REGARDING CERTAIN SUBJECTS", ID AT 101, 118 S.Ct. 1003. "THIS TENET IS AS OLD AS THE BEDROCK AND ALMOST AS OLD AS THE COURT ITSELF", DEMONSTRATING RETROACTIVE IMPLICATIONS, <u>CROSS-SOUND</u> <u>FERRY SERVS., INC. v. I.C.C.</u>, 834 F.3d. 327, 339 (C.A.D.C.1991); <u>CITY OF OCALA, FLORIDA v. ROJAS</u>, 598--U.S.--, 2023 WL 2357328 (U.S.2023); <u>WILKINS v. UNITED STATES</u>,--S.Ct.--, 2023 WL 2655449 (U.S.2023)(REGARDING PROCEDURAL PROCESSING RULES); <u>UNITED STATES</u> <u>v. BROWN</u>,--F.4TH.--, 2023 WL 3214545 (4th.Cir.2023)(REGARDING REQUIRING PROPER ELEMENTS BE PLACED WITHIN AN INDICTMENT); <u>MONTGOMERY v. LOUISIANA</u>, 136 S.Ct. 718, 193 L.Ed.2d. 599(U.S.2016); <u>STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT,</u> 523 U.S. 83, 83, 118 S.Ct. 1003(U.S.1998). THUS, THE OHIO DISTRICT COURT AND OR MULTI-DISTRICT LITIGATION PANEL WOULD NOT BE PRECLUDED FROM HEARING THESE MATTERS AND JURISDICTION WITHIN THE FORUM STATE OF OHIO IS ESTABLISHED AND THE PLAINTIFF(S) HAVE MET THE BURDEN OF MAKING A PRIMA FACIE SHOWING REQUIRING EVIDENTIARY HEARING, THE ISSUING OF SERVICE AND FOR DISCOVERY TO BE GRANTED IN THESE MATTERS.

THE PLAINTIFF GIVE THE COURT AND ALL PARTIES JUDICIAL NOTICE THAT ATTORNEY FEES AND COURT COST ARE SOUGHT AND DEMANDED AGAINST THE CITY OF WHITEHALL, THE COUNTY OF FRANKLIN, THE STATE OF SOUTH CAROLINA, THE S.C. DEPT. OF CORRECTIONS, THE COUNTIES OF RICHLAND AND KERSHAW IN SOUTH CAROLINA AND THE UNITED STATES GOVERNMENT ONCE THESE MATTERS ARE CONCLUDED AS PART OF THE RELIEF DEMANDED.

## CAUSES OF ACTION PRESENTED

CAUSE OF ACTION # 1: LET'S DEAL WITH THE SIMPLEST THING FIRST, THE U.S. MARSHAL DETAINER AND OR NOTIFY. THIS CAUSE OF ACTION AND ARGUMENT IS ALREADY LITIGATED WITHIN THE 28 U.S.C. § 2241 HABEAS CORPUS PETITION THAT IS ATTACHED AND ALSO ARGUED UNDER § 1983 OF THIS CASE. THE DATE(S) OF THIS OCCURRENCE IS FROM 2008 OCCURRING IN THE STATE OF SOUTH CAROLINA UNTIL THIS PRESENT DATE THAT POSSESS EXTRA-TERRITORIAL JURISDICTION CONSPIRACY DYNAMICS THAT ARE DESIGNED TO CAUSE A DETRIMENTAL EFFECT WITHIN THE FORUM STATE OF OHIO AS IS ARGUED WITHIN THE § 2241 PETITION PERMITTING REVIEW. THIS ACT IS DONE AS AN ACT OF KIDNAPPING, WHICH IS A CONTINUOUS TORT, ACTION OR CRIME, AND DOES NOT END UNTIL THE NOTIFY IS RENDERED VOID. THUS, THERE CAN BE NO STATUTE OF LIMITATIONS CONCERNS IN THEIR ACTS OF ILLEGALLY KIDNAPPING AND OR ATTEMPTED KIDNAPPING OF A FOREIGN SOVEREIGN OFFICIAL TO PREVENT THE LEGAL ISSUES OF CONCERN, INCLUDING REPARATION FOR THE TRANSATLANTIC SLAVE TRADE FROM BEING ARGUED TO THE BENEFIT OF THE RESIDENTS OF THE FORUM STATE OF OHIO WHO ARE ALSO BENEFICIARIES OF THE "TRUST", THOUGH IT ALSO IS APPLICABLE TO ALL (50) STATES. THE DEFENDANTS INVOLVED IN THIS CAUSE OF ACTION, DIRECTLY OR AS CO-CONSPIRATORS, ARE THE U.S. MARSHAL SERVICE, SYLVIA AND CYLENA LEE, GOVERNOR HENRY McMASTER (WHO WAS ACTING S.C. ATTORNEY GENERAL AT THE TIME), HIS HEAD ASSISTANT ATTORNEY GENERAL (McINTOSH?), ALAN WILSON THE NEW S.C. ATTORNEY GENERAL, THE UNITED STATES GOVERNMENT WHO MADE EFFORTS TO AID THEM UNDER CASES 2013-CP-400-0084, 2294 OUT OF RICHLAND COUNTY S.C., THE S.C. DEPT. OF CORRECTIONS AND ITS EMPLOYEES THAT ARE LISTED AIDING AND SUPPORTING THEM, KERSHAW COUNTY S.C., RICHLAND COUNTY S.C., THE CITY OF WHITEHALL IN OHIO, THE COUNTY OF FRANKLIN IN OHIO WHOSE PRESENCE IS IN FURTHERANCE OF THE CONSPIRACY, ACTING BEHIND RELIGIOUS AND RACIAL HATRED IN VIOLATION OF THE CIVIL RIGHTS ACT, THE FOREIGN SOVEREIGN IMMUNITY ACT, HATE CRIMES STATUTES AND IN EFFORTS TO AVOID POTENTIAL CRIMINAL PROSECUTION UPON THE

61-of-473

FIDUCIARY HEIR'S RELEASE AS IS ARGUED WITHIN THE § 2241 PETITION. THE INJURIES THAT OCCURRED FROM THIS ARE LOSS OF CELL PHONE ACCESS AND USAGE, ACTS OF OFFICIAL MENTAL TORTURE, INABILITY TO PREPARE FOR HIS TRANSITION IN ESTABLISHING HIS HOLY ROYAL OFFICE SET IN PLACE BY "CONTRACT", BY "COVENANT", THE SUFFERING OF MENTAL DISTRESS AND MENTAL ANGUISH, HEADACHES, ANXIETY, INSOMNIA AND PLACING THE FIDUCIARY HEIR, KING AND HIGH PRIEST IN AN ATMOSPHERE OF CONSTANT FEAR WHERE HE KNOWS NOT WHEN THE NEXT PHYSICAL ASSAULT WILL OCCUR, AND THE HINDERING, OBSTRUCTING AND IMPEDING IN VIOLATION OF 42 U.S.C. §§ 1985(2) AND (3) THE DUE COURSE OF JUSTICE IN HIS ABILITY TO AID THE BENEFICIARY OF THE TRUST, JEREMIAH MACKEY JR., IN THE STATE OF OHIO IN PERFECTING THESE LEGAL MATTERS BEFORE THE OHIO COURTS INVOLVED, WHICH IS HIS FIDUCIARY DUTY AS THE FOREIGN SOVEREIGN MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN. THE RELIEF SOUGHT IS THAT WE WANT THE U.S. MARSHAL NOTIFY RENDERED VOID AND UNCONSTITUTIONAL DUE TO THE IMPETUS BEHIND IT, $500 MILLION IN PUNITIVE DAMAGES FOR PLACING IT ON THE FIDUCIARY HEIR IN THE FIRST PLACE, AND ANOTHER $100 BILLION FOR THE REPEATED ASSASSINATION ATTEMPTS THAT WERE LEVIED AT THE FIDUCIARY HEIR, KING AND HIGH PRIEST OF THE ONE TRUE GOD OVER THE YEARS. SEE § 2241 HABEAS CORPUS PETITION ATTACHED.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| LAWRENCE L. CRAWFORD #300839 ) | MULTI-DISTRICT LITIGATION SOUGHT TAG ALONG CASE. |
| *Petitioner* ) | MOTION FOR DECLARATORY JUDG- MENT FROM MULTI-DISTRICT PANEL |
| v. ) | Case No. _____ |
| JEREMIAH MACKEY JR. INTERVENOR ) | *(Supplied by Clerk of Court)* |
| WARDEN AT LEE C.I. ) | PETITION FOR WRIT OF MANDAMUS |
| *Respondent* | |

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.    (a) Your full name:    LARENCE L. CRAWFORD
      (b) Other names you have used:   JONAH GABRIEL JAHJAH T. TISHBITE

2.    Place of confinement:
      (a) Name of institution:   LEE CORRECTIONAL INSTITUTION
      (b) Address:    990 WISACKY HWY BISHOPVILLE, S.C. 29010

      (c) Your identification number:    #300839

3.    Are you currently being held on orders by:
      ☐ Federal authorities     X☒ State authorities     ☐ Other - explain:

4.    Are you currently:

      ☐ A pretrial detainee (waiting for trial on criminal charges)

      X☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

         If you are currently serving a sentence, provide:

            (a) Name and location of court that sentenced you: KERSHAW COUNTY GENERAL

            SESSIONS COURT IN CAMDEN, SOUTH CAROLINA
            (b) Docket number of criminal case:    2004-GS-28-0385
            (c) Date of sentencing: MARCH 2004

      ☐ Being held on an immigration charge

      ☐ Other *(explain)*:    INTERVENOR: JEREMIAH MACKEY JR.
                     3399 CLARKSTON AVENUE
                     COLUMBUS, OHIO 43232

### Decision or Action You Are Challenging

5.    What are you challenging in this petition:
      ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

63-of-473

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention

☐ Immigration detention

X☒ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

_____

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: THE U.S. MARSHAL SERVICE NOTIFY THAT HAS BEEN PLACED IN MY S.C.D.C. FILES

(b) Docket number, case number, or opinion number: _____

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

THE U.S. MARSHAL NOTIFY THAT HAS BEEN PLACED IN MY S.C.D.C. FILES AND CLASSIFICATION RECORDS.

(d) Date of the decision or action: SINCE 2008

### Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes      X☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: SEE ATTACHED PAGES

(2) Date of filing: _____ "

(3) Docket number, case number, or opinion number: "

(4) Result: _____ "

(5) Date of result: _____ "

(6) Issues raised: _____ "

_____ "

_____ "

_____ "

_____ "

_____ "

(b) If you answered "No," explain why you did not appeal: I DID NOT APPEAL DUE TO THE EXTRAORDINARY CIRCUMSTANCES THAT SURROUNDS THIS CASE WHERE THERE WAS FRAUD UPON THE COURTS AND SEEKING § 1407 TRANSFER

8. **Second appeal** THE FRAUD MUST BE FIRST ADDRESSED IN THE COURT

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

W ☐ Yes        ☐ No WHERE IT OCCURRED AND THERE IS CHALLENGE CHALLENGE TO THAT COURT'S JURISDICTION WHICH CANNOT BE WAIVED OR FORFEITED AND CAN BE RAISED AT ANY

TIME EVEN AFTER A FINAL ORDER HAS BEEN ISSUED IN THE CASE.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: THE U.S. MARSHALS AND ANY POTENTIAL FEDERAL DISTRICT COURT IN THE STATE OF GEORGIA

(2) Date of filing: N/A

(3) Docket number, case number, or opinion number: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised:

SEE ATTACHED PAGES

(b) If you answered "No," explain why you did not file a second appeal:

THIS CASE BECOMES THE SECOND APPEAL VIA CHALLENGE TO THE S.C. DISTRICT COURT'S JURISDICTION AND DUE TO FRAUD UPON THE COURT.

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: SEE ATTACHED PAGES

"

(2) Date of filing: "

(3) Docket number, case number, or opinion number:

(4) Result: "

(5) Date of result: "

(6) Issues raised: "

"

"

"

"

"

(b) If you answered "No," explain why you did not file a third appeal:

"

"

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

65-of-473

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          x ☑ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

(d)      Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

X☒ Yes          ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:    § 2241 PETITION

(b) Name of the authority, agency, or court:    S.C. U.S. DISTRICT COURT

(c) Date of filing:    CAN'T REMEMBER THE DATE

(d) Docket number, case number, or opinion number: _____

(e) Result:    SUE SPONTE DISMISSAL VIOLATING DUE PROCESS

(f) Date of result: ESTABLISHING EXTRA-TERRITORIAL CONSPIRACY TO

(g) Issues raised:    ILLEGALLY SEIZE A FOREIGN SOVEREIGN KING AND AND OFFICIAL, THE FIDUCIARY HEIR AND MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN DEFAULTED ON BY THE UNITED STATES GOVERNMENT IN THE STATE CASES RELIED UPON ALSO IN EFFORTS TO ARREST AND OR ATTACH AND OR EXECUTE THE INTELLECTUAL OF THE FOREIGN SOVEREIGN CROWN EVEN WITHIN THE STATE OF OHIO.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**              SEE ATTACHED SHEETS

"
"
"

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
"
"
"
"
"

(b) Did you present Ground One in all appeals that were available to you?

❑ Yes          ❑ No

"
**GROUND TWO:**

"
"
"

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
"
"
"
"
"

(b) Did you present Ground Two in all appeals that were available to you?

❑ Yes          ❑ No

"
**GROUND THREE:**

"
"
"
"

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
"
"
"
"
"

(b) Did you present Ground Three in all appeals that were available to you?

❑ Yes          ❑ No

68-of-473

TO: THE OHIO DISTRICT COURT ET. AL.,

HERE THE OHIO DISTRICT COURT WILL FIND:

(1) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION FOR LEAVE TO FILE OUT OF TIME AND OR BEYOND THE TIME LIMIT; MOTION TO RENEW THE MOTION TO INTERVENE AND MOTION TO MOTION THEREFOR", [11] PAGES DATED AUGUST 15, 2023 WITH ALL ATTACHMENTS REFERRED TO THEREIN.

(2) EXHIBIT, "OHIO BRIEF". THIS IS A COPY OF THE APPELLATE BRIEF THAT IS INTENDED TO BE FILED BEFORE THE OHIO SUPREME COURT.

(3) EXHIBIT, "4TH. CIRCUIT OBSTRUCTION AND DISQUALIFICATION # 2". THIS IS A COPY OF THE ORDER ISSUED FROM THE 4TH. CIRCUIT UNDER CASE 23-6049 AND THE [42] PAGE RESPONSE DATED JULY 10, 2023.

(4) EXHIBIT, "4TH. CIRCUIT OBSTRUCTION AND DISQUALIFICATION # 2". THIS IS A COPY OF THE SEEKING OF AN INJUNCTION TO ADDRESS THE CONTINUED EGREGIOUS ACTS OF FRAUD UPON THE COURT AND OBSTRUCTION OF JUSTICE RELATED TO THESE CASES. THE 4TH. CIRCUIT, APPARENTLY CONSPIRING WITH THE S.C. DISTRICT COURT, MADE EFFORTS TO HOLD THE APPEAL UNDER CASE 22-7096 IN LIMBO. PROOF THAT SUPPORTS THIS IS THAT A PLEADING SEEKING AN INJUNCTION WAS FILED TO FORCE THE CASE TO MOVE FORWARD. FROM WHAT WE CAN TELL THE 4TH. CIRCUIT IS IGNORING THE PLEADING AND WE DON'T EVEN HAVE ANY IDEA WHETHER THAT COURT ASSIGNED A CASE NUMBER FOR THE INJUNCTION. ONE OF THE THINGS WE SEEK FROM THE MULTI-DISTRICT LITIGATION PANEL IS TO GRANT THE INJUNCTION RELATED TO CASE 22-7096 AND THE CRAWFORD APPLICATION FOR DNA TESTING WHERE SIMILAR ACTION IS OCCURRING WITHIN THE S.C. COURT OF APPEALS.

(5) EXHIBIT, "MISSOURI". THIS IS A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO

69-of-473

VACATE THE FINAL ORDER PURSUANT TO RULE 60(b)(3) FOR FRAUD UPON THE COURT; MOTION TO RENEW THE MOTION TO INTERVENE; MOTION TO CHALLENGE THE MISSOURI CIRCUIT COURT'S JURISDICTION; MOTION TO RENEW THE MOTION TO TRANSFER THIS CASE TO JUDGE AUSTIN TO PERMIT US TO INVOKE THE MAGISTRATE STATUTE; MOTION FOR § 1407 TRANSFER; PETITION TO REMOVE THE MISSOURI STATE CASE AND MOTION TO MOTION THEREFOR", [11] PAGES DATED MARCH 10, 2023 FILED IN THE ROBERT JEFFERIES POST CONVICTION PROCEEDINGS WITHIN THE STATE OF MISSOURI UNDER CASE 2316-CV-01722. THIS DOCUMENT ALSO AID IN ESTABLISHING THAT THERE IS A "TRUSTEE" APPOINTED IN THESE CASES IN THE FORM OF JUDGE AUSTIN WITHIN THE S.C. DISTRICT COURT AS IS ARGUED WITHIN THE CASES INVOLVED.

(6) EXHIBIT, "BABY GIRL". THIS IS A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO INTERVENE; MOTION TO ESTABLISH IMMUNITY; MOTION TO DISCHARGE THE DEBT; MOTION TO ESTABLISH LIEN; MOTION FOR A HEARING BY SKYPE AND OR VIDEO CONFERENCE; PETITION TO REMOVE AND MOTION TO MOTION THEREFOR", [9] PAGES DATED APRIL 25, 2023 THAT IS FILED IN CASE DC-003565-11 WITHIN THE UNION COUNTY NEW JERSEY SUPERIOR COURT REGARDING THE FIDUCIARY HEIR'S DAUGHTER, LINAE CRAWFORD.

(7) EXHIBIT, "SOUTH CAROLINA STATE OBSTRUCTION AND DISQUALIFICATION # 1". THIS IS A COPY OF THE INJUNCTION THAT WAS FILED BEFORE THE KERSHAW COUNTY COURT OF COMMON PLEAS AND THE S.C. COURT OF APPEALS FOR WHICH THE PETITIONER CANNOT TELL WHAT IN THE WORLD IS GOING ON WITH THIS MATTER. THE PETITIONER AND YAHDINA OVERSTREET-U-DEEN SERVED THESE DOCUMENTS ON THE STATE COURTS 3 SEPARATE TIMES AND RECEIVED NO RESPONSE OR THE ADDITIONAL CLOCKED STAMPED COPIES RETURNED TO THEM THAT WERE SENT TO BOTH COURTS FOR WHICH WE ARE SUING THE MULTI-DISTRICT LITIGATION PANEL WITHIN THE STATE OF OHIO, DUE TO BEING CRIMINALLY BLOCKED IN THE STATE OF SOUTH CAROLINA, FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF TO MOVE THE S.C. COURT OF APPEALS FORWARD AND CERTIFICATION THAT THESE CASES MEET THE REQUIREMENTS TO BE CERTIFIED AS MULTI-DISTRICT LITIGATION SEEKING

TO DISQUALIFY THE STATE OF SOUTH CAROLINA AT BOTH THE STATE AND FEDERAL LEVEL SEEKING TO HAVE THESE CASES TRANSFERRED TO THE STATE OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407, SPECIFICALLY, THE NEWARK DIVISION AS TAG ALONG CASES PURSUANT TO MULTI-DISTRICT LITIGATION RULES, SINCE THERE IS A RELATED CASE STILL PENDING IN UNION COUNTY NEW JERSEY DUE TO REMOVAL TO THE FEDERAL DISTRICT COURTS INVOLVED, ERNST & YOUNG v. DEPOSITORS ECONOMIC PROTECTION CORP., 45 F.2d. 530 (1st.Cir.1995); NARRAGIANSETT INDIAN TRIBE v. RHODE ISLAND DEPT. OF TRANSP., 903 F.3d. 26 (1st.Cir.2018); IN RE: PLUMBING FIXTURE CASES, 298 F.Supp. 484 (1968); SPARLING v. DOYLE, F.Supp.3d., 2014 WL 12489985 (W.D.Tex.2014); IN RE: DROPLETS, INC. PATENT LITIGATION, 908 F.Supp.2d. 1377 (U.S.MULTI.DISTRICT PANEL).

ADDITIONAL, THERE ARE EXHIBITS SUBMITTED IN SUPPORT OF WHAT SHALL BE ARGUED UNDER THIS HABEAS CORPUS AND § 1983 ACTION SEEN AT THE END OF THIS § 1983 ACTION. SINCE THE PETITIONER IS PRESUMED INNOCENT PRIOR TO CONVICTION RELATED TO THE DETAINER AND OR U.S. MARSHAL NOTIFY, IT WOULD NOT PRESENT A HECK v. HUMPHREYS CONCERN OR PRECLUDE THE PETITIONER FROM ARGUING THESE CLAIMS UNDER § 1983 RELATED TO THE DETAINER AND OR U.S. MARSHAL NOTIFY, ALSO FOR THE PURPOSE OF SEEKING INJUNCTIVE AND DECLARATORY RELIEFAND MANDAMUS TO DEMAND DISCOVERY TO SEE THE EVIDENCE THAT IS THE SOURCE OF THE DETAINER AND OR U.S. MARSHAL NOTIFY. WHERE COMMON FACTUAL ISSUES EXIST AMONG ACTIONS IN MULTI-DISTRICT LITIGATION, THE PRESENCE OF DIFFERENT LEGAL THEORIES AMONG THE SUBJECT ACTIONS IS NOT A BAR TO CENTRALIZATION. CENTRALIZATION OF ACTIONS IN MULTI-DISTRICT LITIGATION DOES NOT REQUIRE A COMPLETE IDENTITY OF PARTIES. THE PENDENCY OF RELATED STATE COURT LITIGATION CANNOT BE DEEMED A VALID BAR TO THE CENTRALIZATION OF ACTIONS IN MULTI-DISTRICT LITIGATION. CENTRALIZATION IS WARRANTED WHERE THE LEGAL ISSUES OF RELIGIOUS PROPHESY THAT CHALLENGE CONVICTION ARE ESSENTIALLY SEEN WITHIN ALL CASES INVOLVE AND APPLY TO ALL (50) STATES INCLUDING THE STATE OF OHIO WHERE THE MAIN ISSUE APPEARS IN THE MACKEY JR CASE IN OHIO; THE CHALLENGE OF THE ARRESTING AND OR ATTACHING AND OR EXECUTING THE

INTELLECTUAL PROPERTY RIGHTS OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN EXIST WITHIN ALL (50) STATES INCLUDING OHIO TO WHICH THE UNITED STATES GOVERNMENT IS ALSO PARTY AND THE ACTIONS INVOLVE THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE FIDUCIARY HEIR, KING, HIGH PRIEST AND HIS FIDUCIARY DUTY TO PROTECT THE RIGHTS OF THE BENEFICIARIES OF THE CESQUI QUE TRUST WHO ALSO RESIDE WITHIN THE STATE OF OHIO AS IS ARGUED WITHIN THE DOCUMENTS FILED IN THIS CASE AND THE RELATED CASES, THE PETITIONER BEING A SOVEREIGN MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN BY HIS ORIGINAL STATUS AS SUCH PURSUANT TO THE 3 HOLY BOOKS OF THE 3 MAINSTREAM RELIGIONS, "CONTRACTS", "COVENANTS" PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, THE 1st. AMENDMENT FREE EXERCISE CLAUSE AND STATE AND FEDERAL PROBATE LAWS, DEFAULTED ON BY THE UNITED STATES EMERGING FROM THE RICHLAND COUNTY S.C. STATE CASES RELIED UPON, ALSO ESTABLISHING REMOVAL PURSUANT TO 28 U.S.C. §§ 1407, 2679, 1602-1612 ET. SEQ., IN RE: BANK OF NEW YORK MELLON CORP., FOREIGN EXCHANGE TRANSACTION LITIGATION, 857 F.Supp.2d. 1371 (2012); IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION, 780 F.Supp.2d. 1379 (2011); IN RE: MARRIOTT INTERNATIONAL, INC., CUSTOMER DATA SECURITY BREACH LITIGATION, 363 F.Supp.3d. 1372 (2019); SANDRA J. KOTTMAN PLAINTIFF v. UNITED STATES, 2017 WL 4185481 (W.D.MO.2017); WARD v. AUERBAUCH, 2017 WL 2724938 (D.C.Mass.2017); SPIRES v. SCHOOLS,--F.Supp.3d.--, 2017 WL 4174774(DSC.2017); FIFTH THIRD BANCORP v. DUDENHOEFFER, 132 S.Ct. 2459, 189 L.Ed.2d. 457, 82 U.S.L.W. 4578(U.S.2014); SIMON v. REPUBLIC OF HUNGARY,--F.Supp.3d.--, 2017 WL 4402293(D.D.C.2017); BOLIVIA REPUBLIC OF VENEZUELA v. HELMERICH & PAYNE INTERN, DRILLING CO., 137 S.Ct. 1312, 197 L.Ed.2d. 663, 85 U.S.L.W. 4221(U.S.2017)(ESTABLISHING EXPROPIATION EXCEPTION TO IMMUNITY UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT).

INSOMUCH, THE PETITIONER FILED TO ADDRESS THESE MATTERS BEFORE THE S.C. DISTRICT COURT IN THE PAST FEW YEARS, BUT WAS MET WITH OVERWHELMING AMOUNTS OF PREJUDICE, FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE, VIOLATING THE PETITIONER'S DUE PROCESS RIGHTS ESTABLISHING A CHALLENGE TO THAT

INITIAL COURT'S JURISDICTION UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION WHICH CANNOT BE WAIVED AND OR FORFEITED, CAN BE RAISED AT ANY TIME, EVEN AFTER A FINAL ORDER HAS BEEN ISSUED, WHERE THIS DOCUMENT IS ALSO FILED AS A MOTION TO VACATE THAT FINAL ORDER, ESPECIALLY IN LIGHT OF THE FACT THAT THE S.C. DISTRICT COURT USURPED THE MULTI-DISTRICT LITIGATION PANEL'S JURISDICTION WHO'S JURISDICTION WOULD SUPERSEDE THAT S.C. DISTRICT COURT INVOLVED HERE. THIS IS ALSO WHY APPEAL OF THESE MATTERS WAS NOT SOUGHT. DUE TO THE EXTRAORDINARY CIRCUMSTANCES THAT SURROUND THESE CASES, WHICH IS SUPPORTED BY THE ATTACHMENTS AND ACTIONS OF THE 4TH. CIRCUIT, DONE BEHIND RELIGIOUS AND RACIAL HATRED TO PREVENT WHAT THEY KNOW IS THE REALIZATION OF RELIGIOUS PROPHESY OF THE 3 MAINSTREAM RELIGIONS FROM OCCURRING PROTECTED UNDER THE 1st. AMENDMENT. ATTEMPTS AT APPEAL WOULD HAVE BEEN FUTILE DUE TO THE EGREGIOUS ACTS OF FRAUD UPON THE COURT AND OBSTRUCTION OF JUSTICE GOING ON AT ALL LEVELS OF COURT WITHIN THE 4TH. CIRCUIT, BOTH STATE AND FEDERAL, WHICH FORCED THE PETITIONER TO BRING THE MATTERS BEFORE THE OHIO DISTRICT COURT SEEKING MULTI-DISTRICT PANEL REVIEW BY DECLARATORY AND INJUNCTIVE RELIEF DUE TO CLAIMS OF EXTRA-TERRITORIAL CONSPIRACY AND JURISDICTION AND ATTEMPTS TO CAUSE A DETRIMENTAL EFFECT WITHIN THE STATE OF OHIO NOT JUST GIVING THE MULTI-DISTRICT PANEL IN OHIO JURISDICTION, BUT THE STATE OF OHIO DISTRICT COURT AS WELL, BARANSHI v. NCO FINANCIAL SYSTEMS, INC., F.Supp.3d., 2014 WL 1155304 (E.D.N.Y.2014); IN RE: ELECTRONIC BOOKS MULTI TRUST LITIGATION, F.Supp.3d., 2014 WL 1282298 (S.D.N.Y.2014).

THE S.C. DISTRICT COURT UPON DISCOVERING THAT THE U.S. MARSHAL NOTIFY WAS ATTEMPTED TO BE ATTACKED, CONSPIRING UNDER COLOR OF LAW AND OR AUTHORITY TO AID THE UNITED STATES GOVERNMENT AND STATE OF SOUTH CAROLINA DEFENDANTS KEEP THE NOTIFY ON THE PETITIONER, DID SO VIOLATING DUE PROCESS LAW AND PREVENTED THE U.S. MARSHAL SERVICE FROM RESPONDING TO PREVENT DISCOVERY AND THE FRAUD UPON THE COURT FROM BEING ESTABLISHED AND PROVEN WITHIN THE COURT RECORD PRODUCING UNCONSTITUTIONAL ACTION VOIDING THAT

COURT'S JURISDICTION UNDER THE CONSTITUTIONAL PRONG AND OR
ELEMENT TO SUBJECT MATTER JURISDICTION WHERE THEIR INTENT, THOUGH
THE S.C. DISTRICT COURT ASSERTED THE NOTIFY WAS FROM THE STATE OF
GEORGIA, WAS TO CAUSE AND HAVE A DETRIMENTAL EFFECT WITHIN ALL
(50) STATES, INCLUDING THE STATE OF OHIO, ESTABLISHING
EXTRA-TERRITORIAL CONSPIRACY AND JURISDICTION. NORMALLY A HABEAS
CORPUS SHOULD BE HEARD IN THE DISTRICT OF CAPTIVITY OR WHERE THE
PERSON RESIDES. BUT UNDER THESE CIRCUMSTANCES, IT IS THE
PETITIONER'S POSITION THAT THIS CASE CARVES AN EXCEPTION.

THIS IS THE SUM OF THESE MATTERS. THE PETITIONER WAS
INCARCERATED SINCE 2004. BUT HE WAS HELD IN THE KERSHAW COUNTY
S.C. JAIL FOR ALMOST 5 YEARS SINCE 2001. FOR OVER 7 YEARS NO SUCH
DETAINER OR U.S. MARSHAL NOTIFY WAS EVER SOUGHT,...WHY? THE
TIMING IS CRITICAL TO UNDERSTANDING THE MACHINATIONS OF THE
CONSPIRACY TO ILLEGALLY SEIZE THE PETITIONER WHO BY THE DEFAULT
MUST BE DEEMED THE EMBODIMENT OF A FOREIGN STATE AND KING, HIGH
PRIEST, A FOREIGN SOVEREIGN OFFICIAL DEFAULTED ON BY THE UNITED
STATES GOVERNMENT. ACCORDING TO THE S.C. DEPT. OF CORRECTIONS
CLASSIFICATION OFFICERS, THE U.S. MARSHAL NOTIFY WAS PLACED IN
THE PETITIONER'S RECORD IN 2008. WHY OVER 7 YEAR LATER FROM THE
TIME HE WAS ACTUALLY PHYSICALLY DETAINED? LOOK AT THE PREFIXES ON
CASES 2006-CP-400-3567, 3568, 3569. IT IS PERSPICUOUS THAT THE
LEGAL CASES THAT ARE THE SOURCE OF THE CONTROVERSY AND DEFAULT
RELIED UPON WERE FILED IN "2006". HOW IS THIS RELEVANT? ONCE THE
CASES WERE FILED IN 2006, THE CONSPIRING STATE AND FEDERAL
DEFENDANTS LISTED WITHIN THESE CASES, REALIZED THAT THE WAY THE
PETITIONER LITIGATED THOSE CASES, IT WAS OBVIOUS AT ONE POINT THE
PETITIONER WOULD BE RELEASED. WHY GEORGIA OF ALL PLACES IS IT
ALLEGED THAT THE PETITIONER MAY BE CONNECTED TO SOME STUPID
IMAGINARY BANK ROBBERY, LYING DEVILS THAT THEY ARE? THE
CONSPIRING STATE AND FEDERAL DEFENDANTS REALIZED IN 2008 THAT THE
PETITIONER WAS DESTINED FOR RELEASE WHEN THEY FAILED TO GET CASES
2006-CP-400-3567, 3568, 3569 THROWN OUT OR DISMISSED. GOVERNOR
HENRY McMASTER, A PROMINENT FIGURE IN THE REPUBLICAN PARTY WHO

WAS POTENTIALLY EVEN THINKING ABOUT RUNNING FOR PRESIDENT, WAS
THE ACTING ATTORNEY GENERAL OVER THIS CASE AT THE TIME AND IN
LINE WITH THE PROPHESY WRITTEN WITHIN THE BOOK OF DANIEL CHAPTER
11, 11:26 WHICH READ, "YE THEY THAT FEED A PORTION OF HIS MEAT
(FAMILY MEMBERS) SHALL DESTROY HIM". THIS IS THE RELIGIOUS
PROPHESY PROTECTED BY "CONTRACT", BY "COVENANT" THAT BEAR NEXUS
TO THIS ATTACK AND THE U.S. MARSHAL NOTIFY. THE CONSPIRING STATE
AND FEDERAL ACTORS KNEW UPON THE PETITIONER'S RELEASE HE INTENDED
TO FILE CRIMINAL CHARGES AGAINST THE VARIOUS DEFENDANTS INVOLVED
INCLUDING CERTAIN MEMBERS OF THE PETITIONER'S FAMILY. SO THE
CONSPIRING STATE AND FEDERAL ACTORS WENT TO MY FAMILY MEMBERS IN
FEAR AND INTIMIDATION, PARAPHRASING, ESSENTIALLY SAYING, TELLING
THEM, BY THE LITIGATION JAHJAH IS PLACING BEFORE THE COURT, WHICH
IS WHY THEY HELD THE CASES IN LIMBO FOR OVER 16+ YEARS, HE WILL
EVENTUALLY GET OUT BECAUSE IT'S CLEAR THAT WE FRAMED HIM AND HE
WANTS JUSTICE. HE WANTS US JAILED. HELP US THINK OF SOME WAY TO
CONTINUE TO HOLD HIM IF HE GETS THE CONVICTION OVERTURNED. THERE
WAS NOTHING THAT THEY COULD COME UP WITH. BUT SYLVIA AND CYLENA
TOLD THEM, WELL, HE DID TRAVEL TO GEORGIA ON CERTAIN OCCASIONS.
THEY COULD NOT PLACE THE PETITIONER ANYWHERE ELSE. SO BY MY
FAMILY'S STATEMENTS, SYLVIA AND CYLENA, CONSPIRING UNDER COLOR OF
STATE LAW AND OR UNDER COLOR OF LAW TO CONTINUE TO ILLEGALLY
SEIZE A FOREIGN SOVEREIGN OFFICIAL. THE STATE AND FEDERAL
DEFENDANTS CONCOCTED THIS PLOT AND SCHEME TO TIE ME TO AN ALLEGED
CRIME IN THE ONLY PLACE OR STATE THEY COULD HAVE PLACED ME BY
SYLVIA AND CYLENA STATEMENTS CONSPIRING WITH THEM. THE PETITIONER
WAS AN ASSEMBLIES OF GOD MINISTER. THE PETITIONER DID GO BACK AND
FORTH BETWEEN GEORGIA AND SOUTH CAROLINA ON SEVERAL OCCASIONS FOR
MINISTRY PURPOSES, ONE TO GO TO THE MARTIN LUTHER KING JR. CENTER
DUE TO A VISION THAT WAS GIVEN TO HIM BY THE GOD HE SERVES,
ANOTHER OCCASION TO PICK UP SYLVIA'S FIRST COUSIN WHO WAS
STRANDED IN GEORGIA DURING THE WINTER WITH A NEW BORN BABY AND
MAYBE THREE OTHER MINISTRY RELATED OCCASIONS. ALL INDICATIONS
POINT TO HENRY McMASTER, WHO WAS THE ACTING ATTORNEY GENERAL ON
THIS CASE, CALLING IN A FEW FAVORS TO CONCOCT THIS FRAUD,

CRIMINAL CONSPIRACY AND ATTEMPTED KIDNAPPING OF A FOREIGN SOVEREIGN OFFICIAL. THIS IS WHY THE S.C. DISTRICT COURT JUDGES SUA SPONTE DISMISSED THE CASE WHEN IT WAS INITIALLY FILED TO CHALLENGE THE U.S. MARSHAL NOTIFY IN FRAUD UPON THE COURT AND DUE PROCESS VIOLATION TO PREVENT DISCOVERY FROM ISSUING WHICH WOULD HAVE CLEARLY ESTABLISHED THESE JURISDICTIONAL FACTS VIOLATING THE PETITIONER'S DUE PROCESS RIGHTS VOIDING THE S.C. DISTRICT COURT'S JURISDICTION UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION. THIS IS CHALLENGE. AND THE CASE AND ISSUES ARE NOT MOOT WHERE THE PETITIONER WILL SUFFER ANY PRESENT, FUTURE OR COLLATERAL CONSEQUENCES OF THE ALLEGED WRONGFUL CONDUCT, OR IF A COURT CAN PROVIDE PARTIAL RELIEF, LIKE TRANSFERRING THIS CASE TO THE MULTI-DISTRICT LITIGATION PANEL TO ALLOW THEM TO ASSESS AND INVESTIGATE THESE JURISDICTIONAL FACTS, EVEN IF IT WOULD BE FRAUDULENTLY ASSERTED THAT A FULL REMEDY MAY NO LONGER BE AVAIABLE, WHERE A FULL REMEDY IS AVAILABLE, DUE TO IT BEING A CHALLENGE TO THAT COURT'S JURISDICTION AND INVOLVE EGREGIOUS ACTS OF FRAUD UPON THE COURT. JURISDICTION CANNOT BE WAIVED OR FORFEITED, CAN BE RAISED AT ANY TIME, EVEN AFTER A FINAL ORDER IS ISSUED IN THE CASE, ADAM v. DUNCAN, 179 F.Supp.3d. 632 (S.D.W.Va.2006); UNITED STATES OF AMERICA, PLAINTIFF v. WILFREDO MEJIA, DEFENDANT, 2021 WL 2143574(D.D.C.2021); BOUCHELLE INCORPORATED v. CHARLESTON WRECKING, INC., 2019 WL 3946082, * 1 (S.C.App.2019); TANDON v. NEWSOM,--S.Ct.--, 2021 WL 1328507 (U.S.2021); UZUEGBUNAM v. PRECZEWSKI, 141 S.Ct. 792 (U.S.2021).


"YE THEY THAT FEED A PORTION OF HIS MEAT SHALL DESTROY HIM" (DANIEL 11:26). THIS IS THE SOURCE OF THE DETAINER AND OR U.S. MARSHAL NOTIFY. MY FAMILY MEMBERS, SYLVIA AND CYLENA, DO NOT WANT ME RELEASED TO FILE CRIMINAL CHARGES AGAINST THEM AND THE CONSPIRING STATE AND FEDERAL ACTORS. THEY DO NOT WANT THAT EVIDENCE OF ACTUAL INNOCENCE IN THE FORM OF DNA BEING TESTED TO MICHAEL LEE TO BE RELEASED SO THEY ARE DOING EVERYTHING IN THEIR POWER TO HALT THAT IMMINENT RELEASE OF THE FOREIGN SOVEREIGN KING AND HIGH PRIEST OF RELIGIOUS PROPHESY. THE "CONTRACT", THE

"COVENANT" PROTECTED BY ARTICLE 1 § 10 OF THE UNITED STATES CONSTITUTION AND THE 1st. AMENDMENT FREE EXERCISE CLAUSE IS CLEAR AND UNAMBIGUOUS, "AND SPEAK UNTO HIM, SAYING, THUS SPEAKETH THE LORD OF HOSTS, SAYING, BEHOLD THE MAN WHOSE NAME (WAYS, CHARACTERISTICS) IS THE BRANCH (DESCENDANT FROM THE FAMILY TREE OF PROPHETS AND KINGS); AND HE SHALL GROW UP OUT OF HIS PLACE (FROM PRISON I BECOME GOD'S APPOINTED KING AND HIGH PRIEST, HIS LAWGIVER.), AND HE SHALL BUILD THE TEMPLE OF THE LORD; EVEN HE SHALL BUILD THE TEMPLE OF THE LORD; AND HE SHALL BEAR THE GLORY (THE GLORY IS THE ARK OF THE COVENANT. I AM COMMANDED TO RETURN TO MY ANCESTRAL LANDS, RETRIEVE THE ARK OF THE COVENANT AND REBUILD THE TEMPLE OF THE ONE TRUE GOD IN JERUSALEM.), AND HE SHALL SIT AND RULE UPON HIS THRONE; AND HE SHALL BE A PRIEST (HIGH PRIEST) UPON HIS THRONE (THIS IS NOT SOME STUPID, MERITLESS, "SOVEREIGN CITIZEN CLAIM". IT IS A LEGITIMATE "FOREIGN SOVEREIGN IMMUNITY ACT CLAIM": AND THE COUNSEL OF PEACE SHALL BE BETWEEN THEM" (ZECHARIAH 6:12-13). ALSO SEE "IN THOSE DAYS, AND AT THAT TIME, WILL I CAUSE THE BRANCH OF RIGHTEOUSNESS TO GROW UP UNTO DAVID (KING DAVID, KING SOLOMON, ABRAHAM, ISSAC, JACOB, MOSES, AARON, THE PROPHET MUHAMMAD, JOESPH AND MARY (PBUT) ARE MY FOREPARENTS. THE THRONE OVER CHRISTIANITY, JUDAISM AND ISLAM IS MINE DEFAULTED ON BY THE UNITED STATES WITHIN THE STATE CASES RELIED UPON, CONFIRMED BY THE "CONTRACT", THE "COVENANT" OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN.); AND HE SHALL EXECUTE JUDGMENT AND RIGHTEOUSNESS IN THE LAND (ISRAEL IS THE CENTER OF MY ESTABLISHED RULE BY MY ORIGINAL STATUS AS A SOVEREIGN.). IN THOSE DAYS SHALL JUDAH BE SAVED, AND JERUSALEM SHALL DWELL IN SAFETY (CONFIRMING WHAT IS WRITTEN IN ISAIAH 14:29-32): AND THIS IS THE NAME(WAYS) WHEREWITH SHE (ISRAEL) SHALL BE CALLED (ADOPT), THE LORD OUR RIGHTEOUSNESS. FOR THUS SAITH THE LORD; DAVID SHALL NEVER WANT A MAN TO SIT UPON THE THRONE OF THE HOUSE OF ISRAEL; NEITHER SHALL THE PRIESTS THE LEVITES WANT A MAN BEFORE ME TO OFFER BURNT OFFERINGS, AND TO DO SACRIFICE CONTINUALLY. (THE PETITIONER IS KING-PRIEST AND THE THRONE OF ISRAEL, AFRICA, THE MIDDLE EAST, CHRISTIANITY, ISLAM

AND JUDAISM IS MINE BY CONTRACT, BY COVENANT WHERE THE BLOODLINES OF THE EARTH'S GREATEST PROPHETS AND KINGS COME TOGETHER IN ONE MAN.). AND THE WORD OF THE LORD CAME TO JEREMIAH SAYING, THUS SAITH THE LORD; IF YE CAN BREAK MY COVENANT OF THE DAY, AND MY COVENANT OF THE NIGHT, AND THAT THERE SHOULD NOT BE DAY AND NIGHT IN THEIR SEASON; THEN MAY ALSO MY COVENANT BE BROKEN WITH DAVID (MY FOREFATHER), THAT HE SHOULD NOT HAVE A SON TO RULE UPON HIS THRONE; AND WITH THE LEVITES (AARON AND MOSES ALSO BEING MY FOREFATHERS) THE PRIESTS, MY MINISTERS" (JEREMIAH 33:15-21 OF THE CONTRACT, COVENANT). BY THIS THE PETITIONER HAS LEGALLY ESTABLISHED ANY REQUIRED PRIMA FACIE SHOWING THAT DEMONSTRATE THAT THE INITIAL HABEAS CORPUS FILED TO ADDRESS THESE MATTERS SHOULD HAVE NEVER BEEN SUA SPONTE DISMISSED WITHOUT FIRST ALLOWING DISCOVERY WHICH WOULD HAVE UNCOVERED THE PLOT TO CONTINUE TO ILLEGALLY SEIZE A FOREIGN SOVEREIGN KING AND HIGH PRIEST OF THE ONE TRUE GOD THAT IS KING AND HIGH PRIEST BY HIS ORIGINAL STATUS AS SUCH THOUSANDS OF YEARS BEFORE HE WAS EVEN BORN. A FUNDAMENTAL CONCEPT OF DUE PROCESS IS THAT THE LAWS WHICH REGULATE PERSONS OR ENTITIES MUST GIVE FAIR NOTICE OF CONDUCT THAT IS FORBIDDEN OR REQUIRED. DISCOVERY WAS REQUIRED TO UNCOVER THE FRAUD UPON THE COURT AND CONSPIRACY TO ILLEGALLY SEIZE A FOREIGN OFFICIAL AND NOT TO SUA SPONTE DISMISS THE CASE TO CONCEAL MATERIAL FACTS VIOLATING 18 U.S.C. §§ 242, 1001 TAINTING, VOIDING AND RENDERING UNCONSTITUTIONAL THE FINAL ORDER OF THE PREVIOUS CASE FILED BEFORE THE S.C. DISTRICT COURT, ESPECIALLY IN LIGHT OF THE FACT THAT THEY USURPED THE JURISDICTION OF MULTI-DISTRICT LITIGATION PANEL REVIEW WHERE THE CASE WAS SOUGHT TRANSFERRED TO THE STATE OF NEW JERSEY. THIS DOCUMENT ALSO CONSTITUTE A WRIT OF ERROR BEING FILED, U.S. CONST. AMEND 5; EDGAR v. HAINES, 2 F.4TH. 298 (4th.Cir.2021); U.S. v. PERRY, 429 FED. APPX' 384, 2011 WL 1935874 (4th.Cir.2011); U.S. v. LAWRENCE, F.Supp.3d., 2015 WL 856866 (S.D.Va.2015); MORIN v. INNEGRITY, LLC., 424 S.C. 559, 819 S.E.2d. 131 (S.C.2018)(CONCEALING DISCOVERY AND OR ESTOPPEL IS FRAUD VOIDING THE COURT'S JURISDICTION.); CLARK v. UNITED STATES, 2017 WL

390294(N.C.2017)(THE PROCEEDINGS BECAME IRREGULAR BY THE SUA SPONTE DISMISSAL TO PREVENT DISCOVERY TO CONCEAL THE PLOT); UNITED STATES v. APPLE MAC PRO. COMPUTER,--F.3d.--, 2017 WL 1046105(3rd.Cir.2017); F.C.C. v. FOX TELEVISION STATIONS, INC., 567 U.S. 239, 253, 132 S.Ct. 2307, 183 L.Ed.2d. 234(2012); MANNING v. CALDWELL, 930 F.3d. 264, 272(4th.Cir.2019).

RULES GOVERNING RELIEF FROM JUDGMENT ON THE BASES THAT THE JUDGMENT IS VOID APPLIES TO CIRCUMSTANCES LIKE THESE WHERE THE JUDGMENT IS PREMISED EITHER ON A CERTAIN TYPE OF JURISDICTIONAL ERROR OR IN A VIOLATION OF DUE PROCESS THAT DEPRIVES A PARTY OF "FAIR NOTICE" AND AN OPPORTUNITY TO BE HEARD. BY PREVENTING DISCOVERY TO CONCEAL THE PLOT IN VIOLATION OF 18 U.S.C. § 1001, THAT THE DETAINER AND OR U.S. MARSHAL NOTIFY WAS DESIGNED IN FRAUD AND AN ILLEGAL CONSPIRACY TO CONTINUE TO KIDNAP A FOREIGN SOVEREIGN OFFICIAL DENIED THE PETITIONER OF A JUST, FAIR AND FULL OPPORTUNITY TO BE HEARD ON THIS MATTER WITHOUT DISCOVERY BEING ISSUED VOIDING THE S.C. DISTRICT COURT'S JURISDICTION UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION. THIS WAS A CONSPIRACY TO DENY THE PETITIONER THE EQUAL PROTECTION OF THE LAWS, UNITED STUDENTS AID FUNDS, INC. v. ESPINOSA, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d. 158(U.S.2010); IN RE: BOZEMAN, 57 F.4TH. 895 (11th.Cir.2023); MATTER OF NOVOA, 690 Fed. Appx' 223 (5th.Cir.2017); WELLS FARGO BANK N.A. v. H.M.H. ROMAN TWO N.C., LLC., 859 F.3d. 295(4th.Cir.2017); MOSELY v. UNITED STATES, 2018 WL 1187778 (W.D.N.C.2018); MILFORD v. MIDDLETON, 2018 WL 348059(DSC.2018); PAUL ADAMS v. CALIFORNIA INSTITUTION, 2016 WL 6464444; BENTON v. BURNS, 2017 WL 491251 (D.C.Md.2017); IN RE: DETENTION AT LECK, 180 Wash. App. 492, 334 P.3d. 1109 (2014); JONES v. BAILEY,--S.W.3d.--, 2019 WL 2463429 (Ky.2019); E.Q.M.D., INC. v. FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, 2021 WL 843145 (E.D.Mich.2021).

THE PETITIONER ALSO MOTION FOR A WRIT OF MANDAMUS TO BE

ISSUED AGAINST THE U.S. MARSHAL SERVICE TO EXPOSE THIS PLOT AND CONSPIRACY AND TO REQUIRE THAT THEY PRODUCE DISCOVERY IMMEDIATELY TO UNCOVER THIS FRAUD UPON THE COURT, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE IN ACTS OF ATTEMPTED KIDNAPPING. LET'S SEE ONCE AND FOR ALL ON THE RECORD WHETHER THE PETITIONER IS CORRECT ABOUT THE SOURCE OF THIS ATTACK WHERE THE STATE AND FEDERAL OFFICIALS CONSPIRED WITH SYLVIA AND CYLENA LEE TO HATCH THIS CRIMINAL PLOT AND DECEPTION TO AVOID CRIMINAL PROSECUTION FROM BEING LEVIED AT THEM BY THE PETITIONER, TO CONTINUE TO KIDNAP HIM. A HABEAS PETITION IS AN AVAILABLE REMEDY FOR A DEFENDANT'S CHALLENGE TO A DETAINER AND OR IN THIS INSTANCE, A U.S. MARSHAL NOTIFY, 28 U.S.C. § 2241.

PRIOR TO SUA SPONTE TRANSFER OR DISMISSAL OF A HABEAS CORPUS CLAIM, A FEDERAL COURT MUST PROVIDE THE HABEAS PETITIONER BOTH NOTICE OF THE COURT'S ANTICIPATED ACTION AND AN OPPORTUNITY TO SET FORTH REASONS WHY THE CASE CAN AND SHOULD BE PROPERLY HEARD IN A TRANSFER JURISDICTION, WHICH THIS REQUIREMENT BY THIS PLEADING IS MET, 28 U.S.C.A. § 2241; U.S. v. DOVALINA, CA5 (Tex.) 1983, 711 F.2d. 737; BONNEAU v. U.S., CA1 (Mass.) 1992, 961 F.2d.17.

WHETHER A PRISONER'S HABEAS CHALLENGE TO A DETAINER OR U.S. MARSHAL NOTIFY IN THIS CASE, CONSTITUTE CHALLENGE TO HIS PRESENT PHYSICAL CUSTODY, DEPENDS ON THE NATURE OF THE CHALLENGE; IF THE PRISONER SEEKS TO ATTACK THE EFFECT OF THE DETAINER OR U.S. MARSHAL NOTIFY, ie THE ADVERSE EFFECT CRATED BY THE IMMEDIATE CUSTODIAN'S IMPOSITION OF A SPECIAL FORM OF CUSTODY ON THE PRISONER AS A RESULT OF THE FILING OF THE DETAINER OR U.S. MARSHAL NOTIFY, THE PRISONER IS CHALLENGING HIS PRESENT CONVICTION, BUT IF THE PRISONER IS CHALLENGING POTENTIAL FUTURE CONFINEMENT, THE PROPER RESPONDENT WOULD BE THE ENTITY WHO ISSUED THE DETAINER AND OR U.S. MARSHAL NOTIFY, AND THIS IS WHAT THE PETITIONER IS CHALLENGING, ANY POTENTIAL FUTURE DETAINMENT. THUS DISCOVERY AND THE ISSUING OF A WRIT OF MANDAMUS OR IN THE

ALTERNATE, AN INJUNCTION, TO REQUIRE THE U.S. MARSHAL TO RELEASE DISCOVERY SO WE CAN UNCOVER THIS CRIMINAL PLOT AND SCHEME INITIATED BY THE STATE AND FEDERAL ACTORS INVOLVED IN THESE MULTI-DISTRICT SOUGHT LITIGATION CASES WOULD BE WARRANTED, UNITED STATES v. FOREST, 316 F.Supp.3d. 111 (D.D.C.2018); BANKS v. SLAY, --F.Supp.3d.--, 2016 WL 3971380 (2016); UNITED STATES SECURITIES AND EXCHANGE COMMISSION v. CHINA INFRASTRUCTURE INVESTMENT CORPORATION,--F.Supp.3d.--, 2016 WL 3034153 (2016).

INASMUCH, THE PETITIONER MOTIONS TO DISQUALIFY THE STATE OF SOUTH CAROLINA AND THE 4TH. CIRCUIT IN ITS ENTIRETY AND SEEK THAT THE PETITIONER BE IMMEDIATELY MOVED INTO FEDERAL CUSTODY AND TRANSFERRED TO A FEDERAL PRE-RELEASE CAMP NEAR NEW JERSEY, THE NICEST ONE THAT CAN BE FOUND PENDING THE CONCLUSION OF THESE MATTERS, ESPECIALLY IN LIGHT OF THE FACT THAT THE PETITIONER'S CONVICTION IS ALREADY INVALIDATED BY THE LITIGATION THAT IS PLACED BEFORE THIS COURT PURSUANT TO 28 U.S.C. §§ 1455, 1443. THE PETITIONER SEEKS THIS FOR THE INTERVENORS AS WELL SINCE THEY ARE EXERCISING RIGHTS OF NON PARTY RES JUDICATA AND OR COLLATERAL ESTOPPEL EMERGING FROM THE CRAWFORD STATE CASES RELIED UPON AND THEIR CASES ARE SOUGHT AS TAG ALONG CASE PURSUANT TO § 1407 OF MULTI-DISTRICT LITIGATION RULES. IF THERE NEEDS TO BE INDEPENDENT HABEAS CORPUS PETITIONS, INFORM US AND GIVE OPPORTUNITY TO BE IN COMPLIANCE. BUT PLEASE TAKE NOTICE THAT THE STATE PCR CASES ARE PETITIONED TO BE REMOVED PURSUANT TO 28 U.S.C. § 1602-1612 DUE TO THE INTERVENTION OF THE FOREIGN SOVEREIGN WHO IS THE SOURCE OF THE LEGAL ISSUES OF RELIGIOUS PROPHESY THAT EXIST WITHIN ALL THOSE CASES INVOLVED. DUE TO REMOVAL, THE PCR MECHANISM REMOVED TO THE FEDERAL COURT HOPEFULLY IS SUFFICIENT MEANS FOR THE OHIO FEDERAL DISTRICT COURT AND OR MULTI-DISTRICT PANEL TO ACT, COMMONWEALTH OF VIRGINIA, v. AYEM EL., DEFENDANT, 2016 WL 4507814(E.D.Va.2016); MARYLAND v. GHAZI-EL., 2016 WL 2736183 (Md.2016); NORTH CAROLINA v. DAVIS, 2014 WL 1317647, * 1+ (E,D.N.C.2014); BERGER v. U.S., 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481(U.S.1921); CANADA v. MILLER, F.Supp.3d., 2014 WL

1512245 (2014); BOOTH v. BALLARD, 2016 WL 1275054 (2016)(AN
EVIDENTIARY HEARING IS REQUIRED TO ADDRESS THE MATTER.); UNITED
STATES v. QUINONES,--F.Supp.3d.--, 2016 WL 4413149 (2016);
WILLIAMS v. PENNSYLVANIA, 136 S.Ct. 1899 (U.S.2016); BEST, 2015
WL 5124463 (E.D.N.Y.2015); WORKMAN, 2015 WL 300435 (N.Y.2015);
WADE v. HOUSEHOLD FINANCE CORPORATION III, 2019 WL 433741
(W.D.Tex.2019); CALIFORNIA PUBLIC EMPLOYEES, RETIREMENT SYSTEM v.
A.N.Z. SECURITIES, INC., 137 S.Ct. 2042, 198 L.Ed.2d. 584, 85
U.S.L.W. 4481(U.S.2017).

        REFERRING BACK TO THE S.C. DISTRICT COURT IN ACTS OF FRAUD
UPON THE COURT INITIALLY SUA SPONTE DISMISSING THE CHALLENGE
CONSPIRING UNDER COLOR OF LAW TO CONCEAL MATERIAL FACTS AND
PREVENT DISCOVERY FROM ISSUING WHICH WOULD HAVE EXPOSED THE PLOT
AND MACHINATIONS OF THE CONSPIRING STATE AND FEDERAL ACTORS
VIOLATING DUE PROCESS PRODUCING UNCONSTITUTIONAL ACTION VOIDING
THAT COURT'S JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO
SUBJECT MATTER JURISDICTION. FRAUD VITIATES EVERYTHING THAT IT
ENTERS, AND A JUDGMENT PROCURED BY FRAUD MAY BE COLLATERALLY
ATTACKED. THIS APPLIES TO THE JUDGMENTS, ORDERS, DECREES AND ACTS
OF ALL COURTS ON RECORD WHICH IS FREE FROM PROCEDURAL
LIMITATIONS. THE JUDGMENT THAT IS CONTRARY TO DUE PROCESS IS VOID
AND IS AS IF IT HAD NEVER BEEN PASSED OR DONE FROM THE VERY DATE
IT WAS ISSUED, BEING UNCONSTITUTIONAL. THIS IS NOT YOUR GARDEN
VARIETY FRAUD, BUT IT IS A FRAUD EXECUTED AGAINST THE SYSTEM
ITSELF BY THE OFFICERS OF THE COURT, CREATING AN INABILITY FOR
THE COURT TO PERFORM ITS NORMAL FUNCTIONS OF ADJUDICATING CASES
IN THE MANNER REQUIRED BY DUE PROCESS LAW, AGAIN, VOIDING THE
S.C. DISTRICT COURT'S JURISDICTION WHICH JURISDICTION CANNOT BE
WAIVED AND OR FORFEITED, MYLES v. DOMINO'S PIZZA, LLC., 2017 WL
238436(D.C.Miss.2017); FIRST TECHNOLOGY CAPITAL, INC. v. BANCTEC,
INC., 2016 WL 7444943 (D.C.ky.2016); MARTIN v. TARGET CORP. OF
MINNESOTA, F.Supp.2d., 2013 WL 1187034 (D.N.J.2013); McCLAIN v.
1st. SECURITY BANK OF WASHINGTON, 2016 WL 8504775
(W.D.Wash.2016); WELLS FARGO BANK N.A. v. H.M.H. ROMAN TWO N.C.,

LLC. SUPRA.; RUBIN v. ISLAMIC REPUBLIC OF IRAN, 138 S.Ct. 816, 86
U.S.L.W. 4064(U.S.2018)(WHERE THIS DETAINER OR U.S. NOTIFY IS
PART OF A CONSPIRACY TO FURTHER ARREST, ATTACH AND OR EXECUTE THE
INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN
SOVEREIGN CROWN WITHIN THE STATE OF OHIO ESTABLISHING
JURISDICTION.); RULE 60(b)(3)(5), IT IS ON LONGER EQUITABLE THAT
THE S.C. DISTRICT COURT JUDGMENT SHOULD HAVE PROSPECTIVE
APPLICATION AND ANY REASON THAT JUSTIFIES RELIEF; MONTGOMERY v.
ESTATE OF GRIFFITH, 2008 WL 2769180 (V.I.2008); E.Q.M.D. INC. v.
FARM BUREAU OF MICHIGAN SUPRA.; ASTERBADI v. LEITESS, 176 Fed.
Appx' 426 (4th.Cir.2008).


BY THE EGREGIOUS FRAUD UPON THE COURT, CRIMINAL
CONSPIRACY, OBSTRUCTION OF JUSTICE, DUE PROCESS VIOLATIONS AND
CONCEALING MATERIAL FACTS IN VIOLATION OF 18 U.S.C. § 1001, THE
S.C. DISTRICT COURT INITIAL REVIEW OF THIS CASE WAS WITHOUT
JURISDICTION, ESPECIALLY WHEN THEY USURPED THE JURISDICTION OF
THE MULTI-DISTRICT LITIGATION PANEL WHOSE JURISDICTION SUPERSEDED
THEIRS. WITHOUT JURISDICTION, COURT CANNOT PROCEED AT ALL IN ANY
CAUSE, AND WHEN IT CEASE TO EXIST, THE ONLY FUNCTION REMAINING TO
THE COURT IS THAT OF ANNOUNCING IT AND GET THIS FRAUD PRODUCED,
CRIMINAL CONSPIRACY PRODUCED U.S. MARSHAL NOTICE OFF THE
PETITIONER IN THEIR EFFORTS TO ILLEGALLY SEIZE A FOREIGN
SOVEREIGN OFFICIAL IN FUTURE PROCEEDINGS TO AVOID CRIMINAL
PROSECUTION, STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 523
U.S. 83, 118 S.Ct. 1003 (U.S.1998); TAMM v. CINCINNATI INSURANCE
COMPANY, 2020 WL 60932 (S.D.N.Y.2020); CHASE v. ANDEAVOR
LOGISTICS, L.P., 2019 WL 5847879 * 2 W.D.Tex.; UNITED STATES v.
VALLANDARES, 2019 WL 4888629 * 1 W.D.Tex. (2019).


FEDERAL COURTS MAY NOT, VIA THE DOCTRINE OF "HYPOTHETICAL
JURISDICTION" DECIDE CAUSE OF ACTION BEFORE RESOLVING WHETHER
COURT HAS ARTICLE III OR CONSTITUTIONAL JURISDICTION WHEN
CHALLENGED WHICH CANNOT BE WAIVED OR FORFEITED; DOING SO WOULD

CARRY COURTS BEYOND BOUNDS OF AUTHORIZED JUDICIAL ACTION AND CHALLENGE TO JURISDICTION MUST BE ADDRESSED FIRST BEFORE A COURT CAN ENTERTAIN THE MERITS OF A CASE, AND THUS, THE ACTION WOULD OFFEND FUNDAMENTAL PRINCIPLES OF SEPARATION OF POWERS, AND WOULD PRODUCE NOTHING MORE THAN HYPOTHETICAL JUDGMENT, WHICH WOULD COME TO SAME THING AS ADVISORY OPINION, DISAPPROVED BY THE UNITED STATES SUPREME COURT, UNITED STATES v. GORDON, 2019 WL 5586966 * 1 E.D.Mich.; IN RE: GEE, 941 F.3d. 153, 161+ 5TH.Cir.(La.); UNITED STATES v. LAVERGNE, 785 Fed. Appx' 212m 217+, 5TH.Cir.Tex..

OBJECTION THAT FEDERAL COURT LACKED OR WAS VOID OF SUBJECT MATTER JURISDICTION UNDER THE DUE PROCESS/CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION MAY BE RAISED BY THE PARTY, OR BY COURT ON ITS OWN INITIATIVE, AT ANY STAGE OF THE LITIGATION, EVEN AFTER TRIAL AND THE ENTRY OF A FINAL JUDGMENT, FRAUD AND OBSTRUCTION PRODUCED AS THIS ONE WAS, ARBAUGH v. Y & H CORP., 546 U.S. 500, 126 S.Ct. 1235 (U.S.2006); STEVENS E. HECKER, PLAINTIFF v. THE STATE OF WASHINGTON, DEFENDANT, 2020 WL 134168 (Fed.Cl.2020). THE S.C. DISTRICT COURT HAD AN INDEPENDENT OBLIGATION TO DETERMINE WHETHER SUBJECT MATTER JURISDICTION EXIST BEFORE ANY FINAL ORDER COULD HAVE BEEN PLACED IN THAT INITIAL ACTION BUT FAILED WHERE JURISDICTION ESSENTIALLY LIED BEFORE THE MULTI-DISTRICT LITIGATION PANEL, HICKS v. HEART OF HOSPICE, LLC., 2019 WL 6255496 (N.D.Miss.2019); KRIKORIAN v. FORD MOTOR COMPANY, 2019 WL 7042939 (S.D.Fla.2019).

SUBJECT MATTER JURISDICTION, BECAUSE IT INVOLVES COURT'S POWER TO HEAR CASE, CAN NEVER BE WAIVED OR FORFEITED, AND BY THE UNCONSTITUTIONAL ACTION VIOLATING DUE PROCESS CONSPIRING UNDER COLOR OF LAW TO CONCEAL THE MATERIAL FACT THAT THE STATE AND FEDERAL DEFENDANTS SOUGHT TO ILLEGALLY WEAPONIZE THE COURT IN ABUSE OF JUDICIAL PROCESS TO ILLEGALLY KIDNAP AND SEIZE A FOREIGN SOVEREIGN KING AND HIGH PRIEST TO ESCAPE HIM CRIMINALLY PROSECUTING THEM IN THE FUTURE. IT BECOMES CONSPICUOUS THAT THE

S.C. DISTRICT COURT'S JURISDICTION WAS MADE VOID THE MINUTE IT
CONSPIRED TO PREVENT DISCOVERY AND SUA SPONTE DISMISSED THE CASE
TO PREVENT THE U.S. MARSHALS FROM BEING REQUIRED TO RESPOND WHICH
WOULD HAVE UNCOVERED THEIR CRIMINAL PLOT AND MACHINATIONS,
HENDERSON EX REL HENDERSON v. SHINSEL, 131 S.Ct. 1197, 1198+
U.S.; BURGESS v. UNITED STATES, 2019 WL 7293400 * 1, D.Md.;
BARNES v. GIVENS, 2019 WL 5579543, * 3, W.D.Tex.; WALLS v. BOEING
COMPANY, 2019 WL 4931365, * 2 DSC..

ALTHOUGH COURTS ARE GENERALLY LIMITED UNDER ADVERSARIAL
SYSTEM TO ADDRESSING THE CLAIMS AND REQUIREMENTS ADVANCED BY THE
PARTIES, FEDERAL COURTS HAVE AN INDEPENDENT OBLIGATION TO ENSURE
THAT THEY DO NOT EXCEED THE SCOPE OF THEIR JURISDICTION; AND
THEREFORE, THEY MUST RAISE AND DECIDE JURISDICTIONAL QUESTIONS
THAT THE PARTIES EITHER OVERLOOKED OR ELECT NOT TO PRESS WHICH
REQUIRED THE S.C. DISTRICT COURT TO ADDRESS THE DUE PROCESS
VIOLATION, FRAUD AND FAILURE TO REQUIRE THE U.S. MARSHAL TO
RESPOND BY THE LAWS OF DUE PROCESS AND NOT CONSPIRE UNDER COLOR
OF AUTHORITY TO CONCEAL MATERIAL FACTS THAT THE U.S. MARSHAL
NOTIFY WAS PART OF A PLAN, SCHEME AND MACHINATION TO AID THE
STATE AND FEDERAL DEFENDANTS AVOID FUTURE CRIMINAL PROSECUTION
AND TO CONTINUE TO ILLEGALLY SEIZE A SOVEREIGN FOREIGN KING AND
HIGH PRIEST OF THE ONE TRUE GOD OF THE 3 MAINSTREAM MONOTHEISTIC
RELIGIONS. COURT HAD AN INDEPENDENT DUTY TO DETERMINE WHETHER
SUBJECT MATTER JURISDICTION EXIST EVEN IN ABSENCE OF CHALLENGE BY
THE PETITIONER, JEFFERS v. J.P. MORGAN CHASE & CO., 2019 WL
6255311, * 1 S.D.Tex.; ANTHONY HALL, PLAINTIFF v. FRENKEL,
LAMBERT,..., 2020 WL 136658, * 2, E.D.N.Y.; DAVIS v. PALUMBO,
2019 WL 6915949, * 1 W.D.MO..

THE UNITED STATES SUPREME COURT HAS NOW MADE THE ISSUE OF
SUBJECT MATTER JURISDICTION CLEAR AND UNAMBIGUOUS FOR ALL COURTS
AROUND THE NATION. THAT COURT DETERMINED:

"COURTS (BOTH STATE AND FEDERAL) HAVE NO

CONSTITUTIONAL AUTHORITY (JURISDICTION) TO PASS ON THE MERITS (ONCE THE S.C. DISTRICT COURT VIOLATED DUE PROCESS AND ENGAGED IN THESE EGREGIOUS ACTS OF FRAUD UPON THE COURT AND CONCEAL MATERIAL FACTS AS ARGUED, THEIR JURISDICTION WAS MADE VOID.), OF A CASE BEYOND THEIR JURISDICTION---"TO DO SO IS, BY VERY DEFINITION FOR THE COURTS TO ACT ULTRA VIRES", 525 U.S. 83, 118 S.Ct. 1003 AT 102. "MUCH MORE THAN MERE NICETIES ARE AT STAKE HERE. THE STATUTORY (LEGISLATIVE PRONG) AND ("ESPECIALLY") CONSTITUTIONAL ELEMENTS (PRONGS) OF JURISDICTION (SUBJECT MATTER JURISDICTION) ARE AN ESSENTIAL INGREDIENT OF SEPARATION AND EQUILIBRATION OF POWERS RESTRAINING THE COURTS FROM ACTING AT CERTAIN TIMES, AND EVEN RESTRAINING THEM FROM ACTING PERMANENTLY REGARDING CERTAIN SUBJECTS", ID AT 101, 118 S.Ct. 1003. "THIS TENET IS AS OLD AS THE BEDROCK AND ALMOST AS OLD AS THE COURT ITSELF", DEMONSTRATING RETROACTIVE IMPLICATIONS. THUS, THE INITIAL FINAL ORDER WITHIN THE S.C. DISTRICT COURT MUST BE DEEMED VOID SINCE THIS IS CHALLENGE TO JURISDICTION THAT CANNOT BE WAIVED AND OR FORFEITED AND WOULD NOT PRECLUDE THE OHIO DISTRICT COURT OR THE OHIO MULTI-DISTRICT LITIGATION PANEL FROM REVIEWING THIS CASE TO FURTHER DETERMINE THE JURISDICTIONAL FACTS, CROSS-SOUND FERRY SERVS., INC. v. I.C.C., 834 F.3d. 327, 339 (C.A.D.C.1991); CITY OF OCALA, FLORIDA v. ROJAS, 598--U.S.--, 2023 WL 2357328 (U.S.2023); WILKINS v. UNITED STATES,--S.Ct.--, 2023 WL 2655449 (U.S.2023)(REGARDING PROCEDURAL PROCESSING RULES); MONTGOMERY v. LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d. 599 (U.S.2016); STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 525 U.S. 83, 118 S.Ct. 1003 (U.S.1998).


IN FURTHER ADDRESSING WHY THIS HABEAS COPRUS PETITION SHOULD NOT BE TRANSFERRED BACK TO SOUTH CAROLINA AND THE 4TH. CIRCUIT. NOT ONLY ARE WE SEEKING BEFORE THE MULTI-DISTRICT LITIGATION PANEL TO DISQUALIFY THE 4TH. CIRCUIT AT BOTH THE STATE AND FEDERAL LEVEL SEEKING § 1407 TRANSFER TO THE STATE OF NEW JERSEY. IF THE COURT LOOKS AT THE DETAINER AND OR U.S. MARSHAL NOTIFY THAT IS THE SOURCE OF THE CONTROVERSY HERE. IT WAS PLACED

ON THE PETITIONER IN SOUTH CAROLINA. THE CONSPIRACY BEGAN AND WAS HATCHED HERE IN SOUTH CAROLINA ON ITS FACE ESTABLISHING 4TH. CIRCUIT JURISDICTION. BUT THE PLOT, SCHEME AND POTENTIAL CRIMINAL ACTIVITY WAS NOT LIMITED TO THE STATE OF SOUTH CAROLINA ALONE. THE CONSPIRING STATE AND FEDERAL ACTORS TRIED TO FRAME THE PETITIONER IN THE STATE OF GEORGIA WITHIN THE 11TH. CIRCUIT ESTABLISHING AN EXTRA-TERRITORIAL CONSPIRACY AND JURISDICTION THAT WOULD ALSO GO TOWARDS FURTHER ESTABLISHING MULTI-DISTRICT LITIGATION. THIS IS NOT THE END OF IT. ANOTHER PURPOSE OF THE DETAINER AND OR U.S. MARSHAL NOTIFY WAS TO FURTHER KIDNAP THE FOREIGN SOVEREIGN OFFICIAL TO PREVENT HIM FROM CHALLENGING THAT THE STATE OF OHIO IS PRESENTLY ARRESTING AND OR EXERCISING AND OR ATTACHING THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN IN VIOLATION OF THE TERMS OF THE "GRANT" GIVEN TO YOUR GLOBAL NATIONS BY THE SOLE CORPORATION WHICH HAS RESTRICTIONS IN THE FORM OF THE RIGHT TO LEGALLY MARRY WITHIN THE STATE OF OHIO. THE DETAINER AND OR U.S. MARSHAL NOTIFY WAS ALSO DESIGNED TO PREVENT THE FIDUCIARY HEIR, CRAWFORD, AND BENEFICIARY OF THE TRUST, JEREMIAH MACKEY JR., FROM BRINGING THE LEGAL ISSUES OF RELIGIOUS PROPHESY INTO THE STATE OF OHIO TO BE MADE USE OF BY ALL AFRICANS, AFRICAN AMERICANS, CHRISTIANS, MUSLIMS AND JEWS, WHO ARE ALSO BENEFICIARIES OF THE TRUST, WITHIN THE STATE OF OHIO, AND ALL OTHER (50) STATE FOR THAT MATTER. THIS IS COMPOUNDED BY THE FACT THAT THE STATE ACTORS JAMMED THE PETITIONER'S CELL PHONE IN SOUTH CAROLINA WHEN THE PHONE BILL IS PAID IN THE STATES OF OHIO AND ILLINOIS, TO PREVENT AND OR HINDER AND OR OBSTRUCT AND OR DEFEAT THE DUE COURSE OF JUSTICE AND DENY THE EQUAL PROTECTION OF THE LAWS IN VIOLATION OF 42 U.S.C. §§ 1985(2) AND 1985(3), THE FIDUCIARY DUTY OF THE SOVEREIGN MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN WITHIN THE STATE OF OHIO. WHERE THE PHONE BILL FOR THAT SERVICE WAS BEING PAID WITHIN BOTH THE STATES OF ILLINOIS, BY YAHDINA OVERSTREET-U-DEEN, AND IN THE STATE OF OHIO BY JEREMIAH MACKEY JR.? THUS, THESE FACTS ESTABLISH AN EXTRA-TERRITORIAL CONSPIRACY CLEARLY PURPOSELY DIRECTED AT THE STATE OF OHIO, WHERE THEY ALSO

ATTEMPTED TO INFLUENCE JUDGES IN WHITEHALL AND FRANKLIN COUNTIES, TO DEFRAUD THE FOREIGN SOVEREIGN AND HIS FAMILY MEMBERS EXPANDING WITHIN THE STATE OF OHIO (COMMERCIAL ACTIVITY PRODUCING F.S.I.A. EXCEPTION) AND TO ILLEGALLY KIDNAP THE FOREIGN SOVEREIGN HEIR, KING AND HIGH PRIEST OF THE ONE TRUE GOD WHICH IS ALSO A CONSPIRACY TO VIOLATE THE HOBBS ACT EFFECTING INTERSTATE COMMERCE BY ALL THE COMMERCIAL ACTIVITIES INVOLVING SAME SEX MARRIAGES IN THE STATE OF OHIO VIOLATING 28 U.S.C. § 2679 AND COMMERCIAL EXCEPTION UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT WAIVING THEIR IMMUNITY, GUSTUS v. U.S., 523 U.S. 1011, 118 S.Ct. 1201 (MEM) 140 L.Ed.2d. 329(U.S.1998); U.S.C.A. CONST. ART. 1, § 8 Cl.3; 18 U.S.C.A. § 1951; UNITED STATES v. HENDERSON, F.Supp.,3d., 2016 WL 6084637 (S.D.Tex.2016); SIBLEY v. HERGENROEDER, F.Supp.2d., 2006 WL 3354137 (D.C.Md.2006); CAPITAL TRANS INTERN, LLC. v. INTERNATIONAL PETROLEUM INV. CO., F.Supp.2d., 2013 WL 557236 (Fla.2013)(SOVEREIGN REMOVAL OF STATE COURT CASES REMOVE ENTIRE CASE, NOT JUST PORTIONS OF IT.); THORTON v. MARYLAND GENERAL HOSP. F.Supp.2d., 2013 WL 1943065(Md.2013); BRADDY v. UNITED STATES, 2016 WL 1031301 (E.D.VA.2016)(THE DISTRICT COURT IS PRECLUDED FROM REMANDING CASE BACK TO STATE COURTS); ADAIR MANAGEMENT LLC. v. U.S. DEPT. OF HOUSING AND URBAN DEVELOPMENT, 2016 WL 3248569 (2016)(FEDERAL COURT HAS EXCLUSIVE JURISDICTION TO HEAR INTELLECTUAL PROPERTY THAT WAS ARRESTED AND OR EXECUTED AND OR ATTACHED BY THE UNITED STATES AND STATE GOVERNMENTS); ELAN PHARMACEUTICALS, INC. v. DIRECTOR, DIVISION OF TAXATION, 2014 WL 1796633(N.J.2014); IN RE: CIRCUIT CITY STORES INC., 515 B.R. 302, 308, Bkrtcy (E.D.Va.2014); WILZIG v. SISSELMAN, 209 N.J. SUPER. 25, 506 A.2d. 1238(Sup.Ct.1986). EVERY ACT DO NOT HAVE TO BE COMMERCIAL IN NATURE IF IT HAS A CAUSAL CONNECTION TO COMMERCIAL ACTS, DeSANCHEZ v. BANCO CENTRAL DE NICARAGUA, 770 F.2d. 1385, 54 U.S.L.W. 2230(5th.Cir.1985); ROSESABAGINA v. REPUBLIC OF RWANDA,--F.Supp.3d.--, 2023 WL 355951 (D.D.C.2023); VERLINDEN B.V. v. CENTRAL BANK NIGERIA, 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d. 81 (U.S.1983).

ADDITIONALLY, THE TERMS OF THE "CONTRACT", THE "COVENANT" PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, THE 1st. AMENDMENT FREE EXERCISE CLAUSE AND STATE AND FEDERAL PROBATE LAW READ AS THUS: "SEEING THAT ABRAHAM SHALL SURELY BECOME A GREAT AND MIGHTY NATION, AND ALL THE NATIONS OF THE WORLD SHALL BE BLESSED IN HIM (PART OF THE BLESSINGS, THE GRANT, GIVEN TO YOUR GLOBAL NATIONS IS THE LAW OF MARRIAGE). FOR I KNOW HIM, THAT HE WILL COMMAND (EPHASIS ADDED) HIS CHILDREN AND HIS HOUSEHOLD AFTER HIM, AND THEY "[S]HALL" (MANDATORY) KEEP THE WAY OF THE LORD, TO DO JUSTICE AND JUDGEMENT (YOUR LAWS ARE NOT YOUR OWN. GOD IS THE ORIGINAL FOUNTAIN OF ALL LAW. THIS IS AN ESSENTIAL PART OF THE "GRANT" GIVEN TO YOUR GLOBAL NATIONS ALSO.); THAT THE LORD MAY BRING ABRAHAM THAT WHICH HE HATH SPOKEN" (CONTRACT, COVENANT OF THE SOLE CORPORATION). SINCE THESE ACTS OF VIOLATING THE TERMS OF THE "GRANT" GIVEN TO YOUR GLOBAL NATIONS BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN ESTABLISH THIRD PARTY OBLIGATION TO PROTECT THE TERMS OF THE GRANT THERE WITHIN THE STATE OF OHIO, AND JEREMIAH IS A BENEFICIARY OF THE TRUST WHO THE CONTRACTUAL OBLIGATION BINDS, AND THIS DETAINER AND OR U.S. MARSHAL NOTIFY IS IMPLEMENTED ALSO TO HINDER MY ASSISTING HIM IN PROTECTING THE TERMS OF THE "GRANT" AND OR THE "COVENANT" IN THE STATE OF OHIO AS IT PERTAINS TO OUR CITIZEN RESIDING WITHIN THE BORDERS OF OHIO, AFRICANS, AFRICAN AMERICANS, CHRISTIANS, MUSLIMS AND JEWS WITHIN THE STATE RELATED TO THIS THIRD PARTY OBLIGATION BASED UPON "CONTRACT", "COVENANT" ESTABLISHING EXTRA-TERRITORIAL CONSPIRACY AND JURISDICTION. THE CASE SHOULD NOT BE TRANSFERRED BACK TO SOUTH CAROLINA OR GEORGIA. IF A CONTRACT IS MADE FOR THE BENEFIT OF A THIRD PARTY OR PERSON, THAT PERSON MAY ENFORCE THE CONTRACT, GRANT, COVENANT, IF THE CONTRACTING PARTIES (ABRAHAM AND THE ONE TRUE GOD.) INTENDED TO CREATE A DIRECT, RATHER THAN INCIDENTAL OR CONSEQUENTIAL, BENEFIT OR DUTY TO SUCH THIRD PARTY OR PERSON, BEVERLY v. GRAND STRAND REGIONAL MEDICAL CENTER, LLC., --S.E.2d.--, 2022 WL 534191 (S.C.App.2022); ARTHUR ANDERSON LLP. v. CARLISLE, 556 U.S. 624, 129 S.Ct. 1896, 173 L.Ed.2d. 832(U.S.2009); ASTRA U.S.A., INC. v. SANTA CLARA COUNTY CAL., 563

U.S. 110, 131 S.Ct. 1342, 179 L.Ed.2d. 457(U.S.2011); SEATT'S UNION GOSPEL MISSION v. WOODS,--S.Ct.--, 2022 WL 827849 (MEM)(U.S.2022). THE CONTRACT CLAUSE OF THE U.S. CONSTITUTION APPLIES TO EVERY KIND OF CONTRACT WHERE JEREMIAH MACKEY JR, A BENEFICIARY OF THE TRUST WAS DIRECTLY EFFECTED BY THIS CONSPIRACY WITHIN THE STATE OF OHIO AND THE ACTS IN FURTHERANCE OF THE CONSPIRACY WERE DESIGN TO HAVE A DIRECT IMPACT ON THE OTHER BENEFICIARIES OF THE TRUST THAT RESIDE WITHIN THE STATE OF OHIO AS IT PERTAINS TO THE "GRANT" AND "COVENANT" ALSO IN THEIR EFFORTS TO DEPRIVE AND OR DENY THE FIDUCIARY HEIR, CRAWFORD, OF RIGHTS, TITLES, PRIVILEGE AND IMMUNITIES REGARDING HIS ACQUIRED INTEREST WITHIN THE STATE OF OHIO. THE BENEFICIARY OF THE TRUST, JEREMIAH MACKEY JR., MOTIONS TO INTERVENE IN THIS CRAWFORD PETITION FOR HABEAS CORPUS TO FULFILL THAT DUTY ESTABLISHED BY "CONTRACT", BY "COVENANT", DAVIS v. CANTRELL, 2018 WL 6169255, * 5+ E.D.La.; BUILDING AND REALTY INSTITUTION OF WESTCHESTER AND PUTNAM COUNTIES, 2021 WL 4198332, * 33 S.D.N.Y.; CHINA AGRITECH, INC. v. RESH, 138 S.Ct. 1800, 201 L.Ed.2d. 123, 86 U.S.L.W. 4369(U.S.2018); IN RE: PORSCHE ATOMOBIL HOLDING S.E., 985 F.3d. 115 (1st.Cir.2021).

THE PRIVILEGE AND IMMUNITIES CLAUSE PROTECTS RIGHTS OF CITIZENS TO PLY THEIR TRADE, PRACTICE THEIR OCCUPATION OR PURSUE A COMMON CALLING. THE STATE MAY NOT EXCLUDE NOR CAN THEY BURDEN THE RIGHTS OF OUT OF STATE CITIZENS OR BURDEN THE OBLIGATION OF THE CONTRACT ACTING FOR PROTECTORANT PURPOSES, McBURNEY v. YOUNG, 569 U.S. 221, 133 S.Ct. 1709, 185 L.Ed.2d. 758(U.S.2013); HONEY v. VERMONT, 2017 WL 2167123 (2017); SCHOENEFELD v. SCHNEIDERMAN, 821 F.3d. 273 (2nd.Cir.2016).

UNDER EXTRA-TERRITORIAL JURISDICTION, THE HOBBS CLAIM VIOLATION ARE SUFFICIENT TO ESTABLISH JURISDICTION IN THE OHIO DISTRICT COURT. THE ARRESTING AND OR ATTACHING AND OR EXECUTING THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN IN THE FORM OF THE RIGHT TO LEGAL MARRY GIVEN TO

YOUR GLOBAL NATIONS AS A "GRANT" WHICH HAVE RESTRICTIONS IN THAT IT CAN ONLY BE GIVEN TO HETEROSEXUAL COUPLES WHICH THE STATE OF OHIO VIOLATED IS SUFFICIENT TO ESTABLISH JURISDICTION WHERE THE U.S. MARSHAL NOTIFY IS DESIGNED TO OBSTRUCT THE ADDRESSING OF THIS INJUSTICE WITHIN THE STATE OF OHIO AS WELL. THE LEGAL ISSUES OF RELIGIOUS PROPHESY APPLYING TO THE SOVEREIGN'S PEOPLE IN THE STATE OF OHIO IS SUFFICIENT CAUSE TO ESTABLISH JURISDICTION DESIGNED TO BE HINDERED BY THE U.S. MARSHAL NOTIFY IS SUFFICIENT TO ESTABLISH EXTRA-TERRITORIAL JURISDICTION IN THE STATE OF OHIO AND THE SOVEREIGN'S PHONE BILL BEING PAID IN THE STATE OF OHIO UNDER CONSPIRACY TO DEFRAUD THE SOVEREIGN OFFICIAL AND HIS FAMILY MEMBERS WHO RESIDE IN THE STATE OF OHIO IS SUFFICIENT TO ESTABLISH JURISDICTION. THERE IS THE SEEKING DISQUALIFICATION AND § 1407 TRANSFER. ALL OF THESE JURISDICTIONAL FACTS ARE SUFFICIENT TO ESTABLISH EXTRA-TERRITORIAL JURISDICTION IN OHIO BEARING NEXUS TO THE U.S. MARSHAL NOTIFY ESTABLISHING THAT THIS CASE SHOULD NOT BE TRANSFERRED BACK TO THE STATE OF SOUTH CAROLINA. THE PETITIONER ALLEGED BOTH AN ACTIONABLE CONSPIRACY AND SUBSTANTIAL ACTS IN FURTHERANCE OF THE CONSPIRACY PERFORMED WITHIN THE FORUM STATE, McBEE v. DELICA CO. LTD., 417 F.3d. 107 (1st.Cir.2005); SULLIVAN v. REPUBLIC OF CUBA, 891 F.3d. 6 (1st.Cir.2018); IN RE: LUPRON MARKETING AND SALES PRACTICES LITIGATION, 245 F.Supp.2d. 280 (D.Mass.2013); WARD v. AUERBACH, 2017 WL 2724938(D.Mass.2017); IN RE: LYNDALE CHEMICAL COMPANY, 543 B.R. 127 (S.D.N.Y.2016).

THE PETITIONER BEARS THE BURDEN OF AFFIRMATIVELY ESTABLISHING THE FIRST TWO ELEMENTS OF DUE PROCESS REQUIREMENT FOR PERSONAL JURISDICTION, WHETHER THE DEFENDANTS PURPOSELY DIRECTED ITS ACTIVITIES AT RESIDENTS OF THE FORUM STATE WHICH THEY DID BY THE CLAIMS PRESENTED, AND WHETHER CLAIMS ARISE OUT OF ACTIVITIES IN THE FORUM STATE SUCH AS THEY WORKING TO COMPROMISE JUDGES IN THE WHITEHALL MAYORS COURT AND FRANKLIN COUNTY MUNICIPAL COURT TO PREVENT THE MACKEY JR CASE FROM BEING REMOVED TO THE SOUTH CAROLINA DISTRICT COURT PENDING MULTI-DISTRICT

LITIGATION PANEL REVIEW AND § 1407 TRANSFER TO THE STATE OF NEW JERSEY AS A TAG ALONG CASE; IF THE PETITIONER MEETS THIS BURDEN, WHICH THE PETITIONER DOES, THE BURDEN SHIFTS TO THE DEFENDANT, NOT THE OHIO DISTRICT COURT MAKING A SUA SPONTE TRANSFER, TO PROVE PERSONAL JURISDICTION IS UNREASONABLE, CELGARD, LLC. v. S.K. INNOVATION CO. LTD., 792 F.3d. 1373 (2015); JONES v. R.T.C. MANUFACTURING, INC., F.Supp., 2017 WL 2322817 (M.D.Fla.2017); SEMCON IP. INC. v. T.C.T. MOBILE INTERNATIONAL LIMITED, 2019 WL 2774362, * 1+ E.D.Tex.; APICORE U.S., LLC. v. BELOTECA, INC., 2019 WL 1746079, * 3+ E.D.Tex..

WHEN COURT'S DETERMINATION OF PERSONAL JURISDICTION IS BASED ON AFFIDAVITS AND OTHER WRITTEN MATERIALS, AND NO JURISDICTIONAL HEARING IS CONDUCTED, THE PETITIONER USUALLY BEARS ONLY A PRIMA FACIE BURDEN; ON THE OTHER HAND, THE PREPONDERANCE STANDARD APPLIES WHERE THE PARTIES CONDUCT JURISDICTIONAL DISCOVERY WHICH IS SOUGHT AND WHICH REQUIRE THAT A HEARING BE CONDUCTED WHICH THE PETITIONER SEEKS. THE PRIMA FACIE BURDEN IS MET AND ESTABLISHED WHICH SUPPORT THE REMOVING OF THE PETITIONER TO FEDERAL CUSTODY AS WELL PURSUANT TO 28 U.S.C. § 1455 AND BE MOVED TO A FEDERAL PRE-RELEASE CAMP WITH ALL OF HIS PERSONAL PROPERTY BEING UNMOLESTED, LAMBETH MAGNETIC STRUCTURES, LLC. v. TOSHIBA CORPORATION, 2017 WL 782892, * 1, W.D.Pa.; WAPP TECH LIMITED PARTNERSHIP v. MICRO FOCUS INTERNATIONAL, PLC., 2019 WL 3802184, * 2+ E.D.Tex.; NATIONAL BEVERAGE SCREEN PRINTERS, INC. v. DALB, INC., 2018 WL 2718035 * 2 (DSC.2018); SEVEN NETWORKS, LLC. v. Z.T.E. (U.S.A.), INC., 2018 WL 2427147, * 1+ (N.D.Tex.2018). THEIR ACTIVITIES WHICH BEAR NEXUS TO THE U.S. MARSHAL NOTIFY TO ILLEGALLY FURTHER HINDER, OBSTRUCT AND DEFEAT ANY EFFORTS MADE IN THE JEREMIAH MACKEY JR. CASES AND PREVENT THE ESTABLISHING OF RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE FOREIGN SOVEREIGN CROWN AND SOLE CORPORATION FROM BEING ESTABLISHED FOR THE RELIGIOUS BELIEVERS THAT RESIDE IN THE STATE OF OHIO CAUSING DETRIMENTAL EFFECT PURSUANT TO THIS EXTRA-TERRITORIAL CONSPIRACY, JURISDICTION, AND MULTI-DISTRICT

SOUGHT LITIGATION CASES, ID AT 1179, 133a, 2005 WL 3157472, * 12, * 19; BAUMAN v. DAIMLER CHRYSLER A.G., NO. C 04-00194 RMW (N.D.Cal.2007), 2007 WL 486389.

THERE ARE TWO TYPES OF PERSONAL JURISDICTION WHICH ARE RECOGNIZED: GENERAL, SOMETIME CALLED ALL PURPOSE JURISDICTION, AND SPECIFIC, SOMETIMES CALLED CASE RELATED JURISDICTION. THIS CASE HAS BOTH, DILLARD v. FEDERAL CORPORATION, 321 F.Supp.3d. 752 (W.D.Tex.2018); STEWART v. MARATHON PETROLEUM CO. L.P., 326 F.Supp.3d. 284 (D.La.2018); DOE 1 v. EXXON MOBIL CORPORATION, 2019 WL 2348100 (D.D.C.2019).

A COURT WITH GENERAL JURISDICTION MAY HEAR ANY CLAIM AGAINST THE DEFENDANT, EVEN IF THE INCIDENTS UNDERLYING THE CLAIM OCCURRED IN A DIFFERENT STATE, ROY v. FED. EX GROUND PACKAGE SYSTEMS, INC., F.Supp., 2018 WL 2324092 (D.Mass.2018); THOMAS E. REYNOLDS, AS TRUSTEE, PLAINTIFF, v. BEHRMAN CAPITAL IV L.P. ET. AL., DEFENDANTS, 2019 WL 4167327 (N.D.Ala.2019); THEOREM, INC. v. CITRUSBYTE, LLC., 2019 WL 3812472 (D.N.J.2019); REDDY v. BUTTAR, 2019 WL 2106082 (D.C.N.C.2019).

SPECIFIC JURISDICTION IS CONFINED TO ADJUDICATION OF ISSUES DERIVING FROM, OR CONNECTED WITH, THE VERY CONTROVERSY THAT ESTABLISHES JURISDICTION. THIS CASE POSSESSES BOTH GENERAL AND SPECIFIC JURISDICTION BASED UPON WHAT IS ARGUED IN THIS DOCUMENT AND THESE EXTRA-TERRITORIAL, MULTI-DISTRICT SOUGHT LITIGATION CASES, G.C. SERVICES LIMITED PARTNERSHIP v. LITTLE, 2019 WL 2647690 (S.D.Tex.2019); CRUZ v. LOVELACE HEALTH SYSTEMS, INC., 2019 WL 4016281 (D.N.M.2019); KLEIN v. BAYER HEALTHCARE PHARMACEUTICALS INC., 2019 WL 3945652 (D.C.Nev.2019).

WHERE FORUM STATE ASSERTS SPECIFIC JURISDICTION OVER AN OUT OF STATE DEFENDANT WHO HAS NOT CONSENTED TO SUIT THERE, FAIR WARNING REQUIREMENT IS SATISFIED IF THE DEFENDANTS HAVE PURPOSELY DIRECTED THEIR ACTIVITIES AT THE RESIDENTS OF THE FORUM STATE OF OHIO WHICH BY WHAT IS ARGUED THEY DID, BUGER KING CORP. v. RUDZE

WEZ, 471 U.S. 462, 105 S.Ct. 2174(U.S.1985); KEETON v. HUSTLER MAGAZINE INC. SUPRA.; GOODYEAR DUNLAP TIRES OPERATIONS S.A. v. BROWN, 564 U.S. 783; CALDER v. JONES, 465 U.S. 783, 104 S.Ct. 1482 (U.S.1984); DAIMIER A.G. v. BAUMAN, 571 U.S. 117, 134 S.Ct. 746(U.S.2014).

A CONTROVERSY INVOLVING MULTIPLE STATES INVOKE FEDERAL COURTS ORIGINAL JURISDICTION TO DETERMINE IF THE LEGAL ISSUES OF RELIGIOUS PROPHESY THAT BEAR NEXUS TO THE U.S. MARSHAL NOTIFY, AND WHETHER THE (50) STATES CAN ARREST AND OR EXECUTE AND OR ATTACH THE INTANGIBLE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN IN THE FORM OF THE RIGHT TO LEGALLY MARRY, A "GRANT" THAT WAS GIVEN TO YOUR GLOBAL NATIONS WHICH TERMS ARE EGREGIOUSLY VIOLATED, ALSO ISSUES RELATED CHALLENGING THE CONSTITUTIONALITY OF THE PLRA AND AEDPA PROVISIONS REGARDING THE 1996 CLINTON BILL, ALSO DIRECTED AT THE CITIZENS OF THE STATE OF OHIO SEEKING TO CHALLENGE THEIR CONSTITUTIONALITY AND RENDER THEM VOID. PRIMA FACIE JURISDICTION IN THE STATE OF OHIO IS ESTABLISHED DEMONSTRATING THAT IT WOULD BE AN ABUSE OF DISCRETION TO TRANSFER THE HABEAS PETITION BACK TO THE STATE OF SOUTH CAROLINA, ESPECIALLY IN LIGHT OF THE FACT THAT THE INTERVENOR, JEREMIAH MACKEY JR., INTERVENES IN THIS PETITION TO PROTECT HIS ACQUIRED INTEREST AND IS A RESIDENT OF THE STATE OF OHIO, DELAWARE v. PENNSYLVANIA,--S.Ct.--, 2023 WL 2247231 (U.S.2023).

JEREMIAH MACKEY JR.
INTERVENOR

AUGUST 20, 2023

94-of-473

THE STATE OF SOUTH CAROLINA     )   IN THE COURT OF COMMON PLEAS

IN THE COUNTY OF RICHLAND     )   THE 5TH. JUDICIAL CIRCUIT

ET. AL.,     )   ET. AL.,

    )

LAWRENCE L. CRAWFORD AKA     )   CASE NO.(S) 2006-CP-400-3567,

JONAH GABRIEL JAHJAH T.     )   3568, 3569; 2013-CP-400-0084;

TISHBITE #300839     )   2013-CP-400-2294 ET. AL.,

ANTHONY COOK #115157,     )

    )

       PLAINTIFF(S)     )

    )

    )

    )

    )

    )

    )

Vs.     )

    )

    )

    )   **AFFIDAVIT OF SERVICE**

    )

    )

THE STATE OF SOUTH CAROLINA;     )

THE S.C. DEPT. OF CORRECTIONS;     )

THE UNITED STATES ET. AL.,     )

    )

    )

    )

    )

    )

    )

       DEFENDANT(S)     )

    )

    )

    )

WE, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE, ANTHONY COOK, DO HEREBY CERTIFY, THAT I HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; RENEWING THE MOTION TO RENEW THE MOTION TO VACATE THE ORDER OF CONTINUANCE FILED IN CASE(S) 2006-CP-400-3567, 3568, 3569; MOTION TO RENEW THE MOTION TO VACATE THE FINAL ORDERS ISSUED IN CASE(S) 2013-CP-400-0084, 2294 FOR FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION; MOTION TO CHALLENGE THE RICHLAND COMMON PLEAS COURT'S JURISDICTION TO ISSUE THE ORDERS IN QUESTION FOR DUE PROCESS VIOLATION; MOTION TO RENEW THE MOTION FOR DEFAULT AND JUDGMENT; MOTION FOR RECUSAL; NOTICE OF ADDING ADDITIONAL DEFENDANTS; NOTICE OF ADDITIONAL PUNITIVE DAMAGES; RENEWING THE MOTION FOR § 1407 TRANSFER; RENEWED PETITION TO REMOVE PURSUANT TO 28 U.S.C. §§ 2679, 1407, 1602-1612 ET. SEQ. AND MOTION TO MOTION THEREFOR, ON THE RICHLAND COUNTY COMMON PLEAS COURT AND ALL OTHER DEFENDANTS AND COURTS CAPTIONED WITHIN THIS DOCUMENT, WITH ITS ATTACHMENTS, BY U.S. MAIL POSTAGE PREPAID, BY DEPOSITING IT IN THE INSTITUTION MAILBOX ON AUGUST 2, 2023. IT IS DEEMED FILED THAT DATE BY PREEMPTION, HOUSTON v. LACK, 287 U.S. 266, 273-76, 108 S.Ct. 2379 (U.S.1988).

RESPECTFULLY,

JONAH THE TISHBITE

ANTHONY COOK

96-of-473
2-of-54

AUGUST 2, 2023

THE STATE OF SOUTH CAROLINA   )  IN THE COURT OF COMMON PLEAS
IN THE COUNTY OF RICHLAND     )  THE 5TH. JUDICIAL CIRCUIT
ET. AL.,                    )  ET. AL.,
                         )

LAWRENCE L. CRAWFORD AKA    )  CASE NO.(S) 2006-CP-400-3567,
JONAH GABRIEL JAHJAH T.     )  3568, 3569; 2013-CP-400-0084;
TISHBITE #300839           )  2013-CP-400-2294 ET. AL.,
ANTHONY COOK #115157,       )
                         )

         PLAINTIFF(S)    )  AFFIDAVIT OF FACTS GIVING
                         )  JUDICIAL NOTICE; RENEWING THE
                         )  MOTION TO RENEW THE MOTION TO
                         )  VACATE THE ORDER OF CONTINU-
                         )  ANCE FILED IN CASE(S) 2006-CP- 400
                         )  3567, 3568, 3569; MOTION TO
                         )  RENEW THE MOTION TO VACATE THE
                         )  FINAL ORDERS ISSUED IN CASE(S)
Vs.                       )  2013-CP-400-0084, 2294 FOR
                         )  FRAUD UPON THE COURT AND UN-
                         )  CONSTITUTIONAL ACTION; MOTION
                         )  TO CHALLENGE THE RICHLAND
                         )  COMMON PLEAS COURT'S JURIS-
THE STATE OF SOUTH CAROLINA; )  DICTION TO ISSUE THE ORDERS
THE S.C. DEPT. OF CORRECTIONS; )  IN QUESTION FOR DUE PROCESS
THE UNITED STATES ET. AL.,   )  PROCESS VIOLATION; MOTION
                       )  TO RENEW THE MOTION FOR
                       )  DEFAULT AND JUDGMENT; MOTION
                       )  FOR RECUSAL; NOTICE OF ADDING
                       )  ADDITIONAL DEFENDANTS; NOTICE
                       )  OF ADDITIONAL PUNITIVE DAMAGES
                       )  ; RENEWING THE MOTION FOR
        DEFENDANT(S)   )  § 1407 TRANSFER; RENEWED PETI-
                       )  TION TO REMOVE PURSUANT TO
                       )  28 U.S.C. § 1602⊖1612 ET. SEQ.
                       )  AND MOTION TO MOTION THEREFOR
                       )

IN RE: RENEWING ALL PREVIOUSLY FILED MOTIONS, PETITIONS ETC.,
ADDING ADDITIONAL DEFENDANTS THAT RELATE BACK TO THE ORIGINAL
COMPLAINT AND GIVING THE COURT(S) AND ALL PARTIES JUDICIAL NOTICE
OF ADDITIONAL PUNITIVE DAMAGES THAT ARE TO BE PLACED BEFORE THE
JURY AND OR TRUSTEE.


TO: THE RICHLAND COUNTY COURT OF COMMON PLEAS,
    THE KERSHAW COUNTY COURT OF GENERAL SESSIONS,
    THE S.C. U.S. DISTRICT COURT,
    THE OHIO U.S. DISTRICT COURT,
    THE MULTI-DISTRICT LITIGATION PANEL,
    THE S.C. ATTORNEY GENERAL,
    ATTORNEY DANIELLE DIXON (A.G. OFFICE),
    THE OHIO ATTORNEY GENERAL,
    S.C.D.C. DIRECTOR BRYAN STIRLING,
    S.C.D.C. GENERAL COUNSEL,
    WARDEN JACKSON,
    WARDEN TISDALE,
    WARDEN THOMPSON AND OR THOMAS,
    WARDEN COMMANDER,
    MAJOR SMITH,
    CAPTAIN GREGG,
    CAPTAIN HUNTER,
    CAPTAIN GREEN,
    THE HEAD OF SHAKEDOWN,
    LT. ROBINSON,
    LT. JUNE, MR. WRIGHT AND KEELY LEE KITCHEN SUPERVISORS,
    LT. WILLIAMS,
    SGT. McCRAE, SGT. COPELAND,
    THE MUSLIM CHAPLAIN AT S.C.D.C. HEADQUARTERS,
    CHAPLAINS AT LEE C.I.,
    A.D.A. COORDINATOR DAVID MARTINEZ,
    BRAYTON HILLIARD
    MEDICAL STAFF AT LEE C.I. JANES AND OR JOHNS DOE,



THE DIVISION DIRECTOR OF OPERATIONS ET. AL.,

THE PLAINTIFF(S) GIVE THE COURT(S) AND ALL PARTIES JUDICIAL NOTICE. ANY NAME CAPTIONED ABOVE THAT WAS NOT MENTIONED PREVIOUSLY IS NOW BEING ADDED AS DEFENDANTS WITHIN THE STATE AND OR FEDERAL CIVIL PROCEEDINGS RELATED TO THESE MATTERS WITH THE EXCEPTION OF WARDEN TISDALE, THE LEE C.I. CHAPLAINS AND MUSLIM CHAPLAIN AT S.C.D.C. HEADQUARTERS. THEIR NAMES RELATE BACK TO THE ORIGINAL COMPLAINT VIA THEIR INVOLVEMENT AND ACTIONS AS EMPLOYEES OF THE S.C. DEPT. OF CORRECTIONS WHERE DIRECTOR STIRLING, S.C.D.C. GENERAL COUNSEL, THE S.C. ATTORNEY GENERAL BEING FULLY AWARE OF THESE MATTERS WERE REQUIRED TO ISSUE NOTICE TO THESE RESPECTIVE EMPLOYEES TO PREVENT ANY INFRINGEMENT UPON THE CONSTITUTIONALLY PROTECTED RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE SOVEREIGN FIDUCIARY HEIR AND MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN ESTABLISHED BY THE DEFAULT EMERGING FROM CASES 2006-CP-400-3567, 3568, 3569, DIRECTLY IMPACTING AND FINAL JUDGMENT REGARDING CASES 2013-CP-0084, 2294, RIGHTS PROTECTED BY "CONTRACT", BY "COVENANT", ALSO PROTECTED BY THE FOREIGN SOVEREIGN IMMUNITY ACT, BY ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, BY STATE AND FEDERAL PROBATE LAW AND THE FREE EXERCISE CLAUSE OF THE 1st. AMENDMENT OF THE U.S. CONSTITUTION. THEIR NAMES RELATE BACK TO THE ORIGINAL COMPLAINTS, TO INCLUDE THOSE FILED UNDER CASES 2013-CP-400-0084, 2294 WHICH WILL BE FURTHER ELABORATED ON WITHIN THIS PLEADING. AMENDMENT THAT CHANGES THE PARTIES AGAINST WHOM A CLAIM IS ASSERTED, THOUGH THE PARTY S.C.D.C. REMAINS THE SAME, RELATED BACK TO THE DATE OF THE ORIGINAL PLEADING IF (1) THE CLAIMS IN THE AMENDMENT AROSE OUT OF THE SAME TRANSACTION THAT FORM THE BASIS OF THE CLAIM IN THE ORIGINAL COMPLAINT, ie. RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE FOREIGN SOVEREIGN FIDUCIARY HEIR AND MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN WHO RENOUNCED HIS AMERICAN CITIZENSHIP SINCE 2006 BEFORE ALL STATE AND FEDERAL COURTS ADOPTING ISRAELI CITIZENSHIP, (2) THE PARTY TO BE BROUGHT IN BY THE AMENDMENT RECEIVED NOTICE OF THE ACTION SUCH THAT IT WOULD NOT BE PREJUDICIAL IN MAINTAINING A

DEFENSE TO THE CLAIM (BY THIS DOCUMENT THEY ALL HAVE RECEIVED NOTICE AND ARE NOT PREJUDICE IN ASSERTING DEFENSE.); AND (3) IT IS KNOWN THAT THEY WOULD BE NAMED IF THEY ENGAGED IN THE PRACTICES THAT THEY WERE FOREWARNED OF AND THAT S.C.D.C. HAD A DUTY TO INFORM THOSE RESPECTIVE EMPLOYEES AND IT DOESN'T REQUIRE SUBSTITUTING AND OR DROPPING OF THE ORIGINAL PARTIES, GOODMAN v. PRAXIR, INC., 494 F.3d. 458, 68 Fed. R. SERV.3d. 850(4th.Cir.2007); WILKINS v. MONTGOMERY, 751 F.3d. 214 (4th.Cir.2014); KRUPSKI v. COSTA CROCIERE, 560 U.S. 538, 548, 130 S.Ct. 2485, 177 L.Ed.2d. 48 (U.S.2010).

HERE THE COURT AND PARTIES WILL FIND ATTACHED TO THE FACE OF THIS PLEADING FOR ALL PURPOSES THE FOLLOWING:

(1) A COPY OF EXHIBIT, "OHIO BRIEF". THIS DOCUMENT IS SUBMITTED TO FURTHER ESTABLISH RIGHTS UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT AND MULTI-DISTRICT LITIGATION PURSUANT TO ALSO ESTABLISHING RIGHTS OF § 1407 TRANSFER TO THE STATE OF NEW JERSEY, SPECIFICALLY, NEWARK DIVISION AND THE ELECTED AND APPOINTED TRUSTEE OF THE SOLE CORPORATION, JUDGE AUSTIN.

(2) EXHIBIT, "SOVEREIGN RIGHT INFRINGEMENT". THIS IS A COPY OF THE REQUEST TO STAFF MEMBER FORM THAT WAS SENT TO WARDEN JACKSON REGARDING MAJOR SMITH, LT. ROBINSON AND CONTRABAND OFFICER(S) COMING TO MY CELL TAKING CRATES OUT OF MY CELL USED TO PROTECT MY LEGAL BOXES FROM FLOOD DAMAGE WHERE BY THE DEFAULT RELIED UPON ANYWHERE YOU HOUSE ME IS TO BE GIVEN FOREIGN EMBASSY STATUS NOT SUBJECT TO SEARCH OR SEIZURE OF THAT WHICH IS CONTAINED THEREIN WITHOUT MY CONSENT WHICH NONE OF YOU HAVE OR HAD.

(3) EXHIBIT, "MEDICAL TREATMENT INTERFERENCE". THIS IS COPY OF THE REQUEST TO STAFF FORMS, 3, HIGHLIGHTING THE INTERFERENCE WITH PRESCRIBED MEDICAL TREATMENT IN THE FORM OF ALTERING WHAT IS TO BE PLACED ON MY HEART HEALTHY DIET SUCH AS PLACING UPON THAT DIET HIGH SALT CONTENT RED MEATS ON A

CONSISTENT AND REGULAR BASES.

(4) EXHIBIT, "MEDICAL TREATMENT DELAY". THIS IS A COPY OF TWO REQUEST TO STAFF FORMS THAT AID IN DEMONSTRATING THAT THE PLAINTIFF WAS DELAYED IN THE GIVING OF PRESCRIBED MEDICAL TREATMENT AS HIGHLIGHTED WITHIN THE ATTACHMENT FOR ABOUT OVER [5] YEARS WHEN IT COMES TO THE NON DENTAL ISSUES AND FOR MONTHS AS THEY RELATE TO THE DENTAL ISSUE, AND IS STILL BEING DELAYED THIS MUCH NEEDED MEDICAL TREATMENT UNTIL THIS VERY DATE THAT THIS DOCUMENT IS INITIATED. THE PLAINTIFF(S) WANTS DENTAL IMPLANTS PAID IN FULL COVERED BY THE COUNTY OF KERSHAW AND STATE OF SOUTH CAROLINA AT A PHYSICIAN OF HIS CHOICE TO INCLUDE KNEE TREATMENT FROM DOCTORS OF HIS CHOICE COVERED IN FULL BY KERSHAW COUNTY AND THE STATE OF SOUTH CAROLINA UNTIL THE DAY HE DIES. THIS INCLUDES PLASTIC SURGERY FOR MY HANDS DUE TO THE LIFE LONG DISABILITY CAUSE TO MY HANDS BY THE ILLEGAL FALSE IMPRISONMENT.

(5) EXHIBIT, "RELIGIOUS INFRINGEMENT # 1". THIS IS A COPY OF THE STAFF REQUEST SENT TO THE S.C.D.C. CHAPLAIN AND WARDEN JACKSON DEALING WITH THE NEED TO HAVE A PROPER PLACE TO PRAY WITHIN THE DORM THAT WAS NOT BEING USED FOR DRUG USAGE, DOPE SMOKING, WINE AND ALCOHOL DRINKING, GANG FIGHTS, INMATE COOKING, ACTS THAT ARE NOT CONDUCIVE TO RELIGIOUS OBSERVANCE AND THE ESTABLISHING OF THE MUSLIM 5 DAILY PRAYERS.

(6) EXHIBIT, "RELIGIOUS INFRINGEMENT # 3". THIS EXHIBIT CONTAINS [6] DOCUMENTS FROM VARIOUS S.C.D.C. EMPLOYEES, SGT. McCRAE, A DUPLICATE OF A DOCUMENT SENT TO WARDEN JACKSON, A RESPONSE FROM S.C.D.C. GENERAL COUNSEL DATED JUNE 12, 2023, A RESPONSE FROM "BRAYTON HILLIARD" DATED JUNE 13, 2023. IT IS FOR THIS CAUSE THAT ALL THE S.C.D.C. EMPLOYEES LISTED ARE NOW BEING ADDED AS DEFENDANTS WITH THE EXCEPTION OF WARDEN TISDALE, THE LEE C.I. CHAPLAINS AND THE MUSLIM CHAPLAIN AT S.C.D.C. HEADQUARTERS. THESE INDIVIDUALS ARE NOT DEFENDANTS. SERVICE OF THE PLEADING IS BEING SERVED ON THEM FOR THE SOLE PURPOSE OF GIVING THEM NOTICE OF PENDING ACTION REGARDING THESE MATTERS BEING PLACED BEFORE THE

COURT THAT THE PLAINTIFF(S) SEEK. THE PLAINTIFF(S) SEEK THAT THE COURT AND PARTIES TAKE NOTICE OF THE RESPONSE FROM S.C.D.C. GENERAL COUNSEL DATED JUNE 12, 2023 WHICH READS, "OUR OFFICE COMPLETED A SEARCH IN POLICY FOR "SHIRT", THE ONLY RELEVANT POLICY WAS SCDC POLICY OP-22.13, "INMATE GROOMING STANDARDS", WHICH STATES SHIRTS MUST BE TUCKED IN. THERE WAS NO MENTION OF SHIRTS IN SCDC POLICY PS-10.05 "INMATE RELIGION", NOR WAS THERE A RESULT FOR "CAMISA" (ISLAMIC WORD FOR SHIRT)."

THIS IS AN UNTENABLE POSITION AND RESPONSE TO MAKE BECAUSE AS FAR AS THE PLAINTIFF(S) CAN TELL. THERE WAS NOTHING IN S.C.D.C. POLICY ABOUT FAMILIES BEING PERMITTED TO ATTEND THE EID FEAST, WHICH OCCURRED IN THE PAST. THERE WAS NOTHING IN S.C.D.C. POLICY IN THE PAST THAT PERMITTED MUSLIMS TO WEAR OR GROW THEIR BEARDS OR KUFIS UNTIL SITUATIONS SUCH AS THIS WHERE INMATES TOOK STEPS TO ESTABLISH THOSE NOW ACCEPTED RIGHTS AS THEY PERTAIN TO MATTERS SUCH AS GROWING BEARDS PURSUANT TO RELIGIOUS OBSERVANCE. THE PLAINTIFF(S) IS TAKING THE STEPS TO BRING THIS TO YOUR ATTENTION FOR THE FIRST TIME NOW TO SEEK THE REQUIRED POLICY CHANGE DUE TO THIS SUBSTANTIAL BURDENING OF MY CONSTITUTIONALLY PROTECTED RIGHTS OF RELIGIOUS OBSERVANCE.

THE S.C.D.C. GENERAL COUNSEL RESPONSE IN QUESTION FURTHER STATES, "PER SECTION 2.1 OF OP-22.13: INMATE UNIFORMS MUST FIT PROPERLY AND MUST BE NEAT AND CLEAN AT ALL TIMES. INMATES MUST WEAR THEIR SHIRTS TUCKED IN, [NOW WATCH THIS LANGUAGE] (UNLESS PREGNANT, WORKING IN FOOD SERVICE, OR AUTHORIZED BY THE WARDEN AND APPROVED BY THE DIVISION DIRECTOR OF OPERATIONS/DESIGNEE)....".

WHEN IT PERTAINS TO STATE AND OR FEDERAL STATUTES OR STATE ADMINISTRATIVE POLICIES, THE "PLAIN MEANING" OR "ORDINARY MEANING" RULE APPLIES. IN INTERPRETING REGULATIONS OR ADMINISTRATIVE POLICIES, THE COURT WOULD SEEK TO ASCERTAIN THE INTENT OF THE POLICY AND OR REGULATION GIVING EFFECT TO THE USUAL MEANING OF THE LANGUAGE SO AS TO EFFECTUATE THE PURPOSE OF THE

POLICY AND AVOID ANY INTERPRETATION THAT RENDERS ANY LANGUAGE MERE SURPLUSAGE. THE PLAIN MEANING RULE GOVERNS THE POLICY AND ONLY GIVES WAY TO INTERPRETATION IF THE LANGUAGE IS AMBIGUOUS, WHICH THE LANGUAGE IS NOT. IT IS CLEAR, TAYLOR v. COX COMMUNICATIONS CALIFORNIA, LLC., 283 F.Supp.3d. 881(C.D.Cali.2017); SARMIENTO v. FRESH HARVEST, INC.,--F.Supp.3d.--, 2021 WL 5632578 (N.D.Cali.2021); KISOR v. WILKIE, 139 S.Ct. 2400, 204 L.Ed.2d. 841(U.S.2019); CHRISTOPHER v. SMITHKLINE BEECHAM CORP., 567 U.S. 142, 132 S.Ct. 2156, 183 L.Ed.2d. 153 (U.S.2012); ROMERO v. BARR, 937 F.3d. 282(4th.Cir.2019); MARSHALL v. DODDS, 417 S.C. 196, 789 S.E.2d. 88 (S.C.App.2016); ODOM v. TOWN OF McBEE ELECTION COMMISSION, 427 S.C. 305, 831 S.E.2d. 429(S.C.App.2019).

AGAIN, I QUOTE, "(UNLESS PREGNANT, WORKING IN FOOD SERVICE, OR AUTHORIZED BY THE WARDEN AND APPROVED BY THE DIVISION DIRECTOR OF OPERATIONS/DESIGNEE)". THIS IS THE LYNCH PIN LANGUAGE OF CONCERN. THIS IS INDISPUTABLY CLEAR, PLAIN LANGUAGE THAT DEMONSTRATE THAT THE REQUIREMENT OF WEARING SHIRTS TUCKED IN PANTS IS NOT ABSOLUTE. IT DEMONSTRATE BY THE POLICY'S PLAIN LANGUAGE THAT IF A LEGITIMATE AND JUSTIFIABLE REASON EXIST, THE WARDENS OF S.C.D.C. CAN AUTHORIZE A CHANGE AND SEEK APPROVAL FOR SUCH A CHANGE BY THE DIVISION DIRECTOR OF OPERATIONS/DESIGNEE. ONCE THE PLAINTIFF ASSERTED A RELIGIOUS RIGHT, THE WARDEN AND THE S.C. DEPT. OF CORRECTIONS BY THEIR FIDUCIARY DUTY AND OATH TO UPHOLD BOTH THE STATE AND FEDERAL CONSTITUTIONS HAD A SUBSTANTIAL OBLIGATION BY STATE AND FEDERAL LAW TO ALLOW AND ACCEPT THE CHANGE AND TAKE ACTIONS TO ESTABLISH THE CHANGE DUE TO RELIGIOUS RIGHTS OF OBSERVANCE PROTECTED BY THE CONSTITUTION. THE LANGUAGE IN THE POLICY AND MANDATES OF THE UNITED STATES CONSTITUTION ARE CLEAR AND UNAMBIGUOUS VIA THE 1st. AMENDMENT. THE POLICY BY THE VERY LANGUAGE CONTAINED THEREIN GIVES AN ALTERNATIVE IN THAT THE WARDENS ARE AUTHORIZED TO SEEK THE CHANGE, THAT THERE IS NO REAL COMPELLING PENALOGICAL INTEREST THAT DEMONSTRATE THEIR ACTION IS THE LEAST RESTRICTIVE WHEN IT COMES TO THIS RELIGIOUS OBSERVANCE

NOR IS IT NECESSARY IN MAINTAINING ORDERLY ADMINISTRATION OF PRISON OPERATIONS AND THEREFORE VIOLATE (RLUIPA) AND THE 1st. AMENDMENT FREE EXERCISE CLAUSE IN THEIR RELIGIOUS INTOLERANCE AND ANIMUS TOWARDS ISLAMIC TEACHINGS, BROUSSARD v. DAVIS, 2016 WL 7192418, * 1+, S.D.Tex.; ASHCROFT v. AM. CIVIL LIBERTIES UNION, 542 U.S. 656, 666, 124 S.Ct. 2783, 159 L.Ed.2d. 690 (2004); MASTERPIECE CAKESHOP. LTD. v. COLORADO CIVIL RIGHTS COMM'N., 138 S.Ct. 1719, 201 L.Ed.2d. 35(U.S.2018); NEW HOPE FAMILY SERVICES, INC. v. POOLE, 966 F.3d. 145 (2nd.Cir.2020); TELESCOPE MEDIA GROUP v. LUCERO, 936 F.3d. 740 (8th.Cir.2019); CHELSEY NELSON PHOTOGRAPHY LLC. v. LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, --F.Supp.3d.--, 2020 WL 4745771 (W.D.Ky.2020). THIS MAKES WARDEN JACKSON, THE DIVISION DIRECTOR OF OPERATIONS, DIRECTOR STIRLING LIABLE. ALL OF YOU HAVE THE ABILITY TO ACT AND CORRECT THE CONSTITUTIONAL RELIGIOUS INFRINGEMENT BUT IN INDIFFERENCE AND RELIGIOUS HATRED YOU REFUSE TO ACT WITH AN INTENSE HATRED OF ISLAM OR ISLAMIC OBSERVANCE AT THE LEE INSTITUTION WHICH IS TANTAMOUNT TO RELIGIOUS HATE CRIMES ALSO VIOLATING PROVISIONS OF 42 U.S.C. § 1986, ISLAMIC SOCIETY OF BASKINGRIDGE v. TOWNSHIP OF BERNRICKY,--F.Supp.3d.--, 2016 WL 7496661 (N.J.2016); UNITED STATES v. ROOF,--F.Supp.3d.--, 2016 WL 8118564(DSC.2016).


NOW I WANT YOU TO LOOK AT THE RESPONSE THAT S.C.D.C. GENERAL COUNSEL GAVE, THAT WAS AN APPROPRIATE RESPONSE, AND NOW LOOK AT THE RESPONSE THAT CAME FROM DIRECTOR STIRLING'S OFFICE BY "BRAYTON HILLIARD" WHICH READ, "MR. CRAWFORD. YOU MUST FOLLOW GROOMING POLICY. **YOUR RELIGION DOES NOT RESTRICT YOU FROM TUCKING YOUR SHIRT IN YOUR PANTS AS ANY OTHER INMATE. THANK YOU"** QUESTIONS: (1) IS THIS MAN A MUSLIM? (2) IS THE MAN A MUSLIM SCHOLAR? (3) IS THIS MAN A MUSLIM CLERIC OR IMAM? (4) BY HIS JOB DESCRIPTION, DO S.C.D.C. POLICY AUTHORIZE HIM TO RENDER VOID OR OVERRULE THE TEACHINGS OF QUR'AN AND SUNNAH? WELL BY THIS STATEMENT, THE MAN MADE A RELIGIOUS EDICT. IT IS NOT WITHIN HIS JOB DESCRIPTION TO MAKE RELIGIOUS RULINGS, ASSESSMENTS, OR EDICTS VIOLATING THE ESTABLISHMENT CLAUSE OF THE U.S. CONSTITUTION

STRIPPING HIM OF ANY ALLEGED IMMUNITY. THIS IS NOT A PART OF HIS DISCRETIONARY DUTY AS AN EMPLOYEE OF S.C.D.C.. YOU SEE HOW GENERAL COUNSEL ANSWERED? THAT IS HOW THIS MAN SHOULD HAVE REPLIED, NOT MAKING RELIGIOUS EDICTS OR ASSESSMENTS THAT HE HAS NO KNOWLEDGE, POWER, AUTHORITY TO DO. CONGRESS NOR THE STATE OF SOUTH CAROLINA NOR THE S.C. DEPT. OF CORRECTIONS SHALL MAKE NO LAW OR ASSESSMENTS IN THIS REGARD RESPECTING AN ESTABLISHMENT OF RELIGION, OR PROHIBITING THE FREE EXERCISE THEREOF; OR ABRIDGING THE FREEDOM OF SPEECH, OR OF THE PRESS, OR THE RIGHTS OF THE PEOPLE TO ASSEMBLE, AND TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES. BY THIS MAN'S STATEMENT HE VIOLATED THESE RELEVANT PROVISIONS OF LAW, STRIPPING HIM OF IMMUNITY MAKING HIM LIABLE AND OPEN TO LEGAL ACTION. HIS NAME RELATES BACK TO THE ORIGINAL COMPLAINT BY THIS "CLOWN" RESPONSE, UNITED STATES v. BARTOW,--F.3d.--, 2021 WL 1877821 (4th.Cir.2021).

THE ISLAMIC TEACHING THAT SUPPORTS THE CLAIM OF THE WEARING OF THE SHIRT TO THE MIDDLE OF THE THIGHS AS THE SHORTEST LENGTH IS FOUND WITHIN THE 6 MAJOR COMPILATIONS OF ISLAMIC HADITH IN SUNA IBN MAJAH, VOLUME NO. 5, THE BOOK OF CLOTHING. WITHIN OTHER ISLAMIC COMPILATIONS IT REPEATEDLY TEACHES MUSLIMS THAT THEIR GARMENTS CANNOT BE WORN BELOW THE ANKLES. THUS, THE PROPER INSTRUCTED LENGTH THAT MUSLIMS ARE INSTRUCTED AND REQUIRED BY "SUNNAH" TO WEAR THEIR SHIRTS FOR RELIGIOUS OBSERVANCE IS OUTSIDE THE PANTS TO THE MIDDLE OF THE THIGHS AS THE SHORTEST LENGTH, TO JUST ABOVE THE ANKLES AS THE LONGEST LENGTH. SO MR. HILLIARD FROM DIRECTOR STIRLING'S OFFICE, IS SAYING THAT HE IS A PROPHET, ACTING AS A PROPHET OF ALLAH, ABOVE THE PROPHET MUHAMMAD (PBUH), AND CAN OVERRULE QUR'AN AND SUNNAH OF ALLAH AND THE PROPHET MUHAMMAD (PBUH), STRIPPING HIM OF IMMUNITY. ISLAM TEACHES, "AMONG THE REQUIREMENTS OF BELIEVING IN ALLAH, THE EXALTED, AND WORSHIPPING HIM IS SUBMITTING TO HIS JUDGMENTS, AND CONTENTMENT WITH HIS LAWS, AND THE REFERRAL TO HIS BOOK AND THE MESSENGER (PBUH) IN DISPUTES WITH REGARD TO STATEMENTS, FUNDAMENTALS, LITIGATIONS, BLOOD, PROPERTIES, AND THE REST OF RIGHTS. FOR ALLAH

IS THE ULTIMATE JUDGE AND JUDGMENT ULTIMATELY PERTAINS TO HIM. IT
IS INCUMBENT UPON THE RULERS TO RULE BY WHAT ALLAH REVEALS, AND
IT IS INCUMBENT UPON HIS SUBJECTS TO SEEK JUDGEMENT FROM THE BOOK
OF ALLAH AND THE SUNNAH OF HIS MESSENGER", SO WHERE DOES THIS
CLOWN GET OFF MAKING A RELIGIOUS EDICT THAT GOES AGAINST QUR'AN
AND SUNNAH OF THE PROPHET MUHAMMAD (PBUH) BEING INDIFFERENT TO
THAT WHICH IS TAUGHT WITHIN ISLAM? SEE THE BOOK OF TAWHEED BY SH.
SALEH AL-FOZAN. THE LOSS OF 1st. AMENDMENT FREEDOMS, FOR EVEN
MINIMAL PERIODS OF TIME, UNQUESTIONABLY CONSTITUTES IRREPARABLE
INJURY, AS FACTOR FAVORING INJUNCTIVE RELIEF. SIMPLY BECAUSE A
PERSON IS INCARCERATED, THE CONSTITUTION CANNOT BE PUT AWAY AND
FORGOTTEN ESTABLISHING INJUNCTIVE RELIEF, ROMAN CATHOLIC DIOCESE
OF BROOKLYN v. CUOMO, 141 S.Ct. 63, 208 L.Ed.2d. 206 (U.S.2020);
AMERICAN COLLEGE OF OBSTETRICIANS... v. UNITED STATES FOOD AND
DRUG ADM., 506 F.Supp.3d. 328 (D.Md.2020); CAT'S MEOW OF VEGAS,
LLC. v. NEVADA, 2021 WL 535055 (D.Nev.2021).

CONGRESS ENACTED RLUIPA AND ITS SISTER STATUTE, RFRA, IN
ORDER TO PROVIDE VERY BROAD PROTECTION FOR RELIGIOUS LIBERTY,
RELIGIOUS FREEDOM RESTORATION ACT OF 1993, § 2 ET. SEQ.; 42
U.S.C.A. § 2000bb ET. SEQ.; RELIGIOUS LAND USE AND
INSTITUTIONALIZED PERSON ACT OF 2000, § 2 ET. SEQ.; 42 U.S.C.A. §
2000cc ET. SEQ.; HOLT v. HOBBS, 574 U.S. 3521, 135 S.Ct. 853, 190
L.Ed.2d. 747(U.S.2015). THE RELIGIOUS PRACTICE ·IS GROUNDED IN
SINCERELY HELD RELIGIOUS BELIEFS, (2) S.C.D.C.'S PROHIBITION OF
THIS RELIGIOUS PRACTICE SUBSTANTIALLY BURDENS MY EXERCISE OF IT
WHERE YOUR RESTRICTION FORCES THE PLAINTIFF(S) TO ENGAGE IN
CONDUCT THAT SERIOUSLY VIOLATES RELIGIOUS BELIEFS, THOMPSON v.
MISSISSIPPI DEPT. OF CORR., F.Supp., 2017 WL 3584919
(N.D.Miss.2017). THE FACT THAT YOU HAVE AN ALTERNATIVE THAT IS
LEAST RESTRICTIVE ENSHRINED IN THE VERY LANGUAGE OF THE POLICY
DEMONSTRATES YOUR RELIGIOUS INDIFFERENCE AND INTOLERANCE FOR
ISLAMIC TEACHINGS. THE LEAST RESTRICTIVE MEANS TEST UNDER RLUIPA
IS EXCEPTIONALLY DEMANDING, AND IT REQUIRES THE GOVERNMENT TO
SHOW THAT IT LACKS OTHER MEANS OF ACHIEVING ITS DESIRED GOALS
WITHOUT IMPOSING A SUBSTANTIAL BURDEN ON THE EXERCISE OF RELIGION

BY THE OBJECTING PARTY, UNITED STATES v. COME, 842 F.3d. 348, 351+. 5TH.Cir.(LA.). A CHALLENGED POLICY CANNOT STAND UNDER (RLUIPA) IF AVAILABLE, EFFECTIVE ALTERNATIVES ARE LESS RESTRICTIVE OF AN INMATE'S RELIGIOUS EXERCISE. YOU HAVE ALTERNATIVE ENSHRINED IN THE VERY LANGUAGE OF THE POLICY ITSELF. AT THE WARDENS OF S.C.D.C. DISCRETION RUBBER STAMPED BY THE DIRECTOR OF OPERATIONS YOU CAN ACT IN ACCORDANCE WITH THIS CONSTITUTIONALLY PROTECTED RELIGIOUS RIGHT, STRONG v. LIVINGSTON, 2017 WL 1102861, * 1+ S.D.Tex..

ISLAM DOES NOT PROVIDE FOR AN ALTERNATIVE TO ANY MATTER THAT WAS DECIDED BY ALLAH (SAW) OR THE PROPHET MUHAMMAD (PBUH) UNLESS THE PROPHET HIMSELF MADE THE CHANGE OR PERMITTED OR RESTRICTED THE MATTER WHICH BY YOUR ACTIONS YOU HAVE VIOLATED MY RELIGIOUS BELIEFS. THE RIGHT TO EXERCISE RELIGIOUS PRACTICES AND BELIEFS DO NOT TERMINATE AT THE PRISON DOORS. THE FREE EXERCISE CLAUSE OF THE 1st. AMENDMENT IS "NOT LIMITED TO BELIEFS WHICH ARE SHARED BY ALL OF THE MEMBERS OF A RELIGIOUS SECT". A SUBSTANTIAL RELIGIOUS BURDEN....PLACE(S) MORE THAN AN INCONVENIENCE ON RELIGIOUS EXERCISE; IT MUST HAVE A TENDENCY TO COERCE INDIVIDUALS INTO ACTING CONTRARY TO THEIR RELIGIOUS BELIEFS, FOR EXAMPLE, FORCING ME TO TUCK MY SHIRT IN MY PANTS WHEN MY RELIGION REQUIRES ME TO WEAR IT OUTSIDE MY PANTS TO THE MIDDLE OF MY THIGHS AS THE MOST MINIMUM LENGTH, ABOVE THE ANKLES AS THE MAXIMUM LENGTH, OR EXERT SUBSTANTIAL PRESSURE ON AN ADHERENT TO MODIFY HIS BEHAVIOR IN A CONTRARY MANNER THAN THE RELIGIOUS REQUIREMENT ESTABLISH, MASTERPIECE CAKESHOP LTD. v. COLORADO CIVIL RIGHTS COMM'N, 2018 WL 2465172, 18 Cal. DAILY OP. SERV. 5293(U.S.2018). THE NAMES OF WARDEN JACKSON, WARDEN THOMPSON, WARDEN COMMANDER, MAJOR SMITH, CAPTAIN GREGG, Lt. ROBINSON, Lt. JUNE, Lt. WILLIAMS, SGT. McCRAE, BRAYTON HILLIARD, THE HEAD OF SHAKEDOWN, BEING SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, RELATE BACK TO THE ORIGINAL COMPLAINT.

(7) EXHIBIT, "EXHIBIT RELIGIOUS INFRINGEMENT #4". I HAVE

ASKED S.C.D.C. REPEATEDLY SINCE THEY FIRST INITIATED THE KIOSK SYSTEM TO ISSUE A STATEWIDE MEMO REGARDING THIS MATTER TO ALL INSTITUTIONS AND EMPLOYEES THAT I AM EXEMPT FROM BEING REQUIRED TO USE THE KIOSK BUT UNTIL THIS DAY THEY HAVE FAILED IN DOING SO. BY THEIR ACTIONS AND MACHINATIONS S.C.D.C. HAS MADE THE SEEKING INFORMAL RESOLUTION AND EXHAUSTION OF STATE ADMINISTRATIVE REMEDIES UTTERLY CONFUSING ESTABLISHING THAT THERE ARE NO AVAILABLE EXHAUSTION PROCESS AT ALL. IT IS AS IF THEY ARE TREATING THIS MATTER LIKE A "PETER AND PAUL MOUNDS AND ALMOND JOY CANDY BAR". "SOMETIMES THEY FEEL LIKE A NUT, AND SOMETIMES THEY DON'T", SUBSTANTIALLY BURDENING THE FREE EXERCISE OF MY CONSTITUTIONALLY PROTECTED RIGHTS. THE PLAINTIFF(S) SEE THESE SYSTEMS AS "MARK OF THE BEAST SYSTEMS" FORETOLD BY THE 3 MAINSTREAM MONOTHEISTIC RELIGIONS PROPHESIES. UNTIL THIS VERY DAY YOU'VE FAILED TO ISSUE A STATEWIDE MEMO TO RECTIFY THIS MATTER ESTABLISHING PROTECTIONS UNDER ROSS v. BLAKE, 136 S.Ct. 1850 (U.S.2016) MAKING EXHAUSTION SO CONFUSING THAT IT IS NO LONGER REQUIRED THAT I ADDRESS THESE MATTERS THROUGH YOU WHERE BY YOUR ACTIONS THERE ARE NO AVAILABLE ADMINISTRATIVE REMEDIES.

(8) EXHIBIT, "INMATE CORRESPONDENCE". THIS DOCUMENT ESTABLISH MY DESIRE TO BE IN DIRECT CORRESPONDENCE WITH THE INMATES LISTED. YOU HAVE FRAUD GOING ON WITHIN THE COURT DUE TO THE VERY NATURE OF WHO THE PLAINTIFF(S) CLAIM TO BE THAT IS NOW LEGALLY ESTABLISHED BY THE DEFAULT TO WHICH THE UNITED STATES GOVERNMENT IS PARTY WHICH WILL BE FURTHER ELABORATED ON. AS LONG AS THEIR IS A MOTION TO INTERVENE IN THESE PARTIES CASES FILED BY ME WAITING TO BE ADJUDICATED CRAWFORD SHOULD HAVE NEVER BEEN PREVENTED DIRECT CORRESPONDENCE WITH THESE INMATES. IT'S TIME TO SEEK ADDITIONAL PUNITIVE DAMAGES FOR YOUR CONTINUOUS, EGREGIOUS VIOLATIONS OF MY RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES AS THE SOVEREIGN FIDUCIARY HEIR, KING, AND HIGH PRIEST OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN ESTABLISHED BY RELIGIOUS PROPHESY PROTECTED BY "CONTRACT", BY "COVENANT" UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, BY STATE AND FEDERAL PROBATE LAW, THE LAW OF TRUSTS, AND THE 1st. AMENDMENT FREE EXERCISE CLAUSE OF

THE U.S. CONSTITUTION.

INASMUCH, THE PLAINTIFF(S) ARE QUITE AWARE THAT THERE ARE NO PUNITIVE DAMAGES AWARDED UNDER THE SOUTH CAROLINA TORT CLAIM ACT. IT IS FOR THIS REASON, AMONG OTHERS, THAT CASES 2006-CP-400-3567, 3568, 3569; 2013-CP-400-0084, 2294 ARE PETITIONED REMOVED TO THE FEDERAL DISTRICT COURTS INVOLVED PURSUANT TO 28 U.S.C. §§ 2679, 1407, 1602-1612 ET. SEQ. TO ESTABLISH ALSO PENDENT JURISDICTION, THE FEDERAL COURTS' ORIGINAL JURISDICTION AND PURSUANT TO MULTI-DISTRICT LITIGATION RULES TO ESTABLISH THESE PUNITIVE DAMAGES SOUGHT FOR WHICH THERE IS **"NO CAP"** FOR PUNITIVE DAMAGES SOUGHT UNDER THE PROVISIONS OF § 1983 WHERE THE SEEKING OF THESE PUNITIVE DAMAGES ARE SOUGHT TO BE PLACED BEFORE THE JURY BY OUR CONSTITUTIONAL DUE PROCESS RIGHTS UNDER THE 7TH. AMENDMENT OF THE U.S. CONSTITUTION, CURTIS v. LOETHER, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260(U.S.1974); PENNSYLVANIA NAT. MUT. CAS. INS. CO. v. TANNER, 2013 WL 140425 (DSC.2013); 28 U.S.C.A. § 2679 AND 1346(b)(1); CAPITAL TRANS INTERN, LLC. v. INTERNATIONAL PETROLEUM INV. CO., F.Supp.2d., 2013 WL 557236(Fla.2013); DeSANCHEZ v. BANCO CENTRAL De NICARAGUA, 770 F.2d. 1385, 54 U.S.L.W. 2230 (5th.Cir.1985); ROSESABAGINA v. REPUBLIC OF RWANDA,--F.Supp.3d.--, 2023 WL 355951 (D.D.C.2023); IN RE: CHINESE LIABILITY LITIGATION, 2015 WL 13387769 (E.D.La.2015); BROOKLYN DOWNTOWN, LLC. v. NEW YORK HOTEL AND MOTELS TRADES, F.supp.3d., 2015 WL 779441. THE F.S.I.A. CONTEMPLATES LATE REMOVAL BY THE FOREIGN SOVEREIGN FOR GOOD CAUSE SHOWN. THE SEEKING OF PUNITIVE DAMAGES IS GOOD CAUSE SHOWN.

THE FEDERAL DISTRICT COURT OF SOUTH CAROLINA UNDER THE CASE OF WISE v. SOUTH CAROLINA, F.Supp.3d., 2010 WL 3603619 (DSC.2010) DETERMINED THAT IN ORDER FOR PUNITIVE DAMAGES TO BE AWARDED TO A PRISONER UNDER THESE CIRCUMSTANCES, THERE MUST BE AN ORDER THAT VACATES THE PLAINTIFF(S) CONVICTION. THE PLAINTIFF(S) CASES CARVES AN EXCEPTION TO SUCH A RULING DUE TO THERE BEING SUBSTANTIAL DUE PROCESS AND JURISDICTIONAL FACTS THAT DO NOT

EXIST WITHIN THE <u>WISE</u> CASE REFERRED TO, THAT PERSPICUOUSLY EXIST IN THE PLAINTIFF(S) CASE(S) PLACED BEFORE THE COURTS INVOLVED, DEMONSTRATING THAT MAKING USE OF THE <u>WISE</u> CASE RULING IN THE PLAINTIFF(S) CASE(S) WOULD BE MISPLACED AND AN ABUSE OF JUDICIAL DISCRETION FOR THE FOLLOWING REASONS. (1) THERE IS NOTHING WITHIN THE <u>WISE</u> CASE WHERE THAT PLAINTIFF RELIED UPON A "TWO TIER DEFAULT", ONE BASED UPON A PROCEDURAL PROCESSING RULE SUPPORTED BY 4TH. CIRCUIT AND U.S. SUPREME COURT JUDICIAL RULINGS THAT IS "JURISDICTIONAL" IN NATURE, THAT CANNOT BE WAIVED AND OR FORFEITED, THAT IS "MANDATORY", PRODUCING UNCONSTITUTIONAL ACTION BY FAILURE TO ADHERE TO IT AND VIOLATIONS OF THE SEPARATION OF POWERS CLAUSE, (2) THERE IS NOTHING WITHIN THE <u>WISE</u> CASE THAT AUTOMATICALLY "TRIGGERED A FINAL JUDGMENT" MAKING THE ILLEGAL UNCONSTITUTIONAL ORDER OF CONTINUANCE FILED IN THE CASE A FINAL ORDER FOR JUDICIAL PURPOSES, DEMONSTRATING THAT THERE IS INDEED A FINAL ORDER IN OUR CASE, AND (3) THERE IS NOTHING WITHIN THE <u>WISE</u> CASE THAT DEMONSTRATE THAT THAT PARTICULAR PLAINTIFF WAS ENTITLED TO RIGHTS OF PARTY AND OR NON PARTY RES JUDICATA AND OR COLLATERAL ESTOPPEL AS THE PLAINTIFF(S) ARE ENTITLED TO WITHIN OUR CASES EMERGING FROM BOTH CASES <u>WHITE OAK MANOR, INC. v.</u> <u>LEXINGTON INS. CO.</u>, 407 S.C. 1, 753 S.E.2d. 537 (S.C.App.2014) WHICH WAS CONFIRMED BY EVEN RECENT HIGHER STATE COURT RULING UNDER <u>AEP2, LLC. v. BMW OF NORTH CAROLINA, LLC.</u>, 2021 WL 4305231 (S.C.App.2021). ALSO SEE <u>BEST</u>, 2015 WL 5124463 (E.D.N.Y.2013); <u>WORKMAN</u>, 2015 WL 300435 (N.Y.2015); <u>WADE v. HOUSEHOLD FINANCE</u> <u>CORPORATION III</u>, 2019 WL 433741 (W.D.Tex.2019); <u>PRESSLEY v.</u> <u>McMASTER</u>, 2016 WL 1106601 (DSC.2016); <u>ARATA v. VILLAGE WEST</u> <u>OWNERS ASS'N INC.</u>, 2011 WL 11735004 * 2+ (S.C.App.2011).

WITH THIS LEGAL FOUNDATION BEING LAID, THE MINUTE JUDGE NEWMAN, CONSPIRING UNDER COLOR OF STATE LAW IN EGREGIOUS ACTS OF FRAUD UPON THE COURT, ACTING AS LEGAL COUNSEL FOR THE STATE OF SOUTH CAROLINA AND THE S.C. DEPT. OF CORRECTIONS TO AID THEM TO AVOID THE DEFAULT AND PLACED AN ORDER OF CONTINUANCE IN CASES 2006-CP-400-3567, 3568, 3569 IN NOVEMBER 2020, VIOLATING THE

SEPARATION OF POWERS CLAUSE WHEN THE STATE OF SOUTH CAROLINA AND THE S.C. DEPT. OF CORRECTIONS HAD NO JUSTIFIABLE REASON FOR THEIR FAILURE TO APPEAR OTHER THAN STATING THAT THEY COULD NOT FIND THE CASE FILE, ACKNOWLEDGING ON THE COURT RECORD THEY HAD CLEAR KNOWLEDGE OF THE HEARING, BEING GIVEN FULL NOTICE OF THE SCHEDULED NOVEMBER 2020 HEARING BEFORE THE RICHLAND COUNTY COURT OF COMMON PLEAS, AN ILLEGITIMATE EXCUSE THAT THEY GAVE EVEN BEFORE THE S.C. SUPREME COURT UNDER CASES 2020-001615 AND 2020-000974, TRIGGERING RIGHTS OF RES JUDICATA AND OR COLLATERAL ESTOPPEL, JURISDICTIONAL, THAT EMERGES FROM THE WHITE OAK MANOR AND AED2 CASES, VOIDING THE RICHLAND COUNTY COURT OF COMMON PLEAS JURISDICTION UNDER THE CONSTITUTIONAL ELEMENT TO SUBJECT MATTER JURISDICTION WHICH ALSO VOIDS THE CONVICTION(S) ATTACHED MAKING THE ORDER OF CONTINUANCE A FINAL ORDER DUE TO IT TRIGGERING A JUDGMENT PURSUANT TO TORRENCE v. S.C. DEPT. OF CORRECTIONS,--S.E.2d.--, 2021 WL 1114310 (S.C.App.2021) AND HALL v. HALL, 138 S.Ct. 1118 (U.S.2018)?

THE LAW IS CLEAR ON THIS ISSUE. "WHEN AN OPINION OR JUDICIAL DETERMINATION, AS THE ONE IN THE PLAINTIFF(S) CASE(S), IS IN CONFLICT ON AN GIVEN ISSUE, IN THIS CASE AS TO WHAT ESTABLISHED DEFAULT, THE EARLIEST OPINION, THE WHITE OAK MANOR OPINION AND OR JUDICIAL DETERMINATION CONTROLS, DEMONSTRATING THAT THERE IS INDEED A FINAL ORDER IN THE PLAINTIFF(S) CASE(S) RELIED UPON, UNLESS THE PRIOR OPINION HAS BEEN OVERRULED BY AN INTERVENING OPINION FROM HIGHER COURT SITTING EN BANC OR THE U.S. SUPREME COURT, McMELLON v. UNITED STATES, 387 F.3d. 329 (4th.Cir.2004); WILLIAMS v. BERMUDA RUN INVESTOR DEVELOPMENT GROUP, INC. 2006 WL 7286063 (S.C.App.2006); MERCER OUTDOORS ADVERTISING, LLC. v. CITY OF HERMITAGE, P.A., F.Supp.2d., 2013 WL 6498266 (W.D.Pa.2013); SALMONSEN v. C.G.D., INC., 377 S.C. 442, 661 S.E.2d. 81 (S.C.App.2008); ENOREE BAPTIST CHURCH v. FLETCHER, 287 S.C. 602, 340 S.E.2d. 547 (S.C.App.1986); PATRICK v. BRYAN, S.E.Rptr., 2023 WL 234559 (S.C.App.2023); REE v. DOE, S.E. Rptr., 2021 WL 2577035 (S.C.App.2021). A JUDGE MAY NOT OVERRULE ANOTHER JUDGE OF THE SAME CIRCUIT WHICH IS ESSENTIALLY WHAT JUDGE NEWMAN

DID IN FRAUD TO PROTECT THE STATE OF SOUTH CAROLINA, THE COUNTY OF KERSHAW AND S.C.D.C. FROM DEFAULT, <u>IN INTEREST OF ROBERT T.</u>, S.E. Rptr., 2018 WL 1108733 (S.C.App.2018); <u>BINKLEY v. BURRY</u>, 352 S.C. 286, 573 S.E.2d. 838 (S.C.App.2002); <u>BELTON v. STATE</u>, 313 S.C. 549, 443 S.E.2d. 554 (S.C.App.1994); <u>CHARLESTON COUNTY DEPT. OF SOCIAL SERVICES v. FATHER, STEPMOTHER</u>, 317 S.C. 283, 454 S.E.2d. 307 (S.C.App.1995). THUS, THE RIGHT TO SEEK AND ESTABLISH PUNITIVE DAMAGES IS CLEAR AND INDISPUTABLE.

THE S.C. DEPT. OF CORRECTIONS AND PARTIES WERE PREVIOUSLY SERVED A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO RENEW THE MOTION TO VACATE THE ORDER OF CONTINUANCE FILED IN CASES 2006-CP-400-3567, 3568, 3569; MOTION TO RENEW THE MOTION TO VACATE THE FINAL ORDERS IN CASE(S) 2013-CP-400-0084, 2294 FOR FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION; MOTION TO CHALLENGE THE RICHLAND COMMON PLEAS COURT'S JURISDICTION TO ISSUE THE ORDERS IN QUESTION FOR DUE PROCESS VIOLATION; MOTION TO RENEW THE MOTION FOR DEFAULT AND JUDGMENT AND FOR RECUSAL; MOTION FOR § 1407 TRANSFER; RENEWED PETITION TO REMOVE PURSUANT TO 28 U.S.C. § 1602-1612 ET. SEQ. AND MOTION TO MOTION THEREFOR", (14) PAGES DATED FILED WITHIN THE RICHLAND COUNTY COURT OF COMMON PLEAS ON MARCH 29, 2023.



THE S.C. DEPT. OF CORRECTIONS, WARDEN JACKSON AT LEE C.I., S.C.D.C. DIRECTOR BRYAN STIRLING, THE S.C. ATTORNEY GENERAL'S OFFICE, THE UNITED STATES GOVERNMENT VIA THE VARIOUS FEDERAL CASES INVOLVED AND SERVICE FILING DOCUMENT IN CASES 2013-CP-400-0084, 2294 ET. AL.. YOU WERE INFORMED VIA THE DOCUMENT MENTIONED THAT THE MONETARY RELIEF SOUGHT BY WAY OF PUNITIVE DAMAGES INCREASED FROM $3.2 BILLION TO $4 BILLION BY THE EVIL INFRACTIONS ASSERTED AND CONTAINED WITHIN. YOU WERE ALSO INFORMED AND WARNED THAT YOU WERE TO GET YOURSELVES BEFORE A JUDGE AND EXECUTE MY IMMEDIATE RELEASE AND TO DO NOT SUBJECT TO TO **"ANY"** (EMPHASIS ADDED) OF YOUR S.C.D.C. POLICIES WITHOUT MY CONSENT OR INFRINGE UPON ANY RIGHTS, TITLES, PRIVILEGES OR IMMUNITIES AFFORDED TO ME AS THE "FIDUCIARY FOREIGN SOVEREIGN

HEIR, KING, HIGH PRIEST OF THE (4) GLOBAL THRONES OF RELIGIOUS PROPHESY THAT ESTABLISH THE KINGDOM OF IRON MIXED WITH MIRY CLAY FORETOLD IN THE BOOK OF DANIEL CHAPTER 2 OF THE BIBLICAL TEXT. STILL IN INDIFFERENCE YOU IGNORED THESE PROHIBITIONS, PROTECTIONS AND DEMANDS, COMMANDS, SEEMINGLY EVERY OPPORTUNITY YOU GOT, IN ACTS OF EVIL, MALICIOUS INTENT, RETALIATION, CONSTANTLY INFRINGING UPON THESE ESTABLISHED CONSTITUTIONAL PROTECTIONS FURTHER VIOLATING THE TERMS OF "THE GRANT" GIVEN TO YOUR GLOBAL NATIONS BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, PERMITTING ADDITIONAL PUNITIVE DAMAGES TO BE LEVIED, SOUGHT AND SANCTIONED AGAINST YOU WHICH THIS FILING NOW SUBMITTED HIGHLIGHTS AS FOLLOWS:

(1) I WANT THESE PHONE JAMMERS AT LEE C.I. TURNED OFF IMMEDIATELY. I AM THE FIDUCIARY HEIR, KING, HIGH PRIEST AND MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN. THE FACT THAT I HAVE BEEN ILLEGALLY HELD HERE AT THE LEE C.I. FACILITY SINCE THE DEFAULT THAT OCCURRED NOVEMBER 2020 HAS PLACED ME BY THESE PHONE SIGNAL JAMMERS IN A POSITION WHERE I CANNOT FULFILL MY FIDUCIARY DUTY ESTABLISHED BY "CONTRACT", BY "COVENANT" PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION, THE 1st. AMENDMENT FREE EXERCISE CLAUSE AS WELL AS BY STATE AND FEDERAL PROBATE LAWS PRODUCING SUBSTANTIAL CONTINUED INJURY. DUE TO THE DEFAULT TO WHICH THE S.C. DEPT. OF CORRECTIONS IS PARTY TO, I HAVE A PROTECTED RIGHT NOT ONLY TO BE IN POSSESSION OF A CELL PHONE, IF I SO CHOSE AND CAN PURCHASE ONE, BUT ALSO NOT TO BE SUBJECT TO ANY S.C.D.C. POLICY OR THESE PHONE SIGNAL JAMMERS BEING UTILIZED BY S.C.D.C. PRODUCED BY THE DEFAULT TO WHICH THE S.C. DEPT. OF CORRECTIONS IS PARTY TO DEMONSTRATING THAT SUCH ACTION OR POLICIES ARE NO LONGER LEGALLY BINDING UPON ME. THESE PHONE SIGNAL JAMMERS AT LEE C.I. CREATE AN INABILITY FOR ME TO NOT JUST PURCHASE AND MAKE USE OF A CELL PHONE. THEY PREVENT ME FROM FULFILLING MY FIDUCIARY DUTY TO MY PEOPLE ACROSS THE NATION AND GLOBALLY WHO MAY WISH TO CONTACT THE FIDUCIARY FOREIGN SOVEREIGN HEIR TO AID THEM IN LEGAL MATTERS BEFORE THE VARIOUS STATE COURTS; IT CREATES AN INABILITY FOR ME TO MAKE

PREPARATIONS FOR TRANSITION BACK INTO SOCIETY AND ESTABLISH TEMPORARY RESIDENCE; IT CREATES AN INABILITY FOR ME TO CONTACT VARIOUS JEWELERS IN PREPARATION FOR OBTAINING, DESIGNING AND PURCHASING CROWNS; IT CREATES AN INABILITY FOR ME TO CONTACT VARIOUS TAILORS AND OR THE VATICAN TAILORS TO OBTAIN MUCH NEEDED CLOTHING SUITED ACCORDING TO MY ROYAL STATUS FOR MY RELEASE; IT CREATES AN INABILITY FOR ME TO CONTACT THE VATICAN, THE NATION OF ISLAM AND ISRAELI MASAD IN HOPES OF COORDINATING AND ESTABLISHING A PROPER SECURITY FORCE AND PERSONAL GUARD OF THE FIDUCIARY HEIR, KING AND HIGH PRIEST IN ANTICIPATION OF RELEASE; IT CREATES AN INABILITY FOR ME TO OBTAIN LANDS, YACHT, VEHICLES ETC. WHICH WOULD BE USED TO TRANSPORT SPECIFIED EQUIPMENT IN SEARCH OF THE ARK OF THE COVENANT IN THE MIDDLE EAST IN PREPARATION OF REBUILDING THE TEMPLE IN JERUSALEM WHICH WOULD BE THE ARK'S RESTING PLACE; IT CREATES AN INABILITY FOR ME TO CONTACT MY PEOPLE IN PREPARATION AND ANTICIPATION OF UNITING ALL CHRISTIANS, MUSLIMS, JEWS, AFRICANS AND AFRICAN AMERICANS GLOBALLY UNDERNEATH ONE BANNER IN PREPARATION FOR THE UPCOMING GREAT TRIBULATION AND CONFRONTATION WITH "AD DAJJAL, THE ANTI-CHRIST" AND A PLETHORA OF OTHER RELIGIOUS OBLIGATIONS AND DUTIES THAT ARE ESTABLISHED FOR ME TO COMPLETE SET FORTH IN RELIGIOUS PROPHESY OF THE 3 MAINSTREAM MONOTHEISTIC RELIGIONS, BY "CONTRACT", BY "COVENANT", SUBSTANTIALLY BURDENING THE OBLIGATION OF RELIGIOUS BELIEFS AND THE CONTRACT WHERE BY THE DEFAULT TO WHICH THE S.C. DEPT. OF CORRECTIONS IS PARTY TO, I AM NOT SUPPOSE TO BE LEGALLY SUBJECTED TO THESE PHONE SIGNAL JAMMERS, CELL PHONE PROHIBITIONS OR ANY OF S.C.D.C. POLICIES WITHOUT MY CONSENT WHICH NONE OF YOU HAVE. TURN THEM OFF IMMEDIATELY. FOR THIS INFRACTION ADDITIONAL PUNITIVE DAMAGES ARE SOUGHT IN THE AMOUNT OF $500 MILLION BY THIS EVIL INJUSTICE. THIS AMOUNT WILL INCREASE $100 MILLION EVERY (10) DAYS FROM THE DATE OF THIS DOCUMENT UNTIL THE PHONE SIGNAL JAMMERS ARE IMMEDIATELY TURNED OFF, OR I AM IMMEDIATELY TRANSFERRED TO THE KERSHAW COUNTY JAIL WITH ALL OF MY PERSONAL PROPERTY, OR A PRE-RELEASE CAMP WITH ALL OF MY PERSONAL PROPERTY INTACT WITHOUT BEING SUBJECT TO ANY SEARCHES OR SEIZURE PENDING MY FULL RELEASE

INTO SOCIETY. UNDER THE COMMUNICATIONS ACT, COMMON CARRIERS ARE
ENTITIES THAT MUST PROVIDE TRANSMISSION SERVICES TO PUBLIC
WITHOUT DISCRIMINATION AND ARE HEAVILY REGULATED BY FEDERAL
COMMUNICATIONS ACT OF 1934, § 1 ET. SEQ., 47 U.S.A.A. § 151 ET.
SEQ., JOHNSON v. AMERICAN TOWERS, LLC., 781 F.3d. 693
(4th.Cir.2015); AT&T CORP. v. OGLALA SIOUX TRIBE UTILITY
COMMISSION, F.Supp.3d., 2015 WL 5684937 (D.S.DAKOTA.2015). SINCE
THE S.C. DEPT. OF CORRECTIONS ARE PARTIES TO THE DEFAULT MAKING
ME EXCEPT FROM BEING LEGALLY SUBJECT TO THEIR POLICIES AND IT IS
NOT A CRIME TO BE IN POSSESSION OF A CELL PHONE, THE BLOCKING OF
MY USAGE BY THESE PHONE SIGNAL JAMMERS WOULD BE ILLEGAL AND IS
INAPPROPRIATE SUBJECTING THE STATE OF SOUTH CAROLINA, ITS
EMPLOYEES AND THE S.C. DEPT. OF CORRECTIONS TO THE ADDITIONAL
PUNITIVE DAMAGES SOUGHT WHICH SHALL INCREASE EVERY (10) DAYS
UNTIL THIS INJUSTICE IS REMEDIED, UNITED STATES v. BARRONETTE, 46
F.4TH. 177 (4th.Cir.2022); UNITED STATES v. WHITTEN, 846 Fed.
Appx' 177 (4th.Cir.2021).


(2) THE PLAINTIFF(S) RECENTLY WENT TO CHAPLAIN BRANDIE IN
THE CHAPEL AT LEE C.I. FOR THE PURPOSE OF ADDRESSING RELIGIOUS
CONCERNS RELATED TO BEING PERMITTED TO MAKE CONGREGATIONAL
ISLAMIC PRAYERS AND HAVING A ROOM CLEAR OF ALL DISTRACTIONS SET
ASIDE FOR RELIGIOUS OBSERVANCE OF ALL GROUPS. THE CHAPLAIN
IMMEDIATELY INFORMED ME AFTER OUR EXTENSIVE CONVERSATION TO PLACE
THE MATTERS ON A REQUEST TO STAFF MEMBER FORM AND HE WOULD
THEREUPON ADDRESS IT. AFTER FOLLOWING HIS CLEAR INSTRUCTION AND
HE SENDING EMAILS TO VARIOUS INDIVIDUALS, S.C.D.C. SUPERVISORY
STAFF AT LEE C.I., REGARDING THESE MATTERS WHILE I WAS IN HIS
OFFICE. THE NEXT DAY I COMPLETED HIS INSTRUCTION AND SOUGHT TO
SEND THE STAFF REQUEST AND DELIVER HIM PERSONALLY A COPY.
CHAPLAIN BRANDIE THEN INSTRUCTS ME, APPARENTLY AFTER
COMMUNICATING WITH WHOMEVER HE EMAILED AT LEE C.I., THEN TURN
AROUND AND INSTRUCTS ME THAT I HAVE TO USE THE KIOSK, THOUGH I
ALLEGEDLY HAVE PERMISSION FROM WARDEN JACKSON TO USE STAFF
REQUEST FORMS AFTER APPARENTLY BRANDIE RUNNING IT UP HIS CHAIN OF
COMMAND AT THE VERY INSTITUTION THAT I WAS NOT SUPPOSED TO BE

SUBJECT TO SUCH RESTRICTION, EVEN THOUGH I INFORMED HIM ALSO THAT MAKING USE OF THE KIOSK SYSTEM VIOLATES MY RELIGIOUS BELIEFS WHERE I SEE THESE SYSTEMS AS "MARK OF THE BEAST SYSTEMS". IN ONE BREATH THEY CLAIM I CAN USE STAFF REQUEST FORMS, BUT WHENEVER THEY FEEL THAT THE CONCERN OR INJUSTICE MAY PRODUCE LEGAL ACTION. THEY INSTRUCT ME THAT I MUST USE THE KIOSK SYSTEM HOPING TO THWART MY ABILITY TO SEEK INFORMAL RESOLUTION AND EXHAUST ADMINISTRATIVE REMEDIES. THUS, THE S.C. DEPT. OF CORRECTIONS HAVE MADE THE EXHAUSTION PROCESS SO CONFUSING, IT IS AS THOUGH THERE ARE NO AVAILABLE EXHAUSTIVE REMEDIES AT ALL. IT IS THE PLAINTIFF(S) POSITION THAT THIS WAS DONE ALSO BEHIND RELIGIOUS AND RACIAL HATRED ALSO IN RETALIATION FOR THE SEEKING TO EXERCISE CONSTITUTIONALLY PROTECTED RIGHTS, ALSO AS AN ACT OF MACHINATION CONSPIRING UNDER COLOR OF STATE LAW TO THWART THE PLAINTIFF(S) FROM BRINGING ANY POTENTIAL LEGAL ACTION AGAINST THEM BECAUSE THEY KNOW THAT THE PLAINTIFF(S) WOULD NEVER VIOLATE HIS RELIGIOUS BELIEFS TO DO SO DEMONSTRATING THEIR EFFORTS WERE DONE ALSO TO AVOID SUIT OF ANY PRESENT OR FUTURE LEGAL ACTIONS BEING LEVIED AGAINST THEM WHICH IS AN EVIL AND MALICIOUS ACT. FOR THESE INFRACTIONS OF CONSPIRACY, RETALIATION, MACHINATION, OBSTRUCTION OF JUSTICE, INDIFFERENCE TO MY RELIGIOUS BELIEFS PERPETRATING A FRAUD TO GIVE APPEARANCE OTHERWISE, CONSPIRING TO MAKE IT LOOK LIKE WARDEN JACKSON TOOK ACTION BUT IN REALITY BEHIND THE SCENES THEY WERE MAKING EVERY EFFORT TO DENY THIS RELIGIOUS OBSERVANCE, CONSTITUTIONALLY PROTECTED RIGHTS AND TO AVOID SUIT. THE PLAINTIFF(S) IS SEEKING $500 MILLION IN PUNITIVE DAMAGES. THIS AMOUNT SHALL INCREASE BY $100 MILLION EVERY (10) DAYS UNTIL THE S.C. DEPT. OF CORRECTIONS ISSUE A STATEWIDE INTER AGENCY MEMO INFORMING ALL DEPARTMENTS THAT THE FIDUCIARY SOVEREIGN HEIR IS NOT REQUIRED TO MAKE USE OF THE KIOSK SYSTEM IN ANY FORM, THAT HE IS PERMITTED TO MAKE USE OF THE STAFF REQUEST FORM VEHICLE OF COMMUNICATION AS NEEDED.

(3 & 4) THIS IS A "TWO COUNT ISSUE CONCERN". THE STATE OF SOUTH CAROLINA, THE COUNTY OF KERSHAW AND S.C.D.C. EMPLOYEES HAVE KEPT THE FIDUCIARY FOREIGN SOVEREIGN HEIR ILLEGALLY IN CAPTIVITY

TO ALLOW THEM TO CONTINUE TO ARREST, ATTACH AND OR EXECUTE THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN GIVEN TO YOUR GLOBAL NATIONS AS A "GRANT", WHICH HAS CLEAR RESTRICTIONS IN THAT IT CAN ONLY BE MADE USE OF BY HETEROSEXUAL COUPLES VIA THE RIGHT TO LEGALLY MARRY IN DEFIANCE OF THE LAWS OF THE ONE TRUE GOD. THEY KEPT ME IN ILLEGAL CAPTIVITY TO IN HOPES PREVENT FAIR AND JUST LEGAL REVIEW OF THIS ISSUE THAT ARE AT THE HEART OF THE MATTERS ARGUED WITHIN BOTH STATE AND FEDERAL JURISDICTIONS. FOR THE CONTINUED ARRESTING AND OR EXERCISING AND OR EXECUTING OF THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION IN VIOLATION OF THE TERMS OF THE GRANT WITHIN THIS STATE AND ACROSS THE NATION AND WORLD, $500 MILLION IN PUNITIVE DAMAGES. FOR FAILING TO TRANSFER ME FROM THIS CAPTIVITY TO THE KERSHAW COUNTY JAIL AND OR PRE-RELEASE CAMP, ANOTHER $500 MILLION, TOTALING $1 BILLION. THESE AMOUNT WITHIN EACH COUNT WILL INCREASE BY $100 MILLION EVERY (10) DAYS UNTIL SAME SEX MARRIAGE IS REVERSED WITHIN THIS STATE AND ACROSS THE NATION, AND UNTIL YOU GET BEFORE THE APPROPRIATE JUDGE AND HAVE ME TRANSFERRED TO PRE-RELEASE STATUS AND OR THE KERSHAW COUNTY JAIL PURSUANT TO THE SAME STATUS.

(5) LEGAL NAME CHANGE. LEGAL NAME CHANGE IS SOUGHT WITHIN THE RICHLAND COUNTY SOUTH CAROLINA CASES SINCE THERE FILING. FOR DENYING AND OR DELAYING THIS RIGHT, WHICH IS ALSO RELIGIOUS IN NATURE DUE TO THE NAME CHANGE BEING THE FULFILLING OF RELIGIOUS PROPHESY, WHICH YOUR DENIAL AND OR DELAY WAS ALSO BEHIND RELIGIOUS AND RACIAL HATRED. ADDITIONAL PUNITIVE DAMAGES ARE SOUGHT FOR THIS INFRACTION IN THE AMOUNT OF $500 MILLION. THIS AMOUNT SHALL INCREASE IN INCREMENTS OF $100 MILLION EVERY (10) DAYS UNTIL THE PLAINTIFF RECEIVES A COURT ORDER DEMONSTRATING THAT THIS INJUSTICE HAS BEEN REMEDIED AND MY NAME BECOMES, LEGALLY, JONAH GABRIEL JAHJAH T. TISHBITE WITH NO AKA'S ATTACHED THERETO.

(6) THE OFFICERS AT LEE C.I. CAPTIONED ABOVE CONTINUOUSLY,

CONSTANTLY REQUIRE THAT I TUCK MY SHIRT IN MY PANTS WHERE AS A MUSLIM, THAT COMPONENT OF WHAT I AM REQUIRED TO ADHERE TO REQUIRES THAT THE "CAMISA" (MUSLIM WORD FOR SHIRT) BE WORN OUTSIDE THE PANTS DOWN TO THE MIDDLE OF HIS THIGHS AS THE SHORTEST LENGTH, TO AS FAR AS JUST ABOVE HIS ANKLES AS THE MAXIMUM LENGTH, AS IS HIGHLIGHTED WITHIN THE ATTACHED EXHIBIT(S) RELIGIOUS INFRINGEMENT. FOR THIS INFRACTION SUBJECTING ME TO THIS POLICY WHEN I AM SUPPOSE TO BE FREE BY NOW AND IN VIOLATION OF MY RELIGIOUS BELIEFS ADDITIONAL PUNITIVE DAMAGES ARE SOUGHT IN THE AMOUNT OF $500 MILLION. THE AMOUNT FOR THIS INFRACTION SHALL INCREASE IN INCREMENTS OF $100 MILLION EVERY (10) DAYS UNTIL MY RELEASE OR I AM NO LONGER SUBJECT TO THIS INJUSTICE BEGINNING FROM THE DATE OF THIS DOCUMENT WHERE BY THE DEFAULT I AM LEGALLY EXEMPT FROM YOUR POLICIES.

(7) THE WEEK OF JULY 3, 2023 LT. ROBINSON PER INSTRUCTION OF MAJOR SMITH, SUPPORTED BY WARDEN JACKSON, CAME TO MY CELL SUBJECTING MY CELL TO SEARCH AND SEIZURE IN VIOLATION OF RIGHTS ESTABLISHED BY THE DEFAULT AND TOOK "CRATES" WHICH WERE USED TO KEEP MY LEGAL BOXES ELEVATED OFF THE FLOOR DUE TO THESE CELLS FLOODING AT VARIOUS TIMES, WHICH IS HAPPENING RIGHT NOW IN ROOM 134, THE CELL NEXT TO ME, WHERE THESE LEGAL BOXES CONTAIN CRUCIAL COURT DOCUMENT EXTREMELY NECESSARY AND IMPORTANT TO PERFECTING THESE MATTERS THAT ARE PRESENTLY BEFORE ALL COURTS INVOLVED. DAMAGE HAS ALREADY OCCURRED IN DORM F2 WHICH IS ONE OF THE REASONS WHY I WAS MOVE TO F5. ALL OF THESE CELLS GENERALLY FLOOD AT VARIOUS TIMES. THE S.C. DEPT. OF CORRECTIONS AND ITS EMPLOYEES WERE INFORMED VIA PREVIOUS PLEADING AND THE DEFAULT RELIED UPON THAT WHEREVER I AM HOUSED, THAT HOUSING OBTAINS AND MAINTAINS THE STATUS OF A FOREIGN SOVEREIGN EMBASSY NOT SUBJECT TO S.C.D.C. POLICY, PHONE SIGNAL JAMMING OR SEARCH AND SEIZURE OF ANYTHING THAT IS CONTAINED THEREIN WITHOUT MY CONSENT WHICH NONE OF YOU HAD OR HAVE. IN EVIL, MALICIOUS INTENT, RETALIATION AND INDIFFERENCE TOWARDS THESE CONSTITUTIONALLY PROTECTED RIGHTS ESTABLISHED BY THE DEFAULT, THE AFOREMENTIONED AND OTHERS

SANCTIONED BY WARDEN JACKSON'S INSTRUCTIONS, TOOK THESE NEEDED CRATES FROM MY CELL EXPOSING MY LEGAL BOXES TO DAMAGE WHEN THE WATER FROM THE CELL RIGHT NEXT TO ME IS FLOODING RIGHT NOW LEAKING ONTO THE ROCK WHICH I HAD TO BLOCK FROM MY CELL. FOR THIS INFRACTION, ILLEGAL SEARCH AND SEIZURE ADDITIONAL PUNITIVE DAMAGES ARE SOUGHT IN THE AMOUNT OF $500 MILLION. THIS AMOUNT SHALL INCREASE IN INCREMENTS OF $100 MILLION EVERY (10) DAYS UNTIL THOSE CRATES TAKEN ARE IMMEDIATELY RETURNED TO ME OR I AM MOVED TO THE KERSHAW COUNTY JAIL BY JUDICIAL ORDER PENDING FULL RELEASE. DO NOT EVER SEARCH OR SEIZE ANYTHING FROM WHEREVER I AM HOUSED AGAIN WITHOUT MY CONSENT WHICH MUST BE ASKED FOR AND OBTAINED.

(8) THE JAMMING OF THE CELL PHONE SIGNALS IS ONE ISSUE. THIS IS A RELATED BUT NOT THE SAME ISSUE. DUE TO THE DEFAULT EMERGING FROM CASE(S) 2006-CP-400-3567, 3568, 3569 ET. AL., AND THE WITHHOLDING OF EVIDENCE OF ACTUAL INNOCENCE. I AM LEGALLY AND ACTUALLY INNOCENT, DESIGNATED AS A FREE MAN THOUGH I AM STILL PRESENTLY BEING ILLEGALLY AND UNCONSTITUTIONALLY HELD. I WANT TO BE ABLE TO PURCHASE A CELL PHONE FROM ONE OF THESE INMATES OR S.C. ATTORNEY GENERAL YOU HAVE ONE DELIVERED TO ME TO ALLOW ME TO CALL BEYOND THE INSTITUTION AND BEGIN MY TRANSITION PROCESS. FOR THIS INFRACTION ADDITIONAL PUNITIVE DAMAGES ARE SOUGHT IN THE AMOUNT OF $500 MILLION. THIS AMOUNT SHALL INCREASE IN INCREMENTS OF $100 MILLION EVERY (10) DAYS UNTIL SUCH A CELL PHONE IS GIVEN AND PERMITTED AND I AM TRANSFERRED TO THE KERSHAW COUNTY JAIL PENDING FULL RELEASE. I DON'T WANT TO HEAR ANYTHING ABOUT SECURITY CONCERNS. IF THOSE SECURITY CONCERNS WERE SO IMPORTANT TO YOU, YOU WOULD HAVE HAD ME RELEASED BY NOW.

(9 & 10) THE S.C. ATTORNEY GENERAL, THE STATE OF SOUTH CAROLINA, THE COUNTY OF KERSHAW STILL UNTIL THIS VERY DATE HAS FAILED TO RELEASE THAT EVIDENCE OF ACTUAL INNOCENCE IN THE FORM OF TESTING MICHAEL LEE, THE PLAINTIFF(S) STEPSON, TO THOSE DNA SAMPLES TAKEN FROM THE PLAINTIFF(S) MINOR CHILD, THAT PROVE THAT SHE DIED FROM THE SEXUAL ASSAULT OF HER HALF BROTHER AND YOU

DEVILS, RAT STINKING DOGS IN THE STATE OF SOUTH CAROLINA CONCEALED THE TRUE CAUSE OF DEATH BEHIND RELIGIOUS AND RACIAL HATRED WHICH IS WHY YOU NEVER TESTED THAT DNA TO MICHAEL LEE, AND I WANT THAT SLED INVESTIGATIVE FILE, FILE # 5501014 CONTAINING ADDITIONAL EVIDENCE THAT PROVE THESE FACTS AND ACTUAL INNOCENCE, CONCEALING THIS EVIDENCE REPEATEDLY ASKED FOR SINCE 2006 IN THE RICHLAND COUNTY CASES AND IN THE 2020 KERSHAW DNA APPLICATION CASE, ESTABLISHING TWO COUNTS. FOR THIS OBSTRUCTION AND UNCONSTITUTIONAL INFRACTION ADDITIONAL PUNITIVE DAMAGES ARE SOUGHT IN THE AMOUNT OF $500 MILLION. THIS AMOUNT SHALL INCREASE IN INCREMENTS OF $100 MILLION EVERY (10) DAYS UNTIL THAT EVIDENCE OF ACTUAL INNOCENCE IS RELEASED TO ME.

(11-15) [11] THE S.C. DEPT. OF CORRECTIONS HAS ADDITIONALLY RESTRICTED MY WEARING OF CUFI(S) TO ONE SPECIFIC COLOR, "WHITE", PROHIBITING ME FROM RECEIVING ANY OTHER COLOR THAN WHAT THEY DESIGNATE SUBSTANTIALLY BURDENING THE FREE EXERCISE OF MY RELIGIOUS BELIEFS IN VIOLATION OF THE ESTABLISHMENT CLAUSE ATTEMPTING TO ESTABLISH RELIGIOUS PRECEDENT IN VIOLATION OF THE U.S. CONSTITUTION.

[12] THE S.C. DEPT. OF CORRECTIONS HAS DELAYED ME NEEDED AND PRESCRIBED MEDICAL TREATMENT AND OR MEDICAL CARE IN THE FORM OF ORTHOPEDIC VISITS AND TREATMENT FOR THE PLAINTIFF(S) KNEES AND COLON ISSUES AND PREVENTIVE TREATMENT PREVIOUSLY ORDER BY A PHYSICIAN FOR OVER 5 YEARS UNTIL THIS VERY DATE, TO INTENTIONALLY LEAVE ME IN PAIN WHEN THE MOBIC IS NOT SUFFICIENT TO REMEDY, TO INCLUDE HAVING MY LOWER PARTIAL REPLACED.

[13] THE S.C. DEPT. OF CORRECTIONS HAS PREVENTED ME FROM MAKING THE 5 DAILY PRAYERS OF ISLAM IN THE CONGREGATION AS ISLAM REQUIRES SUBSTANTIALLY BURDENING THE FREE EXERCISE OF MY RELIGIOUS BELIEFS WHERE WE ARE PERMITTED TO MAKE ESSENTIALLY ONLY ONE OF THOSE REQUIRED FIVE PRAYERS IN CONGREGATION DAILY.

[14] THE S.C. DEPT. OF CORRECTIONS HAS FAILED TO PROVIDE

PROPER ROOMS FOR RELIGIOUS OBSERVANCE IN THE TIME INCARCERATED, PLACING OR GIVING US OPTION TO ROOMS THAT ARE SUBJECT TO DOPE AND CIGARETTE SMOKING, WINE MAKING AND DRINKING, GANG FIGHTS LEAVING BLOOD ALL OVER THE FLOORS PLACING ME IN A SITUATION WHERE I HAVE TO RISK MY VERY LIFE AND SAFETY OVER THE YEARS ARGUING WITH THE OTHER INMATES INVOLVED IN THESE ACTS TO SEEK AN OPPORTUNITY TO PRAY IN PEACE IN A CLEAN ROOM WITHOUT ANY DISTRACTIONS WHEN SUCH CONSTITUTIONAL PROTECTIONS ARE WELL ESTABLISHED.

[15] THE S.C. DEPT. OF CORRECTIONS HAS HALTED THE VISITS OF FAMILY MEMBERS DURING THE EID FEAST CELEBRATIONS OF ISLAM SUBSTANTIALLY BURDENING THE FREE EXERCISE OF THIS RELIGIOUS BELIEFS. THIS IS COMPOUNDED BY THE FACT THAT I AM LEGALLY A FREE MAN STILL BEING ILLEGALLY HELD BEHIND RELIGIOUS AND RACIAL HATRED. FOR THESE INFRACTIONS ADDITIONAL PUNITIVE DAMAGES ARE SOUGHT IN THE AMOUNT OF $500 MILLION FOR EACH. THESE AMOUNTS SHALL INCREASE IN INCREMENTS OF $100 MILLION FOR EACH EVERY (10) DAYS I AM STILL ILLEGALLY HELD BEHIND THESE PRISON WALLS SUBJECT TO THESE CAPRICIOUS POLICIES IN VIOLATION OF THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE SOVEREIGN SOLE CORPORATION ESTABLISHED BY THE DEFAULT WHICH INCLUDE IMMUNITY FROM YOUR S.C.D.C. POLICIES AS SO STATED.

INSOMUCH, BY THE AFOREMENTIONED, THE PUNITIVE DAMAGES SOUGHT HAVE INCREASED FROM $4 BILLION TO $11.5 BILLION AND INCREASES IN THE AMOUNT OF $1,5 BILLION EVERY (10) DAYS THAT I REMAIN IN CAPTIVITY FROM THE DATE THIS DOCUMENT IS RECEIVED BY YOU. THIS INCLUDES AGAINST THE STATE OF SOUTH CAROLINA AND COUNTY OF KERSHAW, THE S.C. DEPT, OF CORRECTIONS WITH ITS EMPLOYEES. I WANT A CREDIT CARD IN MY NEW LEGAL NAME IMMEDIATELY ESTABLISHED GIVING ME IMMEDIATE AND DIRECT ACCESS TO THESE MONIES. FOR EVERY (10) DAYS THAT YOU FAIL TO DO THIS, ADDITIONAL PUNITIVE DAMAGES SHALL LIE IN THE AMOUNT OF $100 MILLION. GET ME THAT BANK CREDIT CARD.

FOR EACH DAY THAT THE PLAINTIFF(S) IS ILLEGALLY,

UNCONSTITUTIONALLY HELD AND THE STATE EVEN VIA THE S.C. DEPT. OF
CORRECTIONS IMPOSES RESTRICTIONS ON HIM THAT THEY ARE NO LONGER
BY THE CONSTITUTION AND DEFAULT HAVE NEITHER POWER OR AUTHORITY
TO DO AND OR ENACT AND OR IMPOSE BY THE CONSTITUTION AND ALL
RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE SOLE CORPORATION
AND FOREIGN SOVEREIGN CROWN ESTABLISHED BY "CONTRACT", BY
"COVENANT" AND THE DEFAULT EMERGING FROM THE RICHLAND COUNTY AND
NOW KERSHAW COUNTY CASES, DETRIMENTAL TO HIS PERSONAGE, AN ACTION
FOR DAMAGES SHALL LIE, SCOTT v. DONALD, 165 U.S. 58, 17 S.Ct.
265, 41 L.Ed. 632 (U.S.1897); SINES v. KESSLER, 324 F.Supp.3d.
765 (W.D.Va.2018); BEVERLEY v. GRAND STRAND REGIONAL MEDICAL
CENTER, LLC.,--S.E.2d.--, 2022 WL 534191 (S.C.App.2022); SEATT'S
UNION GOSPEL MISSION v. WOODS,--S.Ct.--, 2022 WL 827849 (MEM)
(U.S.2022). HOLDING THE PLAINTIFF ANY LONGER, DELAYING MY RELEASE
OR THE RELEASE OF THAT EVIDENCE OF ACTUAL INNOCENCE, OR
SUBJECTING ME TO THESE CAPRICIOUS S.C.D.C. POLICIES IN VIOLATION
OF MY RELIGIOUS BELIEFS AND IN VIOLATION OF THE RIGHTS, TITLES,
PRIVILEGES AND IMMUNITIES ESTABLISHED BY THE DEFAULT AND IN
VIOLATION OF THE "GRANT" GIVEN TO YOUR GLOBAL NATIONS BY THE SOLE
CORPORATION AND FOREIGN SOVEREIGN CROWN PROTECTED BY ARTICLE 1 §
10 OF THE U.S. CONSTITUTION, JAMMING AND RESTRICTING MY CELL
PHONE POSSESSION, ACCESS AND USAGE IN THIS INSTANCE WHEN BY LAW I
AM SUPPOSED TO HAVE BEEN SET FREE AT MINIMUM SINCE NOVEMBER 2020
EVEN BEFORE PURSUANT TO THE PROCEDURAL PROCESSING RULE RELIED
UPON, INVOLVES RECKLESS, CALLOUS INDIFFERENCE TO THE FEDERALLY
PROTECTED RIGHTS OF OTHERS, AS WELL AS FOR CONDUCT THAT IS
CLEARLY MOTIVATED BY EVIL INTENT, IN THIS CASE, ALSO BEHIND
RELIGIOUS AND RACIAL HATRED BECAUSE NONE OF THEM CAN SEEM TO
ACCEPT THE FACT THAT THIS MAN FORETOLD TO COME BY RELIGIOUS
PROPHESY IS A MAN OF COLOR, OF AFRICAN, JEWISH AND ARAB DESCENT,
BONE EL v. SOLOMON, 2020 WL 6546056 (M.D.N.C.2020); WOLFE v.
ROUTZAHN, 953 F.Supp.2d. 627 (D.Md.2013); SMITH v. WADE, 461 U.S.
30, 103 S.Ct. 1625, 75 L.Ed.2d. 632(U.S.1983). PUNITIVE DAMAGES
ARE AWARDED TO PUNISH THE DEFENDANTS INVOLVED FOR THEIR
OUTRAGEOUS CONDUCT AND TO DETER THEM AND OTHERS LIKE THEM FROM

SIMILAR CONDUCT IN THE FUTURE. SOCIETY AS A LEGITIMATE INTEREST IN DETERRING AND PUNISHING ALL INTENTIONAL, RECKLESS AND EVIL INVASIONS IN THE LIVES AND RIGHTS OF OTHERS, EVEN THOUGH IT SOMETIMES CHOOSES NOT TO IMPOSE ANY LIABILITY FOR LESSER DEGREES OF FAULT, WHERE IN THIS CASE WE HAVE OVERWHELMING ACTS OF FRAUD UPON THE COURT, CRIMINAL CONSPIRACY, OBSTRUCTION OF JUSTICE AND THE INTENTIONAL FRAMING OF A MAN FOR A MURDER BEHIND RELIGIOUS AND RACIAL HATRED OF HIS OWN CHILD, AN OUTRAGEOUS ACT IN THE SIGHT OF GOD AND ALL HIS HOLY ANGELS, ALSO VIOLATING THE HOBBS-ACT EFFECTING INTERSTATE COMMERCE BY THEIR ARRESTING, ATTACHING AND OR EXECUTING THE INTELLECTUAL PROPERTY OF THE FOREIGN SOVEREIGN SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN IN OVERWHELMING ACTS OF EVIL AND BLASPHEMY OF THE ONE TRUE GOD BY GIVING THIS RESTRICTED "GRANT" TO THE SODOMITES AND GOMORRAHRITES OF YOUR NATION, ST. MICHAEL'S MEDIA, INC. v. MAYOR AND CITY COUNCIL OF BALTIMORE, 2023 WL 2743361 (D.Md.2023); ANSARI v. JIMENEZ,--F.Supp.3d.--, 2023 WL 4092249 (E.D.Mich.2023); MOYLER v. FANNON, 2023 WL 2541131 (W.D.Va.2023); THORPE v. CLARKE, 37 F.4TH. 926 (4th.Cir.2022); HUDSON v. SCARBOROUGH, 2022 WL 626485 (DSC.2022); GUSTUS v. U.S., 523 U.S. 1011, 118 S.Ct. 1201 (MEM) 140 L.Ed.2d. 329(U.S.1998); U.S.C.A. CONST. ART. 1, § 8 Cl. 3; 18 U.S.C.A. § 1951; UNITED STATES v. HENDERSON, F.Supp.3d., 2016 WL 6084637 (S.D.Tex.2016); 28 U.S.C.A. §§ 2679, 1602-1612 ET. SEQ.; ELAN PHARMACEUTICALS, INC. v. DIRECTOR, DIVISION OF TAXATION, 2014 WL 1796633(N.J.2014); IN RE: CIRCUIT CITY STORES INC., 515 B.R. 302, 308, Bkrtcy (E.D.Va.2014); WILZIG v. SISSELMAN, 209 N.J. SUPER. 25, 506 A.2d. 1238(Sup.Ct.1986).


FOR THE RECORD. LET IT BE KNOWN. IF I AM TRANSFERRED OUT OF F5 DORM FOR ANY REASON OTHER THAN TO TRANSFER ME TO THE KERSHAW COUNTY JAIL OR A PRE-RELEASE CAMP WITH ALL OF MY PERSONAL PROPERTY FULLY IN TACT, NOT SUBJECT TO ANY SEARCH OR SEIZURE? I WILL VIEW IT AS AN ACT OF RETALIATION FOR THE FREE EXERCISE OF CONSTITUTIONALLY PROTECTED RIGHTS IN THE FORM OF FREEDOM OF RELIGION AND ACCESS TO THE COURTS BECAUSE I SOUGHT TO FILE THIS PLEADING BEFORE THE INVOLVED COURTS. AN ADDITIONAL $500 MILLION

IN PUNITIVE DAMAGES SHALL BE ADDED TO THAT WHICH IS ALREADY STATED FOR SUCH ACTION. KEEP ME WHERE I'M AT UNTIL TRANSFERRED UNDER THE CONDITIONS SPECIFIED AND BE IN COMPLIANCE WITH THE DEMANDS OR THE AMOUNT IN PUNITIVE DAMAGES SHALL INCREASE EXPONENTIALLY. I GIVE YOU ALL JUDICIAL NOTICE THAT MR. WRIGHT. THE LEE C.I. KITCHEN STAFF SUPERVISOR CAME TO SPEAK WITH ME ABOUT THE INTERFERENCE WITH MEDICAL TREATMENT IN THE FORM OF MY HEART HEALTHY DIET. LET ME MAKE THIS ISSUE CLEAR FOR THE RECORD. HE ASSERTED THAT THE MEATS NOW BEING PLACED ON THE HEART HEALTHY DIETS ARE ACTUALLY "TURKEY MEAT", NOT BEEF. THIS IS NOT THE ISSUE. THE ISSUE IS THAT ONCE S.C.D.C. WITH THE AID OF THE S.C. DISTRICT COURT UNDER CASE 9:21-cv-02526-TLW-MHC SAW THAT THIS ISSUE WAS BEING ARGUED. THAT COURT CONSPIRING UNDER COLOR OF LAW ATTEMPTED TO AID S.C.D.C. AVOID SUIT, SO THEY INAPPROPRIATELY DISMISSED THE CASE. MOTION TO VACATE THAT ORDER WAS TIMELY AND PROPERLY FILED. THAT COURT THEN HOLDS THE RULING IN LIMBO WHERE THEIR INTENT WAS TO ALLOW S.C.D.C. TIME TO ALTER THEIR PREVIOUSLY DIET PLAN TO CIRCUMVENT SUIT AND IN HOPES MAKE THE CLAIM MOOT REGARDING SUBSTITUTING THE "WHITE TURKEY LOW SALT MEAT". S.C.D.C. DOES THIS BY OBTAINING NEW PHYSICIANS OR COMPROMISING THEIR PRESENT ONES AND SAY, "LET US CHANGE THE MENU TO ALLOW THESE HIGH SALT CONTENT RED COLOR PROCESSED MEATS, TURKEY OR NOT, SO THAT IF THE CASE MOVES FORWARD IT WOULD NOT APPEAR AS THOUGH WE ARE INTERFERING WITH THE INITIAL DIETS. THE NOW NEW ACCEPTED "HIGH SALT CONTENT PROCESSED RED COLOR MEATS", TURKEY OR NOT, CONSPIRING TO AVOID THE INITIAL LAWSUIT, NOW HAS MORE SALT CONTENT THAN THE ORIGINAL WHITE TURKEY MEAT, MAKING THEM JUST AS SALTY AND BAD FOR OUR HEALTH BEING SUBJECT TO HIGH BLOOD PRESSURE, THAN ANY OTHER RED MEAT, TURKEY OR OTHERWISE, THAT COULD HAVE BEEN PLACED ON THE MENU, ENDANGERING OUR HEATH IN THEIR EFFORTS TO AVOID SUIT IN THE INITIAL ACTION THAT THE S.C. DISTRICT COURT IN FRAUD IS HOLDING IN LIMBO TO ALLOW THEM TO DO, TO DIVEST ARTICLE III STANDING TO BRING THE ISSUE BEFORE THE FEDERAL COURT AS THEY DID UNDER CASE 9:20-cv-2139-TLW-MHC. THE NAMES OF THE MEDICAL COORDINATORS WHO CONSPIRED IN THIS EVIL DEED ARE TO BE ADDED UPON DISCOVERY WHEN THE § 1983 MOVES FORWARD.

ATTORNEY DANIELLE DIXON OF THE S.C. ATTORNEY GENERAL'S OFFICE OVER THE CASE OF ROBERT MITCHELL, CASE NO. 2020-CP-10-04885, MADE REFERENCE, INDIRECTLY, TO CASE 2013-CP-400-0084'S FINAL ORDER. ALLOW THE PLAINTIFF(S) TO NOW ADDRESS THAT FOR HER AND THE S.C. ATTORNEY GENERAL'S OFFICE SO THAT WE ALL WOULD HAVE GREATER CLARITY WHEN IT COMES TO CASE(S) 2013-CP-400-0084 AND 2013-CP-400-2294, WHY THE STATE OF SOUTH CAROLINA AND THE S.C. DEPT. OF CORRECTIONS WITH THOSE DEFENDANTS ARE IN ACTUAL DEFAULT, AND WHY THE FINAL ORDERS ISSUED WITHIN THOSE CASES ARE VOID FOR FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION WHICH PRODUCE CHALLENGE TO THOSE COURTS JURISDICTION UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION, WHICH CANNOT BE WAIVED OR FORFEITED, CAN BE RAISED AT ANY TIME, EVEN AFTER A FINAL ORDER HAS BEEN ISSUED WITHIN THE CASES IN QUESTION. FIRST TAKE NOTICE OF THE CASE(S) PREFIX FROM RICHLAND COUNTY COURT OF COMMON PLEAS. THEY BEGIN WITH "2006" INDICATING THE YEAR IN WHICH THEY WERE FILED AND ESTABLISHED BEFORE THE COURT. ANY REASONABLE PERSON WOULD DETERMINE THAT IT WAS AN ACT OF INJUSTICE AND OVERWHELMING EVIL INTENT, MALICIOUS, DOWN RIGHT CRIMINAL, CALLOUS AND INDIFFERENT TO HOLD THESE CASES STILL PENDING FOR OVER 16+ YEARS AND STILL COUNTING. WHY? IT WAS BECAUSE THEY KNEW THE PLAINTIFF(S) WERE RIGHT. CRAWFORD WAS ACTUALLY FRAMED AND THE CASES MOVING FORWARD WOULD HAVE REQUIRED DISCOVERY WHICH WOULD HAVE PRODUCED CONCRETE, TANGIBLE EVIDENCE OF THEIR HATE CRIMES BEHIND RELIGIOUS AND RACIAL HATRED, IN VIOLATION OF FEDERAL LAW AND THE OTHER JURISDICTIONAL FACTS. THESE PEOPLE, STATE OFFICIALS, WERE POTENTIALLY FACING JAIL TIME THEMSELVES. WITHIN THESE CASES, CRAWFORD WAS THE FIRST AND ONLY PERSON WITHIN THIS STATE AND ACROSS THE NATION WHO FIGURED OUT AND WAS ABLE TO PROPERLY ARTICULATE THE FRAUD UPON THE COURT THAT OCCURRED WITHIN THE STATE v. GENTRY CASE OF 2005 WHICH FURTHER MADE HIM A TARGET BY THE CONSPIRING STATE ACTORS PRODUCING POTENTIAL STATEWIDE AND EVEN NATIONAL IMPLICATIONS AS IT PERTAINED TO LITIGATING FATAL DEFECTS IN AN INDICTMENT AT BOTH THE STATE AND FEDERAL LEVELS OF

COURT. THE 2005 GENTRY CASE COINCIDE WITH THE "2006" PREFIX OF THE RICHLAND COUNTY CASES. HAD THAT CRIMINAL, EGREGIOUS ACT OF FRAUD UPON THE COURT NOT OCCURRED WITHIN THE STATE v. GENTRY CASE IN 2005, COMMITTED BY A JUDGE JEAN TOAL CONTROLLED S.C. SUPREME COURT, THE PLAINTIFF(S) WOULD HAVE BEEN HOME BY NOW SINCE 2006. THIS IS ONE OF THE REASONS THE CONSPIRING STATE ACTORS HELD THE CASES IN LIMBO FOR OVER 16+ YEARS IN THE RICHLAND COUNTY COURT STILL UNRESOLVED THIS PRESENT DATE DUE TO THE ADDITIONAL ACTS OF FRAUD UPON THE COURT OCCURRING WITHIN THE NOVEMBER 2020 HEARING. THE PLAINTIFF, CRAWFORD, WAS THE ONLY PERSON WHOM THE ONE TRUE GOD GAVE THE INTELLIGENCE AND UNDERSTANDING TO SEE THROUGH THE FRAUD AND HOW TO ARTICULATE IT, HIGHLIGHTING ITS WORKINGS, WHICH FURTHER GOES TOWARDS ESTABLISHING EVIL INTENT JUSTIFYING THE PUNITIVE DAMAGES NOW SOUGHT.

CASE(S) 2013-CP-400-0084 AND 2013-CP-400-2294 WERE FILED UNDER THE INDEPENDENT ACTION RULE FOR FRAUD UPON THE COURT, FURTHER SUING THE PARTIES BECAUSE THE 2006 CASES WERE BEING HELD IN LIMBO FOR ALL OF THESE YEARS AND THE STATE OF SOUTH CAROLINA, THE ATTORNEY GENERAL'S OFFICE, REFUSED TO RELEASE THAT EVIDENCE OF ACTUAL INNOCENCE AND DNA TESTING BECAUSE IT WOULD HAVE LANDED THEIR TREACHEROUS RUMPS IN PRISON, RIGHT WHERE THEY ILLEGALLY PLACED THE PLAINTIFF, CRAWFORD. THE COMPLAINTS IN THE "2013" CASES BECAME AMENDED TO ADD ALL THE OTHER JURISDICTIONAL FACTS THAT YOU SEE BEFORE YOU NOW, INCLUDING THE FOREIGN SOVEREIGN IMMUNITY ACT CLAIMS AS A MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN. IF YOU WOULD LOOK AT THE PLEADING FILED WITHIN CASE 2013-CP-400-2294, YOU WILL SEE WHERE CONSOLIDATION OF BOTH CASE 2013-CP-400-0084 AND 2013-CP-400-2294 WERE SOUGHT. JUDGE MANNING, BY HIS ACTIONS, ORAL ORDER, GAVE ALL INDICATION THIS WAS GRANTED BECAUSE FROM THAT POINT ON, WHENEVER ANY MATTER OR COURT DOCUMENT WAS PRODUCED BY THE COURT UNDER CASE 2013-CP-400-2294. THE COURT WITHIN THOSE DOCUMENTS ALWAYS REFERRED TO THE BOTH CASES AS "SISTER CASES" LISTING EACH CASE NUMBER IN ANY PRODUCED COURT DOCUMENT BY THE COURT. ALL PROOF OF

SERVICE DOCUMENTS WERE FILED UNDER CASE 2013-CP-400-2294 WITH THE
INSTRUCTION GIVEN TO THE RICHLAND CLERK OF COURT TO ALSO FILE
THEM UNDER CASE 2013-CP-400-0084 DUE TO THE COURT BY ITS OWN
ACTIONS REFERRING TO THE CASES AS "SISTER CASES". THE FACT THAT
THE CASES WERE "SISTER CASES" WAS ALSO ACKNOWLEDGED BY JUDGE
ALISON LEE. SUBSEQUENTLY THEREAFTER, THE FRAUD BEGAN. TO
FRAUDULENTLY MISREPRESENT AND MAKE IT APPEAR THERE WAS A LACK OF
SERVICE CONCERN, THE CONSPIRING ACTORS NOW CHANGE JUDGES. JUDGE
BENJAMIN NOW COMES IN, CONSPIRING UNDER COLOR OF STATE LAW, TO
AID THE STATE OF SOUTH CAROLINA AND THE DEPT. OF CORRECTIONS
AVOID SUIT. AFTER ACKNOWLEDGING THE CONSOLIDATION, REFERRING TO
THE CASES AS "SISTER CASES". JUDGE BENJAMIN THEN SEPARATES
ENTIRELY THE TWO CASES, ESSENTIALLY OVERRULING THE ACTIONS OF THE
PRIOR JUDGES VIOLATING THE SEPARATION OF POWERS CLAUSE. EVEN
JUDGE JEAN TOAL CONSPIRING UNDER COLOR OF LAW TO AVOID SUIT AND
CAUSE IRREPARABLE HARM TO THE ACTIONS, COMES OUT OF RETIREMENT
FROM THE S.C. SUPREME COURT, TO ACTUALLY SIT ON HER OWN CASE
PRODUCING CONSTITUTIONAL STRUCTURAL ERROR PURSUANT TO WILLIAMS v.
PENNSYLVANIA, 136 S.Ct. 1899(U.S.2016), TO SHIP CRUCIAL DOCUMENTS
IN THE CASE TO STORAGE, CONSOLIDATED STORAGE, TO ESTABLISH AN
INCOMPLETE RECORD AND TO GUT OUT ANY EVIDENCE OF THE UNITED
STATES GOVERNMENT'S VOLUNTARY APPEARANCE WITHIN BOTH CASES,
DEMONSTRATING THAT ANY FRAUDULENT CLAIM OF LACK OF SERVICE WITHIN
THE FRAUD PRODUCED FILE ORDERS IN BOTH CASES ARE VOID DUE TO
KRISTY KHOL AND PAUL GUNTER, FEDERAL ATTORNEYS, APPEARING ON
BEHALF OF THE UNITED STATES GOVERNMENT DEFENDANTS. THE LAW IS
CLEAR ON THIS ISSUE. VOLUNTARY APPEARANCE BY A PARTY IS
EQUIVALENT TO PERSONAL SERVICE. SEE BRANCH BANKING AND TRUST CO.
v. HUNT, F.Supp.3d., 2015 WL 2173047 (DSC.2015).

THE UNITED STATES GOVERNMENT AND FEDERAL DEFENDANTS MADE
VOLUNTARY APPEARANCE VIA KRISTY KHOL AND PAUL GUNTER, U.S.
ATTORNEYS, WHICH BINDS ALL BY THE SUPREMACY CLAUSE BY THE FEDERAL
GOVERNMENT'S FAILURE TO PLEAD WHICH IS WHY IN FRAUD THEY HAD TO
NOW SEPARATE THE TWO CASES, SENDING ESSENTIAL PROOF FROM CASE
2013-CP-400-0084 TO STORAGE, "CONSOLIDATED" TO GUT OUT THE COURT

RECORD OF THIS VOLUNTARY APPEARANCE BECAUSE THE UNITED STATES
GOVERNMENT WAS INDEED SERVED DEMONSTRATING ACQUIRED JURISDICTION
OVER THE DEFENDANTS AND THAT THE FINAL ORDERS PRODUCED WERE
FRAUDULENTLY CONCEIVED, POSSESSING FRAUDULENT ENTRIES, TAINTING
IT, MAKING IT VOID FROM ITS INCEPTION ALSO PRODUCING CHALLENGE TO
THAT COURT'S JURISDICTION FOR DUE PROCESS VIOLATION AND
UNCONSTITUTIONAL ACTION UNDER THE CONSTITUTIONAL PRONG AND OR
ELEMENT TO SUBJECT MATTER JURISDICTION, HEALTH AND HOSPITAL
CORPORATION OF MARION COUNTY v. TALEVSKI, 599 U.S.--, 143 S.Ct.
1444 (U.S.2023). UNDER THE SUPREMACY CLAUSE, WHATEVER A STATE
STATUTE OR LAW MAY OR MAY NOT SAY, APPLICABLE FEDERAL
CONSTITUTIONAL DEFENSES ALWAYS STAND FULLY AVAILABLE WHEN
PROPERLY ASSERTED, WHOLE WOMAN'S HEALTH v. JACKSON, 142 S.Ct.
522, 211 L.Ed.2d. 316 (U.S.2021).


        LET'S GET ALL OF THIS BEFORE A JURY WITHIN THE FEDERAL
COURT TO DETERMINE WHETHER OR NOT I AM CORRECT IN MY ASSESSMENT
OF THESE MATTERS. THERE'S MORE. IF YOU LOOK AT THE "2013" CASE
PREFIX, THIS HAS JURISDICTIONAL SIGNIFICANCE AS WELL, TIMING. THE
PLAINTIFF(S) CRAWFORD, KNEW HE WAS CORRECT THAT THE STATE v.
GENTRY 2005 CASE WAS ADJUDICATED UNDER A CLOUD OF FRAUD SINCE
2006, BUT HE HAD NO EVIDENCE IN THE FORM OF UP-TO-DATE CASE LAW
TO PROVE IT DUE TO BEING FORCED TO MAKE USE OF ANTIQUATED LAW
LIBRARY BOOKS THAT S.C.D.C. PROVIDED IT'S INMATES. THE LAWSUIT
THAT FORCED THE S.C. DEPT. OF CORRECTIONS TO PLACE AN UP-TO-DATE
COMPUTER SYSTEM BEFORE ALL INMATES WAS NOT WON UNTIL 2012 JUST
BEFORE THE "2013" CASES WERE FILED. THE PLAINTIFF, CRAWFORD, WAS
LITIGATING AT TIMES 11 YEARS AHEAD OF U.S. SUPREME COURT RULING
DUE TO THE SPIRITUAL ANOINTING GIVEN TO HIM BY THE ONE TRUE GOD.


        AFTER THE LAW LIBRARY COMPUTERS CAME ON LINE, AN EXTENSIVE
RESEARCH ACROSS THE NATION BEGAN, AT BOTH THE STATE AND FEDERAL
LEVELS OF COURT, ON THE ISSUE OF "SUBJECT MATTER JURISDICTION".
JUST AS THE PLAINTIFF, CRAWFORD, FIGURED OUT SINCE 2006, THERE
MATERIALIZED A PATTERN OF ADJUDICATION VOIDING JURISDICTION
OCCURRING WITHIN ALL (50) STATES AT BOTH THE STATE AND FEDERAL
LEVELS OF COURT, THAT ON ITS FACE, APPARENTLY CONFLICTED WITH THE

34-of-54
128-of-473

HOLDING MADE WITHIN THE STATE v. GENTRY CASE, WHICH FURTHER ADDED TO THE CONCLUSION THAT THE PLAINTIFF(S) WERE CORRECT, THE JEAN TOAL LED S.C. SUPREME COURT ENGAGED IN EGREGIOUS, OVERWHELMING ACTS OF FRAUD UPON THE COURT TOWARDS THE INMATES OF THIS STATE TO ILLEGALLY MAINTAIN THEIR CAPTIVITY AND CONVICTIONS IN A FORM OF MODERN DAY SLAVERY AND KIDNAPPING. "DUE PROCESS" WAS THE LEGAL TERM BEING UTILIZED BY THOSE RESEARCHED COURTS INVOLVED, DEMONSTRATING THERE WAS INDEED A "CONSTITUTIONAL ELEMENT" TO SUBJECT MATTER JURISDICTION. THE PLAINTIFF(S) THEN CONSTRUCTED THE UP-TO-DATE LITIGATION BASED UPON THE JUDICIAL DETERMINATION THAT MANIFESTED ITSELF BY THE RESEARCH AND THEN PLACED IT BEFORE THE RICHLAND COUNTY COURT OF COMMON PLEAS IN THE OCTOBER 2015 HEARING UNDER CASE 2013-CP-400-0084. IN DECEMBER 2015 BEFORE THAT SAME COURT, THE PLAINTIFF(S), LAWRENCE L. CRAWFORD AND ANTHONY COOK MOVED FOR DEFAULT AND JUDGMENT AND TO VOID THE COURT'S JURISDICTION BEFORE JUDGE ALISON LEE BASED UPON THE PROCEDURAL PROCESSING RULE RELIED UPON THAT IS AT THE HEART OF THIS LITIGATION. THE NEW LITIGATION, ALSO PLACED IN AFFIDAVIT FORM, CONFOUNDED THE S.C. ATTORNEY GENERAL AND S.C. DEPT. OF CORRECTION ATTORNEYS SO MUCH THAT THEY FAILED TO OPPOSE OR MAKE ANY CHALLENGE TO THE LITIGATION PRESENTED EVEN UNTIL THIS VERY DATE WHERE THAT OCTOBER 2015 AFFIDAVIT AND THE DECEMBER 2015 AFFIDAVIT OF DEFAULT AND VOIDING OF JURISDICTION REMAINS UNCHALLENGED WITHIN THE COURT RECORD.

SIX MONTHS LATER, JUNE 2016, THE UNITED STATES SUPREME COURT CAME OUT WITH THE RULING UNDER MONTGOMERY v. LOUISIANA, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d. 599(U.S.2016). THIS CASE DEMONSTRATE THAT THE PLAINTIFF, CRAWFORD, WAS CORRECT ALL ALONG WHEN HE WAS ARGUING THIS ISSUE OF JURISDICTION AHEAD OF U.S. SUPREME COURT PRECEDENT SINCE 2006 CONFIRMING THAT A "CRIMINAL COURT" OR ANY COURT FOR THAT MATTER, AT STATE AND OR FEDERAL LEVEL, JURISDICTION CAN BE MADE VOID FOR UNCONSTITUTIONAL ACTION UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT OF SUBJECT MATTER JURISDICTION DESPITE THEIR HAVING JURISDICTION VIA LEGISLATIVE STATUTE. THERE WAS NO FINAL ORDER ISSUED UNDER CASE

2013-CP-400-0084 AT THE TIME WHEN THESE CONSTITUTIONALLY PROTECTED RIGHTS WERE TIMELY AND PROPERLY PLACED BEFORE THE RICHLAND COMMON PLEAS COURT BASED UPON SUBJECT MATTER JURISDICTION.

APPROXIMATELY TWO YEARS LATER, WHILE THAT CASE WAS STILL PENDING, THE 4TH. CIRCUIT CAME OUT WITH ITS RULING UNDER UNITED STATES v. WHEELER, 886 F.3d. 415 (4th.Cir.2018) ADDRESSING THE VIABILITY OF THE "PROCEDURAL PROCESSING RULE ISSUE", THE VERY ISSUE THAT WE WERE ARGUING AS A MEANS OF VOIDING THE RICHLAND COUNTY S.C. COURT'S JURISDICTION WHICH PLACED THE DEFENDANTS IN DEFAULT ON ALL CLAIMS PRESENTED. THAT 4TH. CIRCUIT COURT DETERMINED BY ITS RULING MADE APPLICABLE TO THE STATES VIA THE 5TH. AND 14TH. AMENDMENT DUE PROCESS CLAUSE AND THE 14TH. AMENDMENT EQUAL PROTECTION OF THE LAWS CLAUSE, DETERMINED THAT THERE ARE TWO TYPES OF PROCEDURAL PROCESSING RULES. THOSE THAT ARE JURISDICTIONAL IN NATURE, AND THOSE THAT ARE NON JURISDICTIONAL IN NATURE. THE ONE IN WHICH THE PLAINTIFF(S) WERE RELYING UPON IS "JURISDICTIONAL" IN NATURE BEING ATTACHED TO THE SOUTH CAROLINA CONSTITUTION UNDER ARTICLE 1 § 23 OF THE S.C. CONSTITUTION, WHICH CANNOT BE WAIVED AND OR FORFEITED THAT THE RICHLAND COURT IN FRAUD IGNORED AND OR CIRCUMVENTED. RIGHTS ASSERTED BEFORE ANY FINAL ORDER WAS ISSUED UNDER CASE 2013-CP-400-0084.

IN 2019 THE UNITED STATES SUPREME COURT CAME OUT WITH ITS HOLDINGS UNDER FORT BEND COUNTY, TEXAS v. DAVIS, 139 S.Ct. 1843 (U.S.2019) AND FURTHER ADJUDICATED BY THIS PRECEDENT ESTABLISHED BEFORE ANY FINAL ORDER WAS PLACED IN THE RICHLAND CASES, THAT IT DOESN'T MAKE A DIFFERENCE IF THE PROCEDURAL PROCESSING RULE RELIED UPON IS JURISDICTIONAL OR NON JURISDICTIONAL. IF THE RIGHT AND RULE IS TIMELY AND PROPERLY ASSERTED, THE NOW CONSTITUTIONALLY PROTECTED DUE PROCESS RIGHT BASED UPON THE RULE IS "MANDATORY", NOT DISCRETIONARY, AS IT WAS IN OUR CASES.

YOU CAN'T GET ANY MORE CLEARER THAN THIS. ONCE THE JUDGE

IN CASE 2013-CP-400-0084 SAT DOWN IN EGREGIOUS ACTS OF FRAUD UPON THE COURT WHICH VITIATES EVERYTHING THAT IT TOUCHES, TO AID THE UNITED STATES GOVERNMENT DEFENDANTS, THE STATE OF SOUTH CAROLINA AND ITS DEFENDANTS WHICH INCLUDE THE S.C. DEPT. OF CORRECTIONS AVOID SUIT? THAT COURT'S JURISDICTION WAS MADE VOID AB INITIO UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION RENDERING ANY ALLEGED FINAL ORDER PLACED IN THE CASES IN QUESTION A VIOLATION OF DUE PROCESS, UNCONSTITUTIONAL AND VOID THE MOMENT IT WAS FILED WHICH PRODUCES JURISDICTIONAL CHALLENGE THAT CANNOT BE WAIVED AND OR FORFEITED, WHICH CAN BE RAISED AT ANY TIME, EVEN AFTER A FINAL ORDER HAS BEEN ISSUED IN THE CASES. THUS, NO MENTION SHOULD BE MADE OF ANY SUPPOSED FINAL ORDERS ISSUED IN BOTH CASES 2013-CP-400-0084 OR 2013-CP-400-2294 OTHER THAN TO ACKNOWLEDGE THAT THEY ARE UNCONSTITUTIONAL AND VOID AND THAT THE UNITED STATES GOVERNMENT WITH ITS EMPLOYEES ARE IN DEFAULT ON ALL CLAIMS MADE SINCE THEY MADE A VOLUNTARY APPEARANCE BY RECORD ENTRY RECEIVING FILINGS FROM THE STATE COURT INVOLVING BOTH CASES. "SISTER CASES" AND FAILED TO RESPOND OR PRESENT ANY CHALLENGE TO THE JURISDICTIONAL FACTS, AND THAT FAILURE TO RESPOND BINDS AT ALL (50) STATES VIA THE SUPREMACY CLAUSE. THE LAW IS CLEAR ON THIS ISSUE AS WELL. A DEFENDANT CAN MAKE AN APPEARANCE SOUNDING A TRUMPET OR HE CAN APPEAR BY THE BACK DOOR, AS KRISTY KHOL AND PAUL GUNTER DID, HAVING COMPLETE NOTICE OF BOTH "SISTER CASES" AS DEMONSTRATED BY RECORD ENTRY WHERE NOTICE OF THE CASES EXISTENCE WAS OBVIOUSLY GIVEN TO THEM AND THEY VOLUNTARY APPEARED SUBJECTING THEMSELVES TO THE JURISDICTION OF THE STATE COURT AND FAILED TO RESPOND BINDING ALL (50) STATES ON THE CLAIMS PRESENTED WITHIN THE CASES. AN APPEARANCE MAY BE MADE BY A PARTY, SUCH THAT THE COURT ACQUIRES JURISDICTION OVER THE PARTY, BY FORMAL WRITTEN OR ORAL DETERMINATION, OR RECORD ENTRY (WE HAVE RECORD ENTRY. WHERE DID WE GET THEIR NAMES IF NOT?), OR IT MAY BE IMPLIED BY SOME ACT DONE WITH THE INTENTION OF APPEARING AND SUBMITTING TO THE COURT'S JURISDICTION. THEY WERE RECEIVING AND ACCEPTING COURT FILINGS THAT WERE ISSUED BY THE COURT AND ITS JUDGES RELATED TO BOTH CASES CLEARLY SEEN BY RECORD ENTRY UNDER CASE 2013-CP-400-2294 WHICH JUDGE JEAN TOAL CAME OUT

OF RETIREMENT BECAUSE SHE WAS SO AFRAID OF THIS CASE, TO PULL THIS EVIDENCE FROM CASE 2013-CP-400-0084 EVEN SENDING IT TO STORAGE, CONFIRMED BY THE RESPONDENT BEFORE THE S.C. SUPREME COURT, FURTHER VOIDING THE RICHLAND COURT OF COMMON PLEAS JURISDICTION BY THIS FRAUD, CRIMINAL CONSPIRACY AND OBSTRUCTION OF JUSTICE, EX PARTE STOM, 343 S.C. 257, 539 S.E.2d. 699 (S.C.App.2006); SAPPHIRE ENTERPRISES, LLC. v. ALLSTATE INSURANCE COMPANY, 2020 WL 6064506 (DSC.2020); STEARNS BANK NAT'L ASS'N v. GLENWOODS FALLS, L.P., 644 S.E.2d. 793, 796 (S.C.App.2007); BRAND BANKING AND TRUST CO. v. HUNT, 2015 WL 2173047, * 3 DSC.. AFTER MAKING AN APPEARANCE IN COURT, THE FEDERAL ATTORNEYS IN QUESTION MUST RECEIVE AN ORDER TO BE RELIEVED AS COUNSEL, AND THERE IS NO SUCH ORDER RELIEVING KRISTY KHOL OR PAUL GUNTER AS COUNSEL FOR THE UNITED STATES GOVERNMENT AND ITS EMPLOYEES ONCE APPEARANCE IS CLEARLY ESTABLISHED BY RECORD ENTRY FOR BOTH THE "2013" AND "2006" CASES INVOLVED WHERE PLEADING FROM ALL CASES WERE FILED IN EACH OTHER, DRAFT v. LEVY, S.E. Rptr., 2020 WL 2966386 (S.C.App.2022).

DUE PROCESS REQUIRES THAT "EVERY", "EVERY", DEFENDANT, THE UNITED STATES GOVERNMENT AND ITS EMPLOYEES INCLUDED, BE GIVEN HIS DAY IN COURT WHICH THEY APPEARED AND HAD FULL OPPORTUNITY TO EXERCISE THAT RIGHT AND RESPOND TO REBUT THE CLAIMS, BUT FAILED TO DO SO SUBJECTING THEM TO FORFEITURE AND WAIVER, AND, IN ADDITION, IT IS FUNDAMENTAL TO DUE PROCESS THAT **"ALL"** (EMPHASIS ADDED) SUITORS AND DEFENDANTS HAVE RIGHT TO BE EFFECTIVELY REPRESENTED BY COUNSEL IN LEGAL PROCEEDINGS, WHICH THE UNITED STATES GOVERNMENT RECEIVED THAT RIGHT VIA THEIR APPEARING LEGAL COUNSEL IN THE FORM OF U.S. ATTORNEYS KRISTY KHOL AND PAUL GUNTER, BUT FAILED TO PLEAD PLACING THE UNITED STATES GOVERNMENT AND THE FEDERAL DEFENDANTS IN FORFEITURE AND WAIVER ON ALL CLAIMS PRESENTED WHICH BINDS ALL (50) STATES, INCLUDING THE STATE OF SOUTH CAROLINA BY THE SUPREMACY CLAUSE WHERE NO OTHER APPEARING ATTORNEY CAN LEGALLY ARGUE FOR OR REPRESENT THE UNITED STATES GOVERNMENT OR FEDERAL DEFENDANTS WHO MADE APPEARANCE BY THEIR

REPRESENTATIVES KRISTY KHOL AND PAUL GUNTER, MANCHIN v. BROWNING, 170 W.Va. 779, 296 S.E.2d. 909 (1982); STATE v. BATTLE, 136 N.C. App. 781, 525 S.E.2d. 850 (N.C.2000); LIFE TECHNOLOGIES CORPORATION v. GOVENDARING, 931 F.3d. 259 (4th.Cir.2019). THE UNITED STATES GOVERNMENT VIA ITS APPEARING REPRESENTATIVES SILENCE IS ACCEPTANCE AND THE WAIVED ANY CHALLENGE TO ANY DEFECT IN SERVICE BY THEIR VOLUNTARY APPEARANCE AND FAILING TO RESPOND WHEN FULL OPPORTUNITY WAS PROVIDED TO THEM, CHIMMEBY'S MANAGEMENT CO., LLC. v. AFFILIATED F.M. INSURANCE CO., 152 F.Supp.3d. 159 (2016); BAUER v. QUEST COMMUNICATIONS CO., LLC., 743 F.Supp.3d. 221 (2014).

COURTS DO NOT REQUIRE EXACTING COMPLIANCE WITH THE RULES PERTAINING TO SERVICE, RATHER, THE INQUIRY IS WHETHER THE PLAINTIFF HAS SUFFICIENTLY COMPLIED WITH THE RULES SUCH THAT THE TRIAL COURT HAS PERSONAL JURISDICTION OVER THE DEFENDANT AND THE DEFENDANT HAS NOTICE OF THE PROCEEDINGS WHICH IS ESTABLISHED BY RECORD ENTRY AND KRISTY KHOL AND PAUL GUNTER VOLUNTARILY MAKING APPEARANCE, DELTA APPAREL. INC. v. FARINA, 406 S.C. 257, 750 S.E.2d. 615 (S.C.App.2013); CHARLESTON HARBOR RESORT & MARINA v. DAVIS, S.E.2d., 2016 WL 640490 (S.C.App.2016); DOE v. JARAKI, S.E.2d., 2013 WL 8541591 (S.C.App.2013).

ONCE ALLEGATION WAS MADE AND PLAINTIFF(S) PRODUCED PRIMA FACIE SHOWING OF DEFECT AND DEFAULT. THE DEFENDANT, THE UNITED STATES GOVERNMENT AND FEDERAL PARTIES WERE REQUIRED TO RESPOND AND DEFEND OR THE DEFECT AND DEFAULT MUST BE ENTERED INTO EVIDENCE, THIS ALSO RELATES TO THE STATE AND S.C. DEPT. OF CORRECTIONS FAILURE TO APPEAR IN THE NOVEMBER 2020 HEARING, AND THE DEFECT AND DEFAULT MUST BE DEEMED VALID AND CORRECT, INCLUDING THE ESTABLISHING OF ALL RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE FIDUCIARY HEIR, KING, HIGH PRIEST MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, AND THE COURTS CANNOT IN ACTS OF FRAUD UPON THE COURT, BIAS AND PREJUDICE ARGUE AND REPRESENT THE DEFENDANTS, THE UNITED STATES, AS JUDGE NEWMAN DID FOR THE S.C. DEPT. OF CORRECTIONS AND THE STATE OF SOUTH

CAROLINA IN THE NOVEMBER 2020 HEARING VIOLATING THE SEPARATION OF POWERS CLAUSE VOIDING THE COURTS JURISDICTION FOR DUE PROCESS VIOLATION, BY ALLOWING THEM TO DIVERT THIS SUBSTANTIAL CONSTITUTIONAL REQUIREMENT WHICH TRIGGERED A FINAL JUDGMENT IN FAVOR OF THE PLAINTIFF(S) PURSUANT TO TORRENCE v. S.C. DEPT. OF CORRECTIONS,--S.E.2d.--, 2021 WL 1114310 (S.C.App.2021) AND HALL v. HALL, 138 S.Ct. 1118 (U.S.2018). THE DEFENDANTS, THE UNITED STATES AND THE FEDERAL EMPLOYEES ARE IN WAIVER AND FORFEITURE WHICH BINDS ALL (50) STATES, INCLUDING THE STATE OF SOUTH CAROLINA, BY THE SUPREMACY CLAUSE, ART. 6 Cl. 3 OF THE U.S. CONSTITUTION; WALKER v. BROOKS, 403 S.C. 212, 742 S.E.2d. 869 (S.C.App.2013); LEDFORD v. U.S., F.Supp.2d., 2006 WL 2946187 (DSC.2006); AUGHTRY v. RICHLAND/LEXINGTON SCHOOLS DIST. 5, F.Supp.2d., 2009 WL 2257615 (DSC.2009); STATE v. BROCKMEYER, 406 S.C. 324, 751 S.E.2d. 645 (S.C.App.2013); WHITE OAK MANOR INC. v. LEXINGTON INS. CO., 407 S.C. 1, 753 S.E.2d. 537 (S.C.App.2014).

"FORFEITURE" IS THE FAILURE TO TIMELY ASSERT A RIGHT, WHILE WAIVER IN THE INTENTIONAL RELINQUISHING OR ABANDONMENT OF A KNOWN RIGHT. IN THIS CASE WE HAVE BOTH BY THE UNITED STATES GOVERNMENT THAT BINDS ALL (50) STATES BY THE SUPREMACY CLAUSE. THUS, THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES SOUGHT EXERCISED BY THE FIDUCIARY HEIR, KING, HIGH PRIEST ARE CLEARLY ESTABLISHED WHICH IN OVERWHELMING EVIL, MALICIOUSNESS, CALLOUS AND INDIFFERENCE YOU HAVE ALL IGNORED AND OR DENIED OPENING YOU UP TO THE SEEKING OF PUNITIVE DAMAGES, WELLNESS INTERN, 135 S.Ct. 1932; IN RE: MILLENNIUM LAB HOLDINGS II, LLC., 575 B.R. 252 (D.Del.2017); IN RE: IMERY TALC AMERICA, INC.,--F.4th.--, 2022 WL 2350264 (3rd.Cir.2022).

THE COURTS IN ASSESSING "WAIVER" DO NOT GENERALLY ASK ABOUT PREJUDICE. TO DECIDE WHETHER A "WAIVER" HAS OCCURRED, THE COURT FOCUSES ON THE ACTIONS OF THE PERSON WHO HELD THE RIGHT, LIKE KRISTY KHOL AND PAUL GUNTER, THE U.S. ATTORNEYS FOR THE UNITED STATES GOVERNMENT AND ITS EMPLOYEES WHO APPEARED AND

FAILED TO RESPOND AND CHALLENGE BINDING ALL (50) STATE BY THE SUPREMACY CLAUSE, AND SELDOM CONSIDERS THE EFFECTS OF THOSE ACTION ON THE OPPOSING PARTIES; THIS APPLIES TO CONTRACTUAL RIGHTS AND THERE IS NO NEED TO PROVE DETRIMENTAL RELIANCE. DEFAULT AND ESTOPPEL AND FINAL JUDGMENT IS TRIGGERED, TORRENCE v. S.C. DEPT. OF CORRECTIONS SUPRA.; HALL v. HALL SUPRA.; MORGAN v. SUNDANCE, INC., 142 S.Ct. 1708 (U.S.2022); HAMER v. NEIGHBORHOOD HOUSING SERVICES OF CHICAGO, 138 S.Ct. 13 (U.S.2017); UNITED STATES v. CAMERO-CASTANEDA, 2021 WL 4979408 (E.D.N.C.2021); ASHE v. SWENSON, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d. 469 (U.S.1970).

THERE WAS NO EXCUSE FOR THE UNITED STATES GOVERNMENT'S FAILURE TO RESPOND, MAKING A BACK DOOR APPEARANCE HIDING IN THE BACK OF THE COURTROOM LIKE A BUNCH OF "BACKDOOR GHOST" WITH THE INTENTION OF COMMITTING FRAUD AND THEY GOT CAUGHT AT THE TIME JUDGMENT WAS REQUIRED. THERE WAS NO MISTAKE, INADVERTENCE OR SURPRISE AND THEY FAILED TO OPPOSE BINDING ALL (50) STATES INCLUDING THE STATE OF SOUTH CAROLINA BY THE SUPREMACY CLAUSE. WHEN THE COURTS FIND AN INTENTIONAL FAILURE OF RESPONSIVE PLEADINGS WHERE IN THIS CASE IT IS COMPOUNDED BY FRAUD, THERE NEED BE NO OTHER FINDING TO JUSTIFY DEFAULT JUDGMENT VOIDING THE RICHLAND COURT'S ORDER(S) WITHIN THE TWO CASES IN QUESTION AND ESTABLISHING THE DEFAULT AND JUDGEMENT IN FAVOR OF THE PLAINTIFF(S) HEREWITH RELIED UPON, IN RE: KNIGHT, 833 F.2d. 1515, 1516 (11th.Cir.1987); NATURES WAY MARINE, LLC. v. NORTH AMERICAN NATURAL, INC., 2008 WL 801702(S.D.Ala.2008); UNITED STATES v. VERA, 2019 WL 7372959 (S.D.Fla.2019); CAMN v. E & M OPERATING, LLC., 2019 WL 6770732 (W.D.La.2019); FED & STATE RULE 55(a), 55(b)(2); MATTHEWS v. GIVING DAYS FOUNDATION, INC., 2019 WL 4991728 (S.D.Tex.2019); U.S. v. SLONE, 304 Fed. Appx' 334 (5th.Cir.2008).

INSOMUCH, THE RICHLAND COUNTY COURT OF COMMON PLEAS JURISDICTION WAS VOID FOR FRAUD UPON THE COURT, DUE PROCESS

VIOLATION, VIOLATIONS OF THE SEPARATION OF POWERS CLAUSE AND VIOLATIONS OF THE EQUAL PROTECTION OF THE LAWS CLAUSE OF THE 14TH AMENDMENT STRIPPING THEM OF 11TH. AMENDMENT IMMUNITY THE MINUTE THEY SAT CONSPIRING UNDER COLOR OF STATE LAW TO AID THE UNITED STATES, THE STATE OF SOUTH CAROLINA, THE S.C. DEPT. OF CORRECTIONS AND OTHER DEFENDANT FROM SUIT AND TO PREVENT DISCOVERY AND HALT THE MATTERS FROM BEING PLACED BEFORE A JURY BEHIND RELIGIOUS AND RACIAL HATRED WHICH WAS OUR CONSTITUTIONALLY PROTECTED RIGHT. THE COURT'S JURISDICTION WAS VOID WAY BACK IN 2015-2016 TRIGGERING A FINAL JUDGMENT IN FAVOR OF THE PLAINTIFF(S). THUS, THERE SHOULD BE NO MENTION OF ANY FINAL ORDERS ISSUED IN CASES 2013-CP-400-0084, 2294 OTHER THAN TO ACKNOWLEDGE THESE JURISDICTIONAL FACTS. WITHOUT JURISDICTION, COURT CANNOT PROCEED AT ALL IN ANY CAUSE; JURISDICTION IS THE POWER TO DECLARE LAW, AND WHEN IT CEASE TO EXIST, THE ONLY FUNCTION REMAINING TO THE COURT IS THAT OF ANNOUNCING THE FACT AND ACKNOWLEDGING THE DEFAULT AND JUDGMENT IN FAVOR OF THE PLAINTIFF(S) WHICH WAS TIMELY AND PROPERLY ASSERTED, STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83, 118 S.Ct. 1003 (U.S.1998); TAMM v. CINCINNATI INSURANCE COMPANY, 2020 WL 60932 (S.D.N.Y.2020); CHASE v. ANDEAVOR LOGISTICS, L.P., 2019 WL 5847879 * 2 W.D.Tex.; UNITED STATES v. VALLANDARES, 2019 WL 4888629 * 1 W.D.tex. (W.D.Tex.2019).

FEDERAL AND STATE COURTS MAY NOT, VIA DOCTRINE OF "HYPOTHETICAL JURISDICTION" DECIDE CAUSE OF ACTION BEFORE RESOLVING WHETHER COURT HAS, IN THIS CASE, "CONSTITUTIONAL JURISDICTION": DOING SO WOULD CARRY COURTS BEYOND BOUNDS OF AUTHORIZED JUDICIAL ACTION. A CHALLENGE TO COURT'S JURISDICTION MUST BE ADDRESSED FIRST BEFORE A COURT CAN ENTERTAIN THE MERITS OF A CAUSE WHERE IN THIS CASE JURISDICTIONAL CHALLENGE WAS MADE SINCE DECEMBER 2015 AND IGNORED IN VIOLATION OF DUE PROCESS PRODUCING UNCONSTITUTIONAL ACTION, AND THUS, OFFEND FUNDAMENTAL PRINCIPLES OF SEPARATION OF POWERS, AND WOULD PRODUCE NOTHING MORE THAN HYPOTHETICAL JUDGMENT, WHICH WOULD COME TO SAME THING AS ADVISORY OPINION, DISAPPROVED BY THE UNITED STATES SUPREME

COURT, UNITED STATES v. GORDON, 2019 WL 5586966 * 1 E.D.Mich.; IN RE: GEE, 941 F.3d. 153n. 161+ 5th.Cir.(La.); UNITED STATES v. LAVERGNE, 785 Fed. Appx' 212, 217+, 5th.Cir.Tex..

OBJECTION AND CHALLENGE TO THE RICHLAND COUNTY COURT OF COMMON PLEAS JURISDICTION IN THOSE TWO CASES IN QUESTION MAY BE RAISED BY PARTY, OR BY COURT ON ITS OWN INITIATIVE, AT ANY STAGE IN LITIGATION, EVEN AFTER TRIAL AND ENTRY OF AN ALLEGED FINAL JUDGMENT, ARBAUGH v. Y & H CORP., 546 U.S. 500, 126 S.Ct. 1235 (U.S.2006); STEVENS E. HECKER, PLAINTIFF v. THE STATE OF WASHINGTON, DEFENDANT, 2020 WL 134168 (Fed.Cl.2020). THE RICHLAND COURT HAD AN INDEPENDENT OBLIGATION TO DETERMINE BY THE PLEADING SUBMITTED BY THE PLAINTIFF(S) SINCE DECEMBER 2015 WHETHER SUBJECT MATTER JURISDICTION EXIST BASED UPON THE PROCEDURAL PROCESSING RULE RELIED UPON AND THE MOVING FOR DEFAULT AND THE VOIDING OF THAT COURT'S JURISDICTION BY THE DECEMBER 2015 FILING BUT IN FRAUD FAILED VOIDING ANY ALLEGED FINAL ORDER AND TRIGGERING A JUDGMENT IN FAVOR OF THE PLAINTIFF(S), HICKS v. HEART OF HOSPICE, LLC., 2019 WL 6255496 (N.D.Miss.2019); KRIKORIAN v. FORD MOTOR COMPANY, 2019 WL 7042939 (S.D.Ala.2019).

SUBJECT MATTER JURISDICTION, BECAUSE IT INVOLVES THE COURT'S POWER TO HEAR AND DETERMINE A CASE, CAN NEVER BE FORFEITED OR WAIVED. YET THAT RICHLAND COURT IN EGREGIOUS ACTS OF FRAUD UPON THE COURT AND DUE PROCESS VIOLATION AND VIOLATIONS OF THE EQUAL PROTECTION OF THE LAWS CLAUSE, CONSPIRED UNDER COLOR OF STATE LAW TO FORFEIT AND WAIVE THESE CONSTITUTIONALLY PROTECTED RIGHTS ONCE THAT MOTION FOR DEFAULT AND VOIDING OF THE COURT'S JURISDICTION WAS FILED ON DECEMBER OF 2015. THE COURT WAS REQUIRED TO ADDRESS IT EVEN ABSENCE OF CHALLENGE BY ANY PARTY, SOARING WIND ENERGY, LLC. v. CATIC U.S.A. INCORPORATED,--F.3d.--, 5TH.Cir.(Tex.); 460 S. LAKE AVENUE, LTD. v. APPLETON, 2019 WL 7184737, * 1 C.D.Cal.; SLAYTON v. JOHNSON AND JOHNSON, 2019 WL 7208414, * 1, C.D.Cal.; SANDERS v. SAVANNAH HIGHWAY AUTOMOTIVE COMPANY,--S.E.2d.--, 2020 WL 6154305 (S.C.App2020); NATIONSTAR MORTG., LLC. v. MEISNER, S.E.2d., 2016 WL 1700516 (S.C.App.2016);

OOO-RM INVEST v. NET ELEMENT INTERNATIONAL, INC., F.Supp., 2014 WL 12613282 (S.D.Fla.2014); KOSCIUSKO v. PARHAM, 428 S.C. 481, 836 S.E.2d. 362 (S.C.App.2019); FIRST CITIZENS BANK AND TRUST COMPANY, INC. v. TAYLOR, 431 S.C. 149, 847 S.E.2d. 249 (S.C.App.2020); 24 SENATORIAL DIST. REPUBLICAN COMMITTEE v. ALCORN, 820 F.3d. 624 (4th.Cir.2016).

THE UNITED STATES SUPREME COURT BY RECENT RULING HAS NOW MADE THE ISSUE OF SUBJECT MATTER JURISDICTION CLEAR AND CERTAIN FOR **"ALL"** (EMPHASIS ADDED) COURTS AROUND THE NATION. THAT COURT DETERMINED:

"COURTS (BOTH STATE AND FEDERAL) HAVE NO CONSTITUTIONAL AUTHORITY (JURISDICTION) TO PASS ON THE MERITS (LIKE THE RICHLAND COURT UNDER CASES 2013-CP-400-0084, 2294 CONSPIRED IN FRAUD UPON THE COURT TO DO, OR THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE FIDUCIARY HEIR, KING, HIGH PRIEST AND MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN DUE TO THE DEFAULT, OR MY RIGHT TO INTERVENE WITHIN ANY CASE WITHIN THIS NATION OR ACROSS THE GLOBE TO PROTECT MY PEOPLE OR MY ACQUIRED INTEREST.) OF A CASE BEYOND THEIR JURISDICTION (THEIR ACTIONS PLACES THOSE CASES BEYOND THEIR JURISDICTION GIVING WAY TO DEFAULT, WAIVER AND FORFEITURE)---"TO DO SO IS, BY VERY DEFINITION FOR THE COURTS TO ACT ULTRA VIRES", 525 U.S. AT. 102, 118 S.Ct. 1003. "MUCH MORE THAN MERE NICETIES ARE AT STAKE HERE. THE STATUTORY (LEGISLATIVE PRONG) AND **(ESPECIALLY)** "CONSTITUTIONAL ELEMENTS" (PRONG) OF JURISDICTION (SUBJECT MATTER JURISDICTION) ARE AN ESSENTIAL INGREDIENT OF SEPARATION AND EQUILIBRATION OF POWERS, RESTRAINING THE COURTS FROM ACTING AT CERTAIN TIMES, AND EVEN RESTRAINING THEM FROM ACTING PERMANENTLY REGARDING CERTAIN SUBJECTS", ID AT 101, 118 S.Ct. 1003. "THIS TENET IS AS OLD AS THE BEDROCK AND ALMOST AS OLD AS THE COURT ITSELF", DEMONSTRATING RETROACTIVE IMPLICATIONS. THE UNITED STATES GOVERNMENT WAIVER AND DEFAULT BINDS ALL BY THE SUPREMACY CLAUSE, CROSS-SOUND FERRY SERVS., INC. v. ICC., 834 F.3d. 327, 339 (C.A.D.C.1991); CITY OF OCALA, FLORIDA v. ROJAS, 598--U.S.--,

2023 WL 2357328 (U.S.2023); WILKINS v. UNITED STATES,--S.Ct.--, 2023 WL 2655449 (U.S.2023)(REGARDING PROCEDURAL PROCESSING RULES); UNITED STATES v. BROWN,--F.4TH.--, 2023 WL 3214545 (4th.Cir.2023)(REQUIRING PROPER ELEMENTS TO BE PLACED WITHIN AN INDICTMENT); MONTGOMERY v. LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d. 599 (U.S.2016); STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83, 118 S.Ct. 1003 (U.S.1998).


     NOW LET'S DEAL WITH AND ADDRESS THE QUESTION AS TO WHETHER OR NOT THE DEFENDANTS IN THIS CASE, BOTH STATE AND FEDERAL, ARE ENTITLED TO IMMUNITY, RAT STINKING LAWLESS DEVILS THAT THEY ARE, CONSPIRING UNDER COLOR OF STATE LAW AND OR UNDER COLOR OF AUTHORITY OR LAW TO AVOID SUIT, CRIMINAL PENALTIES AND HAVING THESE MATTERS PLACED BEFORE THE APPOINTED TRUSTEE, JUDGE AUSTIN, TO COMMENCE WITH A JURY TRIAL. YOU HAVE THE STATE ACTORS FRAMING THE PLAINTIFF(S) BEHIND RELIGIOUS AND RACIAL HATRED BECAUSE THEY DID NOT WANT TO ACCEPT THE FACT THAT THIS PERSON FORETOLD TO COME IS A "BLACK MAN" OF AFRICAN, JEWISH AND ARAB DESCENT, FRAMING HIM FOR THE MURDER OF HIS OWN CHILD, AN OUTRAGEOUS CRIMINAL ACT, WHERE THEY CREATED A FICTITIOUS HOMICIDE IN AN UNDER COVER KU KLUX KHLAN COUNTY, SUPPRESSING NOT JUST THE TRUE CAUSE OF DEATH. BUT ALSO THE REPEATED RAPING OF HER BY HER HALF BROTHER, MICHAEL LEE. YOU HAVE THE STATE ACTORS CONCEALING EVIDENCE OF ACTUAL INNOCENCE AND DNA TESTING THAT WOULD HAVE PROVEN ACTUAL INNOCENCE AND THE SEXUAL ASSAULT OF THE PLAINTIFF(S) MINOR CHILD FROM HER HALF BROTHER, MICHAEL LEE, AS WELL AS THE STATE ACTORS BRINGING UP THE PLAINTIFF(S) RELIGIOUS BELIEFS AT TRIAL IN VIOLATION OF THE 1st. AMENDMENT FOR THE SAKE OF ESTABLISHING LAW WHEN THOSE RELIGIOUS BELIEFS HAD NOTHING TO DO WITH THE ALLEGED CRIME FOR WHICH THE PLAINTIFF(S) WAS BEING CHARGED DURING A TIME OF THE EVENTS OF 911 WHERE IT IS SAID THAT THE PLAINTIFF(S) IS CHRISTIAN, MUSLIM AND JEW COMBINED CAUSING EXTREME PREJUDICE VIOLATING DUE PROCESS LAW. YOU HAVE THE STATE ACTORS LYING ON THE COURT RECORD ABOUT THE EXISTENCE OF THE EVIDENCE OF ACTUAL INNOCENCE WHEN SPECIFICALLY ASKED FOR IT. YOU HAVE THE STATE

ACTORS PRODUCING A FRAUD PRODUCED INDICTMENT TO ESTABLISH THE CONVICTION, ONE THAT WAS NEVER BROUGHT TO OR PASSED UPON BY A LEGITIMATE GRAND JURY ESTABLISHING EGREGIOUS ACTS OF KIDNAPPING AND CONSPIRACY TO KIDNAP A FOREIGN SOVEREIGN OFFICIAL, KING AND HIGH PRIEST OF THE ONE TRUE GOD. YOU HAVE THE STATE ACTORS CONSPIRING UNDER COLOR OF STATE LAW TO DENY THE PLAINTIFF(S) THE CONSTITUTIONAL DUE PROCESS RIGHT TO ACT PRO SE ON DIRECT APPEAL TO PREVENT AND THWART JUST AND FAIR REVIEW AND TO PREVENT THESE MATTERS FROM BEING ADDED TO THE COURT RECORD AND THWART SUBSEQUENT APPEALS. YOU HAVE THE STATE ACTORS COMPROMISING AND INAPPROPRIATELY INFLUENCING STATE COURT JUDGES AND HAVE STATE JUDGES TRANSFERRING EVIDENCE FROM CASE FILES TO CONCEAL IT AND CREATE INCOMPLETE RECORD, CLERICAL ACTS, THAT ARE NOT JUDICIAL IN NATURE STRIPPING THEM OF IMMUNITY TO AVOID SUIT AND POTENTIAL CRIMINAL CONVICTION. YOU HAVE THE STATE ACTORS CONSPIRING UNDER COLOR OF STATE LAW TO CONCEAL THE VOLUNTARY APPEARANCE OF THE UNITED STATES ATTORNEYS TO AID THE UNITED STATES GOVERNMENT AVOID SUIT TO PREVENT THE LEGAL ISSUES PRESENTED FROM GOING NATIONAL, TO INCLUDE THOSE RELATED TO FATAL INDICTMENT DEFECTS AS THEY PERTAIN TO THE GENTRY AND COTTON CASES. YOU HAVE THE STATE ACTORS SUBJECTING THE PLAINTIFF TO OFFICIAL ACTS OF MENTAL AND OR PHYSICAL TORTURE BY THEIR ACTIONS IN VIOLATION OF THE C.A.T. TREATY WHICH RESULTED IN A LIFE LONG DISABILITY TO THE PLAINTIFF(S) HANDS. YOU HAVE THE STATE ACTORS DENYING AND OR IGNORING AND OR CIRCUMVENTING LEGITIMATE JURISDICTIONAL CHALLENGES AND CONTINUING TO ACT WITH AUTHORITY AND POWER WHEN NO SUCH AUTHORITY AND POWER NO LONGER EXISTED SINCE THE INCEPTION OF THIS MADNESS AND CRIMINAL ACTIVITY AT EVERY LEVEL IN VIOLATION OF THE TERMS OF THE "GRANT" GIVEN TO YOUR GLOBAL NATIONS BY THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN WHEN IT COMES TO THE VERY LAWS THAT YOU MAKE USE OF WHERE GOD IS THE ORIGINAL FOUNTAIN OF ALL LAW. YOU HAVE THE STATE ACTORS CONSPIRING UNDER COLOR OF LAW TO ESTABLISH A NEW FORM OF MODERN DAY SLAVERY, DESIGNED TO ALSO TAKE AWAY THE RIGHT TO VOTE IN EFFORTS TO ESTABLISH A NEW FORM OF JIM CROW LAWS, EVEN BY THE ADJUDICATION OF THE STATE v. GENTRY CASE AS DEPICTED IN THE BOOK ENTITLED, "MASS INCARCERATION DURING

THE AGE OF COLORBLINDNESS, THE NEW JIM CROW", BY THE PROMINENT LAW PROFESSOR AND INDEPENDENT INVESTIGATOR MICHELLE ALEXANDER. YOU HAVE THE STATE ACTORS WORKING WITH THE UNITED STATES GOVERNMENT TO HOLD THESE CASES IN LIMBO FOR OVER 16+ YEARS TO KEEP THE NOW ESTABLISHED RIGHTS OF THE FIDUCIARY HEIR FROM BEING ATTRIBUTED NOT TO JUST HIMSELF, BUT ALSO TO EVERY AFRICAN, AFRICAN AMERICAN, CHRISTIAN, MUSLIN AND JEW WITHIN ALL (50) STATES AND AROUND THE WORLD ESTABLISHING EXTRA-TERRITORIAL CONSPIRACY AND JURISDICTION BEHIND RELIGIOUS AND RACIAL HATRED WHICH INCLUDED THE ESTABLISHING OF REPARATIONS FROM THE TRANS ATLANTIC SLAVE TRADE WHICH IS ONE OF THE REASONS THE UNITED NATIONS WAS SERVED IN THESE CASES. YOU HAVE THE STATE ACTORS MAKING EVERY EFFORT TO COMPROMISE THE DUE PROCESS EXHAUSTION MEDIUM WITHIN THE S.C. DEPT. OF CORRECTIONS BY MEANS OF ATTACKING MY RELIGIOUS OBSERVANCE AS A MEANS TO PREVENT EXHAUSTION AND AVOID SUIT. YOU HAVE THE STATE AND FEDERAL ACTORS ARRESTING AND OR ATTACHING AND OR EXECUTING THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, IN THE FORM OF THE RIGHT TO LEGALLY MARRY, GIVING IT TO THE SODOMITES AND GOMMORAHRITES OF THIS NATION AND YOUR (50) STATES IN VIOLATION OF THIS "GRANT" GIVEN TO YOUR GLOBAL NATIONS THAT HAS CLEAR RESTRICTIONS IN THAT IT CAN BE ONLY GIVEN TO HETEROSEXUAL COUPLES DUE TO ONE OF THE UNBREAKABLE CONDITIONS, PREREQUISITES BEING THE ABILITY TO PROCREATE BY NATURAL CONCEPTION OR ORIGINALLY HAVING THE BODY PARTS TO DO SO VIOLATING THE HOBBS ACT AND 28 U.S.C. §§ 2679, 1602-1612 ET. SEQ. PRODUCING COMMERCIAL DYNAMICS BY YOUR PROFITING OFF THIS EVIL. YOU HAVE THE STATE AND FEDERAL ACTORS IMPEDING, OBSTRUCTING, HINDERING AND CONSPIRING TO DEFEAT THE DUE COURSE OF JUSTICE AND DENY THE EQUAL PROTECTION OF THE LAWS IN VIOLATION OF 42 U.S.C. §§ 1985(2), 1985(3) AND 1986 AND 18 U.S.C. §§ 242 AND 1001 CONCEALING MATERIAL JURISDICTIONAL FACTS SUBSTANTIALLY BURDENING THE FREE EXERCISE OF RELIGIOUS RIGHTS AND RIGHTS OF ACCESS TO THE COURTS UNDER THE 1st. AMENDMENT ALSO BURDENING THE OBLIGATION OF THE "CONTRACT", THE "COVENANT" PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION AS WELL AS BY STATE AND FEDERAL PROBATE LAWS. YOU HAVE THE STATE ACTORS

ATTACKING THE OTHER INMATES PCR CASES INVOLVED, IN MULTIPLE STATES, IN EFFORTS TO CAUSE IRREPARABLE DAMAGE BECAUSE THE LEGAL ISSUES OF RELIGIOUS PROPHESY IS SHOWING UP IN THEIR CASES, ACTS DESIGNED TO ALSO DIRECTLY ATTACK THE FOREIGN SOVEREIGN FIDUCIARY HEIR DUE TO HIS MOTIONING TO INTERVENE WITHIN THOSE CASES TO PROTECT HIS ACQUIRED INTEREST WHERE THE FRAUD PRODUCED INDICTMENTS ARE AN ISSUE IN THEIR CASES AS WELL. THE LIST GOES ON AND ON IN MOUNTAINS OF EVIL, MALICIOUS INTENT AND CALLOUS INDIFFERENCE TOWARDS THE CONSTITUTIONALLY PROTECTED RIGHTS OF THE PLAINTIFF(S) AND INMATES INVOLVED WITHIN THESE CASES AT BOTH THE STATE AND FEDERAL LEVEL AND WHERE THEY ARE CONSPIRING TO PREVENT § 1407 TRANSFER FROM OUT OF THEIR EVIL CLUTCHES TO THE STATE OF NEW JERSEY DISQUALIFYING THE STATE OF SOUTH CAROLINA ALTOGETHER. THE CLAIMS PRESENTED WITHIN THE CASES INVOLVED PRODUCE OVERWHELMING AMOUNTS OF DUE PROCESS VIOLATIONS UNDER THE 5TH. AND 14TH. AMENDMENTS, AND EQUAL PROTECTION OF THE LAWS VIOLATIONS UNDER THE 14TH. AMENDMENT BEHIND RELIGIOUS AND RACIAL HATRED WHERE CONGRESS ABROGATE 11TH. AMENDMENT IMMUNITY FOR SUCH OUTRAGEOUS AND EGREGIOUS VIOLATIONS OF DUE PROCESS AND EQUAL PROTECTION OF THE 5TH. AND 14TH. AMENDMENTS. THE 11TH. AMENDMENT DOES NOT PRECLUDE A PRIVATE PERSON FROM SUING A STATE OFFICER IN FEDERAL COURT TO ENSURE THAT THE OFFICIALS CONDUCT IS IN COMPLIANCE WITH FEDERAL LAW, LITMAN v. GEORGE MASON UNIVERSITY, 186 F.3d. 544 (4th.Cir.1989); ALLEN v. COOPER, 140 S.Ct. 994, 206 L.Ed.2d. 291 (U.S.2020); NASRALLAH v. BARR, 140 S.Ct. 1683, 207 L.Ed.2d. 111 (U.S.2020).

CONGRESS MAY ABROGATE THE STATES 11TH. AMENDMENT IMMUNITY WHEN IT BOTH UNEQUIVOCALLY INTENDS TO DO SO AND ACTS PURSUANT TO A VALID GRANT OF CONSTITUTIONAL AUTHORITY. VIOLATIONS OF THE CIVIL RIGHTS ACT WHERE THE STATE'S ACTIONS VIOLATE THE 14TH. AMENDMENT DUE PROCESS AND EQUAL PROTECTION OF THE LAWS CLAUSES, AS WELL AS ACTS OF RELIGIOUS AND RACIAL HATRED PRODUCING HATE CRIMES. THESE ARE NOT BARRED BY 11TH. AMENDMENT IMMUNITY, DOE v. COMMUNITY COLLEGE OF BALTIMORE COUNTY, 595 F.Supp.3d. 392 (D.Md.2022); FITZPATRICK v. BITZER, 427 U.S. 445, 96 S.Ct. 2666

(U.S.1976).

AN INDIVIDUAL MAY SUE A STATE WHERE CONGRESS HAS AUTHORIZED SUCH A SUIT IN THE EXERCISE OF ITS POWERS TO ENFORCE THE 14TH. AMENDMENT EVEN WHEN IT COMES TO INMATES WHERE SOME OF THE ACTS DONE WERE DONE TO ESTABLISH A NEW FORM OF MODERN DAY SLAVERY IN THE STATE, RACIAL CASTE SYSTEMS AND TO DENY VOTING RIGHTS, OR DONE IN RETALIATION FOR THE FREE EXERCISE OF CONSTITUTIONALLY PROTECTED RIGHTS BEHIND RELIGIOUS AND RACIAL ANIMUS. TO ADD TO THIS, A COUNTY DOES NOT OCCUPY THE SAME POSITION AS A STATE FOR PURPOSES OF 11TH. AMENDMENT IMMUNITY WHERE KERSHAW COUNTY AND ITS ACTORS ARE ALSO DEFENDANTS IN THIS CASE, BURREL v. DOCCS,--F.Supp.3d.--, 2023 WL 1861566 (N.D.N.Y.2023); EDELMAN v. JORDON, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d. 662(U.S.1974).

TO STATE CONSPIRACY TO VIOLATE CIVIL RIGHTS CLAIM, A PLAINTIFF MUST SHOW: (1) A CONSPIRACY MOTIVATED BY RACIALLY DISCRIMINATORY ANIMUS; (2) TO DEPRIVE THE PLAINTIFF(S) OF EQUAL PROTECTION OF THE LAWS; (3) AN ACT IN FURTHERANCE OF THE CONSPIRACY; AND (4) AN INJURY OR DEPRIVATION RESULTING THEREFROM. BY WHAT IS ARGUED WITHIN THIS DOCUMENT AND THE OTHER LEGAL DOCUMENTS FILED WITHIN THE CASES INVOLVED, THE PLAINTIFF(S) HAVE MET THAT BURDEN, HUNT v. CENTRAL CONSOL SCHOOL DIST., 951 F.Supp.2d. 1136 (N.Mex.2013); HOWARD v. FOOD LION, INC., 232 F.Supp.2d. 585 (M.D.N.C.2002). TO ADD TO THIS, DUE TO THE LIFE LONG DISABILITY CAUSE TO MY HANDS BY THE STATE ACTORS ACTS OF OFFICIAL MENTAL AND OR PHYSICAL TORTURE IN VIOLATION OF THE C.A.T. TREATY PRODUCING AMERICANS WITH DISABILITIES ACT PROTECTIONS. 11TH. AMENDMENT POSES NO BAR UNDER ADA WHERE CONGRESS CLEARLY EXPRESSED ITS INTENTION TO ABROGATE STATE'S 11TH. AMENDMENT IMMUNITY TO ENFORCE PROVISIONS OF THE 14TH. AMENDMENT. NOT ADA SPECIFICALLY, CONSTANTINE v. RECTORS AND VISITORS OF GEORGE MASON UNIVERSITY, 411 F.3d. 474 (4th.Cir.2005).

THE STATE AND FEDERAL ACTORS, WHICH INCLUDE THE UNITED

STATES GOVERNMENT IN THIS CASE, ACTIONS WERE INTENDED TO ALSO CONTINUE TO ARREST AND OR ATTACH AND OR EXECUTE THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN BY GIVING THE RIGHT TO LEGALLY MARRY TO THE SODOMITES AND GOMORRAHRITES OF YOUR NATION AND STATES, VIOLATING THE HOBBS ACT EFFECTING INTERSTATE COMMERCE ALSO IN VIOLATION OF THE "GRANT" GIVEN TO YOUR GLOBAL NATIONS BY THE SOLE CORPORATION VIA ABRAHAM AND THE ONE TRUE GOD, PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION WHERE THE LAWS OF THE "GRANT", THE "CONTRACT" WHERE AND WHEN IT WAS MADE STANDS AND CANNOT BE MADE OR MADE BY THE COURTS WITH EX POST FACTO LAW BURDENING THE OBLIGATION OF THE CONTRACT AND VIOLATING DUE PROCESS LAW WHERE YOU ACTED WITHOUT THE CONSENT OF THE OWNERS OF THE "GRANT". THIS "GRANT" HAS AND HAD SPECIFIC RESTRICTIONS WHICH THIS NATION AND ALL (50) STATES VIOLATED ESTABLISHING CAUSE OF ACTION AND ARTICLE III STANDING TO BRING SUIT WHICH IS ANOTHER REASON THE STATE AND FEDERAL ACTORS CONTINUED IN THESE EGREGIOUS ACTS OF FRAUD, CONSPIRACY AND OBSTRUCTION OF JUSTICE. THUS, 11TH. AMENDMENT IMMUNITY AND SOVEREIGN IMMUNITY IS WAIVED FOR VIOLATING THE CONDITIONS OF THE "GRANT" AS IT PERTAINS TO THIS INTELLECTUAL PROPERTY IN QUESTION. THE STATE AND UNITED STATES GOVERNMENTS TAKE ON THE PERSONAGE OF A PRIVATE INDIVIDUAL AND OR PERSON FOR LITIGATION PURPOSES UNDER § 1983, AND THE PROVISIONS OF 28 U.S.C. §§ 2679, 1602-1612 ET, SEQ. WHERE IMMUNITY FOR THIS INJUSTICE IS WAIVED AND WOULD NOT APPLY TO BOTH THE STATE AND FEDERAL GOVERNMENT AND ACTORS, B & A MARINE CO., INC. v. AMERICAN FOREIGN SHIPPING CO., 23 F.3d. 709 (2nd.Cir.1994); OMNIPOL, a.S. v. WORRELL, 421 F.Supp.3d. 1321 (M.D.Fla.2019); EDWARDS v. NEW DAY FINANCIAL, LLC., 2022 WL 16796835 (N.C.2022). VIOLATIONS OF THE COMMERCIAL EXCEPTION OF THE FOREIGN SOVEREIGN IMMUNITY ACT WAIVE IMMUNITY WHERE ALL THE STATE AND FEDERAL ACTORS ACTION WERE DESIGN TO AID IN THIS INJUSTICE WHETHER DIRECTLY OR INDIRECTLY. WHEN STATES ACT AS REGULATORS OF THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN IN THE MANNER OF A PRIVATE PLAYER VIOLATING THE HOBBS ACT EFFECTING INTERSTATE COMMERCE, THE ACTIONS OF THE STATE AND OR FEDERAL GOVERNMENT BECOMES COMMERCIAL

WITHIN THE MEANING OF THE F.S.I.A. WHICH CARVES AN EXCEPTION TO IMMUNITY, REPUBLIC OF ARGENTINA v. WETTOWER, INC., 504 U.S. 607, 112 S.Ct. 2160, 119 L.Ed.2d. 394 (U.S.1982). STATE COMMERCE REGARDING SAME SEX MARRIAGE, THIS ABOMINATION BEFORE GOD AND ALL HIS HOLY ANGELS, IS REGULATED ALSO BY STATES LEGISLATURES WHERE THE STATES EVEN RECEIVE TAX REVENUE FROM THE COMMERCIAL ACTIVITY REGARDING THIS ABOMINATION SUBJECT THEM TO SUIT WAIVING IMMUNITY UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT COMMERCIAL EXCEPTION, SAUDI ARABIA v. NELSON, 507 U.S. 349, 113 S.Ct. 1471, 123 L.Ed.2d. 47 (U.S.1993); C.D.A. v. UNITED STATES, 2023 WL 2666064 (E.D.Pa.2023); PENN EAST PIPELINE COMPANY, LLC. v. NEW JERSEY, 141 S.Ct. 2244, 210 L.Ed.2d. 624 (U.S.2021).

THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY. QUALIFIED IMMUNITY SHIELDS GOVERNMENT OFFICIALS PERFORMING DISCRETIONARY FUNCTIONS FROM PERSONAL CAPACITY LIABILITY FOR CIVIL DAMAGES UNDER § 1983, INSOFAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY RIGHTS LIKE THE 1st AND 14TH. AMENDMENTS AND 28 U.S.C. §§ 2679, 1602-1612 ET. SEQ., THE STATUTES REGARDING RES JUDICATA AND OR COLLATERAL ESTOPPEL, OR OTHER CONSTITUTIONAL RIGHTS SUCH AS DUE PROCESS, THE C.A.T. TREATY AND THE OTHER PROVISIONS OF LAW ARGUED WITHIN THE LEGAL DOCUMENTS FILED WITHIN THESE INVOLVED MULTI-DISTRICT LITIGATION CASES OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN WHERE IN THIS CASE THEY WERE SERVED NOTICE AND COPY OF THE LEGAL PLEADING DEMONSTRATING THEY REASONABLY KNOWN, DAVISON v. ROSE, 19 F.4TH. 626, 640 (4th.Cir.2021)(INTERNAL QUOTATION MARKS OMITTED). THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY WHERE THEIR ACTIONS VIOLATE FEDERAL STATUTORY AND CONSTITUTIONAL RIGHTS, AND (2) THE UNLAWFULNESS OF THEIR CONDUCT WAS CLEARLY ESTABLISHED AT THE TIME AS IT WAS BY SERVICE ON THE PARTIES OF THE RELEVANT COURT PLEADINGS. THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY EITHER, ESPECIALLY IN LIGHT OF THE FACT THAT WE ARE DEALING WITH A DEFAULT WHICH THEY ALL ARE AWARE OF, DISTRICT OF COLUMBIA v. WESBY,--U.S.--, 138 S.Ct. 577, 589, 199 L.Ed.2d. 453 (U.S.2018)(QUOTING REICHLE v. HOWARDS, 566 U.S. 658, 664, 132

S.Ct. 2088, 182 L.Ed.2d. 985 (U.S.2012); JACOB L. GARRETT, PLAINTIFF-APPELLEE v. HAROLD W. CLARKE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR...,--F.4TH.--, 2023 WL 4713754 (4th.Cir.2023). BY WHAT IS ARGUED WITHIN THIS DOCUMENT, PRIOR PLEADING SERVED UPON THEM, INCLUDING THE FACT THAT THEY WERE GIVEN NOTICE CONTAINING PRECEDENT CASE LAW FROM ALL LEVELS OF COURT, CONSTITUTIONAL AMENDMENTS AND STATE AND FEDERAL STATUTES, THE DEFENDANTS CONDUCT WAS KNOWN TO BE UNLAWFUL AT THE TIME UNDER THE CIRCUMSTANCES OF THIS CASE, HOPE v. PELZER, 536 U.S. 730, 740, 122 S.Ct. 2508, 153 L.Ed.2d. 666(U.S.2002), AS WHEN EXTREME AND UNHEARD OF ACTIONS VIOLATE THE U.S. CONSTITUTION, CAMRETA v. GREENE, 563 U.S. 692, 728, 131 S.Ct. 2020, 179 L.Ed.2d. 1118(U.S.2011)(QUOTING PEARSON v. CALLAHAN, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d. 565(U.S.2009). IN THIS CIRCUIT THE DEFENDANTS BEAR THE BURDEN OF PROVING THAT THE UNLAWFULLNESS OF THEIR CONDUCT WAS NOT CLEARLY ESTABLISHED WHERE BY NOTICE, SERVICE OF LEGAL PLEADING AND THEIR UNCONSTITUTIONAL ACTIONS IT WOULD BE EXTREMELY DIFFICULT, NEXT TO IMPOSSIBLE FOR THE DEFENDANTS TO MEET THIS BURDEN, STANTON v. ELLIOTT, 25 F.4TH. 227, 223 & n. 5 (4th.Cir.2022). PLACING THEM HIGH SALT CONTENT PROCESSED MEATS ON THEM DIET TRAYS KNOWING THAT THE SALT LEVELS ARE HIGHER THAT THE WHITE TURKEY MEAT SINCE I WAS IN THE PROCESS OF FILING SUIT HAS NOW SUBJECTED ME TO EXTREME HEADACHES, DIZZINESS AND INCREASE ON BLOOD PRESSURE. YOU DEVILS KNEW BETTER AND DID THE CHANGE IN EFFORTS TO AVOID SUIT TO CIRCUMVENT THE FACT THAT THE INITIAL DIETS FOR THE PAST 20 YEARS CONTAINED WHITE TURKEY MEAT, NOT THAT HIGH SALT CONTENT PROCESS RED MEAT.

"CLEARLY ESTABLISHED" MEANS THAT, AT THE TIME OF THE OFFICIALS OR OFFICERS CONDUCT, THE LAW WAS SPECIFICALLY CLEAR AS CITED AND ARTICULATED WITHIN THE LEGAL PLEADING SERVED UPON THEM THAT EVERY REASONABLE OFFICIAL AND OR OFFICER WOULD UNDERSTAND THAT HE WAS DOING WRONG ESPECIALLY IN LIGHT OF THE DEFAULT, VOIDING OF THE COURT'S JURISDICTION AND CLAIMS OF RES JUDICATA AND OR COLLATERAL ESTOPPEL THAT EMERGES FROM THE WHITE OAK MANOR

CASE, WESBY, 138 S.Ct. AT 589 (INTERNAL QUOTATION MARKS OMITTED); SEE WILSON v. LAYNE, 526 U.S. 603, 614-615, 119 S.Ct. 1692, 143 L.Ed.2d. 818 (U.S.1999). WHILE, "A CASE DIRECTLY ON POINT" IS NOT NECESSARY FOR A RIGHT TO BE CLEARLY ESTABLISHED, "EXISTING PRECEDENT (ie. THE WHITE OAK MANOR CASE, UNITED STATES v. WHEELER, MONTGOMERY v. LOUISIANA, FORT BEND COUNTY, TEXAS v. DAVIS, 28 U.S.C. §§ 2679, 1602-1612 ET, SEQ, ETC.) INDEED PLACE THE CONSTITUTIONAL AND STATUTORY QUESTIONS BEYOND DEBATE", WHITE v. PAULY, 580 U.S. 73, 137 S.Ct. 548, 551, 196 L.Ed.2d. 463 (U.S.2017)(PER CURIAM)(INTERNAL QUOTATION MARKS OMITTED). THERE IS INDEED CONTROLLING AUTHORITY BY THE CASES PREVIOUSLY CITED. BUT IN ABSENCE OF CONTROLLING AUTHORITY, HOWEVER, "A ROBUST CONSENSUS" OF PERSUASIVE AUTHORITY MAY DEMONSTRATE THE EXISTENCE OF A RULE "THAT EVERY REASONABLE OFFICIAL WOULD KNOW, SUCH AS YOU DON'T FRAME, ATTACK OR RETALIATE A PERSON BEHIND RELIGIOUS AND RACIAL HATRED. YOU DON'T DENY A PERSON HIS RIGHTS OF RELIGIOUS OBSERVANCE IN VIOLATION OF THE 1st. AMENDMENT. YOU DON'T OBEY SUPERVISORS WHEN THEY INSTRUCT YOU TO VIOLATE A PERSON'S CONSTITUTIONAL RIGHTS. YOU DON'T ENGAGE IN FRAUD TO DENY A PERSON DUE PROCESS AND VIOLATE HIS RIGHTS UNDER THE EQUAL PROTECTION OF THE LAWS CLAUSE. YOU DON'T DEPRIVE A FOREIGN SOVEREIGN KING AND HIGH PRIEST HIS RIGHTS, TITLES, PRIVILEGES OR IMMUNITIES. YOU DON'T ARREST, ATTACH OR EXECUTE THE INTELLECTUAL PROPERTY OF ANOTHER IN VIOLATION OF A GRANT WITHOUT CONSENT VIOLATING TERMS OF CONTRACT AND OTHER MATTERS ARGUED WITHIN THESE MULTI-DISTRICT LITIGATION CASES. TO DETERMINE WHETHER A RIGHT WAS CLEARLY ESTABLISHED, WE LOOK TO DECISION OF THE U.S. SUPREME COURT, THE 4TH. CIRCUIT COURT OF APPEAL AND THE HIGHEST COURT OF THE STATE IN WHICH THE CASE AROSE, AND ORDINARILY NEED TO LOOK NO FURTHER, HALL v. CRUM, 727 F.3d. 312, 322 (4th.Cir.2013); WESBY, 138 S.Ct. AT 589-590 (INTERNAL QUOTATION MARKS OMITTED); ALSO SEE ASHCROFT v. AL-KIDD, 563 U.S. 731, 741-742, 131 S.Ct. 2074, 179 L.Ed.2d. 1149(U.S.2011); RAY v. ROANE, 948 F.3d. 222, 229 (4th.Cir.2020). AND IN THE RARE "OBVIOUS CASE" GENERAL CONSTITUTIONAL STANDARDS CAN CLEARLY ESTABLISH A RIGHT, "EVEN THOUGH EXISTING PRECEDENT

DOES NOT ADDRESS SIMILAR CIRCUMSTANCES, WESBY, 138 S.Ct. AT 590 (QUOTING BROSSEAU v. HAUGEN, 543 U.S. 194, 199, 125 S.Ct. 596, 160 L.Ed.2d. 583(U.S.2004)(PER CURIAM); ALSO SEE RIVAS-VILLEGAS v. CORTESLUNA,--U.S.--, 142 S.Ct. 4, 8, 211 L.Ed.2d. 164 (U.S.2021). THUS, IT BECOMES PERSPICUOUS THAT NONE OF THE DEFENDANTS, BOTH STATE AND FEDERAL, ARE SUBJECT TO IMMUNITY. THERE IS NO LEGAL FINAL ORDER FILED WITHIN CASES 2013-CP-400-0084, 2294 DUE TO FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION WHICH VOID THOSE ORDERS PLACING THE UNITED STATES GOVERNMENT IN WAIVER AND FORFEITURE. THE STATE OF SOUTH CAROLINA, THE S.C. DEPT. OF CORRECTIONS, THE UNITED STATES GOVERNMENT ARE IN DEFAULT DUE TO THE U.S. ATTORNEYS VOLUNTARILY APPEARING BEING SUBJECT TO THE JURISDICTION OF THE COURT AND FAILING TO PLEAD OR RESPOND BINDING ALL (50) STATES BY THE SUPREMACY CLAUSE. THE RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES OF THE SOVEREIGN FIDUCIARY HEIR AND MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN IS ESTABLISHED BEFORE ALL COURTS AND PARTIES, AND THE RIGHT TO PUNITIVE DAMAGES IN THE AMOUNTS SPECIFIED IS MORE THAN REASONABLE UNDER THE CIRCUMSTANCES PRESENTED.

RESPECTFULLY,

JONAH THE TISHBITE

ANTHONY COOK

AUGUST 1, 2023

148-of-473
54-of-54

Exhibit

Sovereign Right

Infringement #1

Julius W. McKay, II
Mark D. Cauthen
Daniel R. Settana, Jr.
M. Stephen Stubley
Janet Brooks Holmes
Peter P. Leventis

Kelli L. Sullivan*
Erin Farrell Farthing
Temus C. Miles, Jr.
David M. Bornemann
Brandon P. Jones
James E. L. Fickling

Law Offices

McKAY, CAUTHEN, SETTANA & STUBLEY, P.A.

P.O. Box 7217
Columbia, South Carolina 29202-7217

1303 Blanding Street
Columbia, South Carolina 29201

Douglas McKay, Jr.
(1917-2008)

Telephone
(803) 256-4645
Fax
(803) 765-1839
E-Mail
mms@mckayfirm.com
Web
www.mckayfirm.com

*S.C. Certified Mediator

June 17, 2014

**Via Hand Delivery:**
The Honorable L. Casey Manning
Chief Administrative Judge
Fifth Judicial Circuit
1201 Main St., Room 124
P.O. Box 192
Columbia, SC   29202-0192

    Re:    Anthony Cook v. Attorney General's Office et al.
           Dominic Gallman v. Warden McKie, et al.
           Case No:    13-CP-40-00084, 13-CP-40-02294
           Claim Nos:  92579, 93510
           Our File No:  9-384

Dear Judge Manning:

    Thank you for speaking with me this morning regarding my request for continuance in this case. I represent SCDC and the Attorney General's Office in cases 2013-CP-40-2294 (which was #4 on the trial roster for the week of June 23, 2014), as well as the companion case -0084. We have several motions pending in both of these cases, each of which have repeatedly been continued at the request of Plaintiffs.

    As I mentioned in our conversation this morning, you have previously recused yourself in these cases involving inmate Lawrence Crawford, a/k/a Jah Jah Tishbite, King of the North. He has named a litany of defendants and members of the judiciary, including yourself, in various complaints around the country. As part of our request for a continuance, we also respectfully requested that these cases be consolidated and placed on the Complex Case Roster. For the sake of judicial expediency, we believe that a singular Judge hearing all further matters in these cases would provide much needed continuity and clarity.

    Thank you again for agreeing to take care of our request for a continuance in this matter. I have enclosed a proposed order for your signature, should it meet your approval. If I can provide anything further to the court, please let me know.

Sincerely,

Meghan Hall

Meghan Hazelwood Hall

150-of-473
8 of 20

cc:  Anthony Cook #115157
     Lawrence L. Crawford, #300839
     Dominic Gallman #234627
     Aerialle J. Crawford
     Quinta D. Lee
     Paul Gunter (via hand delivery)
     Kristy Kohl (via hand delivery)



LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 F5D. RM. 133
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010


MR. VIJU McCALLISTER (THE STATE OF WASHINGTON)
VICE PRESIDENT T-MOBILE AMERICA HEADQUARTERS
12920 S.E. 38TH.
BELLEVUE, WASHINGTON 98006

HEAD SUPERVISOR (THE STATE OF SOUTH CAROLINA)
T-MOBILE CORPORATE OFFICE AND OR STORE
310 AZALEA SQUARE BULVD. SUITE A
SUMMERVILLE, S.C. 29483

HEAD SUPERVISOR (THE STATE OF ILLINOIS)
T-MOBILE CORPORATE OFFICE AND OR STORE
17923 SOUTH HALSTED STREET
HOMEWOOD, ILLINOIS 60430

HEAD SUPERVISOR (THE STATE OF OHIO)
T-MOBILE CORPORATE OFFICE AND OR STORE
1602 NORTH HIGH STREET
COLUMBUS, OHIO 43201



        TO: MR. VIJU McCALLISTER VICE PRESIDENT OF T-MOBILE, THE
CORPORATE OFFICES OF T-MOBILE IN THE STATES OF WASHINGTON,
ILLINOIS, OHIO AND SOUTH CAROLINA,

        THIS LETTER AND DOCUMENT IS SERVED UPON YOU TO GIVE
ALL OF YOU JUDICIAL NOTICE AND A COMMAND TO CEASE AND DESIST THE

BLOCKING AND OR CUTTING OFF OF ANY AND ALL CELL PHONE SIGNALS AND OR SERVICE ORIGINATING FROM AND OR PRESENTLY AND OR RECENTLY DONE AT THE LEE CORRECTIONAL INSTITUTION 900 WISACKY HWY, BISHOPVILLE, SOUTH CAROLINA REGARDING ALLEGED INMATE CONTRABAND CELL PHONES. THE ATTACHED ONE PAGE, PAGE (3), OF THE (54) PAGE LEGAL DOCUMENT IS THE SOURCE OF THIS LEGITIMATE DEMAND THAT HAS BEEN PRESENTLY SERVED ON DIRECTOR BRYAN STIRLING AND HIS ATTORNEY STAFF, S.C.D.C. GENERAL COUNSEL, THAT IS THE SOURCE OF YOUR COMPANY'S FINANCIAL, CIVIL AND POTENTIALLY CRIMINAL LIABILITY. MY SISTER, "YAHDINA" WILL SOON SERVE YOU A COPY OF THE COMPLETE LEGAL DOCUMENT. BUT I GIVE YOU JUDICIAL NOTICE THAT LIABILITY ACCRUES WITHIN (10) DAYS OF THIS NOW PRESENTED NOTICE OF CAUSE OF ACTION. YOU ARE INSTRUCTED TO HAVE YOUR LEGAL DEPARTMENT IMMEDIATELY CONTRACT DIRECTOR BRYAN STILING'S OFFICE AND HIS GENERAL COUNSEL AT THE S.C. DEPT. OF CORRECTIONS AND HAVE THEM IMMEDIATELY FORWARD YOU A COMPLETE COPY OF THE (54) PAGE LEGAL DOCUMENT IN QUESTION DATED AUGUST 1, 2023 THAT LEAVES YOUR COMPANY EXTREMELY VULNERABLE, OPENING YOU UP TO LEGAL ACTION WHERE YOU WOULD BE MADE A DIRECT DEFENDANT IN WHAT IS NOW A $500 MILLION LAWSUIT WHERE THE PUNITIVE DAMAGES INCREASE IN INCREMENTS OF $100 MILLION EVERY (10) DAYS FROM THE DATE YOU RECEIVE THIS NOTICE IF YOU DO NOT REVERSE THE CELL PHONE AND SIGNAL JAMMING AND OR CUTTING OF SERVICE OF CELL PHONES AT THE LEE INSTITUTION THAT ARE ALLEGED AS CONTRABAND IN BISHOPVILLE SOUTH CAROLINA. IF THE GENERAL PUBLIC BECOMES AWARE OF YOUR INVOLVEMENT WITH THESE MATTERS, IT WILL NOT LOOK GOOD FOR YOUR COMPANY AMONGST AFRICANS, AFRICAN AMERICANS, CHRISTIANS, MUSLIMS AND JEWS OF THIS NATION. THIS IS NOT A HOAX. THE LEGAL FILINGS PROVE THIS. NOT ONLY CAN YOUR LEGAL DEPARTMENT OBTAIN A COPY OF THE (54) PAGE LEGAL DOCUMENT FROM DIRECTOR STIRLING'S OFFICE AT THE S.C. DEPT. OF CORRECTIONS. YOUR LEGAL DEPT. CAN ALSO OBTAIN COPY FILED WITHIN CASES 2006-CP-400-3567, 3568, 3569; 2013-CP-400-0084, 2294 FILED WITHIN THE RICHLAND COUNTY S.C. COURT OF COMMON PLEAS WHERE THE UNITED STATES GOVERNMENT IS PARTY TO THE DEFAULT IN THESE CASES WHICH LEGALLY BINDS YOUR COMPANY BY THE SUPREMACY CLAUSE. YOU CAN ALSO SEE COPY OF THE LEGAL DOCUMENT FILED UNDER CASE(S) 9:20-cv-02139-TLW-MHC,

9:21-cv-02526-TLW-MHC IN THE SOUTH CAROLINA DISTRICT COURT. YOU WILL ALSO SOON SEE COPY FILED IN THE STATES OF OHIO AND ILLINOIS BECAUSE EVEN THOUGH THE CELL PHONE SIGNAL BLOCKAGE IS BEING CONDUCTED WITHIN THE STATE OF SOUTH CAROLINA. MONIES BY THE INMATES FAMILIES TO PAY THESE PHONE BILLS ARE BEING PAID WITHIN MULTIPLE STATES ACROSS THE NATION ESTABLISHING EXTRA-TERRITORIAL CONSPIRACY TO DEFRAUD (COMMERCIAL ACTION) THE FOREIGN SOVEREIGN FIDUCIARY HEIR, KING, HIGH PRIEST OF RELIGIOUS PROPHESY, A MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN, STRIPPING YOU OF IMMUNITY UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT, DEFAULTED ON BY THE UNITED STATES GOVERNMENT WITHIN THE STATE CASES RELIED UPON, PROTECTED UNDER ARTICLE 1 § 10 OF THE U.S. CONSTITUTION AND THE 1st. AMENDMENT FREE EXERCISE CLAUSE OF RIGHTS, TITLES, PRIVILEGES AND IMMUNITIES ESTABLISHED BY "CONTRACT", BY "COVENANT" THAT ARE THE SUBJECT OF THE DEFAULT RELIED UPON THAT BINDS YOUR COMPANY BY THE SUPREMACY CLAUSE OF THE U.S. CONSTITUTION. MY CASES FILED PROTECT YOU FROM LIABILITY OF ANYTHING THAT S.C.D.C. MIGHT WANT TO THROW AT YOU DUE TO THE U.S. GOVERNMENT BEING IN DEFAULT. BRING, CALL ME BEFORE ANY COURT IF YOUR COMPANY NEEDS TO FURTHER ESTABLISH THESE JURISDICTIONAL FACTS. WHEN THE PUBLIC DISCOVERS THAT THIS MAN OF RELIGIOUS PROPHESY IS ACTUALLY REAL AND WHAT THE STATE OF SOUTH CAROLINA DID TO HIM, AND THE FACT THAT YOUR COMPANY IS AIDING THEM? YOUR COMPANY STOCK VALUE WILL TAKE A HIT AND I WILL INCITE THEM ALL TO DROP YOUR COMPANY'S SERVICE ACROSS THE GLOBE. I AM GIVING YOUR COMPANY A LEGAL OUT AND I ADVISE YOU TO TAKE IT. DUE TO THE LEGAL PLEADING YOUR LEGAL DEPT. CAN GET BEFORE ANY COURT AND GET AN ORDER OF STAY AND OR REPRIEVE OF EXECUTION OF ANY REQUIREMENT TO BLOCK PHONE SIGNALS OR SERVICE AT LEE CORRECTIONAL INSTITUTION UNTIL THESE MATTERS ARE CONCLUDED IN FULL BEFORE THE STATE AND FEDERAL COURTS INVOLVED. FAIL AND YOU SHALL BECOME A DEFENDANT. YOUR COMPANY HAS (10) DAYS FROM RECEIPT OF THIS NOTICE TO GET IN CONTACT WITH THE S.C. DEPT. OF CORRECTIONS TO OBTAIN COPY OF THE (54) PAGE LEGAL DOCUMENT DATED AUGUST 1, 2023 IN QUESTION AND REVERSE ALL ACTION DONE BY YOUR COMPANY AT THE LEE CORRECTIONAL INSTITUTION AND CEASE AND DESIST UNTIL THESE MATTERS ARE

CONCLUDED BEFORE THE COURTS INVOLVED OR YOUR COMPANY IS ABOUT TO HAVE A SERIOUS BAD HAIR DAY. YOU SHALL BECOME A DIRECT DEFENDANT IN ALL PENDING LEGAL ACTION BOTH STATE AND FEDERAL TO THE TUNE OF $500 MILLION THAT INCREASES EXPONENTIALLY EVERY (10) DAYS BY $100 MILLION. ALSO BE ADVISED THAT THE S.C. DEPT. OF CORRECTIONS CURRENTLY HAS US LOCKED DOWN, POTENTIALLY BECAUSE I AM TAKING THESE STEPS AGAINST THEM TO DELAY LEGAL COPIES THAT WOULD PERMIT ME TO FILE THESE DOCUMENTS BEFORE THE COURTS. BE ADVISED. THE LEGAL DOCUMENT SHALL SOON BE FILED BEFORE THE COURTS REFERRED TO. THIS IS YOUR OPPORTUNITY TO ACT NOW AND PREVENT YOUR COMPANY FROM BECOMING A DEFENDANT IN THIS CONTROVERSIAL CASE.

RESPECTFULLY,
JONAH THE TISHBITE

AUGUST 3, 2023

CC: LAWRENCE L. CRAWFORD
YAHDINA OVERSTREET-U-DEEN
JEREMIAH MACKEY JR.
THE RICHLAND COUNTY COURT OF COMMON PLEAS
THE S.C. U.S. DISTRICT COURT
THE OHIO DISTRICT COURT
THE ILLINOIS DISTRICT COURT

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 F5D. RM. 133
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 20201

IN RE: GIVING THE DEFENDANTS ADDITIONAL NOTICE OF ESCALATING
PUNITIVE DAMAGES.

TO; THE RICHLAND COUNTY COURT OF COMMON PLEAS,
    THE S.C. DISTRICT COURT,
    THE OHIO DISTRICT COURT,
    THE S.C. DEPT. OF CORRECTIONS ET. AL.,

SO,...YOU DEVILS DIDN'T LIKE THE FACT THAT I FIGURED OUT A
WAY TO PENALIZE YOU AND THE PHONE COMPANY FOR MAKING USE OF THESE
CELL PHONE JAMMERS, SO YOU SENT THE "RED TEAM" TO LEE INSTITUTION
IN RETALIATION BECAUSE I SOUGHT TO LEGALLY ADDRESS THESE MATTERS
BEFORE THE APPROPRIATE COURT HUH? WELL LET'S DEAL WITH IT. AN ACT
TAKEN IN RETALIATION IS ACTIONABLE UNDER THE S.C. TORT CLAIM ACT
AND OR THE PROVISIONS OF § 1983 EVEN IF THE ACT WHEN DONE UNDER
NORMAL CIRCUMSTANCES WOULD HAVE BEEN PROPER (CITATION OMITTED).
IT DOESN'T MATTER IF YOU SAY ITS NOT RETALIATION. THE LAW IS
CLEAR. WHAT MATTERS IS THAT I VIEW IT AS RETALIATION WHICH OF
COURSE I DO, ESPECIALLY IN LIGHT OF THE INJUSTICE'S TIMELY.
SO,...YOU THOUGHT YOU WERE GOING TO FIND A CELL PHONE? WELL,
SURPRISE!!! (LOL). LIKE "HANABAL" SAYS ON THE T.V. SERIES, THE
A-TEAM. "I LOVE IT WHEN A PLAN COMES TOGETHER" (LOL). YOU SONS OF
BELIAL WERE GIVEN NOTICE BY THE (54) PAGE DOCUMENT DATED AUGUST
1, 2023 THAT YOU WERE NOT TO SUBJECT MY CELL OR ME TO YOUR
SEARCHES AND SEIZURES OR YOUR S.C.D.C. POLICIES WITHOUT MY

1-of-4

CONSENT, BUT IN BLATANT DISREGARD OF MY CONSTITUTIONAL PROTECTED RIGHTS NOW LEGALLY ESTABLISHED AND INDIFFERENCE TO THE FACT THAT THE S.C. DEPT. OF CORRECTIONS IS IN DEFAULT WITHIN THE CASES RELIED UPON, YOU STILL ACTED IN EVIL!!! ALRIGHT, LET'S ADDRESS IT. YOU WERE TOLD VIA THE (54) PAGE DOCUMENT DATED AUGUST 1, 2023 THAT THE PUNITIVE DAMAGES WERE AT $11.5 BILLION AND WERE INCREASING EVERY (10) DAYS FOR YOUR LACK OF ACCEPTANCE AND COMPLIANCE. DUE TO YOUR RECENT ACTION OCCURRING AT LEE C.I. ON AUGUST 8, 2023 SENDING THAT RED TEAM TO SEARCH MY CELL IN RETALIATION ADDITIONAL PUNITIVE DAMAGES ACCRUE BY THE FOLLOWING:

(1) FOR THE ACT OF RETALIATION SENDING THE "RED TEAM" IN HERE TO SEARCH MY CELL. AN ADDITION $500 MILLION IS ADDED TO THE PUNITIVE RELIEF SOUGHT.

(2) FOR SEARCHING MY CELL AND SEIZING ITEMS AND THE ADDITIONAL CRATES OUT OF MY CELL AN ADDITIONAL $500 MILLION IN PUNITIVE DAMAGES IS ADDED.

(3) FOR THE RED TEAM SUBJECTING MY PERSON AND BODY TO A STRIP SEARCH VIOLATING THE SANCTITY OF GOD'S HIGH PRIEST THEN FORCING ME TO COME OUT MY CELL IN T-SHIRT AND BOXERS, CAPTAIN HOWLET? EVEN WHEN YOUR OFFICERS WERE INSTRUCTED OF THE RELIGIOUS ADHERENCE TO CHASTENESS, AN ADDITIONAL $500 MILLION ON PUNITIVE DAMAGES ARE SOUGHT SUBJECTING ME TO THESE POLICIES WHERE BY THE DEFAULT THAT BINDS YOU I AM EXEMPT. THE TOTAL NOW COMES TO $13 BILLION IN PUNITIVE DAMAGES AND SHALL CONTINUE TO CLIMB AS LONG AS I AM BEHIND THESE PRISON WALLS AND YOU SUBJECT ME TO YOUR POLICIES. NOW HAVE AN AMSTERDAM GOOD TIME AND A SUN SHINY DAY.

YOU THOUGHT MY GOD WOULD NOT PROTECT HIS SERVANT? I LEAVE YOU WITH THIS. "JAHJAH DWELLETH IN THE SECRET PLACE OF THE MOST HIGH GOD AND SHALL ABIDE UNDER THE SHADOW OF THE ALL MIGHTY ONE TRUE GOD. JAHJAH WILL SAY OF HIS LORD, MY GOD IS MY REFUGE AND MY FORTRESS, MY GOD, IN HIM WILL I TRUST. SURELY THE ONE TRUE GOD SHALL DELIVER JAHJAH FROM THE SNARE OF THE FOWLER, YOU RAT,

STINKING DEVILS, AND FROM YOUR NOISESOME PESTILENCE, ALL THE EVIL THAT YOU BRING. THE ONE TRUE GOD SHALL COVER JAHJAH WITH HIS FEATHERS, AND UNDER GOD'S WINGS SHALL JAHJAH TRUST; GOD'S TRUTH SHALL BE JAHJAH'S SHIELD AND BUCKLER, LET'S LEGALLY BATTLE BEFORE THE FACE OF THE ONE TRUE GOD! JAHJAH SHALL NOT BE AFRAID FOR THE TERROR BY NIGHT; NOR FOR THE ARROW THAT FLIETH BY DAY. YOUR ARROWS MISSED THEIR MARK!!! NOR THE PESTILENCE THAT WALKETH IN DARKNESS, YOUR EVIL MACHINATIONS DON'T SCARE ME; NOR FOR THE DESTRUCTION THAT WASTE AT NOONDAY. YOU ARE WASTING YOUR TIME. MY GOD PROTECTS HIS SERVANT. A THOUSAND SHALL FALL AT JAHJAH'S SIDE, AND TEN THOUSAND AT JAHJAH'S RIGHT HAND; BUT IT SHALL NOT COME NEAR ME, MY GOD IS MY SHIELD. ONLY WITH JAHJAH'S EYES SHALL JAHJAH BEHOLD AND SEE THE REWARD OF THE WICKED, YOU ARE GOING TO BUST THE HELLFIRE WIDE OPEN. BECAUSE JAHJAH HAS MADE THE LORD, WHICH IS JAHJAH'S REFUGE, EVEN THE MOST HIGH ONE TRUE GOD, JAHJAH'S HABITATION. THERE SHALL NO EVIL BEFALL JAHJAH BEFORE HIS APPOINTED TIME, NEITHER SHALL ANY PLAGUE COME NIGH HIS DWELLING WITHOUT REPERCUSSIONS. YOU SHALL PAY THESE ADDITIONAL PUNITIVE DAMAGES YOU DEVILS WHO HAVE NO LOVE OR REGARD FOR THE ONE TRUE GOD AND HIS HOLY PROPHETS. FOR THE ONE TRUE GOD SHALL GIVE HIS ANGELS CHARGE OVER JAHJAH, TO KEEP JAHJAH IN ALL OF HIS WAYS. GOD'S ANGELS SHALL BEAR JAHJAH UP LEST HE DASH HIS FOOT AGAINST THE STONE. JAHJAH SHALL TREAD UPON THE LION, THE STRONGEST OF YOU AND THE ADDER, THE MOST WISEST OF YOU SNAKES; THE YOUNG LION AND THE DRAGON, ALL OF YOU SNAKES AND SCORPIONS, SHALL JAHJAH TRAMPLE UNDER FOOT. BECAUSE JAHJAH HAS SET HIS LOVE UPON THE ONE TRUE GOD OF ABRAHAM, ISSAC, JACOB, MOSES, CHRIST AND MUHAMMAND (PBUT). THEREFORE, WILL THE ONE TRUE GOD DELIVER JAHJAH, BECAUSE JAHJAH HATH KNOWN GOD'S WAYS AND HONOR THEM IN ALL OF HIS EXISTENCE. JAHJAH SHALL CALL UPON THE ONE TRUE GOD, AND THE ONE TRUE GOD WILL BE WITH JAHJAH THROUGH ALL TROUBLE. HIS GOD WILL DELIVER HIM AND HONOR HIM WITH A PROSPEROUS LIFE EVEN IN DEATH AND JAHJAH SHALL REMAIN STEADFAST IN THE ONE TRUE GOD AND HE SHALL SHOW JAHJAH HIS SALVATION".

THESE ARE THE TERMS OF THE "CONTRACT", THE "COVENANT"

WRITTEN AND FORETOLD BY MY FOREFATHER KING DAVID IN PSALMS 91. SO IT IS WRITTEN. SO LET IT BE DONE TO THE GLORY OF THE ONE TRUE GOD. AS MY BOY SAID IN THE MOVIE "TOTAL RECALL", "I'LL SEE YA' AT THE PARTY VICTOR. I'LL SEE YA' AT THE PARTY". NOW LET'S BRING T-MOBILE INTO THE MIX AS A DEFENDANT SO WE CAN MAKE IT ALL SPICEY AND GET A LITTLE GIGGIE WITH IT. (LOL).

RESPECTFULLY?

JONAH THE TISHBITE

AUGUST 8, 2023

159-of-473
4-of-4

2.

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## REQUEST TO STAFF MEMBER

| TO: STAFF NAME: MR. JACKSON | STAFF TITLE: WARDEN | DATE: 7/10/23 |
|---|---|---|
| INMATE NAME: LAWRENCE L. CRAWFORD | | SCDC #: 300839 |
| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☐ N/A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN): _____

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

Sir Maj Smith placed a memo saying no crates. I want to be exempt from this practice. I need those crates to keep my legal boxes protected if these rooms flood which has happened to me already. I am asking to be exempt from this policy. —Thank you

**DISPOSITION BY STAFF MEMBER:**

160-of-473

DATE: _____

STAFF SIGNATURE: _____

SCDC FORM 19-11 (REV. JULY 2020)

3

Exhibit

Medical Treatment

Interference

Z

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

4

| TO: STAFF NAME: HEAD KITCHEN SUPERVISOR AT LEE C.I. | STAFF TITLE: | DATE: APRIL 26, 2023 |
|---|---|---|
| INMATE NAME: LAWRENCE L. CRAWFORD | | SCDC #: 300839 |
| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN) RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR I HAVE NOT BEEN COMPLAINING ABOUT THIS FOR THE LAST MONTH BECAUSE IT WAS RAMADAN AND I WAS FASTING FOR THE PAST MONTH. BUT NOW THAT RAMADAN IS OVER IT MUST BE ADDRESSED. WHY ARE YOU SENDING ME REGULAR DIET TRAYS DOWN TO THIS DORM WHEN I AM ON A HEART HEALTHY DIET. THIS IS INTERFERENCE WITH PRESCRIBED MEDICAL TREATMENT IN VIOLATION OF STATE AND FEDERAL LAW. I AM ASKING YOU SIR TO CEASE AND DESIST AND ENSURE THAT MY HEART HEALTHY DIET TRAYS ARE SENT TO ME WHENEVER WE ARE LOCKE DOWN. THIS IS MY INFORMAL RESOLUTION. YOU HAVE (5) DAYS TO REMEDY THIS OR LEGAL ACTION SHALL FOLLOW.

DISPOSITION BY STAFF MEMBER:

| DATE: | STAFF SIGNATURE: |
|---|---|

CDC FORM 19-11 (REV JULY 2020)

162-of-473

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| MR. JACKSON | HEAD WARDEN | APRIL 29, 2023 |

| INMATE NAME: | | SCDC #: |
|---|---|---|
| LAWRENCE L. CRAWFORD | | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW<br>☐ ASSISTED LIVING UNIT (ALU) ☒ N.A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL
☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR AGAIN ON SATURDAY APRIL 29, 2023 THE KITCHEN STAFF FAILED
TO SEND ME MY PROSCRIBED MEDICAL FOOD DIET HAVING HIGH SALT
CONTENT RED MEAT ON THE BREAKFAST TRAYS. I AM ASKING AGAIN THAT
YOU INSTRUCT THE KITCHEN STAFF TO SEND ME NY DESIGNATED FOOD
DIET. I THANK YOU IN ADVANCE.

DISPOSITION BY STAFF MEMBER:

DATE: | STAFF SIGNATURE:

SCDC FORM 19-11 (REV JULY 2020)

WARDEN

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

6 MAY 03 2023

LEE

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| MR. JACKSON | HEAD WARDEN | APRIL 29, 2023 |

| INMATE NAME: | SCDC #: |
|---|---|
| LAWRENCE L. CRAWFORD | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) XX N A |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR AGAIN ON SATURDAY APRIL 29, 2023 THE KITCHEN STAFF FAILED
TO SEND ME MY PROSCRIBED MEDICAL FOOD DIET HAVING HIGH SALT
CONTENT RED MEAT ON THE BREAKFAST TRAYS. I AM ASKING AGAIN THAT
YOU INSTRUCT THE KITCHEN STAFF TO SEND ME MY DESIGNATED FOOD
DIET. I THANK YOU IN ADVANCE.

DISPOSITION BY STAFF MEMBER:

Please Speak to you form LT
At The Time you Recieve The
Wrong meal TRAy.

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV JULY 2020)

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

| TO: STAFF NAME: WARDEN Jackson | STAFF TITLE: | DATE: 7/23/23 |
|---|---|---|
| INMATE NAME: LAWRENCE L. CRAWFORD | | SCDC #: 300839 |
| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

This is still constantly occurring. The Kitchen staff is violating State and Federal law interfering with prescribed medical treatment by putting high salt content red meats on the Heart healthy trays. This occurred again on 7/23/23. I was instructed to notify the Dorm Lt. But this is manifesting no appropriate response or results. Please correct this continued injustice.

DISPOSITION BY STAFF MEMBER:

DATE:                          STAFF SIGNATURE:

SCDC FORM 19-11 (REV.JULY 2020)

165-of-473

Exhibit

medical Treatment

delay

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

9

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| TO: MEDICAL | | FEBRUARY 17, 2023 |

| INMATE NAME: | | SCDC #: |
|---|---|---|
| LAWRENCE L. CRAWFORD | | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) XX N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL
☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN) RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

PER MY FAMILY CONVERSATION WITH S.C.D.C. HEADQUARTERS. THEY INFORMED THEM THAT ACCORDING TO YOU, MEDICAL, I NEVER REQUESTED TO YOU TO SEND ME TO THE REQUIRED ANNUAL MEDICAL VISIT TO THE UROLOGIST. THOUGH THIS IS NOT TRUE BECAUSE I SENT SEVERAL REQUEST THAT WERE EITHER DESTROYED OR IGNORED, I AM SENDING THIS REQUEST TO YOU AN ADDITIONAL TIME. LAST I WAS AT THE UROLOGIST THEY FOUND A GROWTH. YOU WERE INSTRUCTED BY THE UROLOGIST TO ENSURE THAT I AM BROUGHT TO HIM EVERY YEAR TO BE CERTAIN THE GROWTHS FOUND IN MY COLON WOULD NOT REOCCUR. PLEASE SCHEDULE ME TO SEE THE UROLIGIST IMMEDIATELY. THIS IS THE ILLEGAL AND UNJUST DELAY OF NEEDED MEDICAL TREATMENT.THANK YOU IN ADVANCE.
ALSO YOU INFORMED HEADQUARTERS THAT I WAS GIVEN A FLU SHOT. THIS IS A BLATANT LIE. YOU SCHEDULED ME FOR THE SHOT AND THEN CANCELLED. GIVE MY MY FLU SHOT PLEASE.

DISPOSITION BY STAFF MEMBER:

Sick Call

RECEIVED

FEB 25 2023

LEE MEDICAL

| DATE: 2/25/23 | STAFF SIGNATURE: | Tonji RN |
|---|---|---|

SCDC FORM 19-11 (REV.JULY 2020)

167-of-473

RECEIVED

JUL 19 2023    LO

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

LEE DENTAL

| TO: STAFF NAME: DENTAL | STAFF TITLE: | DATE: 7/17/23 |
|---|---|---|
| INMATE NAME: LAWRENCE L. CRAWFORD | | SCDC #: 300839 |
| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

What is the status in getting this lower partial Rectified? It might be best to Replace the entire lower partial Altogether. PLEASE get me in there to get this matter Resolved.

Thank you

DISPOSITION BY STAFF MEMBER:

Your lower partial denture has been sent to the Lab and you will be notified when it gets back.

RECEIVED

JUL 19 2023

LEE MEDICAL

DATE: 7/19/23      STAFF SIGNATURE: Joseph S Walker

SCDC FORM 19-11 (REV.JULY 2020)

Exhibit

Religious Infringement

#1

12

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

TO: STAFF NAME: Chaplain    STAFF TITLE: Branding    DATE: 7/11/23

INMATE NAME: LAWRENCE L. CRAWFORD    SCDC #: 300839

INSTITUTION: LEE C.I.    DORM/SIDE/BED: F5D. RM. 133    HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☒ N A

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN) RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR PER OUR CONVERSATION today. Agapa
we don't Actually want the desk
Taken off the Pod because the inmates
do need something to microwave on.
We are just asking for a memo and the
officers be advised that no desks or
tables are to go into the room to allow All
inmates the Ability to Access the Room
Equally and due to the muslims needing A

DISPOSITION BY STAFF MEMBER: place to pray without disturbance.
                                              Thank you

DATE:    STAFF SIGNATURE:

SCDC FORM 19-11 (REV JULY 2020)

18

Exhibit

Religious Infringement

# 2

z



14

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

| TO: STAFF NAME: WARDEN JACKSON | STAFF TITLE: | DATE: July 21, 2023 |
|---|---|---|
| INMATE NAME: LAWRENCE L. CRAWFORD | | SCDC # 300839 |
| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

Sir Capt Green came on the Rock
And made an Announcement that he
is coming in to Run the Dorm on Monday
And he will be locking down at 4pm.
I am asking permission to make the
Asr prayer at 5:10pm daily in
Congregation with the other muslims
in the Dorm please. Thank you

DISPOSITION BY STAFF MEMBER:

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV JULY 2020)

172-of-473

18

### SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

| TO: STAFF NAME:  STAFF TITLE: | DATE: |
|---|---|
| Chaplain Brandyng | 7/uu/23 |

| INMATE NAME: | SCDC #: |
|---|---|
| LAWRENCE L. CRAWFORD | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU  ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR  ☐ DEATH ROW  ☐ ASSISTED LIVING UNIT (ALU) ☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA  ☐ MEDICAL  ☐ MENTAL HEALTH  ☐ DENTAL
☐ MEDICAL COPAY  ☐ MEDICAL RECORDS  ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

Sir per our conversation today. They normally locked down 5:30pm - 6:00pm. The New guard is locking the Dorm down At 5pm. The Asr prayer for muslims come in At 5:10pm. We are asking your Assistance to speak to the Administration to allow us the Additional ten minutes to make the Asr prayer in Congregation. Thank You.

DISPOSITION BY STAFF MEMBER:

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV. JULY 2020)

173-of-473

16

Exhibit

Religious Infringement

#3



## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

| TO: STAFF NAME: SGT. McCRAE | STAFF TITLE: EDUCATION BUILDING | DATE: JUNE 1, 2023 |
|---|---|---|
| INMATE NAME: LAWRENCE L. CRAWFORD | | SCDC #: 300839 |
| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☐ N/A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN): _____

**YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.**

THIS IS MY THIRD REQUEST FOR WHICH I AM SEEKING RESPONSE. ON MAY 31, 2023 SGT. McCRAE STATED THAT I HAD TO TUCK MY SHIRT IN MY PANTS AS A REQUISITE TO MY GAINING AND OR MAINTAINING ENTRY IN THE LEE C.I. LAW LIBRARY. SHE AND I ARE IN CONFLICT. I AM ASKING THAT YOU IMMEDIATELY TAKE STEPS TO GET AHEAD OF THIS AND REMEDY HER ATTACK UPON MY RELIGIOUS FREEDOMS. IT IS A VIOLATION OF MY RELIGIOUS BELIEFS FOR A MUSLIM MALE TO WEAR HIS SHIRT TUCKED IN HIS PANTS. IN SUNAH IBN MAJAH WHICH S.C.D.C. ONCE HAD ON THE TABLETS. IT CLEARLY STATES THAT A MUSLIM MALE IS REQUIRED TO WEAR HIS "CAMISA" (SHIRT) AT THE LEAST LENGTH TO THE MIDDLE OF HIS THIGHS, AT THE LONGEST LENGTH TO JUST ABOVE HIS ANKLES. THIS IS WHY YOU SEE MUSLIM MALES DRESSING IN THE MANNER THAT THEY DO GLOBALLY. THIS POLICY INFRINGES AND SUBSTANTIAL BURDEN THE FREE EXERCISE OF MY RELIGIOUS OBSERVANCE AND I AM BEING THREATENED BY SGT. McCRAE EVERYDAY WITH SANCTIONS FOR PRACTICING MY RELIGIOUS BELIEFS. THE LAW REQUIRES THAT S.C.D.C. TAKE THE LEAST RESTRICTIVE MEASURES IN ADDRESSING THEIR PENOLOGICAL INTEREST WHEN IT COMES TO CONSTITUTIONALLY PROTECTED RIGHTS AS IT PERTAINS TO FREEDOM OF RELIGION. I WANT TO BE EXEMPT FROM THIS POLICY AND NOT TRANSFERRED IN RETALIATION SIMPLY BECAUSE I SEEK TO EXERCISE THESE CONSTITUTIONAL RIGHTS. THE U.S. SUPREME COURT IN HOLT v. HOBBS, 574 U.S. 352, 135 S.Ct. 133(U.S.2015) MADE IT REQUIRED THAT S.C.D.C. ALLOW THEIR MUSLIMS TO GROW THEIR BEARDS AND WEAR THEIR CUFIS. IF SUCH SUPREME COURT RULING APPLIES TO GROOMING AND ATTIRE, IT MUST BE DEEMED APPLICABLE TO THE "TUCK YOUR SHIRT" REQUIREMENT WHICH DO NOT INTERFERE, AT LEAST MINIMALLY, WITH YOUR PENOLOGICAL INTEREST OF MAINTAINING INSTITUTION ORDER SINCE EVEN IN THE PAST S.C.D.C. PERMITTED THE WEARING OF STREET CLOTHING FOR INMATES. I AM ASKING THAT YOU INSTRUCT SGT. McCRAE TO CEASE AND DESIST WITH THIS INFRINGEMENT UPON MY RELIGIOUS BELIEFS IMMEDIATELY. PLEASE RESPOND.

DISPOSITION BY STAFF MEMBER:

*If inmate Crawford, Lawrence #300839 cannot adhere to the guidelines of Lee C.I. he will not enter the Education Bldg.*

| DATE: 6/5/2023 | STAFF SIGNATURE: Sgt Mc Crea |
|---|---|

SCDC FORM 19-11 (REV.JULY 2020)

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

| TO: STAFF NAME: Warden Jackson | STAFF TITLE: | DATE: June 1, 2023 |
|---|---|---|

| INMATE NAME: LAWRENCE L. CRAWFORD | SCDC #: 300839 |
|---|---|

| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU  ☐ R&E  ☐ INFIRMARY ☐ SSR ☐ DEATH ROW  ☐ ASSISTED LIVING UNIT (ALU) ☐ N/A |
|---|---|---|

**REASON FOR PAPER REQUEST:** ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN):

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

THIS IS MY THIRD REQUEST FOR WHICH I AM SEEKING RESPONSE. ON MAY 31, 2023 SGT. McCRAE STATED THAT I HAD TO TUCK MY SHIRT IN MY PANTS AS A REQUISITE TO MY GAINING AND OR MAINTAINING ENTRY IN THE LEE C.I. LAW LIBRARY. SHE AND I ARE IN CONFLICT. I AM ASKING THAT YOU IMMEDIATELY TAKE STEPS TO GET AHEAD OF THIS AND REMEDY HER ATTACK UPON MY RELIGIOUS FREEDOMS. IT IS A VIOLATION OF MY RELIGIOUS BELIEFS FOR A MUSLIM MALE TO WEAR HIS SHIRT TUCKED IN HIS PANTS. IN SUNAH IBN MAJAH WHICH S.C.D.C. ONCE HAD ON THE TABLETS. IT CLEARLY STATES THAT A MUSLIM MALE IS REQUIRED TO WEAR HIS "CAMISA" (SHIRT) AT THE LEAST LENGTH TO THE MIDDLE OF HIS THIGHS, AT THE LONGEST LENGTH TO JUST ABOVE HIS ANKLES. THIS IS WHY YOU SEE MUSLIM MALES DRESSING IN THE MANNER THAT THEY DO GLOBALLY. THIS POLICY INFRINGES AND SUBSTANTIAL BURDEN THE FREE EXERCISE OF MY RELIGIOUS OBSERVANCE AND I AM BEING THREATENED BY SGT. McCRAE EVERYDAY WITH SANCTIONS FOR PRACTICING MY RELIGIOUS BELIEFS. THE LAW REQUIRES THAT S.C.D.C. TAKE THE LEAST RESTRICTIVE MEASURES IN ADDRESSING THEIR PENOLOGICAL INTEREST WHEN IT COMES TO CONSTITUTIONALLY PROTECTED RIGHTS AS IT PERTAINS TO FREEDOM OF RELIGION. I WANT TO BE EXEMPT FROM THIS POLICY AND NOT TRANSFERRED IN RETALIATION SIMPLY BECAUSE I SEEK TO EXERCISE THESE CONSTITUTIONAL RIGHTS. THE U.S. SUPREME COURT IN HOLT v. HOBBS, 574 U.S. 352, 135 S.Ct. 133(U.S.2015) MADE IT REQUIRED THAT S.C.D.C. ALLOW

**DISPOSITION BY STAFF MEMBER:** MUSLIMS TO GROW THEIR BEARDS AND WEAR THEIR COFIS. IF SUCH SUPREME COURT RULING APPLIES TO GROOMING AND ATTIRE, IT MUST BE DEEMED APPLICABLE TO THE "TUCK YOUR SHIRT" REQUIREMENT WHICH DO NOT INTERFERE, AT LEAST MINIMALLY, WITH YOUR PENOLOGICAL INTEREST OF MAINTAINING INSTITUTION ORDER SINCE EVEN IN THE PAST S.C.D.C. PERMITTED THE WEARING OF STREET CLOTHING FOR INMATES. I AM ASKING THAT YOU INSTRUCT SGT. McCRAE TO CEASE AND DESIST WITH THIS INFRINGEMENT UPON MY RELIGIOUS BELIEFS IMMEDIATELY. PLEASE RESPOND.

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV.JULY 2020)

6

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

| TO: STAFF NAME: MR. Jackson | STAFF TITLE: Warden | DATE: 6|10|23 |
|---|---|---|
| INMATE NAME: LAWRENCE L. CRAWFORD | | SCDC #: 300839 |
| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR. THIS IS A FOLLOW UP TO THE RECENT DOCUMENT I SERVED ON YOU RELATED TO SGT. McCRAE IN THE EDUCATION BUILDING INSTRUCTING ME TO TICK MY SHIRT IN MY PANTS AS A PREREQUISITE TO MY ENTRY INTO THE LAW LIBRARY. SINCE I KNOW THAT THE RECENT DOCUMENT I SENT YOU WAS NOT A REQUEST TO STAFF FORM, IN AN ABUNDANCE OF CAUTION I AM SERVING NOTICE UPON YOU AGAIN VIA THIS FORMAT AS WELL SEEKING AN OFFICIAL RESPONSE. ISLAM IS THE ONLY MAIN-STREAM RELIGION THAT REQUIRES IN RELIGIOUS OBSERVANCE THAT THE MUSLIM MALE WEARS HIS SHIRT OUTSIDE HIS PANTS, NOT TUCKED IN, REQUIRING HE WEARS IT TO THE MIDDLE OF HIS THIGHS BUT NO LOWER THAN JUST ABOVE HIS ANKLES. MY SEEKING TO WEAR MY SHIRT OUTSIDE MY PANTS TO THE MIDDLE OF MY THIGHS IS THE LEAST RESTRICTIVE MEASURE IN ADDRESSING YOUR PENALOGICAL INTEREST. ALL INDICATION POINT TO THIS BEING THE REASON WHY YOU TOOK THE QURAN AND THE ISLAMIC MATERIALS OFF THE TABLETS FROM WHAT I WAS TOLD, TO CON-CEAL ANY KNOWLEDGE OF RELIGIOUS INFRINGEMENT CONSPIRING UNDER COLOR OF STATE LAW TO DENY INMATES CONSTITUTIONAL PROTECTIONS. I AM ASKING FOR THE LEAST RESTRICTIVE MEASURE WHERE YOUR ACTIONS VIOLATE THE 1st. AMENDMENT OF THE U.S. CONSTITUTION. I AM ASKING THAT YOU INSTRUCT SGT. McCRAE AND THE OFFICERS AT LEE C.I. FROM INSTRUCTING ME TO TUCK MY SHIRT IN VIOLATION OF THE 1st. AMEND.

DISPOSITION BY STAFF MEMBER:

DATE: | STAFF SIGNATURE:

SCDC FORM 19-11 (REV JULY 2020)

19

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS**
**OFFICE OF GENERAL COUNSEL**
**RESPONSE TO INMATE CORRESPONDENCE**

TO:                    Lawrence Crawford

SCDC #:                300839

INSTITUTION:           Lee Correctional

FROM:                  Office of General Counsel

DATE:                  June 12, 2023

RE:                    Inmate Correspondence

Mr. Crawford:

The Office of General Counsel has received your letter and I have reviewed it. On your behalf, our office reached out to the Division of Policy Development regarding your concerns in the attached letter and their response is as follows:

Our office completed a search in policy for "shirt", the only relevant policy was SCDC Policy OP-22.13, "Inmate Grooming Standards", which states shirts must be tucked in. There was no mention of shirts in SCDC Policy PS-10.05 "Inmate Religion", nor was there a result for "camisa."

Per section 2.1 of OP-22.13:

2.1 Inmate uniforms must fit properly and must be neat and clean at all times. Inmates must wear their shirts tucked in (unless pregnant, working in food service, or authorized by the Warden and approved by the Division Director of Operations/Designee). Caps must be worn with the peak to the front.

Administrative Coordinator
Office of General Counsel

RECEIVED

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

JUN 06 2023

| TO: STAFF NAME: | STAFF TITLE: | DATE: GENERAL COUNSEL |
|---|---|---|
| S.C.D.C. GENERAL COUNSEL | | JUNE 1, 2023 |
| **INMATE NAME:** LAWRENCE L. CRAWFORD | | SCDC #: 300839 |
| **INSTITUTION:** LEE C.I. | **DORM/SIDE/BED:** F5D. RM. 133 | **HOUSING TYPE:** ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☐ N/A |

**REASON FOR PAPER REQUEST:** ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL
☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN):

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

THIS IS MY THIRD REQUEST FOR WHICH I AM SEEKING RESPONSE. ON MAY 31, 2023 SGT. McCRAE STATED THAT I HAD TO TUCK MY SHIRT IN MY PANTS AS A REQUISITE TO MY GAINING AND OR MAINTAINING ENTRY IN THE LEE C.I. LAW LIBRARY. SHE AND I ARE IN CONFLICT. I AM ASKING THAT YOU IMMEDIATELY TAKE STEPS TO GET AHEAD OF THIS AND REMEDY HER ATTACK UPON MY RELIGIOUS FREEDOMS. IT IS A VIOLATION OF MY RELIGIOUS BELIEFS FOR A MUSLIM MALE TO WEAR HIS SHIRT TUCKED IN HIS PANTS. IN SUNAH IBN MAJAH WHICH S.C.D.C. ONCE HAD ON THE TABLETS. IT CLEARLY STATES THAT A MUSLIM MALE IS REQUIRED TO WEAR HIS "CAMISA" (SHIRT) AT THE LEAST LENGTH TO THE MIDDLE OF HIS THIGHS, AT THE LONGEST LENGTH TO JUST ABOVE HIS ANKLES. THIS IS WHY YOU SEE MUSLIM MALES DRESSING IN THE MANNER THAT THEY DO GLOBALLY. THIS POLICY INFRINGES AND SUBSTANTIAL BURDEN THE FREE EXERCISE OF MY RELIGIOUS OBSERVANCE AND I AM BEING THREATENED BY SGT. McCRAE EVERYDAY WITH SANCTIONS FOR PRACTICING MY RELIGIOUS BELIEFS. THE LAW REQUIRES THAT S.C.D.C. TAKE THE LEAST RESTRICTIVE MEASURES IN ADDRESSING THEIR PENOLOGICAL INTEREST WHEN IT COMES TO CONSTITUTIONALLY PROTECTED RIGHTS AS IT PERTAINS TO FREEDOM OF RELIGION. I WANT TO BE EXEMPT FROM THIS POLICY AND NOT TRANSFERRED IN RETALIATION SIMPLY BECAUSE I SEEK TO EXERCISE THESE CONSTITUTIONAL RIGHTS. THE U.S. SUPREME COURT IN HOLT v. HOBBS, 574 U.S. 352, 135 S.Ct. 133(U.S.2015) MADE IT REQUIRED THAT S.C.D.C. ALLOW MUSLIMS TO GROW THEIR BEARDS AND WEAR

**DISPOSITION BY STAFF MEMBER:**
THEIR CUFIS. IF SUCH SUPREME COURT RULING APPLIES TO GROOMING AND ATTIRE, IT MUST BE DEEMED APPLICABLE TO THE "TUCK YOUR SHIRT" REQUIREMENT WHICH DO NOT INTERFERE, AT LEAST MINIMALLY, WITH YOUR PENOLOGICAL INTEREST OF MAINTAINING INSTITUTION ORDER SINCE EVEN IN THE PAST S.C.D.C. PERMITTED THE WEARING OF STREET CLOTHING FOR INMATES. I AM ASKING THAT YOU INSTRUCT SGT. McCRAE TO CEASE AND DESIST WITH THIS INFRINGEMENT UPON MY RELIGIOUS BELIEFS IMMEDIATELY. PLEASE RESPOND.

179-of-473

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV.JULY 2020)

**RECEIVED**

JUN 0 6 2023

**DIRECTOR**

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| BRYAN STIRLING | S.C.D.C. DIRECTOR | JUNE 1, 2023 |

| INMATE NAME: | | SCDC #: |
|---|---|---|
| LAWRENCE L. CRAWFORD | | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☐ N/A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN): _____

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

THIS IS MY THIRD REQUEST FOR WHICH I AM SEEKING RESPONSE. ON MAY 31, 2023 SGT. McCRAE STATED THAT I HAD TO TUCK MY SHIRT IN MY PANTS AS A REQUISITE TO MY GAINING AND OR MAINTAINING ENTRY IN THE LEE C.I. LAW LIBRARY. SHE AND I ARE IN CONFLICT. I AM ASKING THAT YOU IMMEDIATELY TAKE STEPS TO GET AHEAD OF THIS AND REMEDY HER ATTACK UPON MY RELIGIOUS FREEDOMS. IT IS A VIOLATION OF MY RELIGIOUS BELIEFS FOR A MUSLIM MALE TO WEAR HIS SHIRT TUCKED IN HIS PANTS. IN SUNAH IBN MAJAH WHICH S.C.D.C. ONCE HAD ON THE TABLETS. IT CLEARLY STATES THAT A MUSLIM MALE IS REQUIRED TO WEAR HIS "CAMISA" (SHIRT) AT THE LEAST LENGTH TO THE MIDDLE OF HIS THIGHS, AT THE LONGEST LENGTH TO JUST ABOVE HIS ANKLES. THIS IS WHY YOU SEE MUSLIM MALES DRESSING IN THE MANNER THAT THEY DO GLOBALLY. THIS POLICY INFRINGES AND SUBSTANTIAL BURDEN THE FREE EXERCISE OF MY RELIGIOUS OBSERVANCE AND I AM BEING THREATENED BY SGT. McCRAE EVERYDAY WITH SANCTIONS FOR PRACTICING MY RELIGIOUS BELIEFS. THE LAW REQUIRES THAT S.C.D.C. TAKE THE LEAST RESTRICTIVE MEASURES IN ADDRESSING THEIR PENOLOGICAL INTEREST WHEN IT COMES TO CONSTITUTIONALLY PROTECTED RIGHTS AS IT PERTAINS TO FREEDOM OF RELIGION. I WANT TO BE EXEMPT FROM THIS POLICY AND NOT TRANSFERRED IN RETALIATION SIMPLY BECAUSE I SEEK TO EXERCISE THESE CONSTITUTIONAL RIGHTS. THE U.S. SUPREME COURT IN HOLT v. HOBBS, 574 U.S. 352, 135 S.Ct. 133(U.S.2015) MADE IT REQUIRED MUSLIMS TO GROW THEIR BEARDS AND WEAR THEIR CUFIS. IF SUCH SUPREME COURT RULING APPLIES TO GROOMING AND ATTIRE, IT MUST BE DEEMED APPLICABLE TO THE "TUCK YOUR SHIRT" REQUIREMENT WHICH DO NOT INTERFERE, AT LEAST MINIMALLY, WITH YOUR PENOLOGICAL INTEREST OF MAINTAINING INSTITUTION ORDER SINCE EVEN IN THE PAST S.C.D.C. PERMITTED THE WEARING OF STREET CLOTHING FOR INMATES. I AM ASKING THAT YOU INSTRUCT SGT. McCRAE TO CEASE AND DESIST WITH THIS INFRINGEMENT UPON MY RELIGIOUS BELIEFS IMMEDIATELY. PLEASE RESPOND.

DISPOSITION BY STAFF MEMBER:

*Mr. Crawford, You must follow grooming policy. Your religion does not restrict you from tucking your shirt in your pants as any other inmate. Thank you.*

| DATE: 6/13/23 | STAFF SIGNATURE: *Brayton Hilliard* |
|---|---|

SCDC FORM 19-11 (REV.JULY 2020)

RECEIVED
MAY 30 2023
DIRECTOR

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| DIRECTOR BRYAN STIRLING | | MAY 24, 2023 |
| **INMATE NAME:** LAWRENCE L. CRAWFORD | | **SCDC #:** 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW<br>☐ ASSISTED LIVING UNIT (ALU) ☐ N/A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL
☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN): _____

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR ON MAY 23, 2023. I MADE EFFORTS TO ENTER THE LEE C.I. LAW
LIBRARY DUE TO PENDING COURT DEADLINES. SGT. McCRAE, angry,
BECAUSE SHE REALIZED THAT SHE COULD NOT RESTRICT MY ENTRY INTO
THE LAW LIBRARY DESPITE HER RETALIATORY ACTION IN CHANGING THE
SCHEDULE FOR THE LAW LIBRARY TO RESTRICT MY ENTRY. SGT. McCRAE
THEN TELLS ME THAT DESPITE THE FACT THAT I PRODUCED A LEGAL
DOCUMENT HIGHLIGHTING MULTIPLE COURT DEADLINES LISTED WITHIN
THE DOCUMENT. THIS OFFICER IN ADDITIONAL ACTS OF RETALIATION
THEN INFORMS ME THAT I CAN ONLY EXERCISE ONE OF THE COURT DEAD
LINES AND NOT ALL OF THEM DESIGNATED BY THE COURT. IS THIS WOMAN
OUT OF HER MIND? IF THE COURT DOCUMENT INFORMS A PARTY OF MULTI-
PLE COURT DEADLINES, ALL THOSE COURT DEADLINES ARE VALID AND
ARE MORE THAN SUFFICIENT CAUSE FOR LAW LIBRARY ENTRY. THIS
RETALIATORY OFFICER THEN INFORMS ME THAT THOUGH I DO HAVE COURT
DEADLINES, I CAN ONLY ENTER THE LAW LIBRARY ON ONE DAY OUT OF
THE WEEK, WEDNESDAY, AND I AM DENIED ACCESS ANY OTHER DAY OUT
OF THE WEEK. WHAT IN THE WORLD DO THIS OFFICER HAVE GOING ON?
FIX THIS PLEASE OR LEGAL ACTION SHALL FOLLOW AND DO NOT REQUIRE
THAT I TUCK MY SHIRT IN AS A PREREQUISITE FOR ENTRY WHEN WEARING
MY SHIRT OUT OF MY PANTS IS A PART OF MY RELIGIOUS OBSERVANCE.
I THANK YOU IN ADVANCE.

**DISPOSITION BY STAFF MEMBER:**

181-of-473

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV.JULY 2020)

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

28

| TO: STAFF NAME: MR. BRYAN STIRLING | STAFF TITLE: S.C.D.C. DIRECTOR | DATE: JULY 31, 2023 |
|---|---|---|
| INMATE NAME: LAWRENCE L. CRAWFORD | | SCDC #: 300839 |
| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN **RELIGIOUS**

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR, TODAY SGT. McCRAE CONTINUALLY HARASS ME ABOUT MY SHIRT NOT BEING TUCKED IN MY PANTS. GENERAL COUNSEL RESPONDED AND SENT ME THE POLICY. IT IS OP-22.13. THEY SAID THE POLICY BY ITS VERY LANGUAGE IS NOT ABSOLUTE, THAT YOU CAN CHANGE IT FOR GOOD CAUSE SHOWN. RELIGIOUS OBSERVANCE IS GOOD CAUSE SHOWN. PLEASE GET THIS WOMAN OFF OF MY BACK SIR AND LET ME WORSHIP IN MY ATTIRE WHERE THE VERY LANGUAGE OF THE POLICY IN QUESTION WOULD CARVE AN EXCEPTION TO ALLOW ME TO DO SO. DEAL WITH THIS QUICKLY PLEASE. SHE IS THREATENING TO BAR ME FROM THE LAW LIBRARY DUE TO MY SEEKING TO EXERCISE RIGHTS PROTECTED BY THE U.S. CONSTITUTION WHERE EVEN BY S.C.D.C. POLICY THE WARDENS CAN MAKE THE NECESSARY CHANGE. DIRECTOR STIRLING DEAL WITH THIS PLEASE.

CC: WARDEN JACKSON LEE C.I.

DISPOSITION BY STAFF MEMBER:

DATE: | STAFF SIGNATURE:

CDC FORM 19-11 (REV JULY 2020)

182-of-473

Exhibit

Religious Infringement

# 4



## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE DIRECTOR
## INMATE CORRESPONDENCE

INMATE:              Lawrence Crawford (300839)

INSTITUTION:      Lee Correctional Institution, F5D-0133-B

FROM:               Office of the Director

SUBJECT:          Request to Staff Member Received

DATE:                April 18, 2023

     I am in receipt of your inmate correspondence/Request to Staff Member. Your correspondence is being rejected in accordance to SCDC Policy, GA-06.04, Request to Staff Member and returned to you for the following reasons:

- o  Inmates must use the correct form (Request to Staff Member SCDC 19-11) and attachments will not be accepted.

- o  Inmates are only allowed to submit one issue per RTSM, which must be written legibly (to the appropriate area) and must be limited to a single sheet.

- o  Inmates are prohibited from sending duplicate or similar RTSM to multiple staff members.

- ☒  Your request should be directed through the appropriate institutional/divisional staff.

- o  The RTSM is intended for use by an individual inmate (An inmate may not send a RTSM form from multiple inmates).

- ☒  You will have to enter your concerns through the KIOSK Automated Request to Staff System.



    S/ _____Ms. Stubbs_____
          Office of the Director

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| DIRECTOR BRYAN STIRLING | | APRIL 12, 2023 |

| INMATE NAME: | | SCDC #: |
|---|---|---|
| LAWRENCE L. CRAWFORD | | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☐ N/A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL
☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN): _____

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR THE MUSLIMS IN F5 DORM HAVE NOT BEEN PERMITTED TO OBSERVE RAMADAN UNDER THE ALLEGED GUISE OF SOME SUPPOSED INCREASED DRONE ACTIVITY AROUND F5 DORM? FEDERAL LAW AND THE UNITED STATES CONSTITUTION THAT YOU SWORE AN OATH TO UPHOLD REQUIRE THAT YOU TAKE THE LEAST RESTRICTIVE MEASURES IN ADDRESSING YOUR PENALOGICAL INTEREST WHEN IT COMES TO THE FREE EXERCISE OF CONSTITUTIONALLY PROTECTED RIGHTS SUCH AS FREEDOM OF RELIGION. WHATEVER ALLEGED INCREASE IN DRONE ACTIVITY THAT IS SAID TO BE OCCURRING HAS ABSOLUTELY NOTHING TO DO WITH THE MUSLIMS IN F5 DORM AND I RESPECTFULLY CHALLENGE ANY OFFICER TO DEMONSTRATE THE CONTRARY. THEREFORE, YOU ARE NOT TAKING THE LEAST RESTRICTIVE MEASURES IN ADDRESSING YOUR PENALOGICAL INTEREST PLACING YOU AND THE S.C. DEPT. OF CORRECTIONS IN VIOLATION OF FEDERAL LAW AND THE U.S. CONSTITUTION. PLEASE INSTRUCT YOUR OFFICERS TO RELEASE F5 DORM FOR RAMADAN UNLESS YOU OR YOUR OFFICERS HAVE SOME CONCRETE PROOF THAT THE MUSLIMS IN THIS DORM WERE INVOLVED IN SOME ALLEGED RECENT ESCALATION IN DRONE ACTIVITY. THIS INCLUDES BEING RELEASED TO ATTEND THE LAW LIBRARY DUE TO COURT DEADLINE. ELEVATED DRONE ACTIVITY IS NOT SUPPOSED TO HALT RELIGIOUS FUNCTIONS OR LAW LIBRARY ACCESS WHERE YOU ARE NOT TAKING THE LEAST RESTRICTIVE MEASURES TO ADDRESS YOUR PENALOGICAL INTEREST. I THANK YOU IN ADVANCE.

DISPOSITION BY STAFF MEMBER:

185-of-473

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV.JULY 2020)

27

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE DIRECTOR
## INMATE CORRESPONDENCE

INMATE:          Lawrence Crawford (300839)

INSTITUTION:     Lee Correctional Institution, F5D-0133-B

FROM:            Office of the Director

SUBJECT:         Request to Staff Member Received

DATE:            May 30, 2023

      I am in receipt of your inmate correspondence/Request to Staff Member. Your correspondence is being rejected in accordance to SCDC Policy, GA-06.04, Request to Staff Member and returned to you for the following reasons:

- o  Inmates must use the correct form (Request to Staff Member SCDC 19-11) and attachments will not be accepted.

- o  Inmates are only allowed to submit one issue per RTSM, which must be written legibly (to the appropriate area) and must be limited to a single sheet.

- o  Inmates are prohibited from sending duplicate or similar RTSM to multiple staff members.

- ☒  Your request should be directed through the appropriate institutional/divisional staff.

- o  The RTSM is intended for use by an individual inmate (An inmate may not send a RTSM form from multiple inmates).

- ☒  You will have to enter your concerns through the KIOSK Automated Request to Staff System.

S/ _____Ms. Stubbs_____
Office of the Director

186-of-473

RECEIVED

MAY 30 2023

DIRECTOR

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

28

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| DIRECTOR BRYAN STIRLING | | MAY 22, 2023 |
| INMATE NAME: | | SCDC #: |
| LAWRENCE L. CRAWFORD | | 300839 |
| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW |
| | | ☐ ASSISTED LIVING UNIT (ALU) ☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL
☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR. THIS IS A FOLLOW UP TO THE RECENT DOCUMENT T SERVED ON
YOU RELATED TO SGT. McCRAE IN THE EDUCATION BUILDING INSTRUCTING
ME TO TICK MY SHIRT IN MY PANTS AS A PREREQUISITE TO MY ENTRY
INTO THE LAW LIBRARY. SINCE I KNOW THAT THE RECENT DOCUMENT
I SENT YOU WAS NOT A REQUEST TO STAFF FORM, IN AN ABUNDANCE
OF CAUTION I AM SERVING NOTICE UPON YOU AGAIN VIA THIS FORMAT
AS WELL SEEKING AN OFFICIAL RESPONSE. ISLAM IS THE ONLY MAIN-
STREAM RELIGION THAT REQUIRES IN RELIGIOUS OBSERVANCE THAT THE
MUSLIM MALE WEARS HIS SHIRT OUTSIDE HIS PANTS, NOT TUCKED IN,
REQUIRING HE WEARS IT TO THE MIDDLE OF HIS THIGHS BUT NO LOWER
THAN JUST ABOVE HIS ANKLES. MY SEEKING TO WEAR MY SHIRT OUTSIDE
MY PANTS TO THE MIDDLE OF MY THIGHS IS THE LEAST RESTRICTIVE
MEASURE IN ADDRESSING YOUR PENALOGICAL INTEREST. ALL INDICATION
POINT TO THIS BEING THE REASON WHY YOU TOOK THE QURAN AND THE
ISLAMIC MATERIALS OFF THE TABLETS FROM WHAT I WAS TOLD, TO CON-
CEAL ANY KNOWLEDGE OF RELIGIOUS INFRINGEMENT CONSPIRING UNDER
COLOR OF STATE LAW TO DENY INMATES CONSTITUTIONAL PROTECTIONS.
I AM ASKING FOR THE LEAST RESTRICTIVE MEASURE WHERE YOUR ACTIONS
VIOLATE THE 1st. AMENDMENT OF THE U.S. CONSTITUTION. I AM ASKING
THAT YOU INSTRUCT SGT. McCRAE AND THE OFFICERS AT LEE C.I. FROM
INSTRUCTING ME TO TUCK MY SHIRT IN VIOLATION OF THE 1st. AMEND.

DISPOSITION BY STAFF MEMBER:

DATE:                          STAFF SIGNATURE:

SCDC FORM 19-11 (REV JULY 2020)

187-of-473

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
OFFICE OF THE DIRECTOR
INMATE CORRESPONDENCE

29

INMATE:        Lawrence Crawford (300839)

INSTITUTION:   Lee Correctional Institution, F5D-0133-B

FROM:          Office of the Director

SUBJECT:       Request to Staff Member Received

DATE:          May 30, 2023

        I am in receipt of your inmate correspondence/Request to Staff Member. Your
correspondence is being rejected in accordance to SCDC Policy, GA-06.04, Request to
Staff Member and returned to you for the following reasons:

   o   Inmates must use the correct form (Request to Staff Member SCDC 19-11) and
       attachments will not be accepted.

   x   Inmates are only allowed to submit one issue per RTSM, which must be written
       legibly (to the appropriate area) and must be limited to a single sheet.

   o   Inmates are prohibited from sending duplicate or similar RTSM to multiple staff
       members.

   x   Your request should be directed through the appropriate institutional/divisional
       staff.

   o   The RTSM is intended for use by an individual inmate (An inmate may not send a
       RTSM form from multiple inmates).

   x   You will have to enter your concerns through the KIOSK Automated Request to
       Staff System.

                                    S/    Ms. Stubbs
                                          Office of the Director

188-of-473

30

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE DIRECTOR
## INMATE CORRESPONDENCE

INMATE:          Lawrence Crawford (300839)

INSTITUTION:     Lee Correctional Institution, F5D-0133-B

FROM:            Office of the Director

SUBJECT:        Request to Staff Member Received

DATE:            May 30, 2023

      I am in receipt of your inmate correspondence/Request to Staff Member. Your correspondence is being rejected in accordance to SCDC Policy, GA-06.04, Request to Staff Member and returned to you for the following reasons:

o Inmates must use the correct form (Request to Staff Member SCDC 19-11) and attachments will not be accepted.

o Inmates are only allowed to submit one issue per RTSM, which must be written legibly (to the appropriate area) and must be limited to a single sheet.

o Inmates are prohibited from sending duplicate or similar RTSM to multiple staff members.

o Your request should be directed through the appropriate institutional/divisional staff.

o The RTSM is intended for use by an individual inmate (An inmate may not send a RTSM form from multiple inmates).

o You will have to enter your concerns through the KIOSK Automated Request to Staff System.

S/ _____Ms. Stubbs_____
Office of the Director

RECEIVED

MAY 30 2023

31

DIRECTOR

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| DIRECTOR BRYAN STIRLING | | MAY 22, 2023 |
| INMATE NAME: | | SCDC #: |
| LAWRENCE L. CRAWFORD | | 300839 |
| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) X☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL
☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR SGT. McCRAE, BY HER OWN WORDS OUT OF HER MOUTH, SPECIFICALLY
IS TARGETING ME AND THE INMATES INVOLVED IN OUR PENDING CASES,
HAS CHANGED THE LAW LIBRARY SCHEDULE IN ACTS OF RETALIATION
TO PREVENT US FROM WORKING ON OUR CASES TOGETHER. I AM ASKING
THAT ME AND THE INMATES BE GIVEN ACCESS TO THE LAW LIBRARY 5
DAYS A WEEK WITHOUT ANY REQUIREMENT OF PRODUCING A 30 DAY COURT
DEADLINE WHEN THE POLICY DOES NOT REQUIRE THIS AND BY NO MEANS
IS THAT LAW LIBRARY OVER CROWDED WHERE SHE CANNOT PRODUCE ANY
JUSTIFIABLE REASON FOR THIS CHANGE IN SCHEDULE OTHER THAN FOR
RETALIATORY PURPOSES. PLEASE INSTRUCT YOUR OFFICER TO LET US
IN THE LAW LIBRARY 5 DAYS A WEEK WITH OR WITHOUT ANY 30 DAY
DEDLINE IF THAT LAW LIBRARY IS NOT OVER CROWDED AND WE ARE THER
TO WORK ON OUR PENDING ACTIONS. I THANK YOU IN ADVANCE.

DISPOSITION BY STAFF MEMBER:

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV JULY 2020)

190-of-473

# SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE DIRECTOR
### INMATE CORRESPONDENCE

32

INMATE:              Lawrence Crawford (3008369)

INSTITUTION:         Lee Correctional Institution, F5D-0133-B

FROM:                Office of the Director

SUBJECT:             Request to Staff Member Received

DATE:                June 1, 2023

      I am in receipt of your inmate correspondence/Request to Staff Member. Your correspondence is being rejected in accordance to SCDC Policy, GA-06.04, Request to Staff Member and returned to you for the following reasons:

- ○ Inmates must use the correct form (Request to Staff Member SCDC 19-11) and attachments will not be accepted.

- ✗ Inmates are only allowed to submit one issue per RTSM, which must be written legibly (to the appropriate area) and must be limited to a single sheet.

- ✗ Inmates are prohibited from sending duplicate or similar RTSM to multiple staff members.

- ✗ Your request should be directed through the appropriate institutional/divisional staff.

- ○ The RTSM is intended for use by an individual inmate (An inmate may not send a RTSM form from multiple inmates).

- ✗ You will have to enter your concerns through the KIOSK Automated Request to Staff System.

S/ _Ms. Stubbs_
Office of the Director

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

JUN 01 2023

DIRECTOR

33

| TO: STAFF NAME: MR. STIRLING | STAFF TITLE: S.C.D.C. DIRECTOR | DATE: MAY 29, 2023 |
|---|---|---|
| INMATE NAME: LAWRENCE L. CRAWFORD | | SCDC #: 300839 |
| INSTITUTION: LEE C.I. | DORM/SIDE/BED: F5D. RM. 133 | HOUSING TYPE: ☐ RHU ☐ R&E ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) ☒ N.A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR. THIS IS A FOLLOW UP TO THE RECENT DOCUMENT I SERVED ON YOU RELATED TO SGT. McCRAE IN THE EDUCATION BUILDING INSTRUCTING ME TO TICK MY SHIRT IN MY PANTS AS A PREREQUISITE TO MY ENTRY INTO THE LAW LIBRARY. SINCE I KNOW THAT THE RECENT DOCUMENT I SENT YOU WAS NOT A REQUEST TO STAFF FORM, IN AN ABUNDANCE OF CAUTION I AM SERVING NOTICE UPON YOU AGAIN VIA THIS FORMAT AS WELL SEEKING AN OFFICIAL RESPONSE. ISLAM IS THE ONLY MAIN-STREAM RELIGION THAT REQUIRES IN RELIGIOUS OBSERVANCE THAT THE MUSLIM MALE WEARS HIS SHIRT OUTSIDE HIS PANTS, NOT TUCKED IN, REQUIRING HE WEARS IT TO THE MIDDLE OF HIS THIGHS BUT NO LOWER THAN JUST ABOVE HIS ANKLES. MY SEEKING TO WEAR MY SHIRT OUTSIDE MY PANTS TO THE MIDDLE OF MY THIGHS IS THE LEAST RESTRICTIVE MEASURE IN ADDRESSING YOUR PENALOGICAL INTEREST. ALL INDICATION POINT TO THIS BEING THE REASON WHY YOU TOOK THE QURAN AND THE ISLAMIC MATERIALS OFF THE TABLETS FROM WHAT I WAS TOLD, TO CON-CEAL ANY KNOWLEDGE OF RELIGIOUS INFRINGEMENT CONSPIRING UNDER COLOR OF STATE LAW TO DENY INMATES CONSTITUTIONAL PROTECTIONS. I AM ASKING FOR THE LEAST RESTRICTIVE MEASURE WHERE YOUR ACTIONS VIOLATE THE 1st. AMENDMENT OF THE U.S. CONSTITUTION. I AM ASKING THAT YOU INSTRUCT SGT. McCRAE AND THE OFFICERS AT LEE C.I. FROM INSTRUCTING ME TO TUCK MY SHIRT IN VIOLATION OF THE 1st. AMEND.

DISPOSITION BY STAFF MEMBER:

DATE: | STAFF SIGNATURE:

SCDC FORM 19-11 (REV. JULY 2020)

RECEIVED

JUN 01 2023

DIRECTOR

34

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| MR. STIRLING | S.C.D.C. DIRECTOR | MAY 29, 2023 |

| INMATE NAME: | | SCDC #: |
|---|---|---|
| LAWRENCE L. CRAWFORD | | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) XX N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR SGT. McCRAE, BY HER OWN WORDS OUT OF HER MOUTH, SPECIFICALLY IS TARGETING ME AND THE INMATES INVOLVED IN OUR PENDING CASES, HAS CHANGED THE LAW LIBRARY SCHEDULE IN ACTS OF RETALIATION TO PREVENT US FROM WORKING ON OUR CASES TOGETHER. I AM ASKING THAT ME AND THE INMATES BE GIVEN ACCESS TO THE LAW LIBRARY 5 DAYS A WEEK WITHOUT ANY REQUIREMENT OF PRODUCING A 30 DAY COURT DEADLINE WHEN THE POLICY DOES NOT REQUIRE THIS AND BY NO MEANS IS THAT LAW LIBRARY OVER CROWDED WHERE SHE CANNOT PRODUCE ANY JUSTIFIABLE REASON FOR THIS CHANGE IN SCHEDULE OTHER THAN FOR RETALIATORY PURPOSES. PLEASE INSTRUCT YOUR OFFICER TO LET US IN THE LAW LIBRARY 5 DAYS A WEEK WITH OR WITHOUT ANY 30 DAY DEDLINE IF THAT LAW LIBRARY IS NOT OVER CROWDED AND WE ARE THER TO WORK ON OUR PENDING ACTIONS. I THANK YOU IN ADVANCE.

DISPOSITION BY STAFF MEMBER:

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV JULY 2020)

WARDEN

SOUTH CARC ... OF CORRECTIONS    APR 0 3 2023
REC(Ut.;.. )    A.. MEMBER

35    LEE

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| MS. TONYA JAMES | HEAD WARDEN | FEBRUARY 14, 2023 |

| INMATE NAME: | | SCDC #: |
|---|---|---|
| LAWRENCE L. CRAWFORD | | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) X☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL ☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN **RELIGIOUS**

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

WARDEN AT KERSHAW C.I.. SIR A COPY OF THE ATTACHED DOCUMENT IS BEING SERVED ON YOU TO SEEK PERMISSION BY S.C.D.C. POLICY TO ABLE TO COMMUNICATE DIRECTLY WITH ALTON CHISOLM #6645 AT THE WELLPATH CENTER, CHRISTOPHER DARNELL WILSON #316742 AT LIEBER C.I. AND ANTHONY COOK #115157 AND SEQUOIA McKINNON #368688 BOTH OF THEM AT KERSHAW C.I.. NOT ONLY DO WE HAVE THESE CASES BEFORE THE 4TH. CIRCUIT AND S.C. DISTRICT COURT. I AM ALSO PARTY TO THEIR PRESENTLY PENDING PCR ACTIONS BEFORE THE RELEVANT COURTS OF COMMON PLEAS. THEREFORE, BY S.C.D.C. POLICY I AM PERMITTED DIRECT CONTACT BY MAIL FOR LEGAL PURPOSES. I AM RESPECTFULLY SEEKING PERMISSION FROM YOU AND ANY OTHER RELEVANT WARDEN TO DO SO. CAN YOU PLEASE GRANT THIS REQUEST. THANK YOU IN ADVANCE.

DISPOSITION BY STAFF MEMBER:

You would need to Submit your request through the Kiosk under Inmate to Inmate Correspondence

DATE: 3/14/23    STAFF SIGNATURE: _____ Warden

SCDC FORM 19-11 (REV JULY 2020)

194-of-473

36



Exhibit Inmate

Correspondence

**WARDEN**

FEB 15 2023

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
### REQUEST TO STAFF MEMBER

37

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| MR. JACKSON | WARDEN AT LEE C.I. | FEBRUARY 14, 2023 |

| INMATE NAME: | | SCDC #: |
|---|---|---|
| LAWRENCE L. CRAWFORD | | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU  ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR  ☐ DEATH ROW ☐ ASSISTED LIVING UNIT (ALU) X☒ N A |

REASON FOR PAPER REQUEST: ☐ PREA  ☐ MEDICAL  ☐ MENTAL HEALTH  ☐ DENTAL ☐ MEDICAL COPAY  ☐ MEDICAL RECORDS  ☐ KIOSK INACCESSIBLE (EXPLAIN <u>RELIGIOUS</u>

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

WARDEN JACKSON. SIR A COPY OF THE ATTACHED DOCUMENT IS BEING SERVED ON YOU TO SEEK PERMISSION BY S.C.D.C. POLICY TO ABLE TO COMMUNICATE DIRECTLY WITH ALTON CHISOLM #6645 AT THE WELLPATH CENTER, CHRISTOPHER DARNELL WILSON #316742 AT LIEBER C.I. AND ANTHONY COOK #115157 AND SEQUOIA McKINNON #368688 BOTH OF THEM AT KERSHAW C.I.. NOT ONLY DO WE HAVE THESE CASES BEFORE THE 4TH. CIRCUIT AND S.C. DISTRICT COURT. I AM ALSO PARTY TO THEIR PRESENTLY PENDING PCR ACTIONS BEFORE THE RELEVANT COURTS OF COMMON PLEAS. THEREFORE, BY S.C.D.C. POLICY I AM PERMITTED DIRECT CONTACT BY MAIL FOR LEGAL PURPOSES. I AM RESPECTFULLY SEEKING PERMISSION FROM YOU AND ANY OTHER RELEVANT WARDEN TO DO SO. CAN YOU PLEASE GRANT THIS REQUEST. THANK YOU IN ADVANCE.

DISPOSITION BY STAFF MEMBER:

23-03014308

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV.JULY 2020)

196-of-473

SECOND NOTICE. I NEED A RESPONSE PLEASE.

RECEIVED

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
REQUEST TO STAFF MEMBER

JUN 01 2023

33

DIRECTOR

| TO: STAFF NAME: | STAFF TITLE: | DATE: |
|---|---|---|
| MR. STIRLING | S.C.D.C. DIRECTOR | MAY 29, 2023 |

| INMATE NAME: | | SCDC #: |
|---|---|---|
| LAWRENCE L. CRAWFORD | | 300839 |

| INSTITUTION: | DORM/SIDE/BED: | HOUSING TYPE: ☐ RHU ☐ R&E |
|---|---|---|
| LEE C.I. | F5D. RM. 133 | ☐ INFIRMARY ☐ SSR ☐ DEATH ROW |
| | | ☐ ASSISTED LIVING UNIT (ALU) ☒ N.A |

REASON FOR PAPER REQUEST: ☐ PREA ☐ MEDICAL ☐ MENTAL HEALTH ☐ DENTAL
☐ MEDICAL COPAY ☐ MEDICAL RECORDS ☐ KIOSK INACCESSIBLE (EXPLAIN) RELIGIOUS

YOU MUST USE THE KIOSK IF YOUR PAPER REQUEST DOES NOT MEET ANY OF THE CRITERIA ABOVE.

SIR. THIS IS A FOLLOW UP TO THE RECENT DOCUMENT I SERVED ON
YOU RELATED TO SGT. McCRAE IN THE EDUCATION BUILDING  INSTRUCTING
ME TO TICK MY SHIRT IN MY PANTS AS A PREREQUISITE TO MY ENTRY
INTO THE LAW LIBRARY. SINCE I KNOW THAT THE RECENT DOCUMENT
I SENT YOU WAS NOT A REQUEST TO STAFF FORM, IN AN ABUNDANCE
OF CAUTION I AM SERVING NOTICE UPON YOU AGAIN VIA THIS FORMAT
AS WELL SEEKING AN OFFICIAL RESPONSE. ISLAM IS THE ONLY MAIN-
STREAM RELIGION THAT REQUIRES IN RELIGIOUS OBSERVANCE THAT THE
MUSLIM MALE WEARS HIS SHIRT OUTSIDE HIS PANTS, NOT TUCKED IN,
REQUIRING HE WEARS IT TO THE MIDDLE OF HIS THIGHS BUT NO LOWER
THAN JUST ABOVE HIS ANKLES. MY SEEKING TO WEAR MY SHIRT OUTSIDE
MY PANTS TO THE MIDDLE OF MY THIGHS IS THE LEAST RESTRICTIVE
MEASURE IN ADDRESSING YOUR PENALOGICAL INTEREST. ALL INDICATION
POINT TO THIS BEING THE REASON WHY YOU TOOK THE QURAN AND THE
ISLAMIC MATERIALS OFF THE TABLETS FROM WHAT I WAS TOLD, TO CON-
CEAL ANY KNOWLEDGE OF RELIGIOUS INFRINGEMENT CONSPIRING UNDER
COLOR OF STATE LAW TO DENY INMATES CONSTITUTIONAL PROTECTIONS.
I AM ASKING FOR THE LEAST RESTRICTIVE MEASURE WHERE YOUR ACTIONS
VIOLATE THE 1st. AMENDMENT OF THE U.S. CONSTITUTION. I AM ASKING
THAT YOU INSTRUCT SGT. McCRAE AND THE OFFICERS AT LEE C.I. FROM
INSTRUCTING ME TO TUCK MY SHIRT IN VIOLATION OF THE 1st. AMEND.

DISPOSITION BY STAFF MEMBER:

| DATE: | STAFF SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV.JULY 2020)

197-of-473

YAHDINA OVERSTREET-U-DEEN
15306 ROBEY AVENUE SUITE 707
HARVEY, ILLINOIS 60426

6

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 F5D. RM. 133
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010

IN RE: FILING A MOTION TO JOIN THE THE CRAWFORD SEEKING
INJUNCTION REGARDING THE KERSHAW COUNTY GENERAL SESSIONS COURT.

TO; THE S.C. COURT OF APPEALS,
    THE KERSHAW COUNTY COURT OF GENERAL SESSIONS,
    THE S.C. ATTORNEY GENERAL-ET. AL.,

    MY BROTHER, LAWRENCE CRAWFORD, SERVED ALL COURTS AND
PARTIES A DOCUMENT SEEKING AN INJUNCTION BEFORE THE S.C. COURT OF
APPEALS REGARDING MY BROTHER AND I SEEKING APPLICATION FOR DNA
TESTING. HE HAS SENT THAT PLEADING INTO THE COURTS SEVERAL TIMES
ASKING THAT YOU RETURN TO HIM A CLOCKED STAMPED COPY. UNTIL THIS
DAY NO SUCH CLOCKED STAMPED COPY WAS RETURNED TO HIM TO ENSURE
THAT THE MATTER IS PROPERLY BEFORE THE COURT OF APPEALS. IN AN
ABUNDANCE OF CAUTION, I, YAHDINA OVERSTREET-U-DEEN AM MOTIONING
TO JOIN IN THE SEEKING OF THE INJUNCTION AND MY BROTHER WILL HAVE
THE PLEADING SENT CERTIFIED MAIL BY ANOTHER INMATE SO HE CAN ACT
AS A WITNESS THAT THE LEGAL PLEADING WAS INDEED SENT TO BOTH

COURTS AND THE ADMINISTRATIVE JUDGE. PLEASE RETURN BACK TO US BOTH CLOCKED STAMPED COPIES OF THE PLEADINGS SINCE THE PLEADING WAS SENT TO BOTH COURT MORE THAN ONE TIME. YOU SHOULD HAVE SEVERAL COPIES BY NOW. WE THANK YOU IN ADVANCE. STILL REMAIN,

RESPECTFULLY,

YAHDINA OVERSTREET-U-DEEN

JONAH THE TISHBITE

AUGUST 16, 2023

IN THE STATE OF SOUTH CAROLINA
IN THE COURT OF APPEALS

_____

CASE DOCKET NO._____

_____

APPEAL FROM THE COUNTY OF KERSHAW
IN THE COURT OF GENERAL SESSIONS

CASE NUMBER 2004-GS-28-0385
APPLICATION FOR DNA TESTING

_____

YAHDINA OVERSTREET-U-DEEN; LAWRENCE L. CRAWFORD AKA JONAH GABRIEL
JAHJAH T. TISHBITE

APPLICANTS/PETITIONERS

Vs.

THE KERSHAW COUNTY COURT OF GENERAL SESSIONS; THE S.C. ATTORNEY
GENERAL ET. AL.,

RESPONDENTS

_____

**AFFIDAVIT OF SERVICE**

_____

I, YAHDINA OVERSTREET-U-DEEN, DO HEREBY CERTIFY, THAT I
200-of-473
1-of-5

HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING
JUDICIAL NOTICE: MOTION TO JOIN THE THE CRAWFORD FILED "AFFIDAVIT
OF FACTS GIVING JUDICIAL NOTICE: APPLICATION AND OR PETITION FOR
AN INJUNCTION" AND MOTION TO MOTION THEREFOR, WITH THE ATTACHMENT
REFERRED TO THEREIN, ON THE S.C. COURT OF APPEALS P.O. BOX 11629
COLUMBIA, S.C. 29211, THE S.C. ATTORNEY GENERAL P.O. BOX 11549
COLUMBIA, S.C. 29211, THE KERSHAW COUNTY GENERAL SESSIONS COURT
AND CHIEF ADMINISTRATIVE JUDGE VIA CLERK OF COURT P.O. BOX 1557
CAMDEN, S.C. 29021-8557, BY CERTIFIED MAIL, POSTAGE PREPAID VIA
THE U.S. POSTAL SERVICE ON OR ABOUT AUGUST 16, 2023.

RESPECTFULLY,

YAHDINA OVERSTREET-U-DEEN

AUGUST 16, 2023

IN THE STATE OF SOUTH CAROLINA

IN THE COURT OF APPEALS

---

CASE DOCKET NO._____

---

APPEAL FROM THE COUNTY OF KERSHAW

IN THE COURT OF GENERAL SESSIONS

CASE NUMBER 2004-GS-28-0385

APPLICATION FOR DNA TESTING

---

YAHDINA OVERSTREET-U-DEEN; LAWRENCE L. CRAWFORD AKA JONAH GABRIEL
JAHJAH T. TISHBITE

APPLICANTS/PETITIONERS

Vs.

THE KERSHAW COUNTY COURT OF GENERAL SESSIONS; THE S.C. ATTORNEY
GENERAL ET. AL.,

RESPONDENTS

---

AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO
JOIN IN THE CRAWFORD FILED "AFFIDAVIT OF FACTS GIVING
JUDICIAL NOTICE; APPLICATION AND OR PETITION FOR AN
INJUNCTION" AND MOTION TO MOTION THEREFOR

---

3-of-5

202-of-473

IN RE: YAHDINA OVERSTREET-U-DEEN JOINING IN AND BEING ADDED AS A PARTY IN SEEKING INJUNCTIVE RELIEF.

TO: THE S.C. COURT OF APPEALS,
    THE CHIEF ADMINSTRATIVE JUDGE OF KERSHAW COUNTY,
    THE KERSHAW COUNTY GENERAL SESSIONS COURT,
    THE 5TH. CIRCUIT SOLICITOR'S OFFICE,
    THE S.C. ATTORNEY GENERAL ET. AL.,

HERE THE COURTS AND PARTIES WILL FIND:

(1) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; APPLICATION AND OR PETITION FOR AN INJUNCTION", (13) PAGES DATED JULY 7, 2023.

THIS DOCUMENT WAS SERVED UPON THE S.C. COURT OF APPEALS, THE KERSHAW COUNTY COURT OF GENERAL SESSIONS, THE CHIEF ADMINISTRATIVE JUDGE OF KERSHAW COUNTY AND PARTIES BY MY BROTHER, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T, TISHBITE, ON OR ABOUT THE SAME DAY OF JULY 7, 2023. SINCE THAT TIME PERIOD MY BROTHER, LAWRENCE L. CRAWFORD HAS ASKED BOTH COURTS FOR CLOCKED STAMPED COPIES OF THIS FILING TO ENSURE THAT THE PLEADING IS INDEED FILED WITH THE APPROPRIATE COURTS INVOLVED HERE. SINCE THAT TIME BOTH THE S.C. COURT OF APPEALS AND THE KERSHAW COUNTY GENERAL SESSIONS COURT HAS FAILED TO ACKNOWLEDGE THAT THE PLEADING WAS EVEN RECEIVED BY THE TWO COURTS INVOLVED, OR TO RETURN TO HIM THE ADDITIONAL COPY OF THE PLEADING HE THEM CLOCKED STAMPED FILED. IN AN ABUNDANT OF CAUTION, SINCE THERE WERE EGREGIOUS ACTS OF FRAUD UPON THE COURT AND OBSTRUCTION OF JUSTICE IN EVEN GETTING THE APPLICATION FOR DNA TESTING FILED BEFORE THE KERSHAW COURT. SINCE I, YADINA OVERSTREET-U-DEEN, AM INDEED A

DIRECT PARTY IN THE SEEKING OF DNA TESTING PENDING BEFORE THE KERSHAW GENERAL SESSIONS COURT, I, YAHDINA OVERSTREET-U-DEEN, MOTION BEFORE ALL COURTS INVOLVED TO JOIN IN AND TO BE ADDED AS A PARTY SEEKING THE INJUNCTION THAT IS NOW PLACED BEFORE THE S.C. COURT OF APPEALS AND KERSHAW COURT BY MY BROTHER AS IS MY DUE PROCESS RIGHT BEING DIRECT PARTY TO THE CASE BELOW AND TO PROTECT MY ACQUIRED INTEREST AS A FAMILY MEMBER OF THE DECEASED MINOR CHILD IN QUESTION. PLEASE SEND ME THE CASE NUMBER ASSIGNED TO THIS CASE AND A CLOCKED STAMPED COPY OF THIS FILING TO THE ADDRESS CAPTIONED ON MY COVER LETTER.

RESPECTFULLY,
YAHDINA OVERSTREET-U-DEEN

AUGUST 16, 2023

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 F5D. RM. 133
LEE C.I. 990 WISACKY HWY.
BISHOPVILLE, S.C. 29010


IN RE: FILING AN INJUNCTION IN THE S.C. COURT OF APPEALS,


TO: THE S.C. COURT OF APPEALS,
    THE KERSHAW COUNTY COURT OF GENERAL SESSIONS,
    THE CHIEF ADMINISTRATIVE JUDGE OF KERSHAW COUNTY,
    THE S.C. ATTORNEY GENERAL ET. AL.,

    HERE THE COURT AND PARTIES WILL FIND ATTACHED A COPY OF AN
APPLICATION SEEKING INJUNCTION IN REGARD TO THE ABOVE CAPTIONED
MATTERS. S.C. COURT OF APPEALS CLERK PLEASE FILE THE PLEADING,
ASSIGN A CASE NUMBER AND RETURN TO ME A CLOCKED STAMPED COPY.
KERSHAW COUNTY COURT CLERK I RESPECTFULLY ASK THE SAME OF YOU.
PLEASE FILE A COPY IN CASE 2004-GS-28-0385 IN THE COURT OF
GENERAL SESSIONS AND FORWARD A COPY TO THE CHIEF ADMINISTRATIVE
JUDGE. THE ATTORNEY GENERAL IS BEING SERVED A COPY 'DIRECTLY.
KERSHAW CLERK OF COURT PLEASE RETURN TO ME A CLOCKED STAMP COPY
FROM YOUR COURT TO ENSURE THAT THE DOCUMENT IS INDEED FILED
BEFORE YOUR COURT. I THANK YOU ALL IN ADVANCE. STILL REMAIN,


                              RESPECTFULLY,
                              JONAH THE TISHBITE
JULY 7, 2023
                    205-of-473

IN THE STATE OF SOUTH CAROLINA
IN THE COURT OF APPEALS

———————————

CASE DOCKET NO._____

———————————

APPEAL FROM THE COUNTY OF KERSHAW
IN THE COURT OF GENERAL SESSIONS

CASE NUMBER 2004-GS-28-0385

———————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE

APPLICANT/PETITIONER

Vs.

THE KERSHAW COUNTY COURT OF GENERAL SESSIONS; THE S.C. ATTORNEY
GENERAL ET. AL.,

RESPONDENTS

———————————

**AFFIDAVIT OF SERVICE**

———————————

I, LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T.

1-of-13

TISHBITE, DO HEREBY CERTIFY, THAT I HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; APPLICATION AND OR PETITION FOR AN INJUNCTION, ON THE S.C. COURT OF APPEALS AT P.O. BOX 11629 COLUMBIA, S.C. 29221, THE S.C. ATTORNEY GENERAL AT P.O. BOX 11549 COLUMBIA, S.C. 29211, THE KERSHAW COUNTY GENERAL SESSIONS COURT VIA THE CLERK OF COURT AT P.O. BOX 1557 CAMDEN, S.C. 29021-8557 AND ALL OTHER INVOLVED PARTIES BY U.S. MAIL, POSTAGE PREPAID, BY DEPOSITING IT IN THE INSTITUTION MAILBOX ON JULY 7, 2023.

RESPECTFULLY,
JONAH THE TISHBITE



JULY 7, 2023

IN THE STATE OF SOUTH CAROLINA
IN THE COURT OF APPEALS

————————————

CASE DOCKET NO._____

————————————

APPEAL FROM THE COUNTY OF KERSHAW
IN THE COURT OF GENERAL SESSIONS

CASE NUMBER 2004-GS-28-0385

————————————

LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE

APPLICANT/PETITIONER

Vs.

THE KERSHAW COUNTY COURT OF GENERAL SESSIONS; THE S.C. ATTORNEY
GENERAL ET. AL.,

RESPONDENTS

————————————

AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE;
APPLICATION AND OR PETITION FOR AN INJUNCTION

————————————

IN RE: CASE 2004-GS-28-0385 SEEKING DNA TESTING IN THE KERSHAW

3-of-13
208-of-473

COUNTY GENERAL SESSIONS COURT.


          TO; THE S.C. COURT OF APPEALS,
              THE 5TH. CIRCUIT SOLICITOR'S OFFICE,
              THE S.C. ATTORNEY GENERAL ET. AL.,

              HERE THE S.C. COURT OF APPEALS AND PARTIES WILL
FIND:

          (1) A COPY OF THE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS
GIVING JUDICIAL NOTICE; MOTION TO ADVANCE THE CAUSE AND FOR
HEARING; MOTION FOR DEFAULT AND JUDGMENT AND MOTION TO MOTION
THEREFOR; MOTION TO CHALLENGE THE KERSHAW COUNTY GENERAL SESSIONS
COURT'S JURISDICTION", [14] PAGES DATED FILED JUNE 6, 2023 WITHIN
THE KERSHAW COUNTY GENERAL SESSIONS COURT AND SERVED UPON THE
CHIEF ADMINISTRATIVE JUDGE AT THAT SAME TIME.

          THE APPLICANT, LAWRENCE L. CRAWFORD, MOVES BEFORE THE S.C.
COURT OF APPEALS FOR AN INJUNCTION TO REQUIRE THAT THE KERSHAW
COUNTY COURT OF GENERAL SESSIONS IMMEDIATELY GRANT AND SCHEDULE A
HEARING UNDER CASE 2004-GS-28-0385 DUE TO VIOLATIONS OF THE DUE
PROCESS CLAUSE BASED UPON THE PROCEDURAL PROCESSING RULES RELIED
UPON WHERE THE UNITED STATES SUPREME COURT ADJUDICATED, WHETHER
JURISDICTIONAL OR NOT, IF THE PROCEDURAL PROCESSING RULE IS
TIMELY ASSERTED IT BECOMES MANDATORY. SEE FORTBEND COUNTY, TEXAS
v. DAVIS, 139 S.Ct. 1843(U.S.2019); UNITED STATES v. WHEELER, 886
F.3d 415 (4th.Cir.2018) MADE APPLICABLE TO THE STATE OF SOUTH
CAROLINA VIA THE 5TH. AND 14TH. AMENDMENTS DUE PROCESS CLAUSE AND
THE 14TH. AMENDMENT EQUAL PROTECTION OF THE LAWS CLAUSE.

          FOR INJUNCTION, THE PETITIONER MUST HAVE (1) SUFFERED AN
                    209-of-473
                    4-of 13

IRREPARABLE INJURY, SUCH AS IN THIS CASE, VIOLATIONS OF HIS DUE PROCESS RIGHTS RELATED TO THE PROCEDURAL PROCESSING RULES RELIED UPON AND THE SPOLIATION OF EVIDENCE OF ACTUAL INNOCENCE IN THE FORM OF DENYING THE REQUESTED DISCOVERY AT TRIAL BY WAY OF THE DNA SAMPLES BEING TESTED TO MICHAEL LEE, THE APPLICANT'S STEPSON, AND THE SUPPRESSION OF THE SLED INVESTIGATIVE FILE, FILE 5501014; (2) THAT REMEDIES AVAILABLE AT LAW, SUCH AS MONETARY DAMAGES, ARE INADEQUATE TO COMPENSATE FOR THE INJURY WHERE IN THIS CASE WE ARE DEALING WITH THE RELEASE OF EVIDENCE OF ACTUAL INNOCENCE; (3) THAT, CONSIDEREING THE BALANCE OF HARDSHIPS BETWEEN THE APPLICANT AND RESPONDENT, A REMEDY IN EQUITY IS WARRANTED; AND (4) THAT THE PUBLIC INTEREST WOULD NOT BE DISSERVED BY A PERMANENT INJUNCTION, BARDRES v. HALEY, 58 F.Supp.3d. 504 (DSC.2014); LORD & TAYLOR, LLC. v. WHITE FLINT, L.P., 780 F.3d. 211 CA4 (Md.2015); IT'S SUGAR LLC. v. I LOVE SUGAR, INC., 2013 WL 6077353(DSC.2013). THERE IS LIKELIHOOD IN SUCCEEDING ON THE MERITS DUE TO THE SEEKING OF DEFAULT AND VOIDING OF THE GENERAL SESSIONS COURT'S JURISDICTION BASED UPON FAILURE OF THE RESPONDENT TO BE IN COMPLIANCE TO THE PROCEDURAL PROCESSING RULE(S) RELIED UPON THAT THE UNITED STATES SUPREME COURT DETERMINED IS MANDATORY IF THE RIGHT IS TIMELY ASSERTED AS IT WAS IN THE APPLICANT'S CASE AND THE OTHER, SECONDARY, PROCEDURAL PROCESSING RULE RELATED TO CONCLUDING THIS CASE WITHIN (365) DAYS IS INDEED JURISDICTIONAL IN NATURE BEING TIED TO THE S.C. CONSTITUTION UNDER ARTICLE 1 § 23; (2) THERE IS A LIKELIHOOD THAT THE APPLICANT WOULD SUFFER IRREPARABLE HARM IF NOT GRANTED IN PROVING ACTUAL INNOCENCE AS IT PERTAINS TO HIS CONVICTION WHERE THE STATE IS CONCEALING EVIDENCE OF SPOLIATION; (3) THE BALANCE OF EQUITIES TIPS IN ITS FAVOR; (4) THE INJUNCTION IS IN THE PUBLIC INTEREST TO DEMONSTRATE THAT THE SOUTH CAROLINA COURTS WILL ACT WITH "JUSTICE AND FAIRNESS" IN REGARDS TO THOSE WHO ARE BROUGHT BEFORE ITS COURTS. WHEN A COURT "ENJOINS" CONDUCT, IT ISSUES AN "INJUNCTION", WHICH IS A JUDICIAL ORDER THAT TELLS SOMEONE WHAT TO DO (ei. GRANT AND IMMEDIATELY CONDUCT THE SOUGHT HEARING AND GIVE DISCOVERY TESTING THE DNA SAMPLES IN QUESTION.), OR NOT TO DO (DO NOT DELAY ANY LONGER THE RELEASE OF THE SOUGHT AFTER EVIDENCE OF ACTUAL INNOCENCE),

GARLAND v. ALEMAN GONZALEZ, 142 S.Ct. 2057, 213 L.Ed.2d. 102 (U.S.2022). AN INJUNCTION OFFERS PROSEPECTIVE RELIEF AGAINST ONGOING (DELAY OF HEARING IN VIOLATION OF THE PROCEDURAL PROCESSING RULES RELIED UPON), OR FUTURE HARM (CONCEALING THE POTENTIAL SPOLIATION OF EVIDENCE OF ACTUAL INNOCENCE THAT WOULD GO TO PROVING CRIMINAL ACTIVITY ON THE PART OF THE STATE AND COUNTY ACTORS), A.M.G. CAPITAL MANAGEMENT, LLC. v. FEDERAL TRADER COMMISSION, 141 S.C. 1341, 209 L.Ed.2d. 361 (S.C.App.2021); ARMSTRONG v. EXCEPTIONAL CHILD CENTER, INC., 575 U.S. 320, 135 S.Ct. 1378, 191 L.Ed.2d. 471(U.S.2015).

INSOMUCH, THE APPLICANT. LAWRENCE L. CRAWFORD, FILED HIS APPLICATION FOR FORENSIC DNA TESTING BEFORE THE KERSHAW COUNTY COURT OF GENERAL SESSIONS ON APRIL 15, 2021 WHERE HE WAS FORCED TO GO BEFORE THE S.C. SUPREME COURT TO REQUIRE THE COUNTY OF KERSHAW TO DO SO WHERE THE KERSHAW COUNTY STATE ACTORS BLOCKED AND OBSTRUCTED CRAWFORD FILING JUDICIAL PLEADING SINCE 2006 WITHOUT ANY JUDICIAL ORDER ISSUED BY ANY COURT INVOLVED EXPLAINING WHY IN VIOLATION OF THE 4TH., 5TH., 6TH. 13TH, 14TH. AND 15TH. AMENDMENTS OF THE UNITED STATES CONSTITUTION PRODUCING UNCONSTITUTIONAL ACTION AND FRAUD UPON THAT COURT. THE RESPONDENT, BY THE PROCEDURAL PROCESSING RULE RELIED UPON HAD (90) DAYS TO RESPOND WHERE JURISDICTIONAL CHALLENGE ARGUING AGAINST THE PRECEDENT ESTABLISHED BY STATE v. LANGFORD 2012 IS FILED AND BEING MADE BASED UPON RECENT HOLDINGS REGARDING PROCEDURAL PROCESSING RULES SEEN UNDER CASE FORTBEND COUNTY, TEXAS v. DAVIS, 139 S.Ct. 1843 (U.S.2019 AND UNITED STATES v. WHEELER, 886 F.3d. 415 (4th.Cir.2018).

THE RESPONDENT IN THIS CASE FAILED TO RESPOND WITHIN THE [90] DAYS ESTABLISHED BY THE INITIAL PROCEDURAL PROCESSING RULE WHICH IS NON JURISDICTIONAL DESPITE BEING TIMELY AND PROPERLY ASSERTED AS DUE PROCESS LAW REQUIRED.

THEREAFTER, THE PASSING OF [365] DAYS, A SECONDARY

PROCEDURAL PROCESSING RULE WAS TRIGGERED THAT REQUIRED THE RESPONDENT AND THE KERSHAW GENERAL SESSIONS COURT TO CONCLUDE THE APPLICANT'S DUE PROCESS MATTERS UNDER ARTICLE 1 § 23 OF THE SOUTH CAROLINA CONSTITUTION SUPPORTED BY THE 5TH. AND 14TH. AMENDMENT OF THE U.S. CONSTITUTION WITHIN THAT [365] DAYS WHICH WAS TIMELY ASSERTED BY THE APPLICANT WHICH THE RESPONDENT AND THE KERSHAW COUNTY GENERAL SESSIONS COURT FAILED TO BE IN COMPLIANCE WITH VIOLATING ARTICLE 1 § 23 OF THE S.C. CONSTITUTION WHERE THE WORD "[S]HALL" IS USED MAKING IT MANDATORY BEING ATTACHED TO SAID S.C. CONSTITUTION. THE APPLICANT IS ARGUING AGAINST THE PRECEDENT ESTABLISHED BY STATE v. LANGFORD 2012 PURSUANT TO APPELLATE COURT RULE 217. IN CONSTRUING STATUTES, WORDS MUST BE GIVEN THEIR PLAIN AND ORDINARY MEANING WITHOUT RESORT TO SUBTLE OR FORCED CONSTRUCTION IN ATTEMPTS TO EXPAND THE STATUTE. THE RESPONDENT WAS REQUIRED TO RESPOND TO THE PLEADING AT THE [90] DAY INTERVAL, THEN A SUBSEQUENT DUTY TO RESPOND ENSUED AT THE [365] DAY INTERVAL WHICH THE PARTIES FAILED TO ADHERE TO PLACING THE STATE IN FORFEITURE ALSO ON THE CONVICTION DUE TO UNCONSTITUTIONAL ACTION WHICH VOIDED THE GENERAL SESSIONS COURT's JURISDICTION UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION. THUS, AN INJUNCTION IS REQUIRED TO ENSURE THAT THE KERSHAW COUNTY COURT OF GENERAL SESSIONS IMMEDIATELY ADDRESS THESE CONCERNS, STATE v. LOCKLAIR, 341 S.C. 352, 535 S.E.2d. 420 (S.C.App.2000); HINTON v. SOUTH CAROLINA DEPT. OF PROBATION, PAROLE AND PARDON SERVICES, 357 S.C. 327, 592 S.E.2d. 335 (S.C.App.2004); ODOM v. TOWN OF McBEE ELECTION COMMISSION, 427 S.C. 305, 831 S.E.2d. 429(S.C.App.2019); HUCK v. OAKLAND WINGS, LLC., 422 S.C. 430, 813 S.E.2d. 299 (S.C.App.2018); CHRISTIANSON v. M.B.N.A. AMERICAN BANK N.A., S.E.2d., 2013 WL 8507850 (S.C.App2013); CALDWELL v. WIQUIST, 402 S.C. 595, 741 S.E.2d. 583(S.C.App.2013).

ONCE THE MOTION FOR DEFAULT AND JUDGMENT WAS FILED BASED UPON THE PROCEDURAL PROCESSING RULE RELIED UPON, THE RESPONDENT WAS REQUIRED TO RESPOND BY DUE PROCESS LAW AND THE KERSHAW COUNTY COURT OF GENERAL SESSIONS CANNOT RELIEVE HIM OF THIS DUTY WITHOUT

"JUST CAUSE" WHICH WOULD VOID THE GENERAL SESSIONS COURT'S
JURISDICTION UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO
SUBJECT MATTER JURISDICTION FOR SUCH UNCONSTITUTIONAL ACTION,
DELTA APPAREL, INC. v. FARINA, 406 S.C. 257, 750 S.E.2d. 615
(S.C.App.2013); McCLUNG v. DEALON, 380 S.C. 563, 671 S.E.2d. 87
(S.C.App.2008); IN RE: RIDDLE, 412 S.C. 630, 773 S.E.2d. 590
(S.C.App.2015); CHARLESTON HARBOR RESORT & MARINA v. DAVIS,
S.E.2d., 2016 WL 640490 (S.C.App.2016).

"FORFEITURE" IS THE FAILURE TO TIMELY ASSERT A RIGHT,
WHILE "WAIVER" IS THE INTENTIONAL RELINQUISHMENT OR ABANDONMENT
OF A KNOWN RIGHT. IN THIS CASE WE HAVE "BOTH". THE RESPONDENT IS
NOT TIMELY IN RESPONDING AND HE HAS UTTERLY RELINQUISHED AND
ABANDONED THE RIGHT WHERE THIS CASE SAT FOR OVER [3] YEARS IN
VIOLATION OF THE PROCEDURAL PROCESSING RULES TIMELY ASSERTED
WHERE BY HOLDINGS UNDER FORTBEND COUNTY, TEXAS v. DAVIS, 139
S.Ct. 1843 (U.S.2019 AND UNITED STATES v. WHEELER, 886 F.3d. 415
(4th.Cir.2018) A QUESTION OF JURISDICTION ATTACHES WHICH VOID THE
GENERAL SESSIONS COURT'S JURISDICTION UNDER THE CONSTITUTIONAL
PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION, WELLNESS
INTERN, 135 S.Ct. 1932; IN RE: MILLENNIUM LAB HOLDINGS II, LLC.,
575 B.R. 252 (D.Del.2017); IN RE: IMERY TALC AMERICA,
INC.,--F.4TH.--, 2022 WL 2350264 (3rd.Cir.2022).

THE COURTS IN ASSESSING "WAIVER" DO NOT GENERALLY ASK
ABOUT PREJUDICE. TO DECIDE WHETHER A WAIVER HAS OCCURRED, THE
COURT FOCUSES ON THE ACTIONS OF THE PERSON WHO HELD THE RIGHT
(LIKE THE RESPONDENT WHO HAD THE RIGHT TO RESPOND AND CHALLENGE
BUT FAILED VIOLATING THE APPLICANT'S DUE PROCESS RIGHTS PRODUCING
UNCONSTITUTIONAL ACTION THAT VOIDS THE COURT'S JURISDICTION), AND
SELDOM CONSIDERS THE EFFECTS OF THOSE ACTIONS ON THE OPPOSING
PARTY. THUS, FORFEITURE AND WAIVER IS ESTABLISHED WHERE HE WAS
EVEN GIVEN AN ADDITIONAL (30) DAYS TO RESPOND BY THE JUNE 6, 2023
RECENTLY FILED PLEADING. DEFAULT AND ESTOPPEL IS ESTABLISHED,
MORGAN v. SUNDANCE, INC., 142 S.Ct. 1708 (U.S.2022); HAMER v.
NEIGHBORHOOD HOUSING SERVICES OF CHICAGO, 138 S.Ct. 13

(U.S.2017); UNITED STATES v. CAMERO-CASTANEDA, 2021 WL 4979406 (E.D.N.C.2021).

THE RESPONDENT WAS REQUIRED BY DUE PROCESS LAW TO RESPOND TO SHOW "GOOD CAUSE" AS TO WHY THE DEFAULT SHOULD NOT HAVE ISSUED AGAINST HIM WHICH REQUIRED THE RESPONDENT TO PROVIDE AN EXPLANATION, WHICH NO SUCH EXPLANATION WAS GIVEN IN OVER (3) YEARS, AND GIVE REASON WHY VACATION OF THE CONVICTION AND THE DEFAULT WOULD OR WOULD NOT SERVE THE INTEREST OF JUSTICE, SUNDOWN OPERATING CO. INC. v. INTEDGE INDUSTRIES, INC., 383 S.C. 601, 681 S.E.2d. 885 (S.C.App.2009); LEOPARD v. BARBOUR, 2020 WL 17484339 (S.C.App.2022); AEP2, LLC. v. BMW OF NORTH AMERICA, LLC., 2021 WL 4305231 (S.C.App.2021)(CITING WHITE OAK MANOR v. LEXINGTON INS. CO., 407 S.C. 1, 12, 753 S.E.2d. 537(2014)[FINDING THAT LOSING COMPLAINT OR CASE FILE DID NOT CONSTITUTE "GOOD CAUSE"]; CAMBEL v. CITY OF NORTH CHARLESTON, 431 S.C. 454, 462, 848 S.E.2d. 788, 792-93 (Ct.App.2020)(THE RESPONDENT FAILED TO TAKE ACTION WHEN GIVEN NOTICE.); ASSISTIVE TECHNOLOGY MEDICAL EQUIPMENT SERVICES LLC. v. HOOD & SELANDER, CPAS, LLC., 2020 WL 7687830 (S.C.App.2020).

A CLAIM PROCESSING RULE IS MANDATORY, PROTECTED BY THE 5TH. AND 14TH. AMENDMENT DUE PROCESS AND EQUAL PROTECTION OF THE LAWS CLAUSES, IN THE SENSE THAT A COURT MUST ENFORCE THE RULE IF A PARTY PROPERLY RAISE IT AS THE APPLICANT DID IN THIS CASE. THIS IS DEMONSTRATED BY THE ATTACHED AND PREVIOUS PLEADING THAT WERE FILED WITHIN THE CASE TOWARDS THIS END, FORTBEND COUNTY, TEXAS v. DAVIS, 139 S.Ct. 1843 (U.S.2019). THE PROCESSING RULE IS RAISED IN A TIMELY FASHION AND THE KERSHAW COUNTY GENERAL SESSIONS COURT AND THE RESPONDENT SHOULD HAVE NEVER IN ACTS OF FRAUD UPON THE COURT, CONSPIRACY AND OBSTRUCTION OF JUSTICE IGNORED THE PLEADING, FAILED TO RESPOND AND DELAYED THIS CASE IN VIOLATION OF DUE PROCESS LAW VOIDING THE GENERAL SESSIONS COURT'S JURISDICTION UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION CONSPIRING UNDER COLOR OF STATE LAW BEHIND RELIGIOUS

AND RACIAL HATRED WHICH VOIDS THE CONVICTION ATTACHED TO THIS UNCONSTITUTIONAL ACTION PRODUCING MANIFEST INJUSTICE, UNITED STATES v. MARSHALL, 954 F.3d. 823, 826+ 6TH.Cir.(Mich.); UNITED STATES v. ARCIERO, 2020 WL 3037073 (D.WAWAI.2020). THE SECOND OF THE TWO PROCESSING RULE RELIED UPON IS ATTACHED TO THE SOUTH CAROLINA CONSTITUTION WHERE BY ARTICLE 1 § 23 IT BECOMES MANDATORY BY THE LANGUAGE CONTAINED THEREIN. "[S]HALL" IS MANDATORY WHERE BY FURTHER DELAY THE KERSHAW COUNTY COURT OF GENERAL SESSIONS AND THE RESPONDENT ARE IN VIOLATION OF THE SEPARATION OF POWERS CLAUSE VOIDING THE GENERAL SESSIONS COURT'S JURISDICTION AND THE CONVICTION FOR UNCONSTITUTIONAL ACTION, UNITED STATES v. WHEELER, 886 F.3d. 415 (4th.Cir.2018). ALSO SEE SANTOS-ZACARIA v. GARLAND, 598 U.S.--, 143 S.Ct. 1103 (U.S.2023); MALLUK v. BERKELEY HIGHLANDS PRODUCTIONS, LLC.,--F.Supp.3d.--, 2020 WL 1033339 (D.Colo.2020).

A PETITIONER SEEKING A PRELIMINARY INJUNCTION MUST ESTABLISH THAT HE IS LIKELY TO SUCCEED ON THE MERITS, THAT HE IS LIKELY TO SUFFER IRREPARABLE HARM IN ABSENCE OF PRELIMINARY RELIEF, THAT THE BALANCE OF EQUITIES TIPS IN HIS FAVOR, AND THAT INJUNCTION IS IN PUBLIC INTEREST. THIS ISSUE IS MET WHERE THE ISSUE OF PROCEDURAL PROCESSING RULES AS IT PERTAINS TO THE CITIZENRY BEING SUBJECTED TO THE COURTS RIGHTS REGARDING THIS MATTER MUST BE DETERMINED TO SET THE APPROPRIATE STANDARD FOR LEGAL PROCEEDINGS NOW AND IN THE FUTURE. THUS, THE BALANCE OF EQUITIES TIP IN FAVOR AND WOULD BE IN THE PUBLIC'S INTEREST, WINTER v. NATURAL RESOURCES DEFENSE COUNCIL, INC., 555 U.S. 7, 129 S.Ct. 365 (U.S.2008); BONE v. UNIVERSITY OF NORTH CAROLINA HEALTH CARE SYSTEM, 2023 WL 4144277, 14+, M.D.N.C.; BLANKENSHIP v. CLARK, 2023 WL 4084527 (W.D.Va.2023).

THE PURPOSE OF INTERIM EQUITABLE RELIEF PURSUANT TO A PRELIMINARY INJUNCTION IS NOT TO CONCLUSIVELY DETERMINE THE RIGHTS OF THE PARTY, BUT TO BALANCE THE EQUITIES AS THE

LITIGATION MOVES FORWARD, TRUMP v. INTERNATIONAL REFUGEE ASSISTANCE PROJECT, 582 U.S. 571, 137 S.Ct. 2080, 198 L.Ed.2d. 643(U.S.2023); ROE v. DEPARTMENT OF DEFENSE, 947 F.3d. 207, 231+, 4th.Cir.(Va.)(2020); ROE v. SHANAHAN, 359 F.Supp.3d. 382, 421+. E.D.va..

IN THE COURSE OF GRANTING A PRELIMINARY INJUNCTION, A COURT NEED NOT GRANT THE TOTAL RELIEF SOUGHT BY THE APPLICANT BUT MAY MOLD ITS DECREE TO MEET THE EXIGENCIES OF THE PARTICULAR CASE. ALL THE PETITIONER WANT IS FOR THE KERSHAW GENERAL SEESIONS COURT TO IMMEDIATELY GRANT THE HEARING, TEST THAT DNA SOUGHT TO THE APPLICANT'S STEPSON BY AN INDEPENDENT SOURCE AND RELEASE THE ADDITIONALLY SOUGHT EVIDENCE OF ACTUAL INNOCENCE THAT IS IN THE POSSESSION OF SLED AND OR THE KERSHAW COUNTY CORONER'S OFFICE AND ALLOW THESE MATTERS TO CONCLUDE BEFORE THE KERSHAW COURT OF GENERAL SESSIONS IMMEDIATELY. IF THE STATE IS NO LONGER IN POSSESSION OF THAT ESSENTIAL EVIDENCE OF ACTUAL INNOCENCE, TO SAY SO ON THE COURT RECORD AND FORFEIT AS IT PERTAINS TO THE CONVICTION, DEMOCRATIC EXECUTIVE COMMITTEE OF FLORIDA v. LEE, 915 F.3d. 1312, 1323+, 11th. Cir.(Fla.); COOPER v. RAFFENSPERGER, 472 F.Supp.3d. 1282, 1295+, N.D.Ga..

SUBJECT MATTER JURISDICTION IS THE POWER TO DECLARE LAW, WHETHER IT BE UNDER THE DUE PROCESS/CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION OR THE STATUTORY (LEGISLATIVE) PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION. THEREFORE, IT CANNOT BE WAIVED AND OR FORFEITED. THUS, WHEN IT CEASE TO EXIST, THE ONLY THING LEFT FOR THE COURT TO DO IS ANNOUNCE IT AND DISMISS THE CAUSE OF CONVICTION AGAINST THE APPLICANT WHICH CAN BE RAISED AT ANY TIME, EVEN PRESENTLY BEFORE THE S.C. COURT OF APPEALS. AGAIN, THIS ISSUE IS TO BE ADJUDICATED UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION, NOT THE STATUTORY (LEGISLATIVE) PRONG AND OR ELEMENT THE STATE COURTS HAVE MISTAKINGLY IN THE PAST ADJUDICATED THESE MATTERS UNDER. I AM ARGUING AGAINST THE

PRECEDENT ESTABLISHED BY STATE v. LANGFORD 2012. JURISDICTIONAL CHALLENGE IS MADE, SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER, 133 S.Ct. 817, 184 L.Ed.2d. 627, 81 U.S.L.W. 4053 (U.S.2013); SIZWARD v. RIDDLE, F.Supp.2d., 2013 WL 707018 (DSC.2013); GRUPO DALAFLUX v. ATLAS GLOBAL L.P., 541 U.S. 567, 124 S.Ct. 192, 158 L.Ed.2d. 866(U.S.2004); 24 SENATORIAL DIST. REPUBLICAN COMMITTEE v. ALCORN, 820 F.3d. 624 (4th.Cir.2016); SANDERS v. SAVANNAH HIGHWAY AUTOMOTIVE COMPANY,--S.E.2d.--, 2020 WL 6154305 (S.C.App.2020); NATIONSTAR MORTG., LLC. v. MEISER, S.E.2d., 2016 WL 1700516 (S.C.App.2016); OOO-RM INVEST v. NET ELEMENT INTERNATIONAL, INC., F.Supp., 2014 WL 12613282 (S.D.Fla.2014); KOSCIUSKO v. PARHAM, 428 S.C. 481, 836 S.E.2d. 362 (S.C.App.2019); FIRST CITIZENS BANK AND TRUST COMPANY, INC. v. TAYLOR, 431 S.C. 149, 847 S.E.2d. 249(S.C.App.2020).

THE UNITED STATES SUPREME COURT BY RECENT RULING HAS NOW MADE THE ISSUE OF SUBJECT MATTER JURISDICTION CLEAR AND CERTAIN FOR ALL COURTS AROUND THE NATION. THAT COURT DETERMINED:

"COURTS (BOTH STATE AND FEDERAL) HAVE NO CONSTITUTIONAL AUTHORITY (JURISDICTION) TO PASS ON THE MERITS (INCLUDING THE DNA MATTERS AND LEGAL ISSUES PRESENTED DUE TO THE DEFAULT BASED UPON THE PROCEDURAL PROCESSING RULE RELIED UPON.) OF A CASE BEYOND THEIR JURISDICTION---"TO DO SO IS, BY VERY DEFINITION, FOR THE COURTS TO ACT ULTRA VIRES", 525 U.S. AT 102, 118 S.Ct. 1003. "MUCH MORE THAN MERE NICETIES ARE AT STAKE HERE. THE STATUTORY (LEGISLATIVE PRONG) AND (ESPECIALLY) CONSTITUTIONAL ELEMENTS (PRONGS) OF JURISDICTION (SUBJECT MATTER JURISDICTION) ARE AN ESSENTIAL INGREDIENT OF SEPARATION AND EQUILIBRATION OF POWERS, RESTRAINING THE COURTS FROM ACTING AT CERTAIN TIMES, AND EVEN RESTRAINING THEM FROM ACTING PERMANENTLY REGARDING CERTAIN SUBJECTS", ID AT 101, 118 S.Ct. 1003. "THIS TENET IS AS OLD AS THE BEDROCK AND ALMOST AS OLD AS THE COURT ITSELF", DEMONSTRATING RETROACTIVE IMPLICATIONS. THUS, IN FUNDAMENTAL FAIRNESS TO THE APPLICANT THE INJUNCTION MUST ISSUE, CROSS-SOUND FERRY SERVS.,

INC. v. ICC., 834 F.3d. 327, 339 (C.A.D.C.1991); CITY OF OCALA, FLORIDA v. ROJAS, 598--U.S.--, 2023 WL 2357328 (U.S.2023); WILKINS v. UNITED STATES,--S.Ct.--, 2023 WL 2655449 (U.S.2023)(REGARDING PROCEDURAL PROCESSING RULES); UNITED STATES v. BROWN,--F.4TH.--, 2023 WL 3214545 (4th.Cir.2023)(REQUIRING PROPER ELEMENTS TO BE PLACED WITHIN AN INDICTMENT); MONTGOMERY v. LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d. 599 (U.S.2016); STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83, 118 S.Ct. 1003(U.S.1998).


                                        RESPECTFULLY,
                                        JONAH THE TISHBITE


JULY 7, 2023

Lawrence Crawford
#300839
LEE CORRECTIONAL INSTITUTION
990 Wisacky Highway
Bishopville, SC 29010-2021

---

Exhibit
4th Circuit obstruction and
Disqualification

2

---

FILED: July 19, 2023

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 23-6049
(9:20-cv-02139-TLW-MHC)

LAWRENCE CRAWFORD, a/k/a Johah Gabriel, a/k/a Jahjah T. Tishbite

      Plaintiff - Appellant

v.

WARDEN NELSON; SCDC; DIRECTOR BRYAN P. STIRLING; THE S.C.D.C
MUSLIM CHAPLAINS; MS. FOX

      Defendants - Appellees

## TEMPORARY STAY OF MANDATE

Under Fed. R. App. P. 41(b), the filing of a timely petition for rehearing or

rehearing en banc stays the mandate until the court has ruled on the petition. In

accordance with Rule 41(b), the mandate is stayed pending further order of this

court.

*/s/Patricia S. Connor, Clerk*

In The Court of Appeals
For The 4th Circuit

Docket No. 23 - 6049

Lawrence L Crawford AKA Jonah
Gabriel JahJah T. Tishbite

Appellant

Abney, Parker, McQuilla, Wilson,
McKinnon, Mitchell, Chisolm,
Cook, DeHart III, Beekman,
McCray, Addison Bisnauth,

221-of-473

1 of 42

Brown, Aquil, duren

INTERVENORS

## Affidavit of Service

We, Crawford, Abney, Parker, McQuilla, Wilson, McKinnon, mitchell, chisolm, Cook, Diehart III, Beekman, McCray Addison, Bisnauth, Brown, Aquil, duren do hereby certify that we have mailed and or served a copy of an Affidavit of Facts Giving judicial Notice; motion for an extension of Time to seek rehearing en banc; motion to file objections to the

4th Circuit Not Ruling on the Additional petitioners motion to intervene; motion to Renew the previous filed motion to intervene by the intervenors; motion for Rehearing En Banc and seeking to poll the Judges; motion to stay and or Recall the mandate; motion to Remand for Additional Ruling and motion to motion therefor on the 4th Circuit court of Appeals and all involved parties by US mail postage prepaid by placing it in the institution mailbox on July 10, 2023. It is

223-01-473

3 of 42

deemed filed on that date, Houston
v Lack, 287 US 266, 273-76, 108
sct 2379 (US 1988).

Respectfully
Jonah The Fishbite
Appellant

INTERVENORS:

_____          _____
ALONEY                              PARKER

_____   224-of-473   _____
McQuilla                4 of 42      Wilson

_____
McKINNON

_____
MITCHELL

_____
CHISOLM

_____
COOK

_____
DEHART III

_____
BEEKMAN

_____
McCRAY

_____
ADDISON

_____
BISNAUTH

_____
BROWN

_____
AQIL

_____
DUREN

JULY 10, 2023  225-of-473

5 of 42